A. Eric Bjorgum (State Bar No. 198392)
Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb-ip.com

Attorneys for Plaintiff PCR Distributing, Co.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a California corporation,<br><br>vs.<br><br>JOHN DOES 1 – 10, d/b/a NHENTAI.NET<br><br>Defendants. | Case No.  24-cv-7453<br><br>**COMPLAINT FOR:**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**4. INDUCEMENT OF COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

1

Plaintiff PCR Distributing Co., a California corporation ("Plaintiff" or "PCR"), by and through its counsel of record files this Complaint against Defendants John Does 1-10, d/b/a nHentai.net (together, "Defendant" or "Defendants").

## PRELIMINARY STATEMENT

1.    Plaintiff PCR Distributing, Co. owns, creates, acquires, translates, and distributes premium hentai art and publications from Asia to the U.S. market, with a focus on delivering high-quality collectible products to a niche audience. Operating under the DBA Jast USA, PCR also specializes in localizing and publishing Japanese visual novels and dating-sim games for the English market.

2.    Plaintiff's content identified in this case is registered with the U.S. Copyright Office (the "Works").

3.    By this lawsuit, Plaintiff seeks to protect its registered, copyrighted works from blatant infringement by Defendants.

4.    Plaintiff monetizes its operations through online advertising and its online platforms that serve as a gateway to drive users toward purchasing games, physical books, and merchandise. Additionally, PCR capitalizes on its fanbase by offering high-value, one-of-a-kind art pieces at trade shows, enhancing revenue and customer loyalty.

5.    The conduct that gives rise to this lawsuit is egregious and willful. Defendants do business as, own and operate nHentai.net ("nHentai"). Collectively, Defendants use the domain name to distribute infringing copies of image and text works, including Plaintiff's Works.

6.    Defendants are directly and knowingly involved in the trafficking of thousands of pirated works – including five (5) registered works owned by Plaintiff – on 3,604 individual web pages. None of the infringing works posted on the sites are "user-generated content" or "third-party" uploads. That is, nHentai is not a user-generated content ("UGC") website. There is no user upload capability. Defendants are

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

not "service providers," are not engaged in the storage of content at the direction of users, and thus are not entitled to any of the safe harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512). Defendants do not even attempt to comply with the takedown obligations under the DMCA that would afford them safe harbor. Instead, they systematically refuse to comply with proper and compliant DMCA takedown notices.

7.    Defendants' actions are causing serious harm to Plaintiff and its business and must be stopped immediately. Because Defendants will not desist voluntarily, Plaintiff now comes before this Court to seek injunctive relief and damages.

## JURISDICTION AND VENUE

8.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

9.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement under 28 U.S.C. §§ 1331 and 1338.

10.   Defendants Does 1-10, d/b/a nHentai.net ("Defendants") are unknown individuals or entities that own and operate at least one website, located at the uniform resource locator ("URL") nHentai.net.

11.   Based on information and belief, Defendants also own and operate the URL nHentai.to.

12.   Defendants operate nHentai for purposes of the copyright infringement allegations alleged here.

13.   Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through nHentai.

14.   Based on a website analysis overview report prepared by Similarweb.com, an industry-trusted website analytics company, dated August 22, 2024 (the "NHentai SimilarWeb Report"), for the one month ending July 2024, nHentai averaged around

79.38 <u>million</u> monthly visitors with the average viewer visiting at least 41 pages and staying on nHentai for at least ten minutes. Of these users, visitors from the United States made up the largest market at 24.63%, with visitors from Japan comprising the next largest market at 22.14%.[1]

15.    On information and belief, Defendants have contractual relationships with United States companies to promote those companies' services on nHentai. For example, nHentai displays advertisements for Eden AI by Eva AI, whose adult entertainment website, located at edenai.world, is owned and operated by Lanoto Solutions Inc., a New York-based company.[2]

16.    Namecheap, Inc., an ICANN-accredited registrar based in Phoenix, Arizona, serves as the registrar for nHentai.net. To use Namecheap's services, users must complete a process that includes agreeing to terms and conditions governed by the laws of the United States of America. This process requires customers to provide essential information, such as their name, billing address, email, payment details, and DNS information. As a result, the Defendants have a direct contractual relationship with Namecheap, Inc.

17.    Defendants use domain name servers (DNS) for nHentai which are located in California and are owned by Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware.[3]

---

[1] Attached as **Exhibit A** is the nHentai SimilarWeb Report.

[2] Source: https://lp2.edenai.world/termsus/ Last Visited August 27, 2024

[3] The Domain Name System (DNS) acts as the internet's phonebook, translating human-friendly domain names like nytimes.com into the unique IP addresses that computers use to locate and load web resources, eliminating the need for users to memorize complex numerical addresses. If a URL does not have DNS servers, a web browser will not be able to find the website because it cannot translate the URL into the numerical address needed to load the page. This will result in an error message saying the site cannot be found. What is DNS, Source:

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

18.    On information and belief, Defendants have a direct contractual relationship with California-based Cloudflare for additional services, including its Cloudflare Insights Analytics product.[4]

19.    Defendants' use of United States vendors for domain name servers, United States content delivery networks, and other key services illustrate that Defendants are expressly aiming their website and business at the United States market.

20.    On information and belief, Defendants all transact business in this Judicial District by way of their interactive website and through their interactivity with the United States and California residents who have been offered the infringing and unlawful content at issue here and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. Defendants are subject to service of process under the state Long-Arm Statute and Fed. R. Civ. P. 4(e).

21.    Any alien defendant is also subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") *See also* Fed. R. Civ. P. 4(k)(2).

22.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial

---

https://www.cloudflare.com/learning/dns/what-is-dns/#:~:text=The%20Domain%20Name%20System%20(DNS,browsers%20can%20load%20Internet%20resources.

[4] Cloudflare Web Analytics provides website usage metrics. It allows the website owner(s) to collect essential data, such as top-performing pages and traffic sources. Source: https://www.cloudflare.com/web-analytics/

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

district and/or because Defendants are subject to the court's personal jurisdiction with respect to this action.

## **PARTIES**

23.    PCR operates a sophisticated business model focused on acquiring, translating, and distributing high-quality Japanese art and publications for the international market. With an additional office in Japan, PCR negotiates contracts directly with artists and publishers to secure exclusive rights, and then translates and distributes these works, primarily in English.

24.    The production process at PCR is meticulous, involving multiple stages. It begins with initial file preparation, followed by translation, editing, lettering, and retouching. Quality control is conducted at various checkpoints throughout the process. The final stages include layout design, printing, shipping, warehousing, and fulfillment. These efforts result in high-quality, collectible items that cater to a discerning hentai fan market. Due to the intensive process, PCR's products are considered premium and are sold at a higher price point.

25.    PCR's model has proven successful, as reflected in PCR's sales data. Furthermore, top customers can spend substantial sums, over $10,000 in total purchases. At trade shows, PCR engages directly with collectors, offering unique, one-of-a-kind hand-drawn art pieces priced between $1,000 and $3,000, further enhancing their revenue streams.

26.    To reach its target audience, PCR strategically places ads on websites that promote its products. This multi-faceted approach drives traffic to their platform and strengthens their sales funnel, contributing to PCR's continued success.

27.    A schedule of the copyright registrations for Plaintiff's works at issue is attached as **Exhibit B** (the "Subject Works").

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

28.    Plaintiff has never authorized or given consent to Defendants to use its copyrighted works on Defendants' websites.

29.    Defendants own and operate the URL located at nHentai.net.

30.    NHentai.net is a domain registered in the United States.

31.    The nHentai.net website is available in the United States.

32.    Defendants operate nHentai with the intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market.

33.    Defendants are the owners, operators, shareholders, executives, and/or affiliates of nHentai. Plaintiff is unaware of the true names or capacities of the Defendants. Plaintiff is informed and believes, and on that basis alleges, that the Defendants either (a) directly performed the acts alleged here, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of nHentai, and/or (c) otherwise participated in the acts alleged here with the owners and operators of nHentai. Accordingly, the Defendants are liable for all acts alleged herein because they were both the cause in fact, and the proximate cause of all injuries suffered by Plaintiff as described. Plaintiff will amend the complaint to state the true names of the Defendants when their identities are discovered.

## **STATEMENT OF FACTS**

34.    NHentai.net is a website that displays pirated copyright-registered adult entertainment content without authorization or license.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

35.    NHentai.net is a widely visited platform for adult manga[5] and doujinshi content[6], attracting over 79,000,000 visits per month. The website hosts a vast collection of hentai[7] works, including commercially produced content, much of which, based on information and belief, is shared without proper authorization from the owners.

36.    Based on information and belief, all content and Works displayed on nHentai as galleries originate from digital or physical books and are uploaded to the site by the domain's owners and/or operators. That is, third parties cannot upload any content to nHentai.

---

[5] "*Manga* is an umbrella term for a wide variety of comic books and graphic novels originally produced and published in Japan." Source: https://www.nypl.org/blog/2018/12/27/beginners-guide-manga Last Visited August 27, 2024

[6] "A *doujinshi* is a fan-created or self-published work, sometimes in the form of erotic manga." Source: https://www.dictionary.com/e/pop-culture/doujinshi/ Last Visited August 27, 2024.

[7] "…a subgenre of Japanese manga, anime, computer games, etc., characterized by explicit sexual themes and imagery." Source: https://www.dictionary.com/browse/hentai Last Visited August 27, 2024.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

37.    The top of nHentai's information page emphasizes operator control, stating, "No, we are not going to add a forum, ever," and that users will not have the ability to upload or edit galleries.[8]



38.    Defendants are actively pirating content.

39.    Defendants monetize their copyright infringement on nHentai through the advertising banners visible on the site. On information and belief, advertising is the only way nHentai makes money.

40.    Besides displaying static banner advertisements, the nHentai website shows visitors pop-up advertisements when they view Works on the site.

41.    Advertisements on nHentai.net include those for competing adult products and services that target the hentai-specific user demographic.

42.    NHentai.net doesn't incur the costs typically associated with content production. Based on information and belief, the owners and operators' source and curate hentai content that will drive traffic to the website, which, in turn, increases ad impressions and revenue.

43.    NHentai allows users to download Works from the site. This functionality makes it impossible to know where and how many times the copyrighted videos have

---

[8] Source: https://nhentai.net/info/ Last Visited August 27, 2024.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

been saved, viewed, re-posted, and displayed illegally as a direct result of Defendant's unlawful display.

44.    NHentai does not meet the requirements for the safe harbor provisions of the DMCA. Specifically, Defendants do not honor take-down notices.

45.    On information and belief, Defendants load infringing materials onto nHentai and are the sole infringers of Works on those websites.

46.    Plaintiff's agents routinely police websites to identify infringement of Plaintiff's copyrighted works. Those investigations revealed that Plaintiff's copyrighted works are available on nHentai. Defendants have no license or authorization from Plaintiff to copy or display Plaintiff's works on nHentai.

47.    As of August 29, 2024, Plaintiff has identified that the nHentai website displayed 5 of Plaintiff's copyrighted registered works on 3,604 URLs. **Exhibit B** to this complaint identifies the copyright registrations and the URLs where Defendants displayed them. Defendants have no authority or license to display or distribute any portion of Plaintiff's copyrighted works on nHentai.

48.    Plaintiffs have demanded that nHentai remove Plaintiff's content from nHentai by sending a series of takedown notices in accordance with the takedown provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c). Specifically, DMCA-compliant takedown notices seeking to remove its Works from NHentai were sent to the abuse email displayed on the nHentai 'info' page, the domain registrar, and service provider Cloudflare. Additional notices were sent to Google.com to report the infringing links.

49.    In October 2023, the nHentai Defendants, through their attorneys John T. Wilson and Jennifer M. Rynell, attempted to have PCR enter into a 'HIGHLY CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT' to settle claims, including copyright infringement, between the Plaintiffs and Defendants in this case.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

PCR declined the agreement and further requested the removal of its works from nHentai.

50.    Based on information and belief, Counsel for Defendants, John T. Wilson and Jennifer M. Rynell had constructive if not actual knowledge of nHentai's copyright infringement of PCR Works at issue in this case since at least October 2023.

51.    As of the filing of this complaint, Plaintiff or its agents sent DMCA-compliant takedown notices identifying infringing works on Defendants' website to the email address provided for reporting abuse. Additional DMCA-complaint takedown notices were sent to nHentai's known service providers. However, 100% of the reported URLs remain active.

52.    None of the DMCA takedown notices sent by Plaintiff to the Defendants or their service providers were returned as undeliverable.

53.    Defendants did not remove any content identified in the takedown notices or respond to any of Plaintiff's DMCA takedown notices. On information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's works.

54.    Through the conduct alleged here, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiff's copyrighted work.

55.    Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiff of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants' disregard for copyright laws threatens Plaintiff's business.

56.    Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on nHentai.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

57.    Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

## **FIRST CAUSE OF ACTION**
### **Copyright Infringement – 17 U.S.C. §§ 101 _et seq._**
### **Against All Defendants**

58.    Plaintiff realleges and reincorporates the allegations in paragraphs 1 – 57 above as though fully set forth herein.

59.    Plaintiff owns copyrights in the Subject Works.

60.    Plaintiff has valid registrations with the United States Copyright Office for each of the Subject Works.

61.    Defendants have infringed, and are continuing to infringe Plaintiff's copyrights by uploading, reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 _et seq_.

62.    Defendants did not have authority or license to copy or display the Subject Works.

63.    Plaintiff has never authorized or given consent to Defendants to use the Subject Works in the manner displayed and exploited by Defendants.

64.    Defendants knew or reasonably should have known they did not have permission to exploit the Subject Works on nHentai and further knew or should have known their acts constituted copyright infringement.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

65.   Defendants' acts of infringement are willful, in disregard of, and with indifference to the manner displayed and exploited by Plaintiff.

66.   The quality of content such as Subject Works available to users on nHentai increased the attractiveness of nHentai to its customers, increased its user base, and increased its advertising sales revenue.

67.   On information and belief, Defendants actively uploaded pirated copyrighted files, enabling users of nHentai to view copyrighted Subject Works for free.  On information and belief, the content at nHentai is not user-generated content but is uploaded by Defendants.

68.   Defendants controlled the files owned by Plaintiff and determined which files remained for display and distribution.

69.   On information and belief, Defendants were aware of or were willfully blind to the fact that pirated copyrighted materials comprised popular works on nHentai.

70.   Defendants, through nHentai, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

71.   As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to his actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

72.   Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Subject Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

## **SECOND CAUSE OF ACTION**

### **Contributory Copyright Infringement**

### **Against All Defendants**

73.     Plaintiff realleges and reincorporates the allegations in paragraphs 1 – 72 above as though fully set forth herein.

74.     Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's Subject Works.

75.     On information and belief, Defendants either materially contributed or induced that infringement.

76.     Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

77.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through nHentai without regard to copyright ownership.

78.     Defendants had the ability and obligation to control and stop the infringements and failed to do so.

79.     Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display, and/or distribution of copies of Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

80.     On information and belief, Defendants, as the owners and/or operators of nHentai, received direct financial benefits from the infringements of the Subject Works on nHentai.

81.     Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Subject Works in violation of the Copyright Act.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

82.    Defendants' acts of infringement were willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

83.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to his actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

84.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Subject Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

### THIRD CAUSE OF ACTION

### Vicarious Copyright Infringement

### Against All Defendants

85.    Plaintiff realleges and reincorporates the allegations in paragraphs 1 – 84, above as though fully set forth herein.

86.    Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's Subject Works.

87.    Defendants had a right and ability to supervise or control that infringing conduct and failed to do so.

88.    Defendants had a direct financial interest in that infringing activity.

89.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

90.    The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

91.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to his actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

92.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Subject Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## FOURTH CAUSE OF ACTION
### Inducement of Copyright Infringement
### Against All Defendants

93.    Plaintiff realleges and reincorporates the allegations in paragraphs 1 – 92, above as though fully set forth herein.

94.    Defendants have induced copyright infringement. Defendants designed and/or distributed technology, devices, or products used in infringement at nHentai.

95.    Acts of copyright infringement occurred at nHentai, as described, *supra,* in Paragraphs 6 - 72.

96.    Through their website, Defendants distribute and make available the Subject Works with the object and goal of encouraging or assisting the copyright infringement alleged here.

97.    Defendants have an object of promoting the use of nHentai to infringe copyright.

98.    On information and belief, Defendants cause or materially contribute to the infringement on nHentai because they are aware of the infringement, can take

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

simple measures to prevent further infringement, and have failed to implement those measures

99.    Through both their inducement of infringement and material contribution to copyright infringement, Defendants have caused copyright infringement. As a direct and proximate result of Defendants' inducement and material contribution to infringement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed, and publicly disseminated Plaintiff's copyrighted works through Defendants' websites.

100.    On information and belief, Defendants have participated in the illegal uploading and encouraged the illegal downloading and/or viewing of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display, and/or distribution of copies of Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

101.    Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

102.    The infringement of Plaintiff's rights in and to each of Plaintiff's copyrighted works constitutes a separate and distinct infringement.

103.    The acts of infringement by Defendants have been willful, intentional, purposeful, and in reckless disregard of and with indifference to Plaintiff's rights.

104.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

105.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

continue to infringe Plaintiff's rights in the Subject Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PCR Distributing, Co. prays that this Court enter judgment in its favor on every claim for relief set forth above and award PCR Distributing, Co. relief including, but not limited to, an Order:

A.     Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1)     Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of Plaintiff's copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of Plaintiff's copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of Plaintiff's

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3)     Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of Plaintiff's copyrighted works, including the Subject Works;

(4)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of Plaintiff's copyrighted works, including the Subject Works, or portion(s) thereof;

(5)     Transferring or performing any function that results in the transfer of the registration of the domain name nHentai.net, or any other domain name used in conjunction with Defendants' infringing activities, to any other registrant or registrar; and

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

(6)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B.     Requiring Defendants and their officers, servants, employees, agents, and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries (including, but not limited to, Namecheap, Inc.) administering, holding, listing, or otherwise having control over the domain name nHentai.net, or any other domain name used in conjunction with Defendants' infringing activities, to transfer such domain name to Plaintiff's ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Plaintiff's choosing, unless Plaintiff requests that such domain name be held and/or released rather than transferred.

C.     Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity or entities acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

(1)     To block or attempt to block access by United States users of nHentai.net website by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to nHentai.net;

(2)     To re-route all domains, subdomains, URLs, and/or IP addresses that provide access to each and every URL available from nHentai.net, their domains and subdomains.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

D. That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E. That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit, at Plaintiff's election;

F. That Defendants be ordered to account to Plaintiff for all profits, gains, and advantages that they have realized through their unauthorized use of Plaintiff's copyrighted works;

G. That Plaintiff be awarded enhanced damages and attorney's fees;

H. That Plaintiff be awarded pre-judgment and post-judgment interest;

I. That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J. That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.


Dated: August 30, 2024                    **KARISH & BJORGUM, PC**

                                          */s/ A. Eric Bjorgum*
                                          A. Eric Bjorgum, State Bar No. 198392
                                          119 E. Union St., Suite B
                                          Pasadena, CA 91103
                                          Telephone: (213) 785-8070
                                          Facsimile: (213) 995-5010
                                          Email: Eric.bjorgum@kb-ip.com
                                          Attorneys for Plaintiff PCR Distributing, Co.


COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

.

Dated:  August 30, 2024                    **KARISH & BJORGUM, PC**

                                           */s/ A. Eric Bjorgum*
                                           A. Eric Bjorgum, State Bar No. 198392
                                           119 E. Union St., Suite B
                                           Pasadena, CA 91103
                                           Telephone: (213) 785-8070
                                           Facsimile: (213) 995-5010
                                           Email: Eric.bjorgum@kb-ip.com
                                           Attorneys for Plaintiff PCR Distributing, Co.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS