A. Eric Bjorgum (State Bar No. 198392)
Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb-ip.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>vs.<br><br>JOHN DOES 1 - 10 d/b/a, NHENTAI.NET<br><br>Defendants. | Case No.: 2:24-cv-07453-FLA-AJR<br><br>**PLAINTIFF PCR DISTRIBUTING CO.'S NOTICE OF MOTION AND MOTION FOR EARLY DISCOVERY**<br><br>(DECLARATION OF JASON TUCKER; DECLARATION OF ERIC BJORGUM; PROPOSED ORDER FILED CONCURRENTLY)<br><br>**Date:** October 4, 2024<br>**Time**: 1:30 p.m.<br>**Place:** First Street Courthouse<br>350 W. 1st Street<br>Courtroom 6B, 6th Floor<br>Los Angeles, California 90012<br>**Judge:** Hon. Fernando L. Aenlle-Rocha |

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- i

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

**TO THE JUDGES OF THIS HONORABLE COURT AND DEFENDANTS NHENTAI.NET AND JOHN DOES 1-10:**

PEASE TAKE NOTICE that on October 4, 2024 at 1:30 p.m. in Courtroom 7 before the Hon. Fernando L. Aenlle-Rocha of the United States District Court, Central District of California, located at 350 W. 1st Street, 6th Floor, Courtroom 6B, Los Angeles, CA 90012, Plaintiff PCR Distributing Company ("Plaintiff") will and hereby does move this Court for an order granting its Motion for Early Discovery.

Plaintiff files this Motion through its counsel, Karish & Bjorgum, PC. Plaintiff seeks leave of this Court to discover the identities of all owners and operators of nHentai.net, the web sites infringing Plaintiff's copyrighted works. This information is essential to prosecuting the Complaint filed by Plaintiff in this case (Dkt. No. 1). To effectuate this goal, Plaintiff seeks a Court order allowing it to serve document subpoenas on (1) NameCheap, Inc., (2) Cloudflare, Inc., and (3) Lanoto Solutions Inc. (together, the "Service Providers") for identifying information of the Defendants, who are their customers.

This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jason Tucker, Declaration of Eric Bjorgum, and the [Proposed] Order in Support Thereof, the pleadings and records on file with this Court, and any evidence and argument as may be presented at or before the hearing on this matter.

PLAINTIFF'S MOTION FOR EARLY DISCOVERY  
Case No. 2:24-cv-07453  
- ii

KARISH & BJORGUM, PC  
119 E. Union St., Suite B  
Pasadena, California 91103  
(213) 785-8070

As established by the Declaration of Jason Tucker, and the Declaration of Eric Bjorgum, this Motion must be brought without any Local Rule 7-3 conference of counsel because, absent grant of this Motion, Defendants cannot be located for service.

Dated: September 6, 2024        **KARISH & BJORGUM, PC**

<u>/s/ A. Eric Bjorgum</u>
A. Eric Bjorgum, State Bar No. 198392
119 E. Union St., Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
Email: Eric.bjorgum@kb-ip.com

Attorney for Plaintiff

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- iii

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, PCR Distributing Company ("Plaintiff") files this Motion for Early Discovery ("Motion") in the above-captioned case through its counsel, A. Eric Bjorgum. Plaintiff seeks leave of this Court to discover the identities of all owners and operators of the website and uniform resource locator ("URL") nHentai.net ("NHentai"), the website infringing Plaintiff's copyrighted works. This information is essential to prosecuting the Complaint Plaintiff filed in this case (Dkt. No. 1). To effectuate this goal, Plaintiff seeks a Court order allowing it to serve document subpoenas on (1) NameCheap, Inc., (2) Cloudflare, Inc., and (3) Lanoto Solutions Inc. (together, the "Service Providers") for identifying information of the Defendants, who are their customers.

## I. INTRODUCTION

Plaintiff seeks the identities of Defendants, the owners and operators of nHentai, who have taken measures to conceal their identity. NHentai is a website that hosts and displays thousands of pirated works. The first step in identifying the Defendants is to serve document subpoenas on the registrar and other service providers associated with nHentai and with the delivery of the content on the website. Plaintiff therefore seeks leave of Court to serve document subpoenas on these online service companies and other third parties in advance of this case's Rule 26(f) conference to discover Defendants' true identities and serve them with process in this case.

## II. FACTUAL BACKGROUND

Plaintiff is a private company organized in California under the laws of the United States that owns, creates, acquires, translates, and distributes premium hentai art and publications from Asia to the U.S. market. To protect its content and

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 1

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

business conducted in the United States, Plaintiff registered copyrights in its content with the U.S. Copyright Office. *See* Complaint (Dkt. No. 1), ¶¶ 1, 2, 23.

Defendants, Does 1-10, are unknown individuals and/or entities operating nHentai.net *See* Compl., ¶¶10, nHentai.net is a website that displays pirated copyright-registered content without authorization or license. *See* Compl., ¶¶34, Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through nHentai. *See* Compl., ¶¶ 13, *et seq*. The nHentai.net website averages around 79 million viewers per month. *See* Compl., ¶ 14. Of these users, visitors from the United States made up the largest market at 24.63%. *Id.*

NHentai's copyright infringement is open and unconcealed, but the site's owners and operators hide their identities. The domain name uses registrar-provided privacy services to hide the actual identities of their owners and operators.[1] Declaration of Jason Tucker ("Tucker Decl."), ¶ 9.

**NHentai Uses Vendors Who May Know the Identity of Its Owners and Operators**

NHentai uses several service providers who may know the identity of the people behind the websites.

NHentai uses Namecheap, Inc., a Delaware corporation, based in Phoenix, Arizona as its registrar, and thus, NameCheap Inc. has the registration information for nHentai.net. *See* Compl., ¶¶ 16 Tucker Decl., ¶ 10.

NHentai uses Cloudflare, Inc., located in California, for domain name server services. *See* Compl., ¶¶ 17; Tucker Decl., ¶¶ 12.

Defendants also have an account with California-based Cloudflare for

---

[1] Source: https://www.namecheap.com/domains/whois/result?domain=nhentai.net Las Visited September 3, 2024

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 2

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

services including its Cloudflare Insights Analytics product. *See* Compl. ¶ 18.; Tucker Decl., ¶¶ 11.

Lanoto Solutions Inc., a New York-based company advertises on nHentai, transacts with nHentai, and thus has information for the operators of nHentai. *See* Compl. ¶ 15.

Plaintiff counsel has contacted NHentai's service providers—including Cloudflare, Inc.—who have either ignored requests for information or previously said they would only provide information in response to a subpoena. *See* Declaration of A. Eric Bjorgum in Support of Motion for Early Discovery ("Bjorgum Decl."), ¶¶ 2-3.

## III. STANDARD

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com Inc. v. Yong*, 2021 U.S. Dist. LEXIS 64992, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 3

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. As explained by the Ninth Circuit, "[w]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 U.S. Dist. LEXIS 185222, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

To establish good cause for unknown defendants, a plaintiff must: (1) identify the unknown defendants with sufficient specificity for the court to "determine that the defendant is a real person who can be sued in federal court"; (2) recount the efforts taken to locate and identify the unknown defendants; (3) demonstrate the action can withstand a motion to dismiss; and (4) demonstrate a reasonable likelihood that the sought discovery will "lead to identifying information that will permit service of process." *Cobbler Nev., LLC v. Doe 1-32*, 2015 U.S. Dist. LEXIS 121498, 2015 WL 5315948, at *3 (W.D. Wash. 2015) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)). Good cause exists where a plaintiff has exhausted its means to identify the unknown defendants through publicly available information and has no other way to identify the individuals involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 U.S. Dist. LEXIS 64539, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 4

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward").

IV.  **ARGUMENT**

   A.  **Defendants Are Real Persons or Entities**

First, Plaintiff has identified the Defendants with enough specificity that the Court can determine they are real people or entities who could be sued in federal court. Plaintiff observed and documented copyright infringement of its registered works by individuals and/or entities that own or operate the NHentai website. *See* Compl., ¶¶ 39-58. The requested discovery is necessary for the Plaintiff to determine their true names and addresses.

Further, as plead in the Complaint, Defendants had previously attempted to anonymously work through counsel to anonymously negotiate a settlement agreement. (Complaint, D.N. 1 at 49.)  There is no doubt that these Defendants exist.

   B.  **Plaintiff Has Taken Steps to Identify Defendants**

Second, Plaintiff has exhausted the available steps to identify Defendants short of serving discovery on nHentai service providers. Defendants' website provides no identifying information; nHentai uses privacy services to conceal the identity of the owners of its domains; and no one responded to the DMCA takedown notices Plaintiff submitted to nHentai.net using contact information found on the website or sent to service providers. *See* Compl. ¶¶ 52-54, Tucker

PLAINTIFF'S MOTION FOR EARLY DISCOVERY  
Case No. 2:24-cv-07453  
- 5  

KARISH & BJORGUM, PC  
119 E. Union St., Suite B  
Pasadena, California 91103  
(213) 785-8070

Decl., ¶ 13. Finally, Plaintiff sent emails to NameCheap, Inc., Cloudflare, Inc., and Lanoto Solutions Inc. Namecheap claimed to not be the current registrar for Defendants, but it was when Plaintiff filed this case less than two weeks ago. (Bjorgum Decl., ¶ 2.) A simple subpoena for Namecheap's records for the last three years would fix this issue. Plaintiff does not have more information that would identify Defendants and does not know of any means likely to provide their identity other than seeking information maintained by the domain privacy service, registrar service, and other service providers. Tucker Decl., ¶ 14. In short, Plaintiff has no way of determining Defendants' identities except through pre-service discovery.

### C. Plaintiff's Complaint Can Withstand a Motion to Dismiss

Third, Plaintiff's Complaint pleads *prima facie* claims for copyright infringement, contributory copyright infringement, and vicarious infringement that would withstand a motion to dismiss. Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the works at issue; that (ii) Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization; and (iii) Plaintiff was damaged by Defendants' actions. *See* Compl. ¶¶ 61-73. These allegations state a claim for copyright infringement.

When outlining the factors above, the court in *Columbia Ins.* noted that when parties seek redress against defendants who take advantage of the anonymity of the internet to commit torts online, "traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances," balanced against the right to participate in online forums anonymously "so long as those acts are not in violation of the law." *Columbia Ins.*, 185 F.R.D. at 578. Here,

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 6

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

the factors show that Plaintiff needs to learn Defendants' identities to stop their ongoing copyright infringement, while Defendants' conduct does not use anonymity to foster communication or inquiry but instead to avoid being held accountable for exploiting someone else's intellectual property.

### D. The Discovery Plaintiff Seeks Will Allow Plaintiff to Identify and Serve Defendants

Early discovery should help identify information about the Defendants. The three service providers identified—NameCheap, Inc., Cloudflare, Inc., and Lanoto Solutions Inc.—are likely to have relevant details about the Defendants' identities and locations. Plaintiff requests leave to subpoena these providers for all relevant information, including names, addresses, login information, billing and transaction records, account information, server logs and IP addresses, email exchanges, and IP login information related to the Defendants' accounts for the NHentai.net domain name.

The Order should further specify that Plaintiff shall use this information only to prosecute the claims made in its Complaint. Further, because 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and because some internet service providers are also cable operators, Plaintiff requests that the Court's Order state that the Court has contemplated the Cable Privacy Act and that the order complies with the Act's requirements. And because Plaintiff has not confirmed Defendants' identities or locations or been able to serve them with process, it respectfully requests that it be excused from the advance notice requirement of Federal Rule of Civil Procedure 45(b)(1).

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 7

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

### E. If Necessary, Plaintiff Has Good Cause for an Extension of the Service Deadline

"Rule 4(m) contains both a mandatory and a discretionary component." *Hearst v. West*, 31 F. App'x 366, 368 (9th Cir. 2002). Upon a showing of good cause for the lack of service or for defective service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even absent a showing of good cause, the district court still has "the discretion to dismiss without prejudice or extend the time period." *Id.* (*citing Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995)).

Plaintiff has good cause for having not served any domestic defendants that still need to be served: it does not yet know who they are yet or where they reside. Having exhausted the information available to it through readily available sources, Plaintiff requires formal discovery from third parties to identify, locate, and effect service on Defendants.

Plaintiff has invested considerable time and resources into determining Defendants' identities. It believes the third-party discovery requested in this Motion will result in identifying Defendants and that Plaintiff can then quickly serve them. Without discovery, U.S. defendants could be dismissed from this suit without prejudice for lack of service. Plaintiff's efforts to identify them would not cease, however, and once they were identified, it would sue them. The more efficient approach is to allow discovery now to expedite the process.

PLAINTIFF'S MOTION FOR EARLY DISCOVERY  
Case No. 2:24-cv-07453  
- 8

KARISH & BJORGUM, PC  
119 E. Union St., Suite B  
Pasadena, California 91103  
(213) 785-8070

## V. CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court enter the proposed order submitted herewith, authorizing it to conduct third-party discovery to identify, locate, and serve Defendants.

Dated: September 6, 2024

                                  **KARISH & BJORGUM, PC**

                                  */s/ A. Eric Bjorgum*
                                  A. Eric Bjorgum, State Bar No. 198392
                                  119 E. Union St., Suite B
                                  Pasadena, CA 91103
                                  Telephone: (213) 785-8070
                                  Facsimile: (213) 995-5010
                                  Email: Eric.bjorgum@kb-ip.com

                                  Attorney for Plaintiff

PLAINTIFF'S MOTION FOR EARLY DISCOVERY
Case No. 2:24-cv-07453
- 9

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070