John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*
Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR OPERATORS OF NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET<br><br>*Defendants* | Case No. 2:24-cv-07453- FLA-AJR<br><br>**NHENTAI.NET'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND RESPONSE TO PLAINTIFF'S MOTION FOR EARLY DISCOVERY** Filed concurrently herewith: Proposed Order<br><br>Date: October 30, 2024; 9:30 a.m.<br>Place: Roybal Federal Building and United States Courthouse<br>Courtroom 780, 7th Floor<br>255 E. Temple Street<br>Los Angeles, California 90012<br>Judge: Honorable A. Joel Richlin |

TO ALL PARTIES AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the operators of the nhentai.net website ("Nhentai.net") whose information is the subject of PCR Distributing, Co.'s ("Plaintiff" or "PCR") Motion for Early Discovery (Dkt. No. 10) will and do hereby move for protective order and respond in opposition to Plaintiff's Motion for Early Discovery. This motion and response are made on the following grounds as explained in the accompanying Memorandum of Points and Authorities and supporting papers: Nhentai.net opposes Plaintiff's request that this Court permit discovery into information of a highly confidential and sensitive nature, including Nhentai.net's "login information, billing and transaction records, account information, server logs and IP addresses, email exchanges, and IP login information related to the Defendants' accounts for the NHentai.net domain name." Dkt. No. 10 at 7, lines 10-14. Among other things, Plaintiff's request implicates serious data privacy concerns relating to Nhentai.net's login information. Plaintiff is also broadly requesting Nhentai.net's private and highly confidential financial information such as billing and transaction records and account information, which would necessarily include payment information such as complete credit card numbers. Plaintiff does not propose any protections for such information being made public. This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; all documents on file in this action; and such further or additional evidence or argument as may be presented before or at the time of any hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. Counsel for Nhentai.net conducted a phone conference with counsel for PCR on Friday, October 11, 2024 and discussed the substance of Nhentai.net's response in opposition to Plaintiff's Motion for Early Discovery and Nhentai.net's motion for protective order regarding same. The parties were unable to reach resolution. Following that phone conference, counsel for PCR corresponded with

counsel for Nhentai.net clarifying that PCR is "not looking for end user or customer information. We are asking for sufficient Log File information that would show who is maintaining and operating the site." Because Nhentai.net is asking the Court to deny Plaintiff any early discovery, this clarification does not resolve the issues presented to the Court in opposition to Plaintiff's Motion for Early Discovery or Nhentai.net's request for protection from such discovery.

Dated: October 14, 2024	By: /s/ Jennifer M. Rynell
	John T. Wilson*
	Texas Bar No. 24008284
	Jennifer M. Rynell*
	Texas Bar No. 24033025
	eservice@wwrlegal.com
	**WILSON WHITAKER RYNELL**
	Wilson Legal Group P.C.
	16610 Dallas Parkway, Suite 1000
	Dallas, Texas 75248
	(T) 972-248-8080
	(F) 972-248-8088
	*Pro Hac Vice*

	Glenn T. Litwak
	State Bar No. 91510
	glenn@glennlitwak.com
	**LAW OFFICES OF GLENN T. LITWAK**
	201 Santa Monica Boulevard, Suite 300
	Santa Monica, California 90401
	(T): 323-518-2826
	(F): 310-207-4180

	**ATTORNEYS FOR OPERATORS OF NHENTAI.NET**

## MEMORANDUM OF POINTS AND AUTHORITIES

Nhentai.net hereby responds to Plaintiff PCR Distributing, Co.'s (d/b/a Jast USA) Motion for Early Discovery (Dkt. No. 10) and moves for protective order relating to Plaintiff's motion. Plaintiff's request for early discovery should be denied because there are no legitimate bases for its copyright infringement allegations and Plaintiff cannot make the required showing that its case can survive a motion to dismiss. The allegations in the Plaintiff's Complaint for copyright infringement are entirely belied by the fact that Plaintiff has repeatedly given Nhentai.net *permission, in writing,* to use Plaintiff's content. Plaintiff expressed on multiple occasions that it does not want Nhentai.net to stop using its content. In fact, Plaintiff *wants* Nhentai.net to use it so that Plaintiff can amass even more money from the sexually explicit materials Plaintiff sells. Plaintiff has even *offered to pay Nhentai.net* to run ads on its website to accomplish this goal. It is now clear from the relief Plaintiff seeks in its Complaint that its motive behind filing this case is completely improper. Plaintiff asks this court to give it control over the entire nhentai.net domain, a website that has over 500,000 pages, of which Plaintiff complains (however frivolously) about *less than one percent* (3,604 pages). This is relief Plaintiff would never be entitled to even if every single one of its allegations were proven true.

Shockingly and despite Plaintiff and its counsel's full knowledge of the history between the parties and the express permissions given, Plaintiff tells this Court in the Complaint that "Plaintiff has never authorized or given consent to Defendants to use its copyrighted works on Defendants' websites." Plaintiff's Complaint falsely claims that Nhentai.net's conduct is "egregious and willful," that it is "causing serious harm to Plaintiff," and that Nhentai.net "must be stopped." Dkt. No. 1 at ¶¶5, 7. This action was not brought in good faith and contains significant false statements and misrepresentations undermining Plaintiff's allegations. There simply is no copyright infringement and no basis whatsoever for early discovery.

The scope of Plaintiff's request for early discovery is likewise extremely concerning, as is the possible damage due to disclosure and/or use of any highly sensitive information obtained. The only stated basis in Plaintiff's Motion for Early Discovery is that it needs to subpoena the requested entities in order *to identify* potential defendants. Dkt. No. 10, passim. But tucked away in the middle of its motion and in its proposed order is Plaintiff's grossly overbroad and highly improper request for information *far beyond* the identity of potential defendants in this case. Plaintiff's motion actually seeks "*all relevant information*, including names, addresses, *login information*, *billing and transaction records, account information, server logs and IP addresses, email exchanges, and IP login information* related to the Defendants' accounts for the NHentai.net domain name." Dkt. No. 10 at 7, lines 10-14 (emphases added). And Plaintiff asks for this unbelievably sensitive information subject to no real protections for or restrictions on its use. This highly sensitive, private information must not be disclosed to Plaintiff or its counsel. Accordingly, Nhentai.net moves for protection from any such disclosure. In the event the Court permits Plaintiff limited early discovery of the identity of potential Nhentai.net-related defendants, Nhentai.net asks the Court to issue a protective order as described herein.

Nhentai.net respectfully asks the Court to: 1) deny Plaintiff's Motion for Early Discovery; 2) issue a protective order shielding from discovery the login information, billing/transaction records, account information, server logs, IP addresses, and email exchanges related to Nhentai.net; and 3) issue a protective order shielding any identifying information obtained by Plaintiff as confidential and not subject to any disclosure until further order of the Court.

## BACKGROUND

Plaintiff PCR Distributing, Co. d/b/a JAST USA represents in its Complaint that it "owns, creates, acquires, translates, and distributes premium hentai art," i.e.,

sexually explicit and erotic materials. Dkt. No. 1 at ¶ 1, 35 and fns. 6-7. On or about August 30, 2024, Plaintiff filed a complaint for copyright infringement against John Does 1-10, d/b/a Nhentai.net in the above-referenced case. Dkt. No. 1. On September 7, 2024, Plaintiff sought leave of Court to issue early discovery in the form of Rule 45 subpoenas to various providers it believes are related to Nhentai.net.

The proposed subpoenas – which Plaintiff has not provided to the Court – purport to seek personal identifying information (names and addresses) of potential defendants relating to Nhentai.net. Plaintiff also asks this Court to permit it to obtain highly confidential and sensitive information regarding login information, billing and transaction records, account information, server logs and IP addresses, and email exchanges.

In a separate miscellaneous action, Plaintiff previously requested that another Court in this district issue a 17 U.S.C. §512(h) subpoena to Cloudflare, Inc., one of the parties Plaintiff proposes to subpoena here. *In Re DMCA Subpoena to Cloudflare, Inc.*, 2:24-mc-00084-JFW-PVC (C.D. Cal). Plaintiff later withdrew that subpoena when challenged and before any response or resolution of the motions. Five days *prior* to its withdrawal in the other case, Plaintiff filed the instant lawsuit. And despite naming undersigned counsel for Nhentai.net personally in the alleged facts in its Complaint (however inappropriately), PCR did not notify said counsel of this lawsuit or its request for early discovery. Dkt. No. 1 at ¶¶ 49-50. After learning of the Complaint and Plaintiff's Motion for Early Discovery, Nhentai.net requested and the Court permitted Nhentai.net to file this opposition to Plaintiff's Motion and to move for protection. Dkt. No. 20.

### ARGUMENTS AND AUTHORITIES

### A.  OPPOSITION TO MOTION FOR EARLY DISCOVERY

Plaintiff's Motion for Early Discovery should be denied, as it has not met at least one of the four critical factors that it ***must*** demonstrate to show good cause for

early discovery. Specifically, Plaintiff cannot "demonstrate the action can withstand a motion to dismiss." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999). There are also significant grounds for dismissal of the action. *See e.g., Music Group Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-CV-621 RSM, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (permitting early discovery "unless it is clear … that the complaint would be dismissed on other grounds.")

This case is a bit unusual. The history between these parties demonstrates unequivocally that Plaintiff has no legitimate case for copyright infringement against Nhentai.net and that its Complaint is frivolous, at best. Beginning in at least October of 2020, Plaintiff ***expressly gave permission*** to Nhentai.net, in writing, to host Plaintiff's content as shown below in an email from goldberg@jastusa.com[1] entitled "***Permission granted to host our content: J18 Publishing.***" In this correspondence, Plaintiff states: "Right from the beginning, I want to stress that ***this isn't a takedown request or a DMCA***." Later in the same email shown below, Plaintiff states: "***We don't want to try to take down any of our galleries***-- we just want people to have a simple, safe, and easy way of getting to our site where they can buy physical copies of the comics they love" (emphases added):

//
//
//
//
//
//
//

---

[1] Plaintiff's Complaint states that PCR operates "under the DBA Jast USA." Dkt. No. 1 at ¶ 1.

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER,
AND RESPONSE TO PLAINTIFF'S MOTION FOR EARLY DISCOVERY**     PAGE 7

> **From:** David Goldberg
> **To:** hey@nhentai.net
> **Subject:** Permission granted to host our content: J18 Publishing
> **Date:** Thursday, October 29, 2020 8:32:55 PM
> **Attachments:** banner example 2.png
> banner example 1.png
>
> To whom it may concern,
>
> Right from the beginning, I want to stress this isn't a takedown request or a DMCA. I've spent enough time sailing the high seas myself to know that they're pointless and nobody listens to them anyway.
>
> My name is David, though you might know me better as Rotoscopic. I'm a scanlator, now serving as the managing editor at the manga publisher J18, the publisher of manga like 40hara's Iyapan, Satou Kuuki's NetoSis doujinshi, and a couple others. (We also work closely with JAST, visual novel publisher of games like Steins;Gate, YOU and ME and HER, and SaDistic BlooD.)
>
> We know people don't always have the money to buy official releases, or just don't want to pay from them. We know the only reason that any market at all for anime or manga exists in the West is because of piracy, so we're not interested in trying to fight any sites about this stuff.
>
> However, a few months ago, we were able to strike a deal with the admin over at exhentai about what to do about properties to which we have the rights being uploaded to their site. When the raw scans, scanlations, or rips of properties to which we own or manage the rights get uploaded, we're able to slap a banner over the top, like so. I've attached two examples of what that looks like to this email.
>
> The banners aren't meant to be intrusive, they don't move, they don't try to shame or make you feel bad. They're just there so that fans who want to own physical, uncensored, english-language versions of the doujinshi they love so much can purchase them. We try to make it as easy and convenient as possible for people to get them, and we just want to be able to give them the chance.
>
> Is there any chance we'd be able to do something like this on nhentai? We don't want to try to take down any of our galleries-- we just want people to have a simple, safe, and easy way of getting to our site where they can buy physical copies of the comics they love.
>
> If this is something that could possibly happen, I'd be delighted to hear back from you. We already have a lot of banners prepared that we've been using on exhentai, and we would be happy to know that all of nhentai's devoted browsers now also have the option to support doujinshi creators through us while being able to own physicals of their favorite artists' uncensored work.
>
> I'll be looking forward to your response. Thanks for hearing me out, and I hope that you're staying safe and staying happy.
>
> Best,
> David Goldberg
>
>
> JAST Create
> Managing Editor

In December of 2020, Plaintiff sent Nhentai.net an email providing a spreadsheet of over 3,300 of Plaintiff's links of which it was aware and gave permission to Nhentai.net to use, and for which it wanted to host banner

advertisements on the Nhentai.net site:



*Until at least three years later*, October of 2023, Plaintiff and Nhentai.net communicated back and forth, sometimes through counsel, about the fact that Plaintiff *did not* want Nhentai.net to take down Plaintiff's titles on the Nhentai.net site. As shown below in an email from gavin@jastusa.com, Plaintiff stated: "I'd like to run banner ads on uploads of our manga that link back to the official store where you can buy them. *I \*don't\* want to takedown the uploads of our titles*, just give people an easy option for purchasing them if they do enjoy. So those would be banners on specific pages" (emphasis added). Indeed, and further undermining the allegations in Plaintiff's Complaint, **Plaintiff was contemplating paying Nhentai.net** to run ads on the Nhentai.net site:

//

//

> **From:** Gavin Wink
> **To:** Maou
> **Subject:** Re: J18 Banner Ads
> **Date:** Tuesday, November 2, 2021 6:27:43 AM
>
> Any word back on this?
>
> On Thu, Sep 16, 2021 at 1:52 AM Gavin Wink <gavin@jastusa.com> wrote:
> > Got two things in mind!
> >
> > First, I'd like to run banner ads on uploads of our manga that link back to the official store where you can buy them. I *don't* want to takedown the uploads of our titles, just give people an easy option for purchasing them if they do enjoy. So those would be banners on specific pages.
> >
> > Second, we're running a sale here soon, so I was wondering about shorter term adspace on general areas of the site, and how much that would cost. It'll probably run for about a month or so? That's the current thinking, anyway.
> >
> > Any estimates on those two propositions?
> >
> > On Thu, Sep 16, 2021 at 12:29 AM Maou <maou@nhentai.net> wrote:
> > > Hey there,
> > >
> > > Thanks for your interest.
> > >
> > > Do you have a budget and/or any types of ads/positions you're interested in testing/purchasing?
> > >
> > >
> > > Gavin Wink wrote on 9/15/21 9:21 PM:
> > > > Hello there!
> > > >
> > > > Gavin Wink, new marketing hire here at J18. I know we've talked
> > > > briefly about running ads on your sites, but the talks fell through.
> > > > Well, I'd like to open that line of discussion again, if possible! How
> > > > do I go about purchasing adspace on your site?

Plaintiff has no legitimate suit for copyright infringement against Nhentai.net, facts of which Plaintiff and its counsel were well aware when filing this suit. Plaintiff has failed to "[make] some showing that an act giving rise to civil liability actually occurred." *Estate of Rupard v. Cnty. of San Diego*, No. 23-CV-1357-CAB-BLM, 2023 WL 8629097, at *6 (S.D. Cal. Dec. 12, 2023). Plaintiff's Motion for Early Discovery should be denied not only for failing to meet a factor in a test, but for filing a lawsuit based on wholly false claims.

Plaintiff also purports to assert alter ego claims in conjunction with its bogus copyright infringement case. Plaintiff *admits* these allegations are based on no facts whatsoever, as the entity at issue and any information regarding its operation are "unknown." Dkt. No. 1 at ¶¶ 10, 33. Plaintiff does so in an attempt to justify early discovery of information regarding *individuals* related to Nhentai.net. Plaintiff

cannot demonstrate that any such alter ego allegations "can withstand a motion to dismiss" as a basis for early discovery of the individuals behind an entity. This is especially true here where any underlying allegations of copyright infringement have been shown to be completely false and brought in bad faith.

### B. NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER

In further response to Plaintiff's Motion for Early Discovery, Nhentai.net moves the Court for a protective order. "A protective order ***should*** be granted when the moving party establishes 'good cause' for the order and 'justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....'" *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385–86 (C.D. Cal. 2002), emphasis added. The Court may also "among other things, forbid[] the discovery or specify[] the terms, including the time and place, for the discovery." *Elite Lighting v. DMF, Inc.*, No. CV 13-1920 JC, 2013 WL 12142840, at *2 (C.D. Cal. May 6, 2013) (citing Fed. R. Civ. P. 26(c)(1)). Good cause exists to protect potential Nhentai.net-related defendants from oppression or undue burden of the disclosure of sensitive personal information, highly confidential and non-public financial and billing/account information, and the extremely dangerous request for actual login information. Such sensitive information can be exploited for many improper purposes and should be safeguarded by the protections requested herein, including the denial of any such discovery.

***Billing, Account, Login, Server, IP, and Emails Should be Protected.*** Here, Plaintiff is asking the Court's permission to subpoena and obtain highly private and confidential information such as "billing and transaction records" and "account information," which would necessarily include financial and credit card information. If Plaintiff's request is granted, by way of example only, Plaintiff could obtain the credit card numbers for potential defendants and make them public. There is no legitimate basis for such discovery, especially when Plaintiff's sole, repeatedly

stated purpose is to identify potential defendants.

Plaintiff's requests for "login information" and "IP login information" are also particularly egregious given the serious concerns and risks surrounding data privacy and protection, and where breaches of same for mishandled information are all too common. It would be a huge injustice for such information to end up in the hands of any other person. Plaintiff has no stated or legitimate basis for this discovery and the potential Nhentai.net-related defendants seek protection as to its disclosure.

Likewise, Plaintiff's request for email exchanges, server logs, and IP addresses is intrusive, unfounded, and would lead to disclosure of highly confidential information, again with no restrictions or protections at all proposed by Plaintiff. Plaintiff's only statement in this regard is that "[t]he Order should further specify that Plaintiff shall use this information only to prosecute the claims made in its Complaint." Dkt. No. 10 at 7, lines 15-16. This is essentially meaningless and places no restriction on Plaintiff making public anything it discovers from a subpoena. All information obtained would be fair game to be made public or provided to other persons/entities so long as Plaintiff could satisfy itself that it is using it "only to prosecute the claims made in its Complaint." And there is no recourse for any misuse, as the damage would already be done.

Forbidding discovery into these matters sought by Plaintiff is specifically within this Court's wide discretion pursuant to Rule 26(c). *Elite Lighting*, 2013 WL 12142840 at *2 (citing Fed. R. Civ. P. 26(c)(1)). Nhentai.net asks the Court to ***forbid*** Plaintiff's requests for early discovery and issue a protective order shielding the login information, billing and transaction records, account information, server logs, IP addresses and email exchanges related to NHentai.net.

***Names and Addresses related to NHentai.net.*** Plaintiff seeks all names and addresses related to NHentai.net. Plaintiff's request for the *entity* information behind Nhentai.net and all relevant information, including *personal* names and addresses of

individuals, is overly broad and intrusive. Nhentai.net asks the Court to either deny or restrict any such disclosure. Courts have denied overly broad early discovery, if permitted at all, limited requests to those narrowly tailored to identity. *See e.g., Estate of Rupard v. Cnty. of San Diego*, No. 23-CV-1357-CAB-BLM, 2023 WL 8629097, at *6 (S.D. Cal. Dec. 12, 2023).

Plaintiff's Complaint broadly defines "Defendant Does 1-10, d/b/a nHentai.net" as "***unknown individuals or entities*** that own and operate at least one website, located at the uniform resource locator ("URL") nHentai.net." Dkt. No. 1 at ¶ 10 (emphasis added). And later – ***admittedly without knowing*** the entity or any facts whatsoever about its structure – Plaintiff makes unfounded alter ego allegations in an attempt to justify discovery of the personal names and addresses of its owners. Dkt. No. 1, ¶ 33. In *BWP Media USA, Inc. v. Crowdgather, Inc.*, the Court "limit[ed] disclosure of identifying information about infringing users to attorneys' eyes only" as a safeguard until it could be determined if they were potentially proper parties. No. CV1305318GWJEMX, 2014 WL 12601054, at *3 (C.D. Cal. July 28, 2014). There was no good faith basis for Plaintiff's alter ego to be asserted in the first place.

Nhentai.net asks that the Court deny Plaintiff's request for discovery in this regard and protect the personal names and addresses associated with the entity being accused of copyright infringement. To the extent Plaintiff is permitted to obtain the personal names and addresses of any individuals, as opposed to entity names(s), Nhentai.net asks that Court to issue a protective order restricting access to any such information to outside counsel of record for Plaintiff until Plaintiff can comply with the requirement that any such disclosure in an amended complaint for copyright infringement, for example, can be made with a legitimate basis and in good faith.

## CONCLUSION

Nhentai.net respectfully asks the Court to deny Plaintiff's request for early discovery in its entirety and issue the requested protective order.

DATED: October 14, 2024    Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson*
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Operators of Nhentai.net**

### CERTIFICATION PURSUANT TO FRCP 26(c)

Pursuant to Federal Rule of Civil Procedure 26(c), undersigned counsel hereby certifies that it has conferred with counsel for Plaintiff in good faith on the motion for protective order in an effort to resolve the dispute without court action and the parties were unable to reach agreement.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

# CERTIFICATE OF SERVICE

On October 14, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell