A. Eric Bjorgum (State Bar No. 198392)
Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb-ip.com

Attorneys for Plaintiff PCR DISTRIBUTRING CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a company Organized under the laws of California,<br><br>vs.<br><br>JOHN DOES 1 - 10 d/b/a, NHENTAI.NET<br><br>Defendants. | Case No.: 2:24-cv-07453-FLA-AJR<br><br>**PLAINTIFF PCR DISTRIBUTING CO.'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVE ORDER. (DECLARATION OF ERIC BJORGUM FILED CONCURRENTLY)**<br><br>**Date:** October 30, 2024<br>**Time**: 9:30 a.m.<br>**Place:** Courtroom 780<br>     Roybal Fed. Bldg.<br>     225 E. Temple St.<br>     Los Angeles, California<br>**Judge:**  Hon. A. Joel Richlin |

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Far from providing a compelling argument as to why early discovery should not be granted in this case, Defendant Nhentai.net's opposition to Plaintiff's Motion for Early Discovery (the "Motion") shows exactly why Plaintiff needs early discovery. Even if there was a license (there is not) or "permission" between these parties (there is not), Plaintiff could never enforce it because it does not know who the counterparty is.

Without coming out and saying it, Defendant's Opposition implies there is some sort of agreement between Plaintiff and Defendant. Defendant's position leaves open the obvious question: With whom has Plaintiff supposedly agreed? Moreover, Defendant inappropriately combines its Opposition with a Motion for Protective Order which seems to assert the privacy concerns of **third-party end users who are not the subject of this lawsuit or the pending discovery**. Aside from being procedurally improper for failing to follow L.R. 37, the Protective Order motion attempts to confuse this Court by implying that Plaintiff is looking for the contact information of end users rather than of Defendant itself, so that it can serve the complaint.

Addressing the motion for early discovery, Defendant's only argument is that Plaintiff cannot state a claim for copyright infringement because Plaintiff had first contacted Defendant in 2021 and offered to make its content available. Defendant's brief is unclear as to whether it is asserting a waiver, a license or some other defense. However, no matter what Defendant asserts, it is a *defense* that does not relate to the relevant standard for good cause. Plaintiff's brief also relies upon unauthenticated emails and ignores the fact that before this case

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 1

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

1 was filed Plaintiff sent multiple DMCA takedown notices and recently served
2 a DMCA subpoena on in an attempt to identify Defendant, thus dispensing with
3 the notion there was some sort of "permission" from Plaintiff. (See Declaration
4 of Eric Bjorgum ("Bjorgum Decl."), Exh. A.)

5 Regarding the portion of the "Opposition," which is really a new motion
6 for protective order, it does not comply with Local Rule 37, which requires a
7 joint stipulation laying out the positions of both parties. Ostensibly this rule
8 was ignored because Defendant realizes that when it states the issue clearly, it
9 is clearly wrong. Defendant knows that Plaintiff is not asking about end users.
10 This case has nothing to do with end users -- it has to do with identifying the
11 people or organizations that host and profit from this massive piracy operation.
12 For years these defendants have attempted to keep the identity of these people
13 secret; however, the infringement has gotten so rampant that Plaintiff must go
14 forward with this case.

15 Thus, Plaintiff PCR Distributing seeks limited early discovery solely to
16 identify the operators and owners of nhentai.net, who have willfully and
17 repeatedly infringed on the Plaintiff's copyrights. Defendant operates a massive
18 pirate operation that encourages illegal downloading and copying registered
19 works. **<u>The content on this site is posted by Defendant, not submitted by
20 end users.</u> Plaintiff is not seeking information about end users, their credit
21 card numbers or any of the parade of horribles cited by Defendant.** All of
22 the information sought is limited to information about the operators of this
23 website.

24 The discovery sought is standard in John Doe cases and is narrowly
25 tailored to the specific needs of this case. Plaintiff is not seeking unnecessary
26 or highly sensitive information, as Defendant suggests, but rather account

PLAINTIFF'S REPLY RE MOTION FOR EARLY
DISCOVERY AND OPPOSITON TO MOTION FOR
PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 2

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

information--such as names, email addresses, physical addresses, partial payment details, and IP addresses—of the owners and operators of Nhentai.net. Thus, Defendant's argument is a deliberate attempt to shield the pirate operators from accountability. This is the third instance in which the Defendant's counsel has attempted to prevent the Plaintiff from uncovering their identities, a pattern that is consistent with their ongoing infringement activities. (Bjorgum Decl., ¶ 3.) Defendant's efforts to obscure the operators' identities should not be permitted to undermine the Plaintiff's right to seek redress for copyright infringement.

Thus, the information sought – names, email addresses, physical addresses, partial payment details, server log files and IP addresses – is crucial technical information that will allow the Plaintiff to trace and identify the individuals or companies responsible for the infringing activities. Specifically, server log files contain IP addresses tied to the login actions, uploads, and other actions carried out by the operators of the website(s) – not end users.  Each time the operator logs into the nHentai.net website servers, uploads content, or takes administrative actions, server log files capture the IP addresses associated with those activities. By analyzing this data, Plaintiff can establish a pattern of behavior and correlate the IP addresses with specific geographic locations and internet service providers. This information is essential in identifying the individuals behind the infringing activities, particularly when the defendants have otherwise taken steps to hide their identities.  (Bjorgum Decl., ¶ 4.)

For these reasons, the Plaintiff respectfully requests that the Court grant the Motion for Early Discovery, allowing the Plaintiff to uncover the identities of the operators of nHentai.net and move forward with this case. The information sought

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 3

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

is essential for prosecuting the copyright infringement and ensuring that the responsible parties are held accountable.[1]

## II. ARGUMENT

### A. Plaintiff's Complaint Can Withstand a Motion to Dismiss.

Defendant only argues one factor of the good cause factors (whether the Complaint can withstand a motion to dismiss). (Opp. at 7:1-2.) It does not contest the other three factors.

Thus, Defendant vaguely argues that "Beginning in at least October of 2020, **Plaintiff *expressly gave permission*** to Nhentai.net, in writing, to host Plaintiff's content." Defendant completely ignores the fact that just this year, after the infringement continued to escalate and multiple DMCA takedown notices were wholly ignored, Plaintiff had served a DMCA subpoena on third party Cloudflare to determine who owns nhetai.net. The subpoena was assigned to Judge Walter and the action styled *In re DMCA Subpoean to Clourflare, Inc*, Case No. 2:24-mc-0084. Defendant was represented by the same counsel in that action and filed a motion to quash. Nowhere in that Motion to Defendant argue that there was "permission" to display the infringing work. (Bjorgum Decl., ¶ 3, Exh. A.)

Moreover, Defendant's position begs the question of what is "permission?"

---

[1] Defendant requests (at Dkt. No. 21, p. 13) that if Plaintiff's motion is granted, that identifying information be kept confidential via an order "restricting access" to that information. Plaintiff submits that any such requirement would put an undue burden on Plaintiff in moving forward with its case. Defendant has been communicating Plaintiff for years about this infringement. If Defendant wanted anonymity, it could have just stopped at some point before now.

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 4

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

1  Is it an exclusive license, nonexclusive license, an express waiver with no
2  consideration?  Indeed, an exclusive license must be in writing. *Foad Consulting*
3  *Grp., Inc. v. Musil Govan Azzalino,* 270 F.3d 821, 825 (9th Cir. 2001)   A non-
4  exclusive license is assessed under contract law of the relevant state, and
5  Defendants engage in no analysis of any contract law. *Id.* at 826. Here, to support
6  their non-exclusive license, Defendants merely cite invitations to bargain and
7  prior negotiations. Under California law, an invitation to bargain is not an offer.
8  *Harris v. Time, Inc.,* 191 Cal. App. 3d 449, 455, 237 Cal. Rptr. 584, 587 (1987)
9  (stating that in the context of advertisements, such communications are not treated
10 as offers but "merely as invitations to bargain").

11      Next, a complaint is assessed on the basis of its allegations.  Defendant
12 ignores the standard for copyright infringement, which is quite simple: that there
13 be a copyright registration, that there be allegations of substantial similarity, and
14 that there be allegations of damages.  *See, e.g., MG Premium Ltd. v. John Does*
15 *1-20*, 2022 U.S. Dist. LEXIS 136412, at *8 (C.D. Cal. Jan. 18, 2022) (reciting
16 elements for copyright infringement and finding "[a]s each element has properly
17 been alleged by the Plaintiff in its Complaint (Dkt.  No.1), this cause of action
18 could withstand a motion to dismiss"). Defendants argue that a prior agreement
19 the parties could not establish copying.  However, a license or consent is a
20 defense to copyright infringement. *See* Comments, Ninth Circuit Court of
21 Appeals, Model Jury Inst. No. 17.25, "Copyright—Affirmative Defenses")
22 ("Implied license is an affirmative defense to copyright infringement. *See*
23 *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir.
24 2020)").

25      Defendant's evidence is also deficient.  To support its claim of
26 "permission" Defendant cites an unauthenticated email that could be completely

PLAINTIFF'S REPLY RE MOTION FOR EARLY
DISCOVERY AND OPPOSITON TO MOTION FOR
PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 5

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

made up. Even taken as true, it does not establish a license or consent to use Plaintiff's copyright protected content.

In sum, Plaintiff's Motion for Early Discovery should be granted. Defendant does not take issue with three of the four relevant factors. It only takes issue with the factor involving the sufficiency of the complaint, and only then based upon a possible defense of "permission" that is not properly identified, that ignores – and is contradicted by – the parties' recent interactions, and that is based upon faulty evidence. Thus, the limited discovery requested by Plaintiff should be granted.

## B. Plaintiff's "Motion for Protective Order" Should Be Denied

### 1. The Motion for Protective Order Is Procedurally Improper

With its Opposition, Defendant also brings a separate motion for protective order, which is procedurally improper. The ruling of September 30th 2024 (Dkt. No. 20) does grant the request of Defendant to file a motion for protection. However, it does not allow Defendant to skirt the requirement that any motion for protective order under Rule 26 be formatted in accordance with the Local Rules. Specifically, L.R. 37 requires that, in a discovery motion "a stipulation must set forth in one document must contain all issues and dispute and as to each to issues that contention and points and authorities of each party."

The reason for a joint stipulation – clarity -- is born out in this matter because Defendant attempts to confuse the Court by arguing that Plaintiff is requesting private information of third parties. To be clear, Plaintiff is not requesting "emails" or "credit card numbers" of third parties. Plaintiff is requesting that information regarding Defendant, so that it can be served.

Further, Plaintiff has already clarified its position and obviated the need for this motion. After meeting and conferring on this supposed new motion Plaintiff

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 6

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

sent an email to Defendant's counsel confirming that it was not asking for the information of end users. (Bjorgum Dec., Exh. B.) Defendant's concerns are thus unfounded.

### 2. The Motion Does Not Seek Information Regarding Third Parties

Defendant next completely misrepresents the discovery sought by arguing that it violates the privacy of third parties end users.

### i.   The Server Log Files at Issue Do Not Identify End Users.

Plaintiff's request for server logs is neither overreaching nor invasive. Server logs show when the owners of the site login – not when end users view the site. Defendant attempts to confuse the Court by implying that Plaintiff is seeking identification information of end users. **Nothing could be further from the truth because the relevant site does not allow end users to upload content.** (Bjorgum Decl., ¶ 5.) The server log files at issue record the activity of the Defendant proprietor of the pirate site. These server logs are a crucial source of technical information that will allow the Plaintiff to trace and identify the individuals responsible for the infringing activities. Specifically, server logs contain IP addresses tied to the login actions, uploads, and other actions carried out by the infringers. (Bjorgum Decl., ¶ 4.)

Each time **an operator** logs into the nhentai.net website servers, uploads content, or takes administrative actions, server logs capture the IP addresses associated with those activities. By analyzing this data, the Plaintiff can establish a pattern of behavior and correlate the IP addresses with specific geographic locations and internet service providers. This information is essential in identifying the individuals behind the infringing activities, particularly when the defendants have otherwise taken steps to hide their identities. (Bjorgum Decl., ¶ 4.)

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 7

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

Additionally, IP addresses logged over time provide critical insight into the where the operators are located, which may help in early motion practice regarding jurisdiction. The Plaintiff does not seek or request information that would provide server access to manipulate, control, or interrupt the operations of nHentai.net. Rather, the sole purpose is to obtain technical data and information that is routinely used in similar cases to identify copyright infringers.

Courts in multiple jurisdictions have consistently recognized that IP addresses, physical addresses, email addresses, communication, and account associated information, are a legitimate tool in identifying John Doe defendants in cases of online piracy. *E.g., Malibu Media, LLC v. Address, No*. 2019 U.S. Dist. LEXIS 245107, at *1 (W.D. Mich. July 10, 2019); *Microsoft Corp. v. Doe*, 2018 U.S. Dist. LEXIS 426, at *7 (W.D. Wash. Jan. 2, 2018).

### ii. The Scope of Requested Discovery Is Narrow.

It is important to clarify that Plaintiff PCR Distributing is not seeking access to sensitive or personal financial information beyond what is necessary for identification purposes. Contrary to the Defendant's argument, the Plaintiff is not requesting full credit card numbers or any other sensitive data that would violate the defendants' privacy. Instead, the request is limited to names, email addresses, partial payment information (such as the last four digits of credit cards), and relevant server log files. As noted above, Plaintiff's counsel clarified after the meet and confer that it was not seeking end user information, but Defendant still filed this motion. (Bjorgum Decl., Exh. B.)

Such data in Plaintiff's request is routinely provided in similar cases. Additionally, none of the parties from whom subpoenas are being sought (such as web hosts or registrars) are credit card processors, and therefore, the Plaintiff is not

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 8

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070

requesting nor expecting full credit card information. The claims from the Defendant's counsel are a ruse to hide their pirate client's identities once again.

## III. CONCLUSION

For these reasons, the Plaintiff respectfully requests that the Court grant the Motion for Early Discovery, allowing the Plaintiff to uncover the identities of the operators of nHentai.net and move forward with this case. The information sought is essential for prosecuting the copyright infringement and ensuring that the responsible parties are held accountable.

Dated: October 21, 2024

**KARISH & BJORGUM, PC**

/s/ A. Eric Bjorgum
A. Eric Bjorgum, State Bar No. 198392
119 E. Union St., Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
Email: Eric.bjorgum@kb-ip.com

Attorneys for Plaintiff

PLAINTIFF'S REPLY RE MOTION FOR EARLY DISCOVERY AND OPPOSITON TO MOTION FOR PROTECTIVER ORDER
Case No. 2:24-cv-07453
- 9

KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
(213) 785-8070