# Exhibit A

John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice Applications to be Submitted*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR OPERATORS OF NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DMCA Subpoena to Cloudflare, Inc. | Case No. 2:24-mc-00084-UA<br><br>**OPERATORS OF NHENTAI.NET'S NOTICE OF MOTION AND MOTION TO INTERVENE, TO QUASH §512(H) SUBPOENA, FOR PROTECTIVE ORDER, AND TO STAY DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed concurrently herewith:<br>1) Declaration of John Wilson;<br>2) Proposed Order<br><br>Action Filed: July 10, 2024<br>Trial Date: None set |

NOTICE OF MOTION AND MOTION TO INTERVENE, QUASH, FOR PROTECTIVE ORDER, AND STAY DEADLINE — PAGE 1

TO ALL PARTIES AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the operators of the nhentai.net website ("Nhentai.net") whose information is the subject of Movant PCR Distributing, Co.'s ("Movant" or "PCR") subpoena to Cloudflare, Inc. ("Cloudflare") pursuant to 17 U.S.C. §512 will and do hereby move to Intervene, to Quash §512(h) Subpoena, for Protective Order, and to Stay Deadline. Nhentai.net seeks to intervene for the purposes of moving to quash, for seeking protection from disclosure, and for staying the deadline associated with the §512(h) subpoena issued by Movant. This Motion is made on the following grounds as explained in the accompanying Memorandum of Points and Authorities and supporting papers: Cloudflare is not a "service provider" on whom a §512(h) subpoena can be served. Further, even if the subpoena was proper or permitted by the statute, Movant's request is extremely overbroad and overreaching and seeks highly sensitive, private information such as the billing information and history, user history, and posting history for the operators of Nhentai.net.

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of John Wilson and exhibits thereto; all documents on file in this action; and such further or additional evidence or argument as may be presented before or at the time of any hearing on this Motion.

This Motion is made following conferences of counsel pursuant to Local Rule 7-3. Counsel for Nhentai.net contacted counsel for PCR Distributing, Co. via email on June 19, 2024 and on two occasions on July 19, 2024 and disclosed the substance of the motion. Counsel for Nhentai.net and Counsel for PCR Distributing, Co. also participated in a telephonic meet and confer on July 19, 2024 regarding the bases for the motions herein and no agreement was reached.

Dated: July 19, 2024     By: *[signature]*
John T. Wilson*
Texas Bar No. 24008284

Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice Applications to be Submitted*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Operators of Nhentai.net**

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The §512(h) subpoena and accompanying materials filed by Movant ("Subpoena") is not properly brought by Movant for numerous reasons and thus, should be quashed based on statutory and procedural grounds. Most importantly, the Subpoena for Nhentai.net's information is directed to Cloudflare, Inc. ("Cloudflare"). Cloudflare is not a "service provider" on whom a §512(h) subpoena can be served. As described further herein, because Cloudflare is not a hosting company and has no ability to store or remove content from Nhentai.net's website, they do not qualify under the law as a proper party on whom a §512(h) subpoena can be issued or served. Even if the subpoena was proper, Movant's request is extremely overbroad and overreaching and seeks, for example, billing information and history, user history, and posting history for the operators of Nhentai.net. This highly sensitive, private information must not be disclosed to entities such as Movant or its counsel and accordingly Nhentai.net moves for protection from the Subpoena and any disclosure sought by it.

For these reasons and the additional bases described further herein, Nhentai.net respectfully asks the Court to: 1) permit it to intervene; and 2) quash the Subpoena from PCR to Cloudflare impermissibly seeking Nhentai.net's information; and/or 3) protect Nhentai.net from disclosure pursuant to the Subpoena. Nhentai.net further asks the Court to enter an order staying the deadline for compliance with the Subpoena pending resolution of Nhentai.net's motion.

## FACTUAL BACKGROUND

On July 11, 2024, Movant PCR Distributing, Co. requested a subpoena from the United States District Court for the Central District of California. The subpoena issued on July 15, 2024 from the Clerk of said Court ("Subpoena"). The Subpoena sought pursuant to 17 U.S.C. §512(h) requested "all documents, account records,

and any other information" regarding the operator and/or owner of nhentai.net and "identification by names, email addresses, IP addresses, user history, posting history physical addresses, telephone numbers, billing information, billing history, and any other identifying information" of the operator and/or owner of Nhentai.net. Dkt. No. 4-1. Nhentai.net has no information as to whether the Subpoena and accompanying materials were properly served on the designated agent of Cloudflare pursuant to 17 U.S.C. §512(c)(3)(A) and, as demonstrated below, Nhentai.net disputes that Cloudflare is even a "service provider" subject to a subpoena under this statute.

## ARGUMENTS AND AUTHORITIES

### A.   MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Nhentai.net moves to intervene in the above-captioned matter. Courts in this Circuit apply a four-part test in deciding a motion to intervene pursuant to Rule 24(a)(2): 1) the motion must be timely; 2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; 3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and 4) the applicant's interest must be inadequately represented by the parties to the action. *Deng v. Deng*, No. 2:22-CV-01585-FWS-KES, 2024 WL 3314916, at *2 (C.D. Cal. June 24, 2024) (internal citations omitted).

#### 1.   *Nhentai.net's Motion to Intervene is Timely.*

In determining whether a motion to intervene is timely, courts evaluate "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Deng v. Deng*, No. 2:22-CV-01585-FWS-KES, 2024 WL 3314916, at *3 (C.D. Cal. June 24, 2024). Here, this miscellaneous action for the §512(h) Subpoena was instituted a matter of days ago, on July 10, 2024. This motion to intervene is also being filed in advance

of the July 26, 2024 response date set forth in the Subpoena. There is no prejudice to any party involved in this action, as Cloudflare – the party to whom the Subpoena is directed – is a large, international entity that is not going to represent or in any way seek to protect the rights of Nhentai.net in this Court as to the Subpoena. There is also no prejudice to Movant with respect to timing. This motion to intervene is being filed four (4) days after issuance of the Subpoena. Also, it was Movant's Subpoena that set an unreasonably short time for Cloudflare to respond to the Subpoena, i.e., eleven (11) *calendar* days from the date of the Subpoena. And there is no delay that would play a factor in a motion to intervene. Therefore, Nhentai.net's motion is timely.

### 2. Nhentai.net's Interests are Significant.

In assessing the motion to intervene, it is clear that Nhentai.net has and claims a "significantly protectable" interest relating to the subject of this action. The Subpoena seeks the private information of the owners and operators of Nhentai.net including their addresses, phone numbers, user/posting histories, billing information and billing records, for example. There is no legitimate basis on which to request private, sensitive information and Nhentai.net has and claims its significantly protectable interests in safeguarding the requested information from disclosure. There are also significant procedural and substantive issues with Movant's §512(h) Subpoena that significantly impact Nhentai.net's rights as described herein and show Movant's Subpoena to be wholly improper.

### 3. Without Intervening, Nhentai.net Cannot Protect Its Rights.

The third factor courts consider in determining whether intervention is appropriate is that "the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest." *Id*. Because the Subpoena was directed at a third party other than Nhentai.net, without intervention, Nhentai.net has no ability whatsoever to protect its rights and interests

in preserving the privacy of its confidential and sensitive information. Having issued the Subpoena commanding Cloudflare to produce the requested information about the owners and operators of Nhentai.net, short of being granted permission to intervene in this action, there is no ability for Nhentai.net to protect its interests.

### 4. The Subpoenaed Entity Cannot and Will Not Represent Nhentai.net's Interests.

Relatedly, "the applicant's interest must be inadequately represented by the parties to the action." *Id*. This is an "in re" proceeding and has no designated adverse party. Here Cloudflare – the party to whom the Subpoena is directed – is a large, international entity that is not going to represent or in any way seek to protect the rights of Nhentai.net in this Court as to the Subpoena. Accordingly, Nhentai.net must be permitted the right to protect its own interests in this matter. Nhentai.net submits that granting its motion to intervene is critical and warranted under these circumstances.

Accordingly, the operators of Nhentai.net move to intervene in order to ask the Court to quash and protect Nhentai.net from Movant's §512(h) Subpoena and to stay the deadline for compliance with the Subpoena.

## B. MOTION TO QUASH SUBPOENA, FOR PROTECTION, AMD STAY OF DEADLINE

The Subpoena at issue is procedurally and substantively improper and should be quashed as: 1) it was served on an improper party that is not subject to subpoena; and 2) is overly broad and seeks sensitive, private information for which Nhentai.net seeks protection.

### 1. Cloudflare is Not a Proper Party for a 17 U.S.C. §512(h) Subpoena and it Should Be Quashed.

The procedural mechanism by which Movant requested the Subpoena at issue is found in the Digital Millennium Copyright Act ("DMCA")—17 U.S.C. section

512(h). The DMCA has safe harbor provisions that protect certain internet service providers ("ISP") from §512(h) subpoenas. Cloudflare, to whom the Subpoena was issued, is one such ISP that is not subject to §512(h) subpoenas. If an ISP acts strictly as a conduit to internet content, they are afforded protection from §512(h) subpoenas. In analyzing the issue in a very detailed fashion, Courts have quashed §512(h) subpoenas where they were served on a party that was not "engaged in storing on its servers material that is infringing or is the subject of infringing activity." *RIAA v. Verizon Internet Servs*, 351 F.3d 1229, 1233 (D.C. Cir. 2003). The D.C. Circuit further held that "§512(h) ***does not*** authorize the issuance of a subpoena to an ISP acting as a mere conduit for the transmission of information sent by others." *Id.* at 1233-38, passim.

Cloudflare is a §512(a) ISP that acts only as a conduit with respect to Nhentai.net, and accordingly, it is not properly subject to subpoena under §512(h). Specifically, images from Nhentai.net never pass through or are stored on Cloudflare servers in any form. Nhentai.net utilizes Cloudflare's Domain Name System ("DNS") services as shown by the attached screenshot of Nhentai.net's DNS management page on Cloudflare. *See* Wilson Decl. at ¶ 4 and **Exhibit A**, Cloudflare describes its DNS services as "the phonebook of the Internet." Wilson Decl. at ¶ 5. By way of example, when a user's web browser tries to connect to "i.nhentai.net," it must first determine the IP address of this domain name. Cloudflare stores this IP address and will send it in reply. It is an IP address security function. Nhentai.net also uses Cloudflare for distributed denial-of-service (DDoS) protection. There is no storage of the material on the Nhentai.net website and Cloudflare does not do any hosting for Nhentai.net.

The Subpoena should be quashed and the operators of Nhentai.net be protected from improper use of this statutory procedure by a movant who has not demonstrated itself in any way to be a holder of the rights to which this statute

specifically relates.

## 2. The Subpoena is Overly Broad and Seeks Sensitive Information

Even if the §512(h) Subpoena was proper, the information Movant seeks in no way relates to the purpose of the statutory procedure: to identify an accused infringer. Instead, it seeks, for example, the private information of the owners and operators of Nhentai.net including their addresses, phone numbers, user/posting histories, billing information, and billing records. There is no legitimate basis on which to request such sensitive information.

Further, First Amendment considerations weigh in favor of quashing the subpoena. "[T]he First Amendment protects the right to speak anonymously." *Baugher v. GoDaddy.com LLC*, No. MC-19-00034-PHX-JJT, 2021 WL 4942658, at *2 (D. Ariz. Oct. 22, 2021) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). The information sought by Movant's §512(h) Subpoena violates the right of the operators of Nhentai.net to communicate anonymously. Courts have found that a motion to quash may be brought as to a §512(h) subpoena "on the basis that the subpoena would require disclosure of material protected by the First Amendment." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022) (internal citations omitted). The Court in the Northern District of California stated that "it is possible for a speaker's interest in anonymity to extend beyond the alleged infringement" and that "it is not enough to say that a speaker could assert their right to anonymity after their identity has been revealed; at that point, the damage will have been done." *Id.* at 877-878.

Nhentai.net seeks and moves for protection from the Court in this regard, should the Court not find the entire Subpoena to be invalid.

## CONCLUSION

Based on the foregoing, Nhentai.net respectfully asks the Court to quash the

Subpoena and protect the private and sensitive information of the operators of Nhentai.net from disclosure. And, in light of the significant considerations addressed herein, Nhentai.net also asks the Court to stay the deadline associated with the Subpoena.

DATED: July 19, 2024          Respectfully submitted,

By: /s/ Glenn Litwak

John T. Wilson*
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice Applications to be Submitted*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Operators of Nhentai.net**

## CERTIFICATE OF SERVICE

On July 19, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

/s/ Glenn Situde

# Exhibit B

| | |
|---|---|
| **From:** | Eric Bjorgum |
| **To:** | Jennifer Rynell |
| **Cc:** | John Wilson; Kayla Holderman; Jacqueline Villa |
| **Subject:** | RE: Case 2:24-cv-07453-FLA-AJR - PCR Distributing Co. v. John Does - Request for Meet and Confer |
| **Date:** | Friday, October 11, 2024 4:49:00 PM |

Jennifer, also, per our conversation, I want to clarify that we are not looking for end user or customer information. We are asking for sufficient Log File information that would show who is maintaining and operating the site.

Thanks,

Eric

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Friday, October 11, 2024 2:34 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Kayla Holderman <kayla@wilsonlegalgroup.com>; Jacqueline Villa <jackie@wilsonlegalgroup.com>
**Subject:** Re: Case 2:24-cv-07453-FLA-AJR - PCR Distributing Co. v. John Does - Request for Meet and Confer

Please call my cell phone. 214-620-3955 I will be available until around 5pm. Then I will be out of pocket for about an hour.
Would you rather schedule for Monday?

Thanks,

Jennifer M. Rynell
Partner
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway
Suite 1000
Dallas, Texas 75248
972-248-8080 | 972-248-8088 (fax)

> On Oct 11, 2024, at 4:20 PM, Eric Bjorgum <eric.bjorgum@kb-ip.com> wrote:
>
> **CAUTION: EXTERNAL E-MAIL**
>
> I'll be available this afternoon in about thirty minutes. The court's order is a bit

ambiguous b/c it says your filing is to be an opposition.

---

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Friday, October 11, 2024 11:21 AM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Kayla Holderman <kayla@wilsonlegalgroup.com>; Jacqueline Villa <jackie@wilsonlegalgroup.com>
**Subject:** Case 2:24-cv-07453-FLA-AJR - PCR Distributing Co. v. John Does - Request for Meet and Confer
**Importance:** High

Counsel –

Please let us know your availability to meet and confer on the motion for protective order our clients intend to file relating to Plaintiff's motion for early discovery in the above referenced case. We will be filing Monday in accordance with the Court's order.

We are available this afternoon and generally available Monday morning (Central time).

Thanks,
Jennifer

<image001.png>

| | |
|---|---|
| **JENNIFER M. RYNELL**<br>*Partner* | Bent Tree Plaza<br>16610 Dallas Parkway<br>Suite 1000<br>Dallas, Texas 75248 |
| web | facebook | linkedin | (T) 972.248.8080<br>(F) 972.248.8088 |

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify the Wilson Legal Group P.C. immediately by telephone (972.248.8080) and destroy the original message. Wilson Whitaker Rynell is a DBA of Wilson Legal Group P.C.  Messages sent to and from us may be monitored.