John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR OPERATORS OF NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET<br><br>*Defendants* | Case No. 2:24-cv-07453- FLA-AJR<br><br>**JOINT STATUS REPORT**<br><br>Judge: Honorable A. Joel Richlin |

Pursuant to the October 30, 2024 Order of the Court (Dkt. No. 23), PCR Distributing, Co.'s ("Plaintiff" or "PCR") and the entity that owns www.nhentai.net ("Nhentai.net") hereby file this Joint Status Report regarding "service of the Complaint, the timing of a responsive pleading, whether there are any disputes related to discovery, and anything else the parties would like to raise before the Court." Dkt. No. 23. The parties have met and conferred regarding this case and the matters addressed herein both in person on the day of the October 30, 2024 hearing and via email correspondence since that time. The parties report their respective positions below.

**Nhentai.net Summary of Current Status.** In short, Nhentai.net requests sixty (60) days to answer or otherwise respond to the Complaint per Fed. R. Civ. P. 4, to permit the filing/re-urging of contemporaneous motions for protections, and that the Court deny Plaintiff's requests for early discovery including Plaintiff's proposed order attached here. Plaintiff creates a new, false narrative herein regarding the entity for whom undersigned counsel has agreed to respond to Plaintiff's Complaint. This appears to be another attempt to try to justify improper early discovery. It is unavailing, as counsel for Nhentai.net has made clear that there is one entity that owns the website. As stated in Court, this entity is a Delaware entity and it is owner and operator of the website and not just owner of a domain as Plaintiff's counsel suggests. **PCR Summary of Current Status.** Plaintiff would remind the Court that it took Plaintiff's Motion for Early Discovery (the "Motion") under submission, and Defendant's counsel's submission herein proves why the motion should be granted.  In short, Plaintiff's Complaint and the Motion consistently request discovery to identify the Defendants as identified in the Complaint, including the **operators** of nHentai.net and those **doing business as** that domain -- not just the **owner** of the domain name.  These must be identified by name, immediately.  If Defendant wishes to file that identification under seal, it can, but

Plaintiffs are entitled to know so they can serve the complaint and consider jursidction. The Defendants necessary to receive service of this Complaint can be identified by the logfiles and other information requested in Plaintiff's Motion and Proposed Order. Defendant is offering to identify **only the owner** of the domain name. This is similar to identifying the registrant of a car used in a bank robbery – the registration doesn't necessarily identify all of the criminals in the car. To get all parties before the Court, Plaintiff's Motion should be granted. In fact, with this filing, Plaintiff submits a redline of the proposed order that is narrower than that attached to the Motion.

As noted below in footnote 1, Defendant is taking the position that the distinction between "owner" and "operator" arose today and is a "false narrative." This accusation was made after 7:00 pm PST today. Defendant's hairsplitting ignores the point that it is still not offering to identify the owner or operator by name, publicly, as would be required. There is no motion pending to identify the owner by name only to Plaintiff. The Court should simply order the discovery requested, and Defendant can bring whatever motions it wants once the information is revealed to Plaintiff.

### A. SERVICE OF THE COMPLAINT AND TIMING OF RESPONSIVE PLEADING

**Nhentai.net's Position**: At the October 30, 2024 hearing and thereafter in discussions and correspondence with Plaintiff's counsel, undersigned counsel has agreed to accept service of the Complaint (Dkt. No 1) on behalf of the entity that owns the website www.nhentai.net with responsive pleadings filed in that name, i.e., not disclosing the name of the entity. It is Nhentai.net's understanding from the recording of the October 30, 2024 proceedings that the Court agreed to permit Nhentai.net to do so and also contemporaneously move the Court for protection and/or for the entity to proceed anonymously/via a pseudonym.

To that end, counsel for Nhentai.net prepared and sent counsel for PCR a standard waiver of service form pursuant to Federal Rule of Civil Procedure 4. This rule and related form waiver permit a party sixty (60) days to answer or otherwise respond to a complaint and summons. This is reasonable in light of the circumstances, especially since counsel for Plaintiff was aware that Nhentai.net was represented by counsel and failed to notify counsel of the filing of the Complaint. Had Plaintiff's counsel done so and not persisted with its overly broad, improper, and unnecessary requests for early discovery, sixty days from Plaintiff's initial filings in this case would have already passed. It is painfully clear that Plaintiff does not want counsel for Nhentai.net to accept/waive service, but rather is continuing to focus on seeking highly improper and impermissible early discovery. Nhentai.net respectfully asks this Court to permit it sixty (60) days to answer or otherwise respond to the Complaint as contemplated by Fed. R. Civ. P. 4.

Counsel for PCR has proposed that "Defendant answer the complaint within 30 days in the name of all Defendants along the chain. No motions." *See* **Exhibit A** hereto, which is a true and correct copy of email correspondence in this matter. Counsel for Nhentai.net has only agreed to answer or otherwise respond to the Complaint on behalf of the single entity that owns the website. Nhentai.net has not and cannot agree to answer Plaintiff's frivolous Complaint without the ability to file any applicable motions.

And as mentioned in the prior briefing with the Court, any further information or possible future "Doe" defendants may be identified in the ordinary course of discovery if this case moves forward. Counsel for Nhentai.net cannot know who Plaintiff would name as potential defendants in this suit, especially in light of the highly frivolous and questionable allegations against even the entity that owns the website. And as mentioned in the briefing before the Court relating to early discovery, the alter ego allegations included by Plaintiff in the Complaint are even

more frivolous and cannot justify early discovery.

**Plaintiff PCR Distributing's Position:** Plaintiff's position is simple: it needs early discovery to effect service on all Defendants. In this Status Report, Defendant carefully identifies itself as "the entity that owns www.nhentai.net ("Nhentai.net")."

The Complaint in this matter identifies "Defendants" as "the owners, operators, shareholder, executives, and/or affiliates of nHentai." (Complaint, ¶ 33:9-11.) In turn, "nhentai" is identified as Defendants who "do business as, own and operate nHentai.net." (Complaint, ¶ 5:19.) At the hearing in this matter, when pressed, Defendant's counsel would only that the entity that owns the website is a "Delaware corporation" and that it had some sort of presence in Delaware. Plaintiff still needs to know the identity of the operator of the website and who is doing business with the website.

In this filing, filing Defendant claims that it only represents the "owner" of nhentai.net for purposes of service. This is actually contradicted by their prior papers in this matter where a brief begins was filed by the same counsel on behalf of "the **operators** of the nhentai.net website." (Dkt. No. 21 at 2:1-4.) Early discovery requires a showing of good cause, and courts generally find the requisite good cause where there is a need to identify Doe defendants, some demonstrated ongoing harm or likely destruction of evidence, or a challenge to personal jurisdiction. *Villalobos v. Blue Shield of Cal. Life & Health Ins. Co.*, 2021 U.S. Dist. LEXIS 253175, at *3-4 (C.D. Cal. Nov. 2, 2021) (citing *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165-GHK (SSx), 2014 U.S. Dist. LEXIS 194470, 2014 WL 12588280, at *2 (C.D. Cal. Mar. 21, 2014).).

Tellingly, just today, Defendant refused to verify that the party it will accept service for (the party that owns nhentai.net) is not the same as the Defendants who

"operate" or "do business" as nhentai.net.[1]  Indeed, Defendant's counsel stated that "our client is clearly not admitting any infringement," i.e., identifying the operator of the site would be tantamount to identifying an infringer. (See Plaintiff's Exhibit 1 hereto, which is a true and correct copy of email correspondence in this matter.)

Here, the parties' prior attempts to settle, followed more infringement and the gamesmanship already exhibited by Defendant in agreeing to accept service for the "owner" of a website (itself identified only as a Delaware corporation), meet the standard of "ongoing harm."  Plus, any injunctive relief would require personal jurisdiction over Defendants.

To further elaborate, Plaintiff needs:

1. Identification of Operators and Ownership: It is critical for the effective prosecution of this case that Plaintiff clearly identify the entities and individuals behind nhentai.net and nhentai.to. Plaintiff requires reliable identification of owners and operators to ensure that it is engaging the correct parties in these proceedings and that any judgments or settlements are enforceable.

2. Required Details:  Plaintiff requires (i) Company and Individual Names: the company and individual names associated with the operation and ownership of the websites; (ii) Physical and Email Addresses: Available physical and email addresses of the entities or individuals responsible for the operation of the websites; (iii) Account Information: Detailed account information related to the services used by the websites, including usernames and any other identifiers that link the

---

[1] In the final draft of these papers, Defendant claimed that Plaintiff's position is a "false narrative" that was invented today.  It was after 8:00 pm that Defendant made that accusation.  Plaintiff strongly objects to it.  Defendant should stop splitting hairs and identify the owners and operators by name.

operations to specific individuals or entities. This information can be limited to username, email address, physical address, company name, and individual name if applicable. Plaintiff does not request credit card or login information, but it requires billing information for the website ownership and registrar, i.e., the email address, name(s), the IP address of user making payments to operate the website, the form of payment (credit card, wire, check, cash, zelle, crytocurrency, venmo, or otherwise).

This is all standard information and covered by the revised proposed order submitted herewith as Plaintiff's Exhibit 2.

Further, Plaintiff here has already provided a settlement offer that would resolve this matter, and Defendants promised a counteroffer that has not materialized as promised. Clearly, any settlement would be on behalf of all Defendants.

### B. DISPUTES RELATED TO DISCOVERY

**Nhentai.net's Status Report**: In conferring for purposes of this joint report, it appears that Plaintiff intends to condition any agreement to shield the identity of the entity that owns Nhentai.net on being permitted significant, highly improper early discovery. Given the disagreement in this regard, Nhentai.net anticipates immediately filing/re-urging motions for protective order and/or for the entity to proceed anonymously/via a pseudonym in conjunction with answering or otherwise responding to the Complaint. Nhentai.net also anticipates requesting entry of the Court's form Stipulated Protective Order with appropriate modifications for this case (including potentially attorneys' eyes only provisions) in the event the case proceeds with regular discovery.

Further, in discussing issues relating to this joint report, counsel for Plaintiff indicates its intent to persist in seeking early discovery, asking for unbounded discovery from three separate nonparties including IP addresses, billing and account information, and server logs (which are capable of identifying end users, despite Plaintiff's claim that they are not interested in such information). Plaintiff also states

its desire to issue pre-Rule 26(f) conference verified discovery, something Plaintiff did not even move the Court for in its Motion for Early Discovery (Dkt. No. 10). Nhentai.net opposes any such requests for the reasons stated in the briefing before the Court and during the October 30, 2024 hearing and asks the Court to deny the requested early discovery shown in Plaintiff's new proposed order.

**Plaintiff PCR Distributing's Status Report:** As stated, Plaintiff's goal is the same as the Court's: identify all Defendants and to serve them with process so that this matter can move forward. In discussions since the October 30, 2024 hearing, Plaintiff's goal was to obtain the information – and no more -- that it knew would achieve this goal. Again, it is important to note that Plaintiff is not seeking *login information of end users*. It is seeking the *log files* that are kept on a server when an operator, owner or authorized user is working "behind the scenes." Log files do not provide any information that would allow for control or operation of the website or domain name; they are a record of what took place. Because copyright pirates often obscure their tracks when they fear investigation, it is necessary to get this information going back three years, which is also the statute of limitation under the Copyright Act.

This information is not overbroad or overreaching. It is necessary to ensure that what is obtained is reliable and accurate. To narrow and clarify the requests, Plaintiff submits herewith a revised proposed order for its motion for early

discovery. (See Plaintiff's Exhibit 2.) This revised Order removes references to anything that could be misconstrued as identifying end users or requesting information that would allow for control of the domains or servers.

DATED: November 13, 2024        Respectfully submitted,

By: _/s/ A. Eric Bjorgum         By: /s/Jennifer M. Rynell
_____          _____

A. Eric Bjorgum                  John T. Wilson*
State Bar No. 198392             Texas Bar No. 24008284
Marc A. Karish                   Jennifer M. Rynell*
State Bar No. 205440             Texas Bar No. 24033025
**KARISH & BJORGUM, PC**         eservice@wwrlegal.com
119 E. Union Street, Suite B     **WILSON WHITAKER RYNELL**
Pasadena, California 91103       Wilson Legal Group P.C.
Telephone: (213) 785-8070        16610 Dallas Parkway, Suite 1000
Facsimile: (213) 995-5010        Dallas, Texas 75248
E-Mail: eric.bjorgum@kb-ip.com   (T) 972-248-8080
                                 (F) 972-248-8088
**ATTORNEYS FOR PLAINTIFF**      *Pro Hac Vice
**PCR DISTRIBUTING CO**
                                 Glenn T. Litwak
                                 State Bar No. 91510
                                 glenn@glennlitwak.com
                                 **LAW OFFICES OF GLENN T. LITWAK**
                                 201 Santa Monica Boulevard, Suite 300
                                 Santa Monica, California 90401
                                 (T): 323-518-2826
                                 (F): 310-207-4180

                                 **ATTORNEYS FOR OPERATORS OF NHENTAI.NET**