# "EXHIBIT A"

| | |
|---|---|
| **From:** | Eric Bjorgum |
| **To:** | Jennifer Rynell |
| **Cc:** | John Wilson |
| **Subject:** | RE: holly b/c i"m in depo |
| **Date:** | Wednesday, November 13, 2024 5:18:37 PM |

**CAUTION: EXTERNAL E-MAIL**

I would expect nothing less than every attempt reach agreement to be a front for filing something with the court.

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Wednesday, November 13, 2024 2:57 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>
**Subject:** Re: holly b/c i'm in depo

We will plan to file our portion by COB in CD Cal. with this correspondence attached.

Best,

Jennifer M. Rynell
Partner
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway
Suite 1000
Dallas, Texas 75248
972-248-8080 | 972-248-8088 (fax)

On Nov 13, 2024, at 4:52 PM, Eric Bjorgum <eric.bjorgum@kb-ip.com> wrote:

**CAUTION: EXTERNAL E-MAIL**

You know my position.  We need discovery to identify all Defendants – not just the owner of a domain name.  We need reliable information to back that up.  Are you offering that? I've tried to articulate it to encompass any gamesmanship (remember – before you represented just the owner of the domain, you claimed we had settled for a royalty or ad space – things the owner of the domain doesn't always have). You've turned my detailed descriptions into accusations that I'm seeking information about third party users.

Your deadline isn't my deadline, and the fact that your client hired lawyers in Texas doesn't mean that I have to change my work habits.

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Wednesday, November 13, 2024 2:43 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** Re: holly b/c i'm in depo

We need to see your portion and understand your position on any possible agreement. We should not still be waiting for this at almost close of business.

Jennifer M. Rynell
Partner
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway
Suite 1000
Dallas, Texas 75248
972-248-8080 | 972-248-8088 (fax)

> On Nov 13, 2024, at 4:39 PM, Eric Bjorgum <eric.bjorgum@kb-ip.com> wrote:
>
> **CAUTION: EXTERNAL E-MAIL**
>
> We are still working. If you want to send me your final, I can file it later in the afternoon when I'm ready.
>
> **From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
> **Sent:** Wednesday, November 13, 2024 1:24 PM
> **To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
> **Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
> **Subject:** RE: holly b/c i'm in depo
>
> Eric – our client is clearly not admitting any infringement. It is as

we stated at the hearing, in our email below, and in our draft of the joint report - it is the entity that owns the website. We need your portion of the joint report.

Thanks,
Jennifer

---

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Wednesday, November 13, 2024 3:20 PM
**To:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

> **CAUTION: EXTERNAL E-MAIL**

Jennifer,

Thank you for your draft. I will take a look. Are you agreeing that "the entity that owns www.nhentai.net " in your draft is the Defendant as defined in the Complaint, i.e., Defendants who "DO BUSINESS AS, own and OPERATE nHentai.net" and who "USE the domain name to distribute infringing copies of image and text works, including Plaintiff's works?" And are those the same operators of nHentai.to (also mentioned in the Complaint)?

Thank you,

Eric

---

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Wednesday, November 13, 2024 12:33 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo
**Importance:** High

Eric – We have been trying to understand Plaintiff's position on these issues. Unfortunately, your response below doesn't seem to move the ball forward. I have told you multiple times in emails

what our portion would contain. I am attaching the current draft of the joint report here (subject to revision).

The discrete issues for the joint report are: 1) **service of the complaint and timing of responsive pleadings; and 2) any disputes relating to discovery.** We are happy to modify our portion to the extent we can get some agreement or more clarity on Plaintiff's positions. We should be able to agree on at least the timing of responsive pleadings. Obviously, we may not be able to agree on what we anticipate will be disputes in discovery.

At the hearing, we stated that we would answer or otherwise respond to the complaint as the entity that owns the website and the Judge indicated that was acceptable and that we could contemporaneously move for additional protections regarding the name of the entity. That will determine what disclosures can be made regarding the name of the entity. To that end, we have ordered to confer on service of the complaint and timing of responsive pleadings. We have yet to receive any understanding from your side to what timeframe you all agree to that is not subject to a whole host of other conditions. As such, we intend to ask for the standard 60 days per Rule 4.

We still oppose early discovery - especially the overly broad and improper requests in your motion and the new requests mentioned below that are not part of your motion practice. So we will not be able to reach agreement on that. Our agreement to accept/waive service on behalf of the entity and respond to the complaint should address the vast majority of your concerns. The identity of any other possible defendants can be sought in regular discovery if the case proceeds.

As far as discovery disputes, in addition to those relating to motions for protection of the name of the entity mentioned above, we will be asking for a stipulated protective order to govern discovery if the case moves forward, with modifications to fit this case including potentially AEO provisions.

Thanks,

Jennifer

---

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Wednesday, November 13, 2024 1:56 PM
**To:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

**CAUTION: EXTERNAL E-MAIL**

It would behoove everyone to have some points of agreement, or at least agree on the issues. I've found that judges are usually annoyed at "joint reports" made up entirely of separate reports.

As I understand it, you are offering only to accept service as "the entity that owns the domain www.nhentai.net." You sent a waiver with the typical 60 day period, which began for that entity only on November 6, 2024. You are also offering to tell us the name of the actual company, but you want that to remain private to the public. Initially, how would that work? Are you intending to bring a motion for "Doe" status, or would your answer be under seal? How do we learn the name of the party?

Even if we accepted that offer, we don't believe it adequately addresses our concerns, or the law on early discovery. Publicly, you are basically offering to replace one pronoun with another. The Judge has stated his skepticism about your client's ability to maintain "Doe" status in any form, given the public policy in favor of open court proceedings.

Case law provides that "As to the purpose of the early discovery, courts generally find the requisite good cause where there is a need to identify Doe defendants, some demonstrated ongoing harm or likely destruction of evidence, or a challenge to personal jurisdiction. *See United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165-GHK (SSx), 2014 U.S. Dist. LEXIS 194470, 2014 WL 12588280, at *2 (C.D. Cal. Mar. 21, 2014). Villalobos v. Blue Shield of Cal. Life & Health Ins. Co., No. CV 21-6375-RAO, 2021 U.S. Dist. LEXIS 253175, at *3-4 (C.D. Cal. Nov. 2, 2021).

Here, we already have a history of ongoing harm, and our complaint (which also mentions the domain nhentai.to) requests a preliminary injunction that extends to agents, related companies and websites. Also, you are leaving open the possibility of a personal jurisdiction challenge. All of these concerns militate toward early discovery of everyone involved with the infringement to make sure than any final or preliminary relief can be enforced. Our discovery is also targeted to the logins and data that would identify only the owners of the site for the last three years.

Lastly, you have demanded my portion of the report, but you have not provided yours. I'm available to talk on the phone if you want.

1. Eric

---

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Wednesday, November 13, 2024 11:25 AM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo
**Importance:** High

Hi Eric – we have yet to receive your regarding your portion of the joint report that is due today. You are Plaintiff. We should not have to repeatedly ask you for this.

We do not agree to it being filed any later than close of business. If we have not received it by then, I suppose we will have no choice but to proceed with filing our portion.

Please contact us immediately regarding this.

Thanks,
Jennifer

**From:** Jennifer Rynell
**Sent:** Tuesday, November 12, 2024 3:54 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo
**Importance:** High

Eric –

Thanks for your email. We obviously heard very different things from the recording.

We cannot agree to the protection of the entity name being conditioned on early discovery that we still oppose and that the Court did not indicate he was inclined to grant. Also, Plaintiff's proposed agreement appears to now be contingent on relief that is not even before the court, namely written discovery served prior to any Rule 26(f) conference.

We are trying to agree on a way forward that is reasonable. We propose answering or otherwise responding on behalf of the entity per FRCP 4 and then proceed as any other case would – that does not seem like an unreasonable position.

We look forward to receiving your portion of the joint report for tomorrow's deadline – no later than 12pm Central time. We will add it to ours and file by close of business our time.

Best,
Jennifer

---

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Tuesday, November 12, 2024 1:39 PM
**To:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

> **CAUTION: EXTERNAL E-MAIL**

Hi,

I have to go to a lunch in a bit. I'm in and out a lot of the day, but I want to keep the ball rolling. I'm attaching the audio of the hearing; I put it into an MP3 to make it smaller. I think it's pretty clear that we will learn the identity of all defendants so that we can enter into an agreement, or, initially, the court can issue orders to parties that are under process of the court.

I am playing phone tag with my client, but I want to let you know what I am thinking, from a lawyer point of view. I have to be frank that this case is a bit different than most I have done like this, so they need to sign off to make sure it fits the structure of the business.

The key to an agreement is that my client is open to the concept that only our team will know the identity of the your client. If they are, I think we can do something along these lines:

1. Defendants answer the complaint within 30 days in the name of all Defendants along the chain. No motions.
2. Defendants provide IP addresses, login information, etc. for them so that we are comfortable moving forward. Not end users.
3. To get verified responses on identifying information, you can either provide that initially, or we can have limited discovery to be served before the Rule 26 meeting. No more than ten interrogatories and ten document requests showing the identity of defendants, their contact info, and how much money has been made with my client's material.
4. We will enter into the court's form protective order before they respond to our discovery, and we will consider modifications, but you agree not to withhold the identify of their client(s) based on any protective order. You can designate as Attorneys Eyes Only.
5. We reserve the right to bring a motion for preliminary injunction or for an accounting, as necessary, to make sure that we are compensated for all possible infringement in the past and going forward.

I'll be back in about 2 hours and chcking email periodically in the process.

1. Eric

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Monday, November 11, 2024 1:12 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

Thanks for your email, Eric. The protection we are asking your client to agree to is that the "entity that owns the nhentai.net website" be permitted to proceed as such in public filings and that its name not be disclosed publicly in any way. For clarity, you (and potentially your client) would know the name of the entity.

This is in addition to the other issues raised below, which we look forward to hearing from you on.

Thanks,
Jennifer

---

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Monday, November 11, 2024 3:06 PM
**To:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

> **CAUTION: EXTERNAL E-MAIL**

I will get back to you today. I forgot it's a holiday. It should be apparent by now that my client is going to want to know who these people are. That's just the reality. Beyond that, if there is some protection you want, you will have to tell me what it is. I could rant and rave and get on my high horse about piracy, but I think we are all pretty experienced. This really just procedure at this point. The Court wants to know who is before it, and he indicated that he would almost surely deny a motion for your client to remain 100% "John Doe" throughout.

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Monday, November 11, 2024 12:12 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

Hi Eric –

Further to my email from last week regarding scheduling a call today, we still have not heard from you and our availability is limited this afternoon.

Also, what "tentative" are you referring to in your email below?

We have the joint report due Wednesday regarding the matters on which we have been ordered to report:

**Service of the Complaint and timing of a responsive pleading:**
If you are not agreeing to the standard timeframe for agreements to waive service, what timeframe are you proposing for the entity that owns the website to answer or otherwise respond to the complaint? We intend to indicate that we provided a standard waiver of service form and since you rejected it, we will ask the court to order 60 days for responsive pleadings.

**Any disputes related to discovery/other matters that may be raised with the Court:**
If we cannot agree on a protective order as stated in our prior motion practice, we intend to move for the Court again, if necessary, including protection of the name of the entity going forward. If Plaintiff will agree to preserve the anonymity of the entity name moving forward, it would obviate the need for further motion practice. Please advise.

To the extent regular discovery moves forward, we intend to ask for entry of the Court's form protective order. Is Plaintiff agreeable to that?

Please send us your portion of the draft report by no later than tomorrow so that we can insert our portions depending on any agreements we may reach.

Thanks,
Jennifer

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Friday, November 8, 2024 10:37 AM
**To:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

**CAUTION: EXTERNAL E-MAIL**

Jennifer,

I understand it is standard, but this is not a standard case. Your client is not surprised by this, and the tenor of the hearing before the judge was to move it along, not delay it. That is why he changed his tentative. It appeared he was quite concerned by the ongoing piracy, and he wants all parties before the court immediately so that any rulings he issues will be backed by legal process. When you said that the company was based in Delaware, that is the first information that anyone has ever had that this company even has a presence in the United States. I think that was surprising to the Judge. As you have probably seen, I've ordered the recording of the hearing, which should be delivered to my office today. I will be out at a deposition all day, but I will review it over the weekend.

My feeling is that the judge going to want us to report on exactly how many potential defendants are involved, where they are located, and obtain confirmation that you will be representing all of them. Once we have that nailed down, we will then proceed to do what is necessary to stop the piracy and protect our client, or we can possibly settle. But we aren't waiting 60 days to get an answer from one defendant and then schedule a Rule 26 conference. Early discovery can be had for other reasons, not just service of process.

Anyway, I've got to run and look forward to speaking on Monday. I would also suggest that, in line with the rules to take affect here next month, we consider stipulating to have the case heard before the Magistrate.

Thanks,

Eric

---

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Thursday, November 7, 2024 2:05 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Subject:** RE: holly b/c i'm in depo

Hi Eric.

60 days is standard (literally in the Court's form and in the federal rules) when any party agrees to accept/waive service. In fact, a party typically has 30 days to do the waiver of service to even start the 60 day clock. We didn't include that timeframe in the form we sent. This instance should be no different than the rules contemplate. I can't imagine why that would be unreasonable. Simply because you filed a motion for early discovery relating to service (and much more), that doesn't put this case on fast forward. It is our understanding that you do want our client to accept/waive service of process.

The requested call is to discuss the report the Court ordered us to file by next Wednesday. This is not a Rule 26f conference as we certainly will not have answered or otherwise responded to the Complaint by then. This is also clear as the order states that the parties: "should discuss service of the Complaint [and] the timing of a responsive pleading." To that end, it would be nice if your client does not require us to submit the answer date to the Court as a disputed point in the report when the rules and Court's form are clear. Also given that a motion for early discovery only relates to service of process, it is not clear why you would assume the Court "is going to want to see real progress on discovery." Especially prior to any answer date.

I am unavailable tomorrow due to a small surgical procedure and will be recovering this weekend. We can plan to talk Monday. We are currently available 9-11am Central or 1-2pm Central. Please let us

know soon as we will be scheduling other things Monday also.

We also expect to have a counteroffer early next week.

Thanks,
Jennifer

<image001.png>

| | |
|---|---|
| **JENNIFER M. RYNELL**<br>*Partner* | Bent Tree Plaza<br>16610 Dallas Parkway<br>Suite 1000<br>Dallas, Texas 75248 |
| web \| facebook \| linkedin | (T) 972.248.8080<br>(F) 972.248.8088 |

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify the Wilson Legal Group P.C. immediately by telephone (972.248.8080) and destroy the original message. Wilson Whitaker Rynell is a DBA of Wilson Legal Group P.C. Messages sent to and from us may be monitored.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Thursday, November 7, 2024 12:14 AM
**To:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>; Holly Newsome <holly.newsome@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>
**Subject:** RE: holly b/c i'm in depo

> **CAUTION: EXTERNAL E-MAIL**

On service, I didn't agree to a waiver of service that would give you 60 days.

On the report, are you talking about the status report or the Rule 26 conference? The judge hasn't ruled on the our motion yet, so I assume he is going to want to see real progress on discovery. If we report that you have 60 days to respond, and then we will have a Rule 26 meeting after that, it's not going to move the needle in your direction, to put it mildly.

You also said I would be getting a response on the settlement demand. Unless I'm missing something, I haven't seen it.

I'm around tomorrow but out at a depo most of the day Friday. We could talk that day early my time.

1. Eric

**From:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>
**Sent:** Wednesday, November 6, 2024 8:27 AM
**To:** Holly Newsome <holly.newsome@kb-ip.com>; Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** John Wilson <john@wilsonlegalgroup.com>
**Subject:** RE: holly b/c i'm in depo

Thanks for sending. I am attaching the waiver of service form we intend to file today.

Also, please let us know when you are available to confer this week on the other issues for the joint report.

Thanks,
Jennifer

**From:** Holly Newsome <holly.newsome@kb-ip.com>
**Sent:** Tuesday, November 5, 2024 6:05 PM
**To:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Cc:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>; John Wilson <john@wilsonlegalgroup.com>
**Subject:** RE: holly b/c i'm in depo

| CAUTION: EXTERNAL E-MAIL |
|---|

Please see the attached.

Thank you.

Holly Newsome
IP Legal Assistant

Karish & Bjorgum, PC
119 E. Union St., Suite B
Pasadena, CA  91103
e-mail: holly.newsome@kb-ip.com
213.785.8070 (t)
213.995.5010 (f)
www.kb-ip.com

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at holly.newsome@kb-ip.com or by telephone at (213) 785-8070. Thank you.

**From:** Eric Bjorgum <eric.bjorgum@kb-ip.com>
**Sent:** Tuesday, November 5, 2024 4:01 PM
**To:** Holly Newsome <holly.newsome@kb-ip.com>
**Cc:** Jennifer Rynell <jennifer@wilsonlegalgroup.com>; John Wilson <john@wilsonlegalgroup.com>
**Subject:** holly b/c i'm in depo

I'm copying the counsel on the PCR Distributig v. nHentai case.  Please email them a copy of the complaint, summons, notice of interested party, court's sanding order.

Thanks,

eric