UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-FLA-AJR | Date | December 2, 2024 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| Claudia Garcia-Marquez | CS 12/02/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| A. Eric Bjorgum | Jennifer M. Rynell<br>John T. Wilson |

**Proceedings:**   **ORDER DENYING MOTION TO EXPEDITE DISCOVERY (DKT. 10) AND MOTION FOR PROTECTIVE ORDER (DKT. 21) AS MOOT.**

On August 30, 2024, Plaintiff PCR Distributing Co. ("Plaintiff") filed a Complaint for copyright infringement, vicarious copyright infringement, contributory copyright infringement, and inducement of copyright infringement (the "Complaint") against the entity doing business as nHentai.net ("Defendant"). (Dkt. 1.)  On September 7, 2024, Plaintiff filed a Motion for Early Discovery to serve various subpoenas to discover the identity of Defendant for purposes of effectuating service of process. (Dkt. 10.)  On October 14, 2024, Defendant appeared in the action and filed a Motion for Protective Order opposing Plaintiff's Motion for Early Discovery based on concerns about Plaintiff potentially seeking information beyond that which is needed to serve the Complaint. (Dkt. 21.)  On October 21, 2024, Plaintiff filed a Reply re Motion for Early Discovery (the "Reply"). (Dkt. 22.)

On October 30, 2024, the Court held a hearing on Plaintiff's Motion to Expedite Discovery, (Dkt. 10), and the Motion for Protective Order.  (Dkt. 21.)  At the hearing, Defendant agreed to accept service of the Complaint and appear in the case.  (Dkt. 23.)  The parties also agreed to meet and confer on next steps immediately following the hearing and file a joint status report by November 13, 2024.  (Id.)

On November 13, 2024, the parties filed a Joint Status Report.  (Dkt. 26.)  After reviewing the Joint Status Report, the Court scheduled an informal discovery conference for December 2, 2024, to further discuss the issues raised by the parties.  (Dkt. 27.)  On December 2, 2024, prior to the informal discovery conference, Defendant filed a fully executed Waiver of Service of Summons.  (Dkt. 28.)  The Waiver of Service of Summons acknowledges that Defendant must file a pleading responsive to the Complaint within 60

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-FLA-AJR | Date | December 2, 2024 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

days after November 6, 2024.  (Id.)  Accordingly, Defendant's responsive pleading is due no later than January 6, 2025.  (Id.)

      Also on December 2, 2024, the Court held an informal discovery conference to discuss Plaintiff's Motion to Expedite Discovery, the Motion for Protective Order, the Joint Status Report, and the recently filed Waiver of Service of Summons.  Because Defendant has agreed to waive formal service of the summons and obligated itself to file a responsive pleading by January 6, 2025, there is no longer any need for early discovery to effectuate service of the Complaint.  Accordingly, Plaintiff's Motion to Expedite Discovery and Defendant's Motion for Protective Order are both DENIED as moot.  (Dkts. 10, 21.)

      The Court notes that Plaintiff will be entitled to serve discovery under Federal Rule of Civil Procedure 26(d) once the parties have conferred as required by Rule 26(f).  Defendant will also be required to provide initial disclosures at or within 14 days after the parties' Rule 26(f) conference.  See Fed. R. Civ. Proc. 26(a)(1)(C).  It is also possible that either side files a motion which justifies early discovery, but that has not yet occurred.  See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 502 (D. Nev. 2013) (recognizing that early discovery may be necessary to oppose a dispositive motion); Hum. Rts. Watch v. Drug Enf't Admin., 2015 WL 13648069, at *2 (C.D. Cal. July 10, 2015) (recognizing that early discovery may be necessary to oppose a preliminary injunction motion).  Thus, the parties can revisit the issue of early discovery should the circumstances of the litigation change.  The Court encourages the parties to meet and confer in an effort to informally resolve any discovery dispute, and if that is not successful, the parties can reach out to the Court for an informal discovery conference.

      IT IS SO ORDERED.

0:18