John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>   *Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET,<br><br>   *Defendants* | Case No. 2:24-cv-07453-FLA-AJR<br><br>**NHENTAI.NET'S NOTICE OF MOTIONS AND MOTIONS TO DISMISS (FED. R. CIV. P. 12(b)(6)) AND STRIKE (FED. R. CIV. P. 12(f)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** Filed herewith: Rynell Declaration, Exhibits, Proposed Order<br><br>Date: February 7, 2025; 1:30 p.m.<br>Place: Roybal Federal Building and U. S. Courthouse, Courtroom 6B, 6th Floor, 255 E. Temple Street Los Angeles, California 90012 Honorable Judge Fernando L. Aenlle-Rocha |

TO ALL PARTIES AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), moves to dismiss Plaintiff PCR Distributing, Co.'s ("Plaintiff" or "PCR") Complaint (Dkt. No. 1) under Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Federal Rule of Civil Procedure 12(f). These Motions are made on the grounds that Plaintiff's Complaint fails to state a claim as to every single element of a prima facie case of direct copyright infringement. Plaintiff's direct and secondary infringement claims (which are dependent on the direct) should be dismissed. Plaintiff's claims are also barred by the statute of limitations. Relatedly, Plaintiff is barred by law from seeking statutory damages or attorneys' fees, as nothing in its Complaint establishes the requirements for such entitlement and all evidence appears to the contrary. In the event the case is not dismissed in its entirety, Nhentai.net moves to strike allegations in the Complaint as to an unrelated website, nhentai.to, where Plaintiff purports to assert rights that it does not even own, and Plaintiff's request for grossly overreaching relief in the form of transfer of an entire domain when it only claims rights to less than one percent of said domain. These Motions are based upon this Notice; the attached Memorandum and exhibits; Declaration of Jennifer M. Rynell and exhibits; documents on file in this action; and such further or additional evidence or argument as may be presented relating to these Motions. These Motions are made following the conference of counsel pursuant to Local Rule 7-3. Counsel for Nhentai.net contacted counsel for Plaintiff via email on December 20, 24, and 26, 2024 to schedule the required conference of counsel. The conference of counsel took place by phone on December 27, 2024. Counsel for Nhentai.net disclosed the bases and substance of the motions herein and no agreement was reached.

Dated: January 6, 2025          *By: Jennifer M. Rynell*
                                John T. Wilson (*Pro Hac Vice*)

Texas Bar No. 24008284
Jennifer M. Rynell (*Pro Hac Vice*)
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**Attorneys for Nhentai.net**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS............................................................4

TABLE OF AUTHORITIES......................................................6

MEMORANDUM OF POINTS AND AUTHORITIES.............................1

    MOTION TO DISMISS.......................................................2

        A.   Legal Standards................................................2

        B.   No Prima Facie Case for Copyright Infringement.......3

            1.   Prima Facie Case of Copyright Infringement.........3

            2.   Plaintiff Fails to Plead Proper Ownership. .........3

            3.   No Proof of Valid Copyrights; No Presumed
                 Validity .................................................6

                a.   No Presumption of Validity. ...............6

                b.   What is Copyrighted?........................7

                c.   Where Are the Allegedly Copyrighted
                     Materials Actually Copied?.................8

                d.   Use of the Copyrighted Material Without
                     Permission ................................9

        C.   PLAINTIFF'S CLAIMS ARE TIME-BARRED. ...................10

        D.   PLAINTIFF'S SECONDARY INFRINGEMENT
            CLAIMS SHOULD BE DISMISSED.....................13

        E.   PLAINTIFF IS NOT ENTITLED TO STATUTORY
            DAMAGES OR ATTORNEYS' FEES.....................13

    MOTION TO STRIKE.......................................................17

        A.   Plaintiff's Complaint Includes an Unrelated Tongan
            Website...........................................18

         B.   Plaintiff Purports to Plead the Rights of Others. .......18

         C.   Extreme Overreach in Plaintiff's Request for Relief...............19

CONCLUSION .................................................................................................20

L.R. 11-6.2. CERTIFICATE OF COMPLIANCE ..................................................21

CERTIFICATE OF SERVICE ..............................................................................21

# TABLE OF AUTHORITIES

**Cases**

*Bell v. Oakland Cmty. Pools Project, Inc.*, 2020 WL 4458890, at *5 (N.D. Cal. May 4, 2020).................................................................................12

*Bosko Kante v. Dua Lipa*, No. 2:23-CV-06186-HDV-PD, 2024 WL 4720798, at *2 (C.D. Cal. Sept. 10, 2024).....................................................3

*Creative Photographers, Inc. v. Brock Collection, LLC*, No. 2:20-CV-09261-RGK-E, 2021 WL 3568243, at *3 (C.D. Cal. July 7, 2021)...............11

*Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir. 2008).....14

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)..................3

*Dorval v. Rahimi*, No. 2:24-CV-01347-JLS-MRW, 2024 WL 3659601 (C.D. Cal. July 5, 2024). ........................................................... 11, 12

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017)...............................................................4, 19

*Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 382 (D. Utah 1991)............................7

*Lackey v. Sheppard*, No. CV 22-5653 PA (JPRX), 2022 WL 19241141, at *2 (C.D. Cal. Dec. 16, 2022) ................................................. 2, 4, 5

*Marshall v. Babbs*, No. 218CV03822DDPAFMX, 2019 WL 1557429, at *3 (C.D. Cal. Apr. 10, 2019). ........................................................... 14, 15

*Payne v. Manilow*, No. CV183413PSGPLAX, 2018 WL 6321638, at *3 (C.D. Cal. Oct. 29, 2018)...............................................................4

*Punak v. Indoor Lab, LLC*, No. 8:23-CV-01775-DOC-KESX, 2024 WL 1652624, at *2 (C.D. Cal. Mar. 28, 2024)........................................2, 6

*Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020)..................................................10

*Smith v. Weeknd*, No. CV 19-2507 PA (MRWX), 2019 WL 6998666, at *1 (C.D. Cal. Aug. 23, 2019)............................................................. passim

*Strike 3 Holdings, LLC v. John Doe Infringer Identified as Using IP Address 98.164.206.202*, No. CV 22-06354 TJH (SPX), 2024 WL 4467590, at *1 (C.D. Cal. Aug. 1, 2024)...............................................................3

*Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1159 (C.D. Cal. 2018)...............................................................13

**Statutes**

17 U.S.C. § 101..........................................................................................................7

17 U.S.C. § 201(a). .....................................................................................................6

17 U.S.C. § 409(5). .....................................................................................................4

17 U.S.C. § 410(c). ...................................................................................7

17 U.S.C. § 412. ............................................................... 14, 16, 17

17 U.S.C. § 501(b). ...................................................................4

17 U.S.C. § 507(b). ...................................................................11

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), hereby move to dismiss Plaintiff's Complaint in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). There are numerous legal bases on which Plaintiff's Complaint should be dismissed. It is difficult to determine which is the most egregious. Plaintiff has not and cannot state a claim as to each element of direct copyright infringement. First, Plaintiff fails to assert a qualifying ownership interest in the copyrights that would show it has statutory standing to bring this suit. Plaintiff does not claim to be the author of the works in the asserted copyrights. And at least three of the asserted copyrights are not even in Plaintiff's name as claimant. Plaintiff has not properly pleaded that it owns valid copyrights including what is actually copyrighted and where such material is used by Nhentai.net. The U.S. Copyright Office catalog shows that, if otherwise valid, the asserted copyrights may be extremely limited in scope. Even if Plaintiff could overcome each fatal flaw previously addressed, it cannot meet the last prong of the prime facia case to show use without permission. Plaintiff's claims for secondary infringement should likewise be dismissed for failure to plead direct infringement or even any right to bring such claims. Further, Plaintiff's claims are time barred because any claim of alleged infringement was not brought within the three-year period required by the copyright statute. Any such claims accrued at least as early as October of 2020 when Plaintiff unquestionably knew about the alleged use and gave unsolicited permission in writing to Nhentai.net. Plaintiff is also legally barred from recovering statutory damages and attorneys' fees based on timing of alleged infringement, publication dates (or lack thereof), and registration dates. In addition, Plaintiff moves to strike allegations that are immaterial and impertinent to the case and that Plaintiff does not have any right to pursue. Nhentai.net respectfully asks the Court to dismiss Plaintiff's case in its entirety with prejudice and/or strike

based on the numerous bases described herein.

## MOTION TO DISMISS

**A.    Legal Standards**

"Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief." *Punak v. Indoor Lab, LLC*, No. 8:23-CV-01775-DOC-KESX, 2024 WL 1652624, at *2 (C.D. Cal. Mar. 28, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff." *Id.* (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The court is not bound to accept as true legal conclusions couched as factual allegations. *Id.* "[I]n *Twombly*, the Supreme Court rejected the notion that 'a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery.'" *Lackey v. Sheppard*, No. CV 22-5653 PA (JPRX), 2022 WL 19241141, at *2 (C.D. Cal. Dec. 16, 2022) (citing *Twombly*, 550 U.S. at 561). And "[w]hile the Federal Rules allow a court to dismiss a cause of action for 'failure to state a claim upon which relief can be granted,' they also require all pleadings to be 'construed so as to do justice.'" *Smith v. Weeknd*, No. CV 19-2507 PA (MRWX), 2019 WL 6998666, at *1 (C.D. Cal. Aug. 23, 2019) (citing Fed.

R. Civ. P. 12(b)(6), 8(e)). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id*. (citing *Reddy v. Litton Indus.,* 912 F.2d 291, 296 (9th Cir.1990)).

**B.    No Prima Facie Case for Copyright Infringement.**

Plaintiff has not and cannot establish a prima facie case of copyright infringement as its Complaint fails to properly plead each of the required bases shown below for ownership, valid copyright, use, and lack of permission.

### 1.    *Prima Facie Case of Copyright Infringement*

Plaintiff must demonstrate: (1) ownership of a valid copyright; and (2) use of the copyrighted material without permission. *See, e.g., Strike 3 Holdings, LLC v. John Doe Infringer Identified as Using IP Address 98.164.206.202*, No. CV 22-06354 TJH (SPX), 2024 WL 4467590, at *1 (C.D. Cal. Aug. 1, 2024) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). "To carry its burden of production on a copyright infringement claim, a plaintiff ***must sufficiently allege*** two things: ownership of a valid copyright in the allegedly infringed work and copying of protected aspects of that work." *Bosko Kante v. Dua Lipa*, No. 2:23-CV-06186-HDV-PD, 2024 WL 4720798, at *2 (C.D. Cal. Sept. 10, 2024) (emphasis added) (citing *Alfred v. Walt Disney Co.*, 821 Fed. Appx. 727, 728 (9th Cir. 2020)). "The 'copying' prong has two sub-prongs: copying and unlawful appropriation." *Id*. (citing *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020)).

### 2.    *Plaintiff Fails to Plead Proper Ownership.*

Plaintiff's Complaint should be dismissed for lack of statutory standing

because it has not pleaded facts showing it is the legal or beneficial owner of the asserted copyrights as required by the Copyright Act.

Issues of statutory standing are properly assessed in a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). "Lack of statutory standing (as opposed to constitutional standing) is properly raised as grounds for dismissal by way of a motion under Rule 12(b)(6) . . ." *Payne v. Manilow*, No. CV183413PSGPLAX, 2018 WL 6321638, at *3 (C.D. Cal. Oct. 29, 2018) (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)). "In order to have statutory standing to bring a federal copyright infringement claim, a plaintiff must be the legal or beneficial owner of the copyright." *Id.* at *3 (citing *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1138 (9th Cir. 2003)). "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Plaintiff has the burden to "establish[] a qualifying ownership interest both as a substantive element of the infringement claim … and as a necessary predicate for standing to bring the claim." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017) (citing *Feist*, 499 U.S. at 361; 17 U.S.C. § 501(b); *Urbont v. Sony Music Entm't*, 831 F.3d 80, 88 (2d Cir. 2016)). "A legal owner can be the copyright claimant or an assignee or exclusive licensee of a particular exclusive right." *Lackey*, 2022 WL 19241141, at *3 (citing *Premier Tracks, LLC v. Fox Broad. Co.*, No. 12CV01615DMGPJWX, 2012 WL 13012714, at *5 (C.D. Cal. Dec. 18, 2012)). "[I]f the copyright claimant is not the author," the claimant must include in its copyright application "a brief statement of how the claimant obtained ownership of the copyright." 17 U.S.C. § 409(5).

Plaintiff's Complaint indicates that "Defendants are directly and knowingly involved in the trafficking of thousands of pirated works – ***including five (5)***

*registered works owned by Plaintiff* – on 3,604 individual web pages." Compl. ¶ 6, Dkt. No. 1 (emphasis added). This is the only phrase in the pleading stating that Plaintiff **owns** the copyrights at issue. But printouts from the Copyright Office catalog show that the asserted copyrights contain inconsistencies that call into question Plaintiff's standing to even bring this suit, including whether it is the legal owner of three out of the five asserted copyrights.[1] *See* Rynell Decl. Exs. A-E. In *Lackey v. Sheppard*, the court stated that "[a] legal owner can be the copyright claimant or an assignee or exclusive licensee of a particular exclusive right." 2022 WL 19241141, at *3. As to at least those three of the five asserted copyrights, based on the Copyright Office catalog, JAST USA, ***not Plaintiff PCR Distributing***, is the "copyright claimant" and apparent legal owner. Rynell Decl. Exs. A, C, D - TXu002409564, TX0009380863, TXu002417803.

The legal or beneficial owner could also potentially be assignee or exclusive licensee of a particular exclusive right. But there are insufficient facts pleaded by Plaintiff to show that PCR has either been assigned or exclusively licensed these three purported JAST USA copyrights. Plaintiff makes no statement whatsoever about how it obtained ownership of the asserted JAST USA copyrights, if it did. Plaintiff's Complaint states vaguely that it "negotiates contracts directly with artists and publishers to secure exclusive rights, and then translates and distributes these works, primarily in English." Compl. ¶ 23. It ***does not*** state that it has secured exclusive rights from the copyright claimant JAST USA as to three of the five copyrights in this case. While Plaintiff pleads that PCR is "[o]perating under the DBA JAST USA" (Compl. ¶ 1), legal ownership of the asserted copyrights cannot

---

[1] The Court can take judicial notice of the Copyright Office catalog printouts for purposes of deciding this motion. *See, e.g., Lackey*, 2022 WL 19241141, at *1, n1. Nhentai.net hereby requests that the Court take judicial notice of the Copyright Office catalog printouts provided at Rynell Decl. Exs. A-E.

be inferred from this statement. Public records for JAST USA show it has an entirely separate status as a "stock corporation" with what appears to be different ownership, i.e., no overlapping directors, officers, addresses, etc. from those shown in PCR's corporate filings. *See* Rynell Decl., ¶ 8, Exs. F-G. PCR has not shown itself to be the legal or beneficial owner of the copyrights for which JAST USA is the copyright claimant. The publicly available corporate information for PCR and JAST USA is properly considered with this motion under the incorporation by reference doctrine, as it is referenced in the Complaint (however vaguely and insufficiently for ownership purposes), and their authenticity cannot be questioned. *See, e.g., Punak*, 2024 WL 1652624, at *2 (court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading). Further, section 201 of the Copyright Act regarding "Ownership of copyright" states that a "[c]opyright in a work protected under this title vests initially in the author or authors of the work." 17 U.S.C. § 201(a). In addition to not demonstrating it is the legal or beneficial owner, Plaintiff has not pleaded facts sufficient to show it is the *author* of the copyrights such that it has rights to assert the copyrights in this case. Despite Plaintiff PCR Distributing listing ***itself*** as the "AUTHOR [OF] WORK" in the Report on the Filing of an Action in this case (Dkt. No. 4), Plaintiff does not plead any such facts or otherwise make any claim to be the author of the works.

The bottom line is that it is *Plaintiff's burden* to plead proper ownership as part of its prima facie case. Plaintiff does not plead ***any facts at all*** showing it is the author or legal or beneficial owner of the asserted JAST USA copyrights such that it has the right to sue for infringement. Plaintiff's Complaint should be dismissed.

### 3. *No Proof of Valid Copyrights; No Presumed Validity*

#### a. No Presumption of Validity.

Plaintiff bears the burden to plead a prima facie case that it owns valid copyrights. Because Plaintiff did not attach registration certificates for the asserted copyrights, Plaintiff is not entitled to any presumption of validity. Even if it had provided certificates, in order to avail itself of this presumption, Plaintiff would be required to show that the works were registered "before or within five years after first publication of the work." 17 U.S.C. § 410(c). Plaintiff makes no allegations whatsoever in this regard.

### b.    What is Copyrighted?

Pursuant to Federal Rule of Civil Procedure 8, to properly state a claim for relief, Plaintiff is required "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Weeknd*, 2019 WL 6998666, at *1 (citing *Twombly*, 550 U.S. at 555). "Description of the copyrighted material in the application and copyright certificate is ***required*** in order to put the public on notice of what material is protected under the copyright laws." *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 382 (D. Utah 1991) (emphasis added).

In determining whether Plaintiff has pleaded a prima facie case of valid copyrights, a gating inquiry is: *What is actually copyrighted*? To assist in this analysis, Nhentai.net offers printouts from the Copyright Office catalog to show the Court publicly available materials regarding the asserted copyrights on which this case is based and how they are inconsistent with Plaintiff's Complaint. *See* Rynell Decl. Exs. A-E. The Copyright Office catalog shows that two of the asserted copyrights relate to *books* and the other three are classified as "*Literary works*." *Id.* Under copyright law, "Literary works" ***specifically exclude*** images, i.e., "audiovisual works." *See* 17 U.S. C. § 101.[2] This is critical because Plaintiff has not

---

[2] "Audiovisual works" are defined as "works that consist of a series of related images which are intrinsically intended to be shown … together with accompanying sounds, if any…" *See* 17 U.S.C. § 101.

demonstrated any right to sue for copyright infringement as to the ***images*** (i.e., the audiovisual works) in the books or "Literary works" and the asserted copyrights may, in fact, be extremely limited in scope. For two of the copyrights, the stated basis of the claimed copyright is an "English translation" of a book primarily made up of images. *See, e.g.*, Rynell Decl. Ex. A, TX0009380863; Ex. B, TX0009312666. Plaintiff ***must be intentionally vague*** about what is actually copyrighted because it may only be the English translation of a handful of words in what is effectively a sexually explicit picture book. The same is true if the "Literary Work[s]" in the other three copyrights actually exclude the images in the picture books. Plaintiff has not met its burden to plead what the copyrighted material actually is and provides no notice in this regard. Accordingly, dismissal is warranted.

### c.    Where Are the Allegedly Copyrighted Materials Actually Copied?

Third, Plaintiff must demonstrate ***actual copying of what is copyrighted***. Because no one could possibly tell what is *copyrighted* based on the pleadings as described above, Nhentai.net has no notice of what Plaintiff's claims actually are. Neither Plaintiff nor the Court could possibly assess – even on a prima facie basis – what *copying* is even alleged. For example, Exhibit B to the Complaint (Dkt. No. 1-2) contains 92 pages of alleged links on www.nhentai.net and a general reference to a copyright next to the link. There is no showing whatsoever of the materials allegedly copyrighted as compared with those allegedly copied. In addition to these vagaries, Plaintiff asserts that Nhentai.net is unlawfully displaying "***copyrighted videos***" (Compl. ¶ 43) and "distribute[s] infringing copies of ***image and text works***, including Plaintiff's Works" (Compl. ¶ 5) (emphases added). This is especially noteworthy because, as previously mentioned, the Copyright Office catalog does not appear to indicate that any of the allegedly copyrighted material is in the form of videos or images. *See* Rynell Decl. ¶12, Exs. A-E. Plaintiff's Complaint wholly fails to show that what is allegedly copyrighted is actually being copied. This is as

fundamental to copyright law as it gets and Plaintiff's failure in this regard unquestionably warrants dismissal of all claims.

### d.    Use of the Copyrighted Material Without Permission

With respect to the last requirement for a prima facie case of copyright infringement, there **must be** use without permission. Here, Plaintiff cannot in any universe establish use of copyrighted material without permission, as permission was expressly given. The history between these parties demonstrates that there is no legitimate case for copyright infringement against Nhentai.net and that Plaintiff's Complaint is frivolous, at best. Beginning at least as early as October of 2020, Nhentai.net was *expressly given permission*, in writing, to host Plaintiff's alleged content as shown in an email from goldberg@jastusa.com entitled "***Permission granted to host our content: J18 Publishing.***"[3] *See* Ex. 1. In this correspondence, David Goldberg ("Goldberg") states: "Right from the beginning, I want to stress that ***this isn't a takedown request or a DMCA***." In the same email, Goldberg states: "***We don't want to try to take down any of our galleries***-- we just want people to have a simple, safe, and easy way of getting to our site where they can buy physical copies of the comics they love." *Id.* (emphases added). In ***December of 2020***, Goldberg sent

---

[3] The emails attached hereto as Exhibits 1-5 are authenticated based on their distinctive characteristics pursuant to Fed. R. Evid. 901(4) which states that the requirement of authentication is established as to an item of evidence by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Courts have found such materials to be authentic. *See e.g.*, *Brown v. Wireless Networks, Inc.*, No. C 07-4301 EDL, 2008 WL 4937827, at *4 (N.D. Cal. Nov. 17, 2008) ("The e-mails in question have many distinctive characteristics, including the actual e-mail addresses containing the "@" symbol, widely known to be part of an e-mail address, and certainly a distinctive mark that identifies the document in question as an e-mail. In addition, most of the e-mail addresses themselves contain the name of the person connected to the address…" and the "contents of the e-mails also authenticate them as being from the purported sender and to the purported recipient, containing as they do discussions of various identifiable matters …" These emails contain multiple chains (i.e., messages sent back and forth between parties) contain verifiable indicia including names and titles of the senders giving Nhentai.net the permissions at issue, and span across a number of years showing the relationship between the parties.

---

Nhentai.net an email providing a spreadsheet of over 3,300 links of which it was aware and gave permission to Nhentai.net to use, and for which it wanted to host banner advertisements on the Nhentai.net site. *See* Ex. 2. *Until at least three years later*, October of 2023, the communications between these parties made clear that Nhentai.net did not need to take any action to remove such materials from its site. *See* Exs. 1-5. A September 2021 email from gavin@jastusa.com stated: "I'd like to run banner ads on uploads of our manga that link back to the official store where you can buy them. ***I \*don't\* want to takedown the uploads of our titles***, just give people an easy option for purchasing them if they do enjoy. So those would be banners on specific pages." *See* Ex. 3 (emphasis added). Further undermining the allegations in the Complaint, JAST USA *was contemplating paying Nhentai.net* to run ads on the Nhentai.net site. *Id.* Plaintiff has no legitimate claim for copyright infringement and cannot show use without permission.

## C.    PLAINTIFF'S CLAIMS ARE TIME-BARRED.

Dismissal of this case is proper from the outset because Plaintiff's claims are time-barred. The timeframe of the relationship between these parties and the permission given is critical, as it shows that Plaintiff's claims are brought beyond the three-year statute of limitations. Parties should not be permitted to prosecute expired and knowingly frivolous claims to the detriment of others, especially those having no idea they could be haled into Court for their alleged actions. Nhentai.net respectfully submits that this case should be dismissed with prejudice to refiling. The Ninth Circuit, citing U.S. Supreme Court precedent, stated "[a]t their core, '[s]tatutes of limitations require plaintiffs to pursue diligent prosecution of known claims.'" *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)). The purpose of statutes of limitation are to "'protect defendants against stale or unduly delayed claims.'" *Id*. (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)).

Consistent with these principles of fairness, earlier this summer in a case in this district, the Court granted a 12(b)(6) motion to dismiss *with prejudice to refiling* based on statute of limitations. *See Dorval v. Rahimi*, No. 2:24-CV-01347-JLS-MRW, 2024 WL 3659601 (C.D. Cal. July 5, 2024). The Copyright Act states that a copyright claim must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "[A] copyright claim accrues under the discovery rule 'when a party discovers, or reasonably should have discovered, the alleged infringement.'" *Dorval,* 2024 WL 3659601, at *2 (citing *Media Rights Tech., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019)). Congress determined that this is "the appropriate amount of time required to ensure fairness to alleged infringers . . ." *Creative Photographers, Inc. v. Brock Collection, LLC*, No. 2:20-CV-09261-RGK-E, 2021 WL 3568243, at *3 (C.D. Cal. July 7, 2021).

In the instant case, there is literally no question that Plaintiff was aware of the alleged use by Nhentai.net of what it claims are its copyrighted works *well over three years ago*. *See* Exs. 1 - 5 attached hereto. For it to suggest otherwise would require falsified facts, perjured testimony, and intentional misrepresentations to this Court. Any purported claims would have accrued at least as early as October of 2020 when Plaintiff unquestionably knew about the alleged use and blessed it in writing.

In *Dorval*, the Court found that the discovery rule did not apply as a matter of law, stating that "[w]hile courts ordinarily do not apply the discovery rule as a matter of law at the pleading stage, courts have done so where the facts alleged in a complaint make it plain that '[e]ven a cursory investigation' would have put a reasonable plaintiff on notice of the alleged infringement." *Dorval*, 2024 WL 3659601, at *2 (quoting *In re Napster, Inc. Copyright Litig.*, 2005 WL 289977, at *4 (N.D. Cal. Feb. 3, 2005)). What makes the *Dorval* analysis even more applicable here is that *no investigation was necessary* to put Plaintiff on notice of the alleged use by Nhentai.net. Plaintiff already knew. And in *Dorval*, the separate accrual rule

also did not save that plaintiff's claims from being time-barred and the Court ruled it inapplicable as a matter of law. *See Dorval*, 2024 WL 3659601, at *2. With regard to when a copyright infringement claim accrues, "[i]t is widely recognized that the separate-accrual rule attends the copyright statute of limitations, under which [e]ach wrong gives rise to a discrete claim that accrue[s] at the time the wrong occurs." *Id*. (internal quotation marks omitted) (citing *Petrella*, 572 U.S. at 671). The facts of the instant case weigh even stronger in favor of dismissal than those in *Dorval*. There, the parties had an oral license agreement that was later terminated by text message. *Id*. at *1. The *Dorval* plaintiff discovered four years later that its copyrighted material had never been removed and sent cease-and-desist letters. *Id*. The Court in *Dorval* rejected the counterintuitive argument that "(1) failing to take down videos when a license expires, and (2) failing to take down those very same videos after receiving cease-and-desist letters are somehow separate 'wrongs.'" *Id*. at *3 (citing *Petrella*, 572 U.S. at 671). The Court held that the Dorval plaintiff "simply alleged 'continuing harm' from a single 'wrong.'" *Id*. (citing *Petrella*, 572 U.S. at 671 & n.6). "The Supreme Court has cautioned that 'separately accruing harm should not be confused with harm from past violations that are continuing.'" *Bell v. Oakland Cmty. Pools Project, Inc.*, 2020 WL 4458890, at *5 (N.D. Cal. May 4, 2020) (citing *Petrella*, 572 U.S. at 671 n.6). The *Dorval* Court also cited several other district court cases that "reached the same conclusion when presented with similar invocations of the separate-accrual rule in cases involving content that was left posted online." *Dorval*, 2024 WL 3659601, at *3 (citing *Bell*, 2020 WL 4458890, at *5) (collecting decisions that "have concluded that the mere fact that a [copyrighted work] remained online does not trigger the separate-accrual rule"); *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the allegedly infringing document—published in 2010, outside the relevant three-year window— *remained* on defendant's website through 2014 does not give rise to a discrete claim

accruing within the three-year window")).

Plaintiff's claims in this case are even more egregious and untenable than those in *Dorval*. *There was express, unsolicited permission granted to Nhentai.net to use the allegedly copyrighted materials.* AND IT WAS NEVER RETRACTED. The fact that Plaintiff issued DMCA takedown notices for its allegedly copyrighted material and filed the instant lawsuit *more than three years after* granting permission to Nhentai.net does not somehow constitute a separate wrong that justifies this action being maintained. It shocks the conscience that any party or its counsel would be permitted to file such a frivolous and knowingly false lawsuit without consequence. Justice in this case requires the same conclusion reached in *Dorval* and the other cited authorities: a complete dismissal of Plaintiff's claims with prejudice, as amendment would be futile.

## D. PLAINTIFF'S SECONDARY INFRINGEMENT CLAIMS SHOULD BE DISMISSED

In addition to the claims for direct copyright infringement, Plaintiff has also brought secondary liability claims for vicarious, contributory, and inducing infringement. "[T]he sufficiency of [a plaintiff's] claim for secondary infringement depends on the sufficiency of [its] claim for direct infringement." *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1159 (C.D. Cal. 2018). "'Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.'" *Weeknd*, 2019 WL 6998666, at *3 (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)). Because Plaintiff has wholly failed to plead a prima facie case of *direct infringement*, all secondary infringement claims should likewise be dismissed with prejudice, as leave to amend is futile.

## E. PLAINTIFF IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES

---

Nhentai.net moves to dismiss Plaintiff's pleading for failure to state a claim for statutory damages and attorneys' fees. Section 412(2) of the Copyright Act "mandates that, in order to recover statutory damages, the copyright work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Marshall v. Babbs*, No. 218CV03822DDPAFMX, 2019 WL 1557429, at *3 (C.D. Cal. Apr. 10, 2019). Even assuming Plaintiff properly pleaded a prima facie case for the basic elements of copyright infringement (which it did not), Plaintiff is not entitled to statutory damages or attorneys' fees, as nothing in its Complaint or accompanying materials establish the requirements for such entitlement. In fact, they show that any such entitlement is ***statutorily prohibited***. Dismissal of the claims for statutory damages and attorneys' fees on a motion to dismiss is, therefore, proper in such instances. *See id.* at *4. The copyright statute states:

> In any action under this title, . . . no award of statutory damages or of attorney's fees . . . shall be made for-- (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. The Ninth Circuit has found that this statute literally "***leaves no room for discretion***." *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir. 2008) (emphasis added) (citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985); *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 707 n. 5 (9th Cir. 2004)).

The statute and its mandated limitation in subsection 1 above make practical sense, as any alleged infringer would be unaware of a claim to an ***unpublished*** work and there is not yet a registration on file with the Copyright Office. Under the second

prong, a plaintiff is not entitled to statutory damages or attorneys' fees if the alleged infringement occurs and the plaintiff did not register the work within three months after first publication. "Section 412 serves two fundamental purposes. 'First, by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly.'" *Marshall*, 2019 WL 1557429, at *3 (internal citations omitted) (quoting *Derek Andrew*, 528 F.3d at 700). "Second, § 412 encourages potential infringers to check the Copyright Office's database." *Id*.

It is Plaintiff's burden to plead entitlement to statutory damages and attorneys' fees and it has failed miserably to its own detriment. Plaintiff's Complaint makes no allegations regarding the timing of publication of any copyrighted works. The Copyright Office catalog for three of the five asserted copyrights also contains ***no publication dates*** at all and indicate that they were ***created*** just last year, in 2023. *See* Rynell Decl. Exs. C-E - TXu002409564, TXu002417803, TXu002390196.

Interestingly, Exhibit B attached to Plaintiff's Complaint, which contains ninety-one pages of allegedly infringing links, shows that any alleged infringement by Nhentai.net would have occurred and/or began well prior to the effective date of registration. For example, ***forty-nine of the ninety-one pages of allegedly infringing links*** in Plaintiff's Exhibit B relate to a sexually explicit picture book entitled "Submission Eternal My Lady, My Master." Compl. Ex. B, at 2-51. According to the Copyright Office filings, this was an unpublished work created in 2022 with an effective registration date of March 22, 2023. *See* Rynell Decl. Ex. B - TX0009312666. But direct links from Exhibit B attached to Plaintiff's Complaint show that any alleged infringement by Nhentai.net of this asserted copyright would have occurred and/or began ***well prior to the effective date of registration***. The first allegedly infringing URL in Exhibit B to Plaintiff's Complaint is shown below:

Exhibit B
3,604 Infringing Links

| Registration Number | Infringing Link | Title | Owner |
|---|---|---|---|
| TX0009312666 | https://nhentai.net/g/312283/ | Submission Eternal My Lady, My Master. | PCR DISTRIBUTING CO. |
| TX0009312666 | https://nhentai.net/g/312283/1/ | Submission Eternal My Lady, My Master. | PCR DISTRIBUTING CO. |
| TX0009312666 | https://nhentai.net/g/312283/10/ | Submission Eternal My Lady, My Master. | PCR DISTRIBUTING CO. |
| TX0009312666 | https://nhentai.net/g/312283/11/ | Submission Eternal My Lady, My Master. | PCR DISTRIBUTING CO. |
| TX0009312666 | https://nhentai.net/g/312283/12/ | Submission Eternal My Lady, My Master. | PCR DISTRIBUTING CO. |

Compl. Ex. B, at 2 (https://nhentai.net/g/312283/). This link goes to the first page of
the book "Submission Eternal My Lady, My Master" on www.nhentai.net and shows
it was "**Uploaded: 4 years, 8 months ago**" i.e., in 2020. *Id.; see also* Rynell Decl. ¶
12, last visited January 6, 2025. Four years and eight months ago, this was an
**unpublished** work according to Plaintiff's later representations to the Copyright
Office, with no registration on file. In such an instance, the law **mandates** that
Plaintiff is not entitled to statutory damages or attorneys' fees as to this copyright.
*See* 17 U.S.C. § 412. Plaintiff also cannot show entitlement to statutory damages
and/or attorneys' fees on the other basis in section 412, as the work was not
copyrighted within three months of publication (given that it was uploaded to
www.nhentai.net 4 years and 7 months ago).

Likewise, the other copyright asserted by Plaintiff that purports to be a book
is entitled "Hey… Let's Do It." *See* Rynell Decl. Ex. A - TX0009380863. According
to Copyright Office filings, this work was published on July 1, 2023 and has an
effective registration date of October 5, 2023. *Id.* Again, direct links from Plaintiff's
own Exhibit B show that any alleged infringement by Nhentai.net as to this copyright
would have occurred and/or began literally years before the effective date of
registration. Compl. Ex. B, at 51-53, Dkt. No. 1-2. The first allegedly infringing
URL as to TX0009380863 - https://nhentai.net/g/208694/ - goes to the first page of
a book, which shows that it was "**Uploaded: 7 years, 3 months ago**" i.e., in the fall
of 2017. *Id.; see also* Rynell Decl. ¶ 13, last visited January 6, 2025. Seven years
and three months ago, this was an **unpublished** work with no registration on file with
the Copyright Office. Copyright law **mandates** that Plaintiff is not entitled to

statutory damages or attorneys' fees as to this copyright, even assuming it could meet all other requirements. *See* 17 U.S.C. § 412. Plaintiff also cannot show entitlement to statutory damages and/or attorneys' fees on the other basis in section 412, as the work was not copyrighted within three months of publication (given that it was uploaded to www.nhentai.net 7 years and 3 months ago).

The reasons stated by Congress barring statutory damages and attorneys' fees are especially critical in instances such as this given the history of the parties, the express permissions granted, and the Copyright Office filings. Dismissal is warranted as to Plaintiff's claims for statutory damages and attorneys' fees and the related prayers for relief in its Complaint, without leave to amend. *See, e.g.*, *Weeknd*, 2019 WL 6998666, at *7.

## **MOTION TO STRIKE**

Should this case not be dismissed on one or more of the numerous preceding grounds, Nhentai.net moves to strike allegations in Plaintiff's Complaint and requested relief pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff pleads alleged facts regarding a website that is in no way related to Nhentai.net, purports to assert rights of others knowing it has no standing to do so, and seeks relief it would not be entitled to on its best day in Court.

"Federal Rule of Civil Procedure 12(f) provides that 'the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Weeknd*, 2019 WL 6998666, at *2. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id*. (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Id*. (citing *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Matter is

'immaterial' where it has 'no essential or important relationship to the claim for relief ... being pleaded.'" *Id*. (citing *Fantasy*, 984 F.2d at 1527). "'Impertinent' matter does not pertain, and is not necessary, to the issues in question." *Id*. And "'scandalous' matter 'includes allegations that cast a cruelly derogatory light on a party or other person.'" *Id*. (citing *In re 2TheMart.com*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Id.* (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005)).

## A. Plaintiff's Complaint Includes an Unrelated Tongan Website.

Plaintiff purports to plead a case as to a completely unrelated website: nhentai.to. Plaintiff states that "Defendants also own and operate the URL nHentai.to." Compl. ¶ 11. As discussed in a hearing before Magistrate Richlin, the website nhentai.to is wholly unrelated to www.nhentai.net. The ".to" in nhentai.to refers to the Kingdom of Tonga, an island in Polynesia. It has nothing to do with Plaintiff's allegations against Nhentai.net and falls into each of the categories mentioned above for properly striking material from a complaint.

Nhentai.net asks the Court to strike any allegations relating to "nHentai.to" from this case. *See, e.g.*, *Weeknd*, 2019 WL 6998666, at *2.

## B. Plaintiff Purports to Plead the Rights of Others.

Plaintiff purports to plead the rights of all other individuals and/or entities whose copyrighted material allegedly appears on www.nhentai.net. Plaintiff has not even properly pleaded *its own case* as described herein. Plaintiff literally has no right to assert copyrights of others or claims of infringement for others and any such matters should be stricken. At best, Plaintiff's Complaint contains material that is wholly foreign to this case and has no relationship and does not pertain to any of Plaintiff's alleged rights. Plaintiff makes claims that are not tied to or limited by its alleged copyrights—for example: "The website hosts a vast collection of hentai

works, including commercially produced content, much of which, based on information and belief, is shared without proper authorization from the owners." Compl. ¶ 35. Similarly, Plaintiff claims that "Nhentai.net is a website that displays pirated copyright-registered adult entertainment content without authorization or license." *Id*. ¶ 34. Plaintiff states: "Defendants were aware of or were willfully blind to the fact that pirated copyrighted materials comprised popular works on nHentai." *Id*. ¶ 69. Plaintiff does not try to limit its pleading to its own content or copyrights and has no basis to seek relief relating to all content on the entire domain, as addressed below in Nhentai.net's Motion to Strike. Plaintiff's Complaint further states: "Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement." *Id*. ¶ 57. Again, Plaintiff has no standing to assert the rights of "all copyright holders" and has not even established itself as a proper copyright holder. As previously shown, Plaintiff is required to "establish[] a qualifying ownership interest both as a substantive element of the infringement claim … and as a necessary predicate for standing to bring the claim." *DRK Photo*, 870 F.3d at 986 (internal citations omitted) (citing *Feist*, 499 U.S. at 361; 17 U.S.C. § 501(b); *Urbont*, 831 F.3d at 88). Any such allegations should be stricken, as they are not properly part of the case.

## C.   Extreme Overreach in Plaintiff's Request for Relief.

Relatedly, Plaintiff seeks relief that it would never be entitled to even if it proved every allegation in its Complaint. Specifically, Plaintiff's Complaint requests that the Nhentai.net website be transferred to "Plaintiff's ownership and control." Compl. 20, ll. 4-26. It is difficult to overstate the gross overreach of this request for relief. Plaintiff literally asks the Court to give it control over the entire nhentai.net domain, a website that has over 500,000 pages, of which Plaintiff complains (however frivolously) about *less than one percent* (3,604 pages). Plaintiff also asks

the Court for relief in the form of an injunction that would block all United States users from accessing any link at www.nhentai.net. *Id.* Plaintiff does not assert copyright protection over even one percent of the website and would never be entitled to such relief given the specious nature of Plaintiff's currently pleaded claims and the history between these parties. Plaintiff also seeks transfer of the entire domain despite its own statement in its Complaint that "Defendants have contractual relationships with United States companies to promote *those companies' services* on nHentai." *Id.* ¶ 15 (emphasis added). Yet, Plaintiff asks to obtain control over a website that it alleges in its own pleading deals with other companies' rights pursuant to contracts with Nhentai.net.

These are precisely the kinds of spurious issues that should be stricken so parties do not have to expend significant time and money to defend them. Plaintiff should not be permitted to pursue such egregious claims and requests for relief to the prejudice of Nhentai.net.

## CONCLUSION

Nhentai.net respectfully asks the Court to dismiss all claims for copyright infringement in Plaintiff's Complaint. If Plaintiff's Complaint is not dismissed in its entirety, Nhentai.net asks the Court to strike the redundant, immaterial, impertinent, or scandalous matter contained therein.

**DATED**: January 6, 2025          Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson (*Pro Hac Vice*)
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.

16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Nhentai.net**

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Nhentai.net certifies that this brief (including the notice of motion and memorandum of points and authorities) contains 6,975 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

## CERTIFICATE OF SERVICE

On January 6, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell