John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET<br><br>*Defendants* | Case No. 2:24-cv-07453- FLA-AJR<br><br>**NHENTAI.NET'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**<br>Filed concurrently herewith: Proposed Order<br><br>Date: February 7, 2025; 1:30 p.m.<br>Place: Roybal Federal Building and U. S. Courthouse, Courtroom 6B, 6th Floor, 255 E. Temple Street Los Angeles, California 90012<br>Honorable Judge Fernando L. Aenlle-Rocha |

TO ALL PARTIES AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), who has been named as Doe defendant by PCR Distributing, Co. ("Plaintiff" or "PCR") in this matter, will and do hereby move for a protective order relating to public disclosure of the name and identifying information of the entity that owns Nhentai.net as well as the names and other personal information of individuals associated with Nhentai.net. Nhentai.net requests this limited relief at least until its motions to dismiss and/or strike filed contemporaneously herewith are ruled on by the Court or until further order of the Court. This Motion is made on the following grounds: Plaintiff has taken significant improper action with respect to Nhentai.net including in courts in this district. Plaintiff filed a miscellaneous action and served a 17 U.S.C. § 512(h) subpoena, which it later withdrew once challenged. Plaintiff also contemporaneously filed the instant case for copyright infringement and a Motion for Early Discovery seeking to serve subpoenas on three entities for Nhentai.net's highly confidential, sensitive, and private information. Plaintiff took all of these actions against Nhentai.net knowing full well that, years ago, Nhentai.net had been given unsolicited, unconditional permission to use Plaintiff's allegedly copyrighted materials. Plaintiff sought the Court's permission to subpoena highly inappropriate and overreaching discovery of Nhentai.net's billing and login information, for example. Plaintiff changed its tune, narrowing its request when Nhentai.net raised significant data privacy and other concerns but will no doubt seek the same and more in this litigation. Plaintiff also named undersigned counsel for Nhentai.net *personally* in the alleged facts in its Complaint. This is highly improper. ***Plaintiff and its counsel are clearly attempting to use information as a weapon.*** The actions taken by Plaintiff to date with respect to Nhentai.net and even its counsel demonstrate that Plaintiff will undoubtedly misuse information it obtains. Plaintiff simply cannot be trusted with non-public, personal or commercial information

relating to Nhentai.net. If Plaintiff's motivations to learn non-public information were something other than nefarious, it would have agreed to restrict making any such information public for at least a short period of time. However, Plaintiff and its counsel have refused to do so and stated to this Court that it wants the information with no restrictions whatsoever on its use or disclosure. This is very telling.

    This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; all documents on file in this action; and such further or additional evidence or argument as may be presented before or at the time of any hearing on this Motion.

    This Motion is made following the conference of counsel pursuant to Local Rule 7-3. Counsel for Nhentai.net contacted counsel for PCR Distributing, Co. via email on December 20, 24, and 26, 2024 to schedule the required conference of counsel. The conference of counsel took place by phone on December 27, 2024 and counsel for Nhentai.net disclosed the bases and substance of the motions herein and no agreement was reached.

Dated: January 6, 2025        By: /s/ Jennifer M. Rynell
                                          John T. Wilson*
                                          Texas Bar No. 24008284
                                          Jennifer M. Rynell*
                                          Texas Bar No. 24033025
                                          eservice@wwrlegal.com
                                          **WILSON WHITAKER RYNELL**
                                          Wilson Legal Group P.C.
                                          16610 Dallas Parkway, Suite 1000
                                          Dallas, Texas 75248
                                          (T) 972-248-8080
                                          (F) 972-248-8088
                                          *Pro Hac Vice*

                                            Glenn T. Litwak
                                          State Bar No. 91510

glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**ATTORNEYS FOR NHENTAI.NET**

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Nhentai.net hereby respectfully moves the Court for a protective order, pursuant to Federal Rule of Civil Procedure 26, shielding any non-public information as to Nhentai.net or individuals relating to Nhentai.net from disclosure and designating any such information as "Confidential Attorneys' Eyes Only" at least until issuance of rulings on Nhentai.net's motions to dismiss and/or strike or further order of the Court. Such a limited protective order would mitigate the near-certain harm from improper use and/or disclosure of information by a plaintiff that has already demonstrated its penchant for requesting highly inappropriate and overreaching discovery. The possible damage from disclosure of any private information cannot be undone once made public. Justice requires that the Court use its broad discretion to issue a protective order to prevent disclosure and misuse of information.

In truth, this case has nothing to do with copyright infringement, but rather appears to be a money grab and an attempt to take over the entire domain www.nhentai.net based on knowingly meritless claims. Plaintiff asserts rights it does not own to try to obtain relief that it would never be entitled to. It would also be manifestly unjust to permit parties to sue people or entities under such circumstances and to permit them to learn non-public personal and/or commercial information without restriction on its use.

Nhentai.net respectfully submits that the relief it seeks is properly limited in time and scope and is a necessary measure in light of the history of these parties and the actions taken by Plaintiff and its counsel to date.

## BACKGROUND

On July 11, 2024, Plaintiff filed a miscellaneous action in this District requesting a subpoena pursuant to 17 U.S.C. § 512(h), which was later issued by the

Court's clerk ("Subpoena"). *See* Subpoena to Produce Documents, *In re DMCA Subpoena to Cloudflare, Inc.*, No. 2:24-mc-00084-JFW-PVC (C.D. Cal. July 15, 2024), Dkt. No. 5. Plaintiff's Subpoena sought highly confidential and private information about Nhentai.net including "all documents, account records, and any other information" regarding the operator and/or owner of Nhentai.net and "identification by names, email addresses, IP addresses, user history, posting history, physical addresses, telephone numbers, billing information, billing history, and any other identifying information" relating to same. *Id.* at 4. Plaintiff later dismissed the miscellaneous action, withdrawing its subpoena, rather than respond to the pending motions filed by Nhentai.net. When it became clear that Plaintiff's subpoena would likely fail as not proper under section 512(h), Plaintiff contemporaneously filed the instant case for copyright infringement and a Motion for Early Discovery seeking to serve subpoenas on *three* entities this time (instead of one) seeking largely the same overreaching, improper discovery. *See* Complaint, Dkt. No. 1; Pl.'s Mot. Early Disc., Dkt. No. 10. Plaintiff's Motion for Early Discovery was denied as moot in light of Nhentai.net agreeing to waive service pursuant to Federal Rule of Civil Procedure 4 and file a responsive pleading to Plaintiff's Complaint. *See* Order Den. Mot. Expedite Disc. 2, Dkt. No. 29. Nhentai.net is filing contemporaneously herewith motions to dismiss and/or strike Plaintiff's Complaint.

## ARGUMENTS AND AUTHORITIES

"A protective order *should* be granted when the moving party establishes 'good cause' for the order and 'justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....'" *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385–86 (C.D. Cal. 2002) (emphasis added) (citing Fed. R. Civ. P. 26(c)). "'Good cause' is established where it is specifically demonstrated that disclosure will cause a 'specific prejudice or harm.'" *Precision Replacement Parts Corp. v. Auto Glass Components, Inc.*, No.

C04-0566L, 2005 WL 8172229, at *1 (W.D. Wash. July 29, 2005) (citing *Rivera v. Nibco, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004)). The Court may also "among other things, forbid[] the discovery or specify[] the terms, including the time and place, for the discovery." *Elite Lighting v. DMF, Inc.*, No. CV 13-1920 JC, 2013 WL 12142840, at *2 (C.D. Cal. May 6, 2013) (citing Fed. R. Civ. P. 26(c)(1)). The Court can also issue a protective order requiring that "commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(7).

In *BWP Media USA, Inc. v. Crowdgather, Inc.*, the court in this District issued a protective order "limit[ing] disclosure of identifying information about infringing users to attorneys' eyes only" as a safeguard until it could be determined if they were potentially proper parties. No. CV1305318GWJEMX, 2014 WL 12601054, at *3 (C.D. Cal. July 28, 2014). The Court issued "a protective order to mitigate any harm from disclosure." *Id*. Nhentai.net asks this Court to do just that subject to its ruling on Nhentai.net's motions to dismiss and/or strike, which are filed contemporaneously herewith. There are significant bases for dismissal *with prejudice*, including that Plaintiff's claims are wholly time-barred as well as Plaintiff's abject failure to properly plead a prima facie case, even as to ownership of the asserted copyrights. Nhentai.net does not believe it is proper for Plaintiff's case to even *proceed*, much less for Plaintiff to obtain discovery in this matter. Other courts have also protected the identities of "Doe" defendants pending rulings on motions to dismiss in the early stages of proceedings. *See, e.g.*, *Siemens Prod. Lifecycle Mgmt. Software, Inc. v. Does 1-100*, No. 415CV00582ALMCAN, 2016 WL 9275398, at *2 (E.D. Tex. July 7, 2016) (granting limited protective order prohibiting Plaintiff from filing information regarding Doe defendant's identity and ordering redaction from any amended complaint).

### *There is Good Cause for Issuance of a Protective Order.*

Good cause exists to protect Nhentai.net and any other potential Nhentai.net-

related defendants from oppression or undue burden of the disclosure of sensitive personal and commercial non-public information. The specific harm and prejudice to Nhentai.net is that the Plaintiff in this matter has shown particular animus toward Nhentai.net and even its counsel and taken public action accordingly. Plaintiff has taken significant improper legal actions with respect to Nhentai.net already in the court system and will, no doubt, continue to do so.

Plaintiff has sought vastly overreaching discovery relating to Nhentai.net and has asked the Court that no restrictions be placed on any such information as far as use and disclosure. First, Plaintiff filed a miscellaneous action and served a 17 U.S.C. § 512(h) subpoena, which it later withdrew once Nhentai.net intervened and challenged the subpoena on numerous grounds of impropriety. Plaintiff also filed the instant case for copyright infringement and a Motion for Early Discovery seeking to serve subpoenas on three entities for Nhentai.net's highly confidential, sensitive, and private information. Plaintiff took all of these actions against Nhentai.net knowing full well that, years ago, Nhentai.net had been given unsolicited, unconditional permission to use Plaintiff's allegedly copyrighted materials, as addressed in Nhentai.net's motions to dismiss. Plaintiff even went as far as naming counsel for Nhentai.net *personally* in the alleged facts in its Complaint in this case, stating that "[c]ounsel for Defendants, John T. Wilson and Jennifer M. Rynell had constructive if not actual knowledge of nHentai's copyright infringement of PCR Works at issue in this case since at least October 2023." Compl. ¶¶ 49-50, Dkt. No. 1. This is yet another example of how Plaintiff uses information without regard to how inappropriate and unprofessional it may be.

The specific harm and prejudice to Nhentai.net are on full public display based on the actions taken by Plaintiff to date with respect to Nhentai.net. Plaintiff and its counsel have unquestionably misused and will continue to misuse information in its possession.

### *Non-Public Personal and Commercial Information Should be Protected.*

There is no legitimate basis for non-public, commercial information relating to Nhentai.net to be permitted to be made public. The interest in public access to information and the openness of the court system are not obstructed here for many reasons, not the least of which are the frivolous and possibly sanctionable allegations of copyright infringement. Nhentai.net has also contemporaneously filed a responsive pleading such that the Court can take action in this case to resolve the matters before it. Further, Nhentai.net's requested protective order is limited in time to the very early stages of these proceedings and would in no way prejudice Plaintiff, its counsel, or the public.

There is also no basis for Plaintiff to discover and be able to make public any information as to the *individuals behind the Nhentai.net entity*. Plaintiff's Complaint included unfounded alter ego allegations in an attempt to justify early discovery of the personal names and addresses of its owners, among other things. These claims are baseless and admittedly brought without any knowledge in support thereof. *See* Compl. ¶¶ 10, 33, Dkt. No. 1. Protection of such information is especially critical here where any underlying allegations of copyright infringement against even the *entity* have been shown to be completely false and brought in bad faith. If the names of the individuals who own www.nhentai.net are made known to Plaintiff without restriction, Plaintiff will undoubtedly immediately seek to amend its pleadings making this information public. These claims would be truly frivolous and baseless and such information made public in what could only be an attempt to leverage a settlement. Further, any such individuals would be required to expend significant resources to defend against meritless claims. Accordingly, a protective order is appropriate to shield such individuals from undue burden and expense and access to and/or disclosure of any such information should be limited.

//

*Plaintiff's Intent is to Discover and Use Information Without Restriction.*

Plaintiff has not agreed to any restriction whatsoever on use and disclosure of any information it obtains regarding Nhentai.net. Indeed, Plaintiff has told this Court the opposite – that any order "restricting access" to information, i.e., keeping identifying information confidential "would put an undue burden on Plaintiff in moving forward with its case." *See, e.g.*, Pl.'s Reply Mot. Early Disc. and Opp'n to Mot. Protective Order 4 n1, Dkt. No. 22. If the requested limited protective order is not granted, all information obtained would be fair game to be made public or provided to other persons/entities. And again, there is no recourse for any misuse, as the damage would already be done once publicly disclosed.

Because forbidding discovery into certain matters is within the Court's discretion, protecting non-public personal and commercial information from disclosure – even if otherwise discoverable – is also well within this Court's purview where justice so requires, as is the case here. Nhentai.net asks the Court to use its wide discretion to "specify the terms" on which any discovery may take place including, in this case, how it is used and/or disclosed prior to rulings on the motions to dismiss.

## CONCLUSION

Nhentai.net respectfully asks the Court to issue a protective order shielding any identifying information as to Nhentai.net and or any individuals relating to Nhentai.net as "Confidential Attorneys' Eyes Only" and not subject to any disclosure until further order of the Court, at least until issuance of rulings on Nhentai.net's motions to dismiss and/or strike.

**DATED**: January 6, 2025     Respectfully submitted,

By: /s/ Jennifer M. Rynell
John T. Wilson*
Texas Bar No. 24008284

Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Nhentai.net**

## CERTIFICATION PURSUANT TO FRCP 26(c)

Pursuant to Federal Rule of Civil Procedure 26(c), undersigned counsel hereby certifies that it has conferred with counsel for Plaintiff in good faith on the instant motion in an effort to resolve the dispute without court action and the parties were unable to reach agreement.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Nhentai.net certifies that this brief (including the notice of motion and memorandum of points and authorities) contains

2,327 words, which complies with the word limit of L.R. 11-6.1.

/s/ Jennifer M. Rynell
Jennifer M. Rynell

## CERTIFICATE OF SERVICE

On January 6, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

/s/ Jennifer M. Rynell
Jennifer M. Rynell