**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 955-5010

Attorneys for Plaintiff PCR Distributing, Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO.,<br><br>vs.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOES 1 – 10, d/b/a NHENTAI.NET,<br><br>Defendants. | Case No. 24-cv-07453-FLA-AJR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE**<br><br>Date: February 7, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Courtroom: 6B<br>Place: Roybal Federal Building and<br>U. S. Courthouse<br>255 E. Temple Street<br>Los Angeles, California 90012 |

1
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff PCR Distributing Co. ("PCR") hereby files the following Opposition to Defendant NHentai.net's ("Nhentai") Motion to Dismiss and Strike the Complaint ("Motion"). Dkt. No. 31.  Plaintiff will also file a timely amended complaint under Fed.R.Civ.P. 15(a).  This Opposition is presented only to meet the requirements of the Local Rules, which requires that for each motion, either an Opposition or Notice of Non-Opposition be timely filed.  Plaintiff's Opposition to the pending motion is due before the amended complaint, so it is being submitted in an abundance of caution so that the Court does not conclude that Plaintiff concedes to the Motion. During the meeting confer process, Plaintiff's counsel reminded Defendant's counsel that the Federal and Local Rules disfavor motions to dismiss when an amended pleading may be more prudent, but Defendant's counsel filed this motion anyway.

I.   **INTRODUCTION**

NHentai's Motion is an ill-conceived attempt to litigate numerous disputed issues of fact through an attack on the face of the pleadings. The Motion should be denied in its entirety.

First, as noted above, Plaintiff intends to file an amended complaint within the deadlines of Fed.R.Civ.P. 15(a) but files this Opposition so as not to run afoul of L.R. 7-12, which states that "[f]ailure to file any required document. . . may be deemed consent to the granting or denial of the motion."  Courts have raised concerns as to whether similar rules are consistent with Rule 12(b)(6). *E.g.*, *Cohen v. Board of Trustees of the University of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016) (local rule allows a district court to grant a motion to dismiss because it is unopposed rule places the burden of persuasion on the nonmoving party in contradiction to Rule 12(b)(6)). Circuits are split on the issue. *See, e.g.*, *Cohen v. Board of Trustees of the University of the Dist. of Columbia*, 819 F.3d 476,

481–482 (D.C. Cir. 2016), (the majority of circuits "prohibit district courts from granting a motion to dismiss solely because the plaintiff failed to respond"); *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (local rule may permit dismissal based on non-opposition if "the result does not clearly offend equity"). Plaintiff maintains that its complaint is adequately plead, but responds briefly below to Defendant's arguments.

## II. ARGUMENT

### A. Plaintiff Is Not Required To Specifically Every Fact Supporting Infringement Allegations

Defendant's Motion attempts to hold Plaintiff to a higher standard of pleading than required under the Federal Rules. As noted by Professor Nimmer:

> Courts will sustain a complaint under *Twombly* even when it admits on its face that "it is not known without further discovery" whether defendant even infringed at all. So long as the allegations of the complaint as a whole "raise a reasonable expectation that discovery will reveal evidence of the necessary elements for copyright infringement," plaintiff may continue to prosecute the case.

3 Nimmer on Copyright § 12.09 (2024).

### B. Plaintiff Has Adequately Plead Ownership.

Defendant argues that Plaintiff has not shown itself to the owner of the Copyrights, stating that ownership is only mentioned in Paragraph 6 of the Complaint. This is incorrect.

The following are some of the multiple allegations of ownership in the Complaint:

> "2. Plaintiff's content identified in this case is registered with the U.S. Copyright Office (the "Works")."

1   "27. A schedule of the copyright registrations for Plaintiff's works at issue is
2   attached as **Exhibit B** (the "Subject Works")."
3   "59. Plaintiff owns copyrights in the Subject Works."
4   "60. Plaintiff has valid registrations with the United States Copyright Office
5   for each of the Subject Works."
6   "74. Unknown individuals, without authorization, reproduced and distributed
7   Plaintiff's works through Defendants' websites, directly infringing Plaintiff's
8   Subject Works.'"

**C.  An Assignment Need Not Be Plead**.

There is no requirement to plead an assignment of copyright. Under the Copyright Act of 1976 as initially enacted, the obligation to record a transfer applied to any case in which the plaintiff was someone other than the author. In such circumstances, the plaintiff must first record in the Copyright Office "the instrument of transfer" under which the plaintiff asserts ownership of the rights allegedly infringed.  However, after the enactment of the Berne Convention, as to infringements occurring after March 1, 1989, this requirement no longer applied. . *Peer Int'l Corp. v. Latin Am. Music Corp.*, 161 F. Supp. 2d 38, 49 (D.P.R. 2001)

**D.  Copies of the Infringed Work Are Not Required to Be Attached to the Complaint.**

"In a statutory infringement action, it is no longer necessary that either a copy of the work allegedly infringed, or a copy of the allegedly infringing work, accompany the complaint." 3 Nimmer on Copyright § 12.09 (2024).

**E. The Facts Underlying Registration Need Not Be Plead In The Complaint.**

Because of the presumption of validity raised by a registration, the Defendant – not the Plaintiff -- has the burden of proving noncompliance with the registration-deposit requirement. Nor must Plaintiff prove that the copy of the work that accompanies the complaint is identical to the copy or copies theretofore deposited with the Copyright Office, unless the defendant raises this issue later in the matter. 3 Nimmer on Copyright § 12.09 (2024)

Under both the Copyright Act of 1909 and the Copyright Act of 1976, registration by the Copyright Office is prima facie evidence of copyrightability. 1909 Act, § 55, 35 Stat. 1075, 1086 (1909) (repealed 1976); 1976 Act, § 410(c), 90 Stat. 2541, 2583 (1976) (codified at 17 U.S.C. § 410(c)). This presumption shifts the burden of proof to the challenging party to demonstrate why the item in question is not copyrightable. H.R. Rep. No. 1476, 94th Cong., 2d Sess. 157 (1976), *reprinted in* 1976 U.S. Code Cong. & Ad. News 5659, 5773. The defendants failed to meet their burden. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1019 (9th Cir. 1985). These arguments apply at the summary judgment stage, if at all. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019) ("at the pleading stage, Malibu successfully alleged ownership of valid, registered copyrights"). Actionable copying requires pleading of facts plausibly showing either (1) "that the two works in question are strikingly similar," or (2) "that [the works] are substantially similar and that [Defendants] had access to the [Subject Work]." *Id.*

Dismissal at the pleading stage requires that it must be the case that "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar to" the original copyrighted work. *Gregorini v. Apple Inc.*, 2022 U.S. App. LEXIS 4640, at

4
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

*3-4 (9th Cir. Feb. 22, 2022) (citing *Rentmeester*, 883 F.3d at 1123.)

### F.  Prelawsuit Negotiations Are Not a License.

Defendant claims that negotiations that broke down equate to "permission." If this were the case, parties would be encouraged to litigate rather than talk. Further, there is no consideration supporting a license.  Defendant never gave Plaintiff anything. *Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc.,* No. CV 10-1662 SVW (PJWx), 2010 U.S. Dist. LEXIS 151460, at *25 (C.D. Cal. June 28, 2010 (license possible where "undisputed facts demonstrated that from the inception of the License Agreement, Doculex paid royalty payments to ExperExchange for the use of RTK software in numerous products; that ExperExchange accepted such payments and never notified Doculex that its use of the software in those products exceeded the License Agreement; that ExperExchange renewed the License Agreement for years; and that ExperExchange encouraged Doculex to use its software in as many products as possible and knew that they were in fact doing so.")

### G.  The Statute of Limitations Does Not Bar This Suit

Defendant claims that the statute of limitations bar this suit because there was some contact between the parties regarding potential banner ads in 2020, and they subsequently had negotiations that broke down.  However, these communications are not part of the Complaint, and it is unclear from the Complaint or the Motion which works in the 92 pages of infringing links this applies too.

Moreover, the letters from Plaintiff are not authenticated.  It would be unfair for Plaintiff to have its entire case time barred forever because of some preliminary discussions regarding licensing.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Motion in its entirety and permit the litigation to go forward.

Dated: January 17, 2025              Respectfully submitted,

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff
PCR Distributing Co.

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Plaintiff, PCR Distributing Co, certifies that this brief contains 1,390 words, according to the word count feature of the computer program used to prepare this brief, which complies with the word limit of L.R. 11-6.1.

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff
PCR Distributing Co.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Wilson
Jennifer M. Rynell
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248

Glenn T. Litwak
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401

By: _____/s/ Eric Bjorgum_____
A. Eric Bjorgum