ERIC BJORGUM (State Bar No. 198392)
Eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 955-5010

Attorneys for Plaintiff PCR Distributing, Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1 – 10, d/b/a NHENTAI.NET,<br><br>Defendants. | Case No. 2:24-cv-07453-FLA-AJR<br><br>**PLAINTIFF'S OPPOSITION TO NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER**<br><br>Date: February 12, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. A. Joel Richlin<br>Courtroom: 780<br>Place: Roybal Federal Building and<br>    U. S. Courthouse<br>    255 E. Temple Street<br>    Los Angeles, California 90012 |

PLAINTIFF'S OPPOSITION TO NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................2

   A. NHentai Must Show Compelling Reasons for a Protective Order ....................2

   B. The Standards for Concealing a Party's Identity Are Particularly Stringent......3

   C. NHentai's Motion Doesn't Come Close to Meeting Its High Burden ...............4

      1. The Motion Cites No Evidence Whatsoever ...................................................4

      2. There is No "Severity of the Threatened Harm" ............................................4

      3. There is No "Reasonableness of Anonymous Party's Fears".........................5

      4. There is No "Vulnerability"..............................................................................5

   D. NHentai's Motion Misleads the Court as to Discovery Previously Sought ......6

   E. NHentai's Arguments and Authorities Are Irrelevant.........................................6

   F. NHentai's Motion is Procedurally Defective.......................................................9

   G. The Relief Sought By the Proposed Order is Vague and Inconsistent .............9

III. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*BWP Media USA, Inc. v. Crowdgather, Inc.*, 2014 WL 12601054, (C.D. Cal. July 28, 2014) ................................................................................................... 7, 8

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) .................................................................................................................. 3

*In re DMCA Subpoena to Cloudflare, Inc.*, No. 2:24-mc-00084-JFW-PVC (C.D. Cal. July 15, 2024) ................................................................................................. 6

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) .......................................................................................................... 2, 4, 5

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 557 (1980) ..................... 3

*Siemens Prod. Lifecycle Mgmt. Software,* Inc. *v. Does 1-100*, 2016, WL 9275398, at *2 (E.D. Tex. July 7, 2016) ............................................................................. 8

*United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1981) ................................ 3

**Other Authorities**

17 U.S.C. § 512 ..................................................................................................... 8

Fed. R. Civ. P. 15(a) ............................................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff PCR Distributing Co. ("PCR") hereby files the following Opposition to Defendant NHentai.net's ("NHentai") Motion for Protective Order ("Motion").

## I.  INTRODUCTION

Given the "strong presumption of access in civil cases," NHentai bears a very heavy burden to prove that it is entitled to a protective order shielding the very *identities* of the owners of the NHentai website from public disclosure. NHentai has made no serious attempt to meet that burden. In fact, the Motion presents a smorgasbord of reasons why it should be denied.

- The Motion attaches *no evidence*. It is based entirely on argument, not fact.

- Most of the "facts" asserted in the Motion are irrelevant in any event because they presume that Plaintiff wishes to divulge the identities of end-users.

- NHentai identifies no real basis for exempting its owners from the ordinary obligations to self-identify other than that they would really, really prefer not to.

- NHentai's fantastical claims about Plaintiff's supposed nefarious plans if it learns the identity of NHentai's owners are entirely speculative.

- The relief sought in NHentai's protective order is not only overbroad; it actually conflicts with *itself*.

- NHentai hasn't even complied with the basic procedural requirements for seeking such relief.

What is really going on here is that NHentai is an extremely profitable pirate website. Its operators know that the more they can delay and confuse this case, the more money they can make before they have to face the music for what they've done. The Court should reject this latest stall tactic out of hand.

///

///

## II. ARGUMENT

### A. **NHentai Must Show Compelling Reasons for a Protective Order**

The Court's own web page sets forth the high bar that NHentai would need to meet in order to be entitled to the relief requested by its Motion:

> The Court may enter a protective order only upon a showing of good cause. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) (parties must make a "particularized showing" under Rule 26(c)'s good cause requirement for court to enter protective order).

*See* https://www.cacd.uscourts.gov/honorable-joel-richlin (emphasis added).

The Ninth Circuit's *Kamakana* decision described in detail why "compelling reasons" must be given to overcome the "strong presumption" against keeping information out of the public eye:

> Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. . . . [I]f the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (quotations and citations omitted).

At the October 30, 2024 hearing, hearing on NHentai's prior motion for a protective order, Defendants sought to proceed as John Doe parties in this case. The Court clearly stated that such a request is highly unusual in a commercial case and is not likely to succeed. Now Defendants are asking for effectively the exact same relief:

2

PLAINTIFF'S OPPOSITION TO NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER

to keep all of their identifying information, other than as the owners and operators of the NHentai website, out of public filings. In fact, Plaintiff's Opposition to that motion included a Declaration with an exhibit (Dkt. No. 22-2, Exh. B) where Plaintiff wrote in October, 2024 "I want to clarify that we are not looking for end user or customer information. . . [w]e are looking for sufficient information that would show who is maintaining and operating the site." Months later, Defendants continue to conflate these two categories of information. Defendants want to designate their identities "confidential attorneys' eyes only." This is really just John Doe by another name.

### B. The Standards for Concealing a Party's Identity Are Particularly Stringent

NHentai's owners are seeking a protective order regarding one of the most basic items of information in any case: their identities. "A [party]'s use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). The presumption that a party's identity should be disclosed is constitutional in nature; the First Amendment gives the public a right of access to judicial processes and records. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 557 (1980).

In the Ninth Circuit, a party may proceed anonymously only in the "unusual case" when nondisclosure of the party's identity "is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir.1981). The factors a district court should consider in determining whether a case before it is such an "unusual case" include "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Does I thru XXIII*, 214 F.3d at 1068 (citations omitted).

### C. **NHentai's Motion Doesn't Come Close to Meeting Its High Burden**

#### 1. **The Motion Cites No Evidence Whatsoever**

NHentai's Motion is not accompanied by a declaration. It attaches no exhibits. It is based on *no evidence*, let alone admissible evidence. It should be denied on this basis alone. *See Kamakana v. City and County of Honolulu*, 447 F.3d at 1178 (proponent of protective order "must articulate compelling reasons supported by specific factual findings.").

#### 2. **There is No "Severity of the Threatened Harm"**

NHentai asserts that "Plaintiff and its counsel are clearly attempting to use information as a weapon." (Motion at 2:24). Despite the use of the "weapon" analogy, there is no contention that NHentai's owners or operators are actually in any physical danger from Plaintiff (or anyone else, for that matter). This is not a case where a victim of sexual assault is naming her accuser, or where a whistleblower is exposing corruption within a union. This is a copyright infringement case involving unauthorized use of Plaintiff's registered works on a website.

Nor does NHentai identify any particular financial harm its owners/operators would suffer if their identities were revealed. They fail to explain how it would hurt their business if their identities were known. (Disclosure often impedes those engaged in illegal business dealings, but that is not a *legitimate* harm to be avoided.)

NHentai seems to suggest that there may be some sort of reputational harm in being associated with the wrongs alleged in the complaint. But that is hardly a basis for a protective order. *See Kamakana v. City and County of Honolulu*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records."). Indeed, that is the same "harm" that thousands of defendants face every day in state and federal courts throughout the nation. If Defendants believe the allegations are untrue, their "remedy" is to attempt to disprove them, not conceal their identities.

To the extent that NHentai describes any potential harm at all in its owners'/operators' identities being disclosed, it is that they might then be named as defendants in this action. Motion at 8:18-21 ("If the names of the individuals who own www.nhentai.net are made known to Plaintiff without restriction, *Plaintiff will undoubtedly immediately seek to amend its pleadings* making this information public.") (emphasis added). This is exactly why their identities are *supposed to* be disclosed. *See Kamakana v. City and County of Honolulu*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to . . . exposure to further litigation will not, without more, compel the court to seal its records.").

### 3. There is No "Reasonableness of Anonymous Party's Fears"

NHentai argues that "[t]he specific harm and prejudice to Nhentai.net is that the Plaintiff in this matter has shown particular animus toward Nhentai.net and even its counsel and taken public action accordingly." (Motion at 8:2-4). The factual predicate for Plaintiff's supposed "particular animus" and willingness to "take[] public action accordingly" is that Plaintiff has . . . sought discovery regarding Defendants' identities.

NHentai's argument is completely circular. NHentai repeatedly refers to the supposed *certainty* of harm, without explaining what that harm *is*. *See, e.g.,* Motion at 5:8-9 (referencing the need to "mitigate the near certain harm from improper use and/or disclosure of information by" Plaintiff). NHentai has come nowhere near meeting its burden.

### 4. There is No "Vulnerability"

NHentai's owners/operators do not contend that they are particularly vulnerable to whatever retaliation they might imagine could occur. They don't claim they are part of any disadvantaged or marginalized group. They don't assert that they are physically frail or suffer from any mental or physical impairments. They don't suggest that their social, cultural, or economic circumstances make them especially

5

likely to be preyed upon if their identities are disclosed. Indeed, they haven't disclosed *anything* about themselves—how many of them there are, or what their ages, locations, or other characteristics are—such that the Court could possibly weigh this factor and find in their favor on it.

### D. NHentai's Motion Misleads the Court as to Discovery Previously Sought

In an attempt to conjure up an actual innocent victim whose privacy interests might be worth protecting, NHentai misleadingly asserts that Plaintiff previously issued a subpoena seeking information regarding every one of NHentai's *end users*. *See* Motion at 6:3-8.

This is absolutely untrue. Plaintiff's subpoena was narrowly tailored to focus on the identities of those who were *responsible for* NHentai's infringement: "all documents, account records, and any other information *that identify the person(s) or entities that caused the infringement of* the material described in the attached Exhibit . . . ; and/or operator and/or owner *who unlawfully uploaded and/or facilitated PCR Distributing, Co.'s copyrighted works . . . .*" *In re DMCA Subpoena to Cloudflare, Inc.*, No. 2:24-mc-00084-JFW-PVC (C.D. Cal. July 15, 2024), Dkt. No. 5, at 4.

Contrary to NHentai's assertion, Plaintiff has never gone on some half-cocked "fishing expedition" seeking a broad array of irrelevant information regarding non-infringers. Rather, Plaintiff's prior motion for early discovery has *always* been focused on the owners/operators of NHentai, or those otherwise responsible for its copyright infringement. (*E.g.,* D.N. 10-3, the Proposed Order on the Motion for Early Discovery seeking "information that will reasonably lead to the discovery of Defendants' identities and locations.")

### E. NHentai's Arguments and Authorities Are Irrelevant

To the extent that there is any substance to NHentai's Motion, the crux of it is that because its concurrently filed motion to dismiss or strike the complaint is a sure

6

PLAINTIFF'S OPPOSITION TO NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER

fire winner, it would be prejudicial for NHentai's owners/operators to even be named and associated with the complaint unless and until, at a minimum, Plaintiff's complaint can survive that motion.

As an initial matter, NHentai's motion to dismiss has been (or soon will be) rendered moot. Plaintiff has already given notice (Dkt. No. 36) of its intent to amend its complaint, as is its right pursuant to Fed. R. Civ. P. 15(a). Thus, for all practical purposes, there is no "pending" motion to dismiss.

In any event, NHentai's argument puts the cart before the horse. The Court cannot consider the merits of NHentai's motion to dismiss in determining whether there is good cause to grant *this* Motion. Even if the Court could do so in theory, there is no basis for the Court to do so *here*. NHentai's Motion reads as if it's the success of its motion to dismiss were a *fait accompli*—indeed, as if it had *already been granted. See* Motion at 9:6-18 ("Protection of such information is especially critical here where any underlying allegations of copyright infringement against even the *entity* **have been shown** to be completely false and brought in bad faith," (original italics; boldface added). But of course, nothing "has been shown" regarding the merits of Plaintiff's complaint (either the original or amended complaint). And NHentai has offered no basis to conclude that its motion to dismiss would be granted. Plaintiff, of course, believes that NHentai's challenge to its complaint will be easily rejected. But that is for a different Motion.

NHentai cites to two unpublished decisions where a court ostensibly granted a protective order pending resolution of the defendant's attack on the pleadings. But NHentai misleads the Court as to what was at issue in those cases and what was held.

NHentai asserts that the court in *BWP Media USA, Inc. v. Crowdgather, Inc.*, 2014 WL 12601054, (C.D. Cal. July 28, 2014), "issued a protective order 'limit[ing] disclosure of identifying information about infringing users to attorneys' eyes only" as a safeguard *until it could be determined if they were potentially proper parties.*"

7

Motion at 7:8-11 (emphasis added). In fact, the court in *BWP Media* limited disclosure of their identities until it could be determined whether these infringing users were "the employees or agents of Defendant." *BWP Media USA*, 2014 WL 12601054 at *3. Here, Plaintiff is seeking the identities of the owners and/or operators of defendant NHentai who were responsible for the infringement. (Moreover, unlike in *BWP Media*, the complaint here specifically alleges that any infringing content was *only* uploaded by NHentai's owners/operators, *not* third parties. *See* Dkt. 1 at ¶ 36.) There is no question that, whoever these individuals are, they are "the employees or agents of" NHentai. The ruling in *BWP Media* either has no applicability to this case, or it supports *Plaintiff*.

In the other case cited by NHentai, *Siemens Prod. Lifecycle Mgmt. Software, Inc. v. Does 1-100*, 2016, WL 9275398, at *2 (E.D. Tex. July 7, 2016), the Doe defendant *did* provide particularized information about his industry and how being named could affect his reputation. *See id.* at *2. Moreover, as in *BWP Media*, the plaintiff in *Siemens* had not yet established the Doe defendant's "connection to the IP address at which the allegedly infringing activity occurred." *Id.* Here, by contrast, NHentai's owners and operators are necessarily connected to the infringement alleged to have occurred on the NHentai website.

NHentai also points to the fact that Plaintiff previously sought a subpoena pursuant to 17 U.S.C. § 512, then dismissed that miscellaneous action and subsequently filed this suit against NHentai instead, as somehow indicating that Plaintiff has been abusing discovery or that its claims are not meritorious. *See* Motion at 5:26-6:14. The reason Plaintiff dismissed its subpoena is protected by attorney-client privilege. Suffice it to say, however, that NHentai's website is a massive piracy operation, so the DMCA subpoena was somewhat of a formality to attempt to obtain the identity of the defendants rather than go through the litigation process and obtain a judgment that may or may not be enforceable. As the Court may remember, after the

8

initial hearing in this case, defense counsel admitted that the defendants have a presence in the United States. So bringing this action was clearly warranted, and it should proceed to a judgment that can be enforceable in this country.

### F. NHentai's Motion is Procedurally Defective

This Court's web page specifies, in detail, the procedures and requirements for seeking protective orders. NHentai followed almost none of them. Further, Judge A. Joel Richlin and Judge Aenlle-Rocha's web pages make clear that parties should not seek to overreach in their definition of confidentiality, and must define with specificity what is to be protected. Among other things, "[s]tipulated protective orders must satisfy Rule 26 of the Federal Rules of Civil Procedure, the Ninth Circuit's standards for protective orders, and the Local Rules of this Court." https://www.cacd.uscourts.gov/honorable-joel-richlin. In the event of a dispute regarding a protective order, "the procedure for obtaining a decision from the Court is set forth in Local Civil Rule 37." *Id.* Local Civil Rule 37-2 provides that "[i]f counsel are unable to settle their differences, they must formulate a written stipulation unless otherwise ordered by the Court." The stipulation must be set forth in one document signed by both counsel." Local Civil Rule 37-2-1. Where a party fails to file a joint stipulation or make the form of one available to opposing counsel, the motion is to be denied. *See* Local Civil R. 37-2.4 ("The Court will not consider any discovery motion in the absence of a joint stipulation . . . .").

Here, NHentai never presented a form of a joint stipulation to the Plaintiff's counsel and never submitted one to the Court.

This alone is grounds to deny the Motion.

### G. The Relief Sought By the Proposed Order is Vague and Inconsistent

Even if the Court were inclined to grant NHentai some relief, it could not do so based on the proposed order submitted to the Court with this Motion. (Dkt. 32-1.)

9

PLAINTIFF'S OPPOSITION TO NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER

Parties cannot overreach in their efforts to have information deemed confidential. *See* https://www.cacd.uscourts.gov/honorable-joel-richlin ("[T]he Court will not enter a protective order that provides for the automatic sealing of all confidential documents."); Judge Aenlle-Rocha's web page is generally in accord. *See* https://www.cacd.uscourts.gov/honorable-fernando-l-aenlle-rocha ("Sealing must be justified for each individual item. Blanket claims of confidentiality will result in denial of the application. Counsel must weigh carefully whether sealing is necessary for a particular piece of evidence or argument.").

Here, NHentai's proposed order goes well beyond the discovery Plaintiff has sought. In the first paragraph, NHentai asks the Court to order that "any identifying information obtained by Plaintiff PCR Distributing, Co. ('PCR' or 'Plaintiff') regarding Nhentai.net and/or the names and other personal information of *individuals associated* with Nhentai.net must be treated as 'Confidential Attorneys' Eyes Only.'" (Dkt. 32-1 at 2:6-9) (emphasis added). Plaintiff has never sought discovery regarding the identities of any and all individuals *associated with* NHentai. Plaintiff frankly doesn't even know what that category of individuals would consist of: employees of NHentai? Users of NHentai? Those who have referred to NHentai in social media posts? NHentai cannot entitle itself to a protective order by seeking to protect a straw man category of information Plaintiff has never asked for.

In the next paragraph, NHentai further seeks an order that "any such information shall not be made public or disclosed in any manner other than between outside counsel of record for the parties in this case until the Court rules on Nhentai.net's motions to dismiss and/or strike or until further order of the Court." *Id.* at 2:10-13. Unlike this paragraph, the first paragraph of the proposed order is *not* temporarily limited to the pendency of NHentai's motion to dismiss. Rather, the proposed order apparently wants the identity of NHentai's owners/operators to remain secret from Plaintiff itself *indefinitely*.

10
PLAINTIFF'S OPPOSITION TO NHENTAI.NET'S MOTION FOR PROTECTIVE ORDER

But the only way the identity of the defendants could remain a secret from Plaintiff is if they either filed *all* submissions to the Court under seal or file them anonymously as Doe defendants. So either NHentai is seeking an impermissible blanket motion to file under seal, or is seeking to remain completely anonymous—which this Court already told them they could not do! Either way, the proposed order demonstrates that NHentai is seeking relief to which it cannot possibly be entitled.

## III.   CONCLUSION

For the foregoing reasons, this Court should deny NHentai's Motion in its entirety.

Dated:  January 22, 2025            Respectfully submitted,

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff
PCR Distributing Co.

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Plaintiff, PCR Distributing Co, certifies that this brief contains 3,253 words, according to the word count feature of the computer program used to prepare this brief, which complies with the word limit of L.R. 11-6.1.

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff
PCR Distributing Co.

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Wilson
Jennifer M. Rynell
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248

Glenn T. Litwak
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401

By: _____/s/ Eric Bjorgum_____
A. Eric Bjorgum