John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET,<br><br>*Defendants* | Case No. 2:24-cv-07453-CVD-AJR<br><br>**NHENTAI.NET'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 12, 2025; 1:30 p.m.<br>Place: Roybal Federal Building and United States Courthouse, Courtroom 780, 7th Floor, 255 E. Temple Street Los Angeles, California 90012<br>Honorable Judge A. Joel Richlin |

## MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

The operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), hereby file this Reply in Support of its Motion for Protective Order ("Motion") Dkt. No. 32.

The vast majority of Plaintiff's arguments in opposition to Nhentai.net's request for a protective order are completely irrelevant and do not in any way undercut Nhentai.net's Motion. Plaintiff cites and discusses factors that relate to relief not requested by Nhentai.net. Plaintiff repeatedly mentions attempts to seal court documents and filings and cites cases relating to that. Plaintiff also asserts concerns about public transparency of the court system. These arguments are not relevant to Nhentai.net's Motion pending before the Court. Nhentai.net's Motion does not seek to file documents under seal and to the extent that Nhentai.net sought to seal some future Court filing, it would seek leave as required by the local rules.

To be clear, Nhentai.net's request for a protective order is that the identity of the entity and the names and other personal information of individuals related to the entity be held as attorneys' eyes only for a very short period of time while the Court considers and rules on Nhentai.net's motions to dismiss and/or strike.

Nhentai.net also does not believe there should be any Court filings during the timeframe in which the protective order is requested. If there are any required disclosures or other discovery, for example, such information would simply be *served* on Plaintiff's counsel and not *filed* with the Court. The public would not have access to that information anyway. It is no different than if information was produced pursuant to a standard protective order in a case, designated with some level of confidentiality, with a requirement that it be handled accordingly. There can be no harm to the public by limiting what Plaintiff and its counsel can do with non-public information. And there is no harm to Plaintiff or its counsel that justifies its vehement opposition to any restrictions on their use of non-public and sensitive information.

1  Based on what Plaintiff has done to date with information in its possession,
2  Nhentai.net has real and legitimate concerns about how its information would be
3  handled even subject to a protective order, given Plaintiff's frivolous filings.
4    Lastly, Plaintiff either misunderstands or misstates the *BWP Media* case cited
5  by Nhentai.net. *BWP Media USA, Inc. v. Crowdgather, Inc.*, No.
6  CV1305318GWJEMX, 2014 WL 12601054 (C.D. Cal. July 28, 2014). The plaintiff
7  in that case sought information by way of a Motion to Compel Defendant To
8  Disclose Users' Identities for purposes of identifying alleged infringers. *Id.* at *3.
9  That is exactly what Plaintiff asserts it intends to do here with identifying
10 information discovered. And the *BWP Media* court granted protection limited in time
11 regarding the requested identifying information:

> [T]he Court GRANTS Plaintiffs' Motion to Compel as to Interrogatory Nos. 5 and 8 but subject to the proviso that the identifying information can be used solely for the purposes of this litigation and, for the time being, is limited to "attorneys' eyes only." Plaintiffs may use the identifying information for purposes of discovery and depositions to determine whether there is any basis to its allegation that posters, particularly "excessive posters," are the employees or agents of Defendant.

18 *Id*. Plaintiff has shown its hand repeatedly in seeking to have no restrictions on use
19 of any non-public information obtained. *See, e.g.*, Pl.'s Reply Mot. Early Disc. and
20 Opp'n to Mot. Protective Order 4 n1, Dkt. No. 22. And contrary to Plaintiff's
21 allegation that the individuals behind the entity are "necessarily connected" to the
22 alleged infringement (Dkt. No. 37 at 8:16-18), that does not make them proper
23 parties in this case or their non-public information subject to disclosure. This is
24 especially true given that Plaintiff's Complaint, and now First Amended Complaint,
25 include alter ego allegations lodged without any knowledge in support thereof or
26 good faith basis to assert. *See* Compl. ¶¶ 10, 33, Dkt. No. 1; First Amended Compl.
27 ¶ 37 at 8:16-18, Dkt. No. 40. This is one example of how Defendant *admits* it will

use the information obtained without restriction, i.e., to support baseless claims. Dkt. No. 37 at 5:1-9. Further, the *Kamakana v. City and Cnty. of Honolulu* case cited by Plaintiff in opposing a protective order actually dealt with sealing or unsealing Court filings. 447 F.3d 1172, 1176 (9th Cir. 2006). Again, this is not relevant to the limited relief Nhentai.net seeks in its Motion. Even if that authority's rationale with respect to protection of information were applicable to Nhentai.net's Motion, that case also stated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files ***might have become a vehicle for improper purposes***,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)) (emphasis added). The actions already taken in this Court and District by a copyright troll like Plaintiff with respect to its bogus infringement allegations would be a compelling reason to restrict its use of non-public, identifying information, at least for the short timeframe requested. Plaintiff may very well have provided the express permissions to Nhentai.net to use its allegedly copyrighted materials (as repeatedly shown to the Court) in an attempt to steal Nhentai.net's entire domain. This would unquestionably be use of information and of this Court for improper purposes.

In conclusion, Nhentai.net respectfully asks the Court to issue a protective order shielding any identifying and/or non-public information as to Nhentai.net and or any individuals relating to Nhentai.net as "Confidential Attorneys' Eyes Only" and not subject to any disclosure until further order of the Court, at least until issuance of rulings on Nhentai.net's motions to dismiss and/or strike.

**DATED**: January 29, 2025                    Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson (*Pro Hac Vice*)

**REPLY ISO MOTION FOR PROTECTIVE ORDER**                                                              **PAGE 3**

Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*
Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**Attorneys for Nhentai.net**

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Nhentai.net certifies that this brief contains 979 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

## CERTIFICATE OF SERVICE

On January 29, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell