UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge | |
|---|---|---|
| Leah Krivitsky for Claudia Garcia-Marquez | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | | Attorneys for Defendants(s): |
| None Present | | None Present |

**Proceedings (In Chambers):**     **ORDER DENYING MOTION FOR PROTECTIVE ORDER (DKT. 32)**

On August 30, 2024, Plaintiff PCR Distributing Co. ("Plaintiff") filed a Complaint for copyright infringement, vicarious copyright infringement, contributory copyright infringement, and inducement of copyright infringement (the "Complaint") against "John Does 1-10, d/b/a Nhentai.net." (Dkt. 1.) On September 4, 2024, all discovery-related motions filed in this action were referred to the undersigned magistrate judge pursuant to General Order No. 05-07. (Dkt. 6.) On December 2, 2024, Plaintiff filed a fully executed Waiver of Service of Summons. (Dkt. 28.) On January 6, 2025, the operators of www.nhentai.net, *i.e.*, the entity that owns www.nhentai.net ("Defendant"), filed a Motion to Dismiss the Complaint as well as a Motion for a Protective Order. (Dkts. 31-32.) On January 22, 2025, Plaintiff filed an Opposition to Defendant's Motion for Protective Order (the "Opposition"). (Dkt. 37.) On January 27, 2025, Plaintiff filed a First Amended Complaint ("FAC") against "John Does 1-10, DBA nHentai.net and nHentai.to." (Dkt. 40.) On January 29, 2025, Defendant filed a Reply in Support of Motion for Protective Order (the "Reply"). (Dkt. 41.) On January 30, 2025, the District Judge denied Defendant's Motion to Dismiss as moot in light of the FAC. (Dkt. 23.)

In the Motion for Protective Order, Defendant seeks a "protective order shielding any identifying information as to Nhentai.net and or any individuals relating to Nhentai.net as 'Confidential Attorneys' Eyes Only' and not subject to any disclosure until further order of the Court, at least until issuance of rulings on Nhentai.net's motions to dismiss and/or strike." (Dkt. 32 at 10.) Specifically, "the operators of www.nhentai.net, the entity that owns www.nhentai.net ('Nhentai.net'), who has been named as Doe defendant by PCR Distributing, Co. ('Plaintiff' or 'PCR') in this matter, will and do hereby move for a protective order relating to public disclosure of the name and identifying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

information of the entity that owns Nhentai.net as well as the name and other personal information of individuals associated with Nhentai.net." (Id. at 2.) Thus, it appears that a corporate entity owns the website www.nhentai.net and that the corporate entity is seeking to proceed in this litigation without identifying itself and instead simply referring to itself as Nhentai.net (at least until Defendant has an opportunity to file a motion to dismiss and/or strike the FAC and the District Judge rules on the motion(s)). (Id.)

The Court has determined that it is appropriate to take Defendant's Motion for Protective Order under submission without a hearing. See Fed. R. Civ. Proc. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court DENIES Defendant's Motion for Protective Order. (Dkt. 32.)

I.   LEGAL STANDARD.

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). The U.S. Court of Appeals for the Ninth Circuit permits parties to proceed by pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Id. at 1067–68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir.1981)).

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." Kamehameha, 596 F.3d at 1042 (internal quotation marks and ellipses omitted). Where a party has "demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, see FED. R. CIV. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see FED. R. CIV. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." Advanced Textile, 214 F.3d at 1069. The Ninth Circuit has recognized "that the balance between a party's need for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." Id.

**II.   DISCUSSION.**

As set for the below, the Court concludes that the balance of factors weigh heavily against permitting Defendant to proceed by pseudonym. The Court addresses each factor below, in turn.

   **1.   Severity Of The Threatened Harm.**

Defendant contends that "[t]he specific harm and prejudice to [Defendant] is that the Plaintiff in this matter has shown particular animus toward [Defendant] and even its counsel and taken public action accordingly." (Dkt. 32 at 8.) Defendant further contends that "Plaintiff has taken significant improper legal actions with respect to [Defendant] already in the court system and will, no doubt, continue to do so." (Id.) Specifically, Defendant asserts that Plaintiff has sought "vastly overreaching discovery" and "even went as far as naming counsel for Nhentail.net *personally* in the alleged facts in its Complaint in this case." (Id.) Thus, Defendant contends that "Plaintiff and its counsel have unquestionably misused and will continue to misuse information in its possession." (Id.) Defendant also appears to be alleging harm based on Plaintiff's "bogus infringement allegations." (Dkt. 41 at 4.)

However, the Court notes that Defendant has not submitted any evidence in support of the Motion for Protective Order, such as a declaration. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (explaining that the party seeking to limit public access to court records "must articulate compelling reasons supported by specific factual findings" (brackets omitted)). Moreover, the only specific alleged harms identified by Defendant are overreaching discovery and improper allegations in the Complaint, both of which will be discussed below.

   **2.   Reasonableness Of The Anonymous Party's Fears.**

The Court concludes that Defendant's identified harms related to discovery and the allegations in the Complaint are not reasonable. With regard to Defendant's concerns related to overreaching discovery, the Court notes that the District Judge has not yet set a date for a scheduling conference and the parties have not yet held a Rule 26(f) conference,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

and therefore, the time for discovery has not even commenced. See Fed. R. Civ. Proc. 26(d)(1). Moreover, the Court previously denied Plaintiff's Motion to Expedite Discovery. (Dkt. 23.) Thus, Defendant's concerns related to overreaching discovery are simply not supported by the record in this case. To the extent that Plaintiff serves discovery in the future that Defendant believes exceeds the scope of Rule 26, Defendant can seek a protective order, and has done so successfully in this very case.

With regard to Defendant's concern related to the allegations in the Complaint, such as allegedly "bogus infringement allegations," (Dkt. 41 at 4), Defendant can file a motion to dismiss and/or a motion to strike allegedly inappropriate pleadings or portions of pleadings. See Fed. R. Civ. Proc. 12(b), (f). In fact, Defendant did exactly that on January 6, 2025. (Dkt. 31.) On January 27, 2025, Plaintiff filed a First Amended Complaint, (Dkt. 40), and therefore, the District Judge denied Defendant's Motion to Dismiss and Strike as moot on January 30, 2025. (Dkt. 43.) However, if Defendant continues to have concerns about the allegations in the First Amended Complaint, Defendant can, and presumably will, file a new motion to dismiss and strike. Thus, Defendant has ample means to protect itself against inappropriate allegations in the pleadings and does not need to proceed by pseudonym. See Doe v. Wynn Resorts Ltd., 2023 WL 4561527, at *5 (D. Nev. July 17, 2023) ("A party does not meet its burden by merely alleging a fear that a person will sue them.").

The Ninth Circuit has explained that the first two factors, severity of the threatened harm and reasonableness of the party's fears, are "the two most important factors" and "should be addressed together." Kamehameha, 596 F.3d at 1033. Here, the Court concludes that Defendant has failed to present any evidence demonstrating a fear of severe harm from disclosure of its identity that is reasonable. See id. at 1043 ("In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.").

### 3. The Anonymous Party's Vulnerability To Such Harm.

Defendant simply does not claim to be vulnerable and has not provided any information from which the Court could make a finding of vulnerability. (Dkts. 32, 41.) For example, Defendant dose not claim to be part of any disadvantaged or marginalized group, subject to physical or mental harm, or otherwise unable to defend itself in this litigation. See, e.g., Advanced Textile, 214 F.3d at 1072 (finding nonresident foreign workers vulnerable because they did not have the freedom to quit working, they lived in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

company housing, and were subject to being deported almost instantly); Kamehameha, 596 F.3d at 1045 (finding four non-native Hawaiian children vulnerable because they sought admission to a school for native Hawaiians, the case had generated a large public debate, and the children had received threats of physical harm from the public). Accordingly, the Court cannot conclude that Defendant is vulnerable to any of the alleged harm.

    **4.**    **Prejudice To The Opposing Party.**

Neither party addresses the potential for prejudice to Plaintiff from Defendant being permitted to proceed by pseudonym. Accordingly, the Court cannot make any finding of prejudice based on the current record.

    **5.**    **The Public Interest.**

By contrast, permitting Defendant to proceed by pseudonym would burden the public's "general right to inspect and copy public records and documents, including judicial records and documents." Kamehameha, 596 F.3d at 1042-43 (internal quotation marks omitted). Indeed, there is a presumption in favor of parties to litigation using their real names based on "the public's right to open courts" and "the right of private individuals to confront their accusers." Id. at 1042. "In this circuit, the common law rights of access to the courts and judicial records are not taken lightly." Id.

The focus of this case is a publicly available website alleged to receive around 79.38 million monthly visitors from the United States and around the world. (Dkt. 40 at 4.) Thus, the Court easily concludes that the public has a strong interest in knowing the identity of the corporate entity that operates this website and is appearing in federal court to defend this case. See United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008) ("[I]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." (internal quotation marks omitted)).

In sum, the Court concludes that the balance of factors weigh heavily against permitting Defendant to proceed by pseudonym. See Kamehameha, 596 F.3d at 1046 ("We are sympathetic to the concerns of the Doe children and their parents, but we recognize the paramount importance of open courts. For this reason, the default presumption is that the plaintiffs will use their true names."). This is true even for the limited period until

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

Defendant is able to file and obtain a ruling on its forthcoming dispositive motion because Defendant has failed to provide evidence of any severe harm that will occur during this period. The fact that Defendant may be able to defeat Plaintiff's claims in an early dispositive motion does not justify permitting Defendant to proceed by pseudonym. See VPN. Com LLC v. Dikian, 2023 WL 6370882, at *3 (C.D. Cal. Aug. 29, 2023) ("[T]he Court is certainly sympathetic to the notion that this lawsuit may carry with it unearned reputational harm. But for better or for worse, hundreds of Defendants are sued by name each day in this county—many of whom ultimately prevail at (or before) trial."). Defendant simply has not made a showing sufficient to outweigh the public's right to know the identity of the litigants before this Court. See Doe v. NFL Enterprises, LLC, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) ("[O]ur courts belong to the people, and the public and press have a right to look over our shoulders to see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others.").

     Defendant relies on BWP Media USA, Inc. v. Crowdgather, Inc., 2014 WL 12601054 (C.D. Cal. July 28, 2014), for the proposition that this Court should issue a protective order limiting the disclosure of Defendant's identity to attorney's eyes only until Defendant can obtain a ruling on its forthcoming motion to dismiss the First Amended Complaint. (Dkt. 32 at 7.) In BWP Media USA, Inc., the court granted the plaintiffs' motion to compel the defendant website operators to identify (by name, phone number, and address) all individuals who posted the plaintiffs' copyrighted photographs on their websites. BWP Media USA, Inc., 2014 WL 12601054, at *3. However, the court determined that the individuals had "a privacy interest in not having their phone number and address publicly disclosed." Id. Thus, the court directed plaintiffs to only use the identifying information for purposes of the litigation and designated the information as attorneys' eyes only until it could be determined whether the individuals were the employees or agents of the defendant website operators. Id.

     The Court concludes that the holding and rationale of BWP Media USA, Inc. are readily distinguishable because BWP Media USA, Inc. involved identifying information for third-party individuals, not the defendant website operators, and the court recognized a privacy interest in the individuals' phone numbers and addresses, not their names. Id. By contrast here, Defendant is the corporate entity that operates the website in question and is a party to the action. (Dkt. 32 at 2.) Requiring Defendant to identify itself on court fillings would not require it to publicly disclose any confidential information. To the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

extent Plaintiff seeks confidential information through discovery in the future, Defendant could seek to have that information designated as confidential or attorneys' eyes only.

     Defendant also relies on Siemens Prod. Lifecycle Mgmt. Software, Inc. v. Does 1-100, 2016 WL 9275398 (E.D. Tex. July 7, 2016), for the proposition that other courts have protected the identities of "Doe" defendants pending rulings on motions to dismiss in the early stages of proceedings. (Dkt. 32 at 7.) In Siemens Prod. Lifecycle Mgmt. Software, Inc., the court denied motions to quash a subpoena filed by two doe defendants where the subpoena was directed to an internet service provider and sought the name and address of the subscribers associated with IP addresses that allegedly infringed the plaintiff's software copyrights. Siemens Prod. Lifecycle Mgmt. Software, Inc., 2016 WL 9275398 at *1-3. The court rejected the argument that the doe defendants had a privacy right in having their names and addresses disclosed because the subpoena sought only "limited identifying information sufficient merely to identify the [d]oe [d]efendants" and the plaintiff had "demonstrated a legitimate need for the information." Id. at *2. The court similarly rejected the argument that the doe defendants' names and addresses should be protected by the First Amendment because the court concluded that "to the extent that anonymity is used to mask copyright infringement by others, the First Amendment is no protection." Id. (internal quotation marks and brackets omitted).

     One of the doe defendants requested a limited protective order prohibiting the public disclosure of any information related to them and requested the redaction of their identity from any amended complaint until such time that they could file and have considered any motion to dismiss. Id. at *2. This doe defendant represented that they worked in the software industry and being publicly identified in a copyright infringement suit would affect their professional reputation and could impact their current employment. Id. The court found good clause to protect from disclosure this one doe defendant's identifying information in any amended complaint because the case was at an early stage of proceedings and the plaintiff had not yet specifically alleged the doe defendant's connection to the allegedly infringing IP address. Id. Thus, the court directed plaintiff to redact any identifying information related to this one doe defendant from any amended complaint. Id. at *3. However, the court did not address the issue of whether either doe defendant would be permitted to proceed in the litigation, such as by filing a motion to dismiss, under a pseudonym. Id.

     The Court concludes that the holding and rationale of Siemens Prod. Lifecycle Mgmt. Software are also readily distinguishable because Siemens Prod. Lifecycle Mgmt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07453-CV-AJR | Date | February 7, 2025 |
|---|---|---|---|
| Title | PCR Distributing Co. v. John Does | | |

Software involved a subpoena to an internet service provider seeking identifying information, not whether a defendant could proceed in the litigation under a pseudonym. Id. at *1-2. Moreover, in Siemens Prod. Lifecycle Mgmt. Software, the court actually denied the doe defendants' motions to quash the subpoena finding that they did not have a privacy right or protection under the First Amendment to prevent the disclosure of their names and addresses. Id. at *2. While the court ultimately granted one of the doe defendant's requests for a limited protective order, the court found good cause based on specific representations of harm from public disclosure of the doe defendant's identity and the fact that the plaintiff had not yet specifically alleged the doe defendant's connection to the allegedly infringing IP addresses. Id. The court also limited the protective order to requiring the plaintiff to redact the one doe defendant's identifying information from any amended complaint and did not address whether either doe defendant could proceed in the litigation under a pseudonym. Id. at *3.

By contrast here, Plaintiff has specifically alleged Defendant's connection to the copyright infringement at the core of the case, (Dkt. 40), and Defendant has failed to present any evidence demonstrating a fear of severe harm from disclosure of its identity that is reasonable. The Court also notes that Siemens Prod. Lifecycle Mgmt. Software is a case from the Eastern District of Texas and simply does not consider the Ninth Circuit's five-factor test for a party to proceed under a pseudonym. Thus, the Court concludes that the Motion for Protective Order must be denied.

### III. ORDER.

Consistent with the foregoing, Defendant's Motion for a Protective Order is DENIED. (Dkt. 32.) Defendant is ordered to discontinue the use of a pseudonym for all future filings in this action. However, the Court stays its ruling for 14 days to permit Defendant the opportunity to seek review of this Order from the District Judge. See Fed. R. Civ. Proc. 72. If Defendant timely seeks review from the District Judge, then this Order shall remain stayed until the District Judge rules on that request. Nothing in this Order prevents Defendant from seeking a protective order related to discovery in this action, once discovery commences. Finally, the Court VACATES the hearing on Defendant's Motion for a Protective Order set for February 12, 2025 at 1:30 p.m.

IT IS SO ORDERED.