John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>                    *Plaintiff*<br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET,<br><br>                    *Defendants* | Case No. 2:24-cv-07453-CV-AJR<br><br>**NHENTAI.NET'S NOTICE OF MOTIONS AND MOTIONS TO DISMISS (FED. R. CIV. P. 12(b)(6)) AND STRIKE (FED. R. CIV. P. 12(f)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** Filed herewith: Rynell Declaration, Exhibits, Proposed Order<br><br>Date: TBD<br>Place: First Street Courthouse<br>350 W. 1st Street, Courtroom 5D<br>5th Floor<br>Los Angeles, California 90012<br>Honorable Judge Cynthia Valenzuela |

TO ALL PARTIES AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), moves to dismiss Plaintiff PCR Distributing, Co.'s ("Plaintiff" or "PCR") First Amended Complain ("FAC") (Dkt. No. 40) under Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Federal Rule of Civil Procedure 12(f). These Motions are made on the grounds that, despite the filing of its amended pleadings, Plaintiff still fails to state a claim as to every single element of a prima facie case of direct copyright infringement. Plaintiff's direct and secondary infringement claims (which are dependent on the direct) should be dismissed. Plaintiff's claims are also barred by the statute of limitations. Relatedly, Plaintiff is barred by law from seeking statutory damages or attorneys' fees, as nothing in its FAC establishes the requirements for such entitlement and all evidence appears to the contrary. In the event the case is not dismissed in its entirety, Nhentai.net moves to strike allegations in the FAC as to an unrelated website, nhentai.to, where Plaintiff purports to assert rights that it does not even own, and Plaintiff's request for grossly overreaching relief in the form of transfer of an entire domain when it only claims rights to less than one percent of said domain. These Motions are based upon this Notice; the attached Memorandum and exhibits; Declaration of Jennifer M. Rynell and exhibits; documents on file in this action; and such further or additional evidence or argument as may be presented relating to these Motions. These Motions are made following the conference of counsel pursuant to Local Rule 7-3. Counsel for Nhentai.net contacted counsel for Plaintiff via email on February 3 and 4, 2025 to schedule the required conference of counsel. The conference of counsel took place by phone on February 5, 2025. Counsel for Nhentai.net disclosed the bases and substance of the motions herein and no agreement was reached.

Dated: February 10, 2025            *By: Jennifer M. Rynell*

John T. Wilson (*Pro Hac Vice*)

Texas Bar No. 24008284
Jennifer M. Rynell (*Pro Hac Vice*)
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**Attorneys for Nhentai.net**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

MOTION TO DISMISS ..............................................................................2

    A.    Legal Standards.................................................................2

    B.    No Prima Facie Case for Copyright Infringement.....................3

        1.    Plaintiff Fails to Plead Proper Ownership. .......................4

        2.    No Proof of Valid Copyrights; No Presumed Validity .........................................................................5

            a.    No Presumption of Validity. ................................5

            b.    What is Copyrighted?.............................................5

            c.    Plaintiff's Translations are not Valid or Copyrightable. ......................................................9

            d.    Where Are the Allegedly Copyrighted Materials Actually Copied?..................................11

            e.    Use of the Copyrighted Material Without Permission ............................................................12

    C.    PLAINTIFF'S CLAIMS ARE TIME-BARRED. ...................13

    D.    SECONDARY INFRINGEMENT CLAIMS SHOULD BE DISMISSED ........................................................16

    E.    PLAINTIFF IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES....................................16

MOTION TO STRIKE..............................................................................19

    A.    Plaintiff's FAC Includes an Unrelated Tongan Website. .........20

    B.    Plaintiff Purports to Plead the Rights of Others. ......................20

    C.    Extreme Overreach in Plaintiff's Request for Relief...............21

CONCLUSION ....................................................................................................22

L.R. 11-6.2. CERTIFICATE OF COMPLIANCE ...................................................23

CERTIFICATE OF SERVICE ...............................................................................23

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................3

*Bell v. Oakland Cmty. Pools Project, Inc.*, 2020 WL 4458890 (N.D. Cal. May 4, 2020) ....................................................................................................15

*Bosko Kante v. Dua Lipa*, No. 2:23-CV-06186-HDV-PD, 2024 WL 4720798 (C.D. Cal. Sept. 10, 2024)..........................................................................4

*Brown v. Wireless Networks, Inc.*, No. C 07-4301 EDL, 2008 WL 4937827 (N.D. Cal. Nov. 17, 2008).........................................................................12

*Creative Photographers, Inc. v. Brock Collection, LLC*, No. 2:20-CV-09261-RGK-E, 2021 WL 3568243 (C.D. Cal. July 7, 2021). ..............................14

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) ............17

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655 (9th Cir. 1992) .........................3

*Dorsey v. Old Sur. Life Ins. Co.*, 98 F.2d 87 (10th Cir. 1938). ................................9

*Dorval v. Rahimi*, No. 2:24-CV-01347-JLS-MRW, 2024 WL 3659601 (C.D. Cal. July 5, 2024). ................................................................................. 14, 15

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017) ...........................................................................................4, 21

*Feist*, 499 U.S. at 345.............................................................................................10

*Lackey v. Sheppard*, No. CV 22-5653 PA (JPRX), 2022 WL 19241141 (C.D. Cal. Dec. 16, 2022) .......................................................................................3, 4

*Marshall v. Babbs*, No. 218CV03822DDPAFMX, 2019 WL 1557429 (C.D. Cal. Apr. 10, 2019). ............................................................................... 17, 18

*Payne v. Manilow*, No. CV183413PSGPLAX, 2018 WL 6321638 (C.D. Cal. Oct. 29, 2018) .........................................................................................4

*Punak v. Indoor Lab, LLC*, No. 8:23-CV-01775-DOC-KESX, 2024 WL 1652624 (C.D. Cal. Mar. 28, 2024)..........................................................................2

*Signo Trading Intern. Ltd. v. Gordon*, 535 F. Supp. 362 (N.D. Cal. 1981). ...........10

*Smith v. Weeknd*, No. CV 19-2507 PA (MRWX), 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019)...................................................................................... passim

*Strike 3 Holdings, LLC v. John Doe Infringer Identified as Using IP Address 98.164.206.202*, No. CV 22-06354 TJH (SPX), 2024 WL 4467590 (C.D. Cal. Aug. 1, 2024)...................................................................................3

*Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147 (C.D. Cal. 2018)..............................................................................................16

**Statutes**

17 U.S.C. § 101.................................................................................. 8, 10, 11
17 U.S.C. § 410(c). .................................................................................5
17 U.S.C. § 412.................................................................................. 17, 18, 19
17 U.S.C. § 507(b). ................................................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

The operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"),[1] move to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

There are numerous bases on which Plaintiff's FAC should be dismissed. It is difficult to determine which is the most egregious. Plaintiff has not and cannot state a claim of direct copyright infringement. Plaintiff fails to assert a qualifying ownership interest in the copyrights that would show it has statutory standing to bring this suit. Because four of the now seven asserted copyrights are not even in its name, Plaintiff pivots to claim JAST USA as a fictitious business entity name. This does not rescue Plaintiff from dismissal because the cited DBA filing does not appear to exist. Plaintiff also now claims – without proof – to own certain specific exclusive rights in the asserted copyrights, but even if this is true, the registrations for the asserted copyrights do not cover anywhere near the breadth of the exclusive rights it claims to own.

Plaintiff does not have and has not properly pleaded valid copyrights. The asserted copyrights relate to English translations of a smattering of Japanese words in anime pornography books. These translations are not valid copyrights and the assertion of them should be dismissed as a matter of law. Next, Plaintiff does not properly plead where allegedly copyrighted material is used by Nhentai.net as is required for its prima facie case. In its FAC, Plaintiff asserts new copyrights with links to www.nhentai.net that do not appear to lead to the content Plaintiff alleges and/or link to material uploaded to www.nhentai.net ***well before Plaintiff claims the works were even created***. These are more than discrepancies – they call into serious

---

[1] Plaintiff improperly includes ***both*** nHentai.net and nHentai.to as "Defendant(s)." Nhentai.net is ***completely unrelated to nHentai.to***. Nhentai.net does not respond to Plaintiff's FAC or any pleadings as to or on behalf of nHentai.to.

question the veracity of Plaintiff's filings and the validity of the asserted copyrights. The U.S. Copyright Office records also show that, if otherwise valid, the asserted copyrights are extremely limited and do not include the videos, images, or galleries that Plaintiff purports to assert. Even if Plaintiff could overcome these fatal flaws, it cannot meet the last prong of the prime facia case to show use without permission. Plaintiff's claims for secondary infringement should likewise be dismissed for failure to plead direct infringement or even any right to bring such claims. Further, Plaintiff's claims are time-barred because they were not brought within the required three-year period. Any such claims accrued at least as early as October of 2020 when Plaintiff unquestionably knew about the alleged use and gave unsolicited permission in writing to Nhentai.net, which was not restricted to any particular copyrights. Plaintiff is also legally barred from recovering statutory damages and attorneys' fees. Lastly, Nhentai.net moves to strike certain allegations as well as relief that Plaintiff does not have any right to pursue.

## MOTION TO DISMISS

### A.    Legal Standards

"Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief." *Punak v. Indoor Lab, LLC*, No. 8:23-CV-01775-DOC-KESX, 2024 WL 1652624, at *2 (C.D. Cal. Mar. 28, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff." *Id.* (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025, 1031 (9th Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The court is not bound to accept as true legal conclusions couched as factual allegations. *Id.* "The Supreme Court rejected the notion that 'a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery.'" *Lackey v. Sheppard*, No. CV 22-5653 PA (JPRX), 2022 WL 19241141, at *2 (C.D. Cal. Dec. 16, 2022) (citing *Twombly*, 550 U.S. at 561). And "[w]hile the Federal Rules allow a court to dismiss a cause of action for 'failure to state a claim upon which relief can be granted,' they also require all pleadings to be 'construed so as to do justice.'" *Smith v. Weeknd*, No. CV 19-2507 PA (MRWX), 2019 WL 6998666, at *1 (C.D. Cal. Aug. 23, 2019) (citing Fed. R. Civ. P. 12(b)(6), 8(e)). "[L]eave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.*

## B.    No Prima Facie Case for Copyright Infringement.

To establish a prima facie case, Plaintiff must demonstrate: (1) ownership of a valid copyright; and (2) use of the copyrighted material without permission. *See, e.g., Strike 3 Holdings, LLC v. John Doe Infringer Identified as Using IP Address 98.164.206.202*, No. CV 22-06354 TJH (SPX), 2024 WL 4467590, at *1 (C.D. Cal. Aug. 1, 2024) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). "To carry its burden of production on a copyright infringement claim, a plaintiff ***must sufficiently allege*** two things: ownership of a valid copyright in the

allegedly infringed work and copying of protected aspects of that work." *Bosko Kante v. Dua Lipa*, No. 2:23-CV-06186-HDV-PD, 2024 WL 4720798, at *2 (C.D. Cal. Sept. 10, 2024) (emphasis added) (citing *Alfred v. Walt Disney Co.*, 821 Fed. Appx. 727, 728 (9th Cir. 2020)).

### 1. *Plaintiff Fails to Plead Proper Ownership.*

Plaintiff's FAC should be dismissed for lack of statutory standing because it has not pleaded facts showing proper ownership of the asserted copyrights. Issues of statutory standing are properly assessed in a motion to dismiss. "Lack of statutory standing … is properly raised as grounds for dismissal by way of a motion under Rule 12(b)(6) . . ." *Payne v. Manilow*, No. CV183413PSGPLAX, 2018 WL 6321638, at *3 (C.D. Cal. Oct. 29, 2018) (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)). "In order to have statutory standing to bring a federal copyright infringement claim, a plaintiff must be the legal or beneficial owner of the copyright." *Id.* at *3 (citing *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1138 (9th Cir. 2003)). Plaintiff has the burden to "establish[] a qualifying ownership interest both as a substantive element of the infringement claim … and as a necessary predicate for standing to bring the claim." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017) (citing *Feist*, 499 U.S. at 361; 17 U.S.C. § 501(b)).

As to four of the seven asserted copyrights, the Copyright Office documents show JAST USA, ***not Plaintiff***, as the "copyright claimant" and apparent legal owner. *See* Declaration of Jennifer M. Rynell ("Rynell Decl.") Exs. A, C, D, G.[2] Plaintiff purports to have standing to assert JAST USA's copyrights based on a San Diego County fictitious business entity filing. FAC ¶ 24. However, the filing number provided by Plaintiff in support of this allegation does not appear to exist.

---

[2] The Court can take judicial notice of the Copyright Office documents for purposes of deciding this motion. *See, e.g., Lackey*, 2022 WL 19241141, at *1, n1. Nhentai.net requests that the Court take judicial notice of Copyright Office certificates, correspondence, and catalog printouts provided at Rynell Decl. Exs. A-I.

Nhentai.net's counsel conducted searches by the filing number and all variations of the entity names and were unable to locate the alleged filing. Rynell Decl. ¶ 20.

It is Plaintiff's burden to plead proper ownership as part of its prima facie case and it failed to do so. Plaintiff's FAC should be dismissed for failure to state a claim.

### 2.   *No Proof of Valid Copyrights; No Presumed Validity*

#### a.  No Presumption of Validity.

Plaintiff bears the burden to plead a prima facie case that it owns valid copyrights. Because Plaintiff did not attach registration certificates for the copyrights, Plaintiff is not entitled to any presumption of validity. Even if it had, in order to avail itself of this presumption, Plaintiff would be required to show that the works were registered "before or within five years after first publication of the work." 17 U.S.C. § 410(c). Plaintiff makes no allegations whatsoever in this regard. And the Copyright Office documents obtained by Nhentai.net indicate facts contrary to those pleaded by Plaintiff.

#### b.  What Content is Copyrighted?

In determining whether Plaintiff has pleaded its prima facie case, a gating inquiry is: *What is actually copyrighted*? Plaintiff vaguely alleges exclusive rights in the works at issue that are not actually the subject of its (or JAST USA's) copyright registrations. The exclusive right Plaintiff now explicitly claims to have is "to create and/or distribute English Language Derivative Works" for the Subject Works. FAC ¶ 30, 69. However, the FAC also purports to assert infringement based on "uploading, reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyright-protected portions, including the Derivative Works, and elements of the Subject Works, and/or the Subject Works …" FAC ¶ 71. There is not a shred of proof or any specificity supporting the exclusive

rights Plaintiff claims to have. And ***even if*** its claimed rights are true, the registrations for the asserted copyrights do not cover the breadth of exclusive rights it claims to own.

Pursuant to Federal Rule of Civil Procedure 8, to properly state a claim for relief, Plaintiff is required "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Weeknd*, 2019 WL 6998666, at \*1 (citing *Twombly*, 550 U.S. at 555). Far from putting Nhentai.net on notice, Plaintiff's FAC purports to assert rights it does not have. The documents and related correspondence between Plaintiff and/or JAST USA with the Copyright Office show unequivocally that Plaintiff has not properly pleaded – and has, in fact, misrepresented – what content is copyrighted. And the English translations at issue in the asserted copyrights constitute material that is not copyrightable as a matter of law.

First, the U.S. Copyright Office records show that the asserted copyrights – as registered – are extremely limited in scope. Each of the seven copyrights are "text" copyrights and, as such, begin with the letters TX. Copyrights for visual materials are claimed in a different manner and are registered beginning with the letters VA for "visual arts". ***There is no visual material at issue here***. And the asserted copyrights are ***not*** in any pictorial, graphic, audio-visual, or sculptural work. As such, Plaintiff cannot claim infringement of any exclusive right in "display" despite the fact that "display" or some variation appears ***25 times*** in Plaintiff's FAC. *See e.g.,* FAC ¶ 71. Plaintiff tells the Court that its "English language derivative works ***include text, images and layout choices*** that are the subject of registration with the Copyright Office." FAC ¶ 69 (emphasis added). This is demonstrably false. Plaintiff cannot claim any rights in the text itself, the images, or layout of the works and cannot claim them as compilations. Plaintiff's allegations are directly contrary to statements made to the Copyright Office and are undermined by basic copyright law.

For two of the asserted copyrights, the stated basis is "English translation" of

a book primarily made up of images. *See, e.g.*, Rynell Decl. Ex. A-B. As to the work "Hey … Let's Do It," the Certificate of Registration shows that the ***only*** new material included is the English translation. Rynell Decl. Ex. A. The certificate also shows "[m]aterial excluded from this claim: text, artwork, Original Japanese text, original artwork." *Id.*

JAST USA originally tried to claim far more than the English translation, including that it was the author of "text, Compilation and English translation." Rynell Decl. Ex. H. The Copyright Office clarified whether JAST USA claimed to have authored "new and original text that has not been translated" and whether JAST USA "intend[ed] to claim in a new and original compilation." *Id.* The Copyright Office also questioned JAST USA's claim regarding "compilation." *Id.* JAST USA responded: "I authorize you to remove reference to 'compilation' … and new material included statements…" and "to 'text' and proceed with registration of the 'English translation.'" *Id.* Thereafter, the registered copyright reflected ***only*** the English translation and ***not*** any claim as to new text or compilation. Rynell Decl. Ex. A.

Likewise, the only copyright in "Submission Eternal My Lady, My Master" is the English translation. Rynell Decl. Ex. B. As shown in Copyright Office correspondence, Plaintiff originally filed the application with "Kabushiki Kaisha Kill Time Communication as the author of 'artwork' and PCR Distributing as the author of 'compilation and English translation.'" Rynell Decl. Ex I. The Copyright Office asked Plaintiff to confirm that its claim was ***only*** in the translation. *Id.* Thereafter, the copyright registered reflecting exactly that – i.e., the English translation and ***not*** artwork or compilation. Rynell Decl. Ex. B.

The other five asserted copyrights are "Literary works." Rynell Decl. Exs. C-G. However, "Literary works" ***specifically exclude*** images, i.e., "audiovisual

works." *See* 17 U.S.C. § 101.[3] This is critical because Plaintiff has not demonstrated any right to sue for infringement of the ***images*** in the "Literary works." Also, despite its own Copyright Office filings, Plaintiff asserts that Nhentai.net is unlawfully displaying "***copyrighted videos***" (FAC ¶ 47) and "distribute[s] infringing copies of ***image and text works***" (FAC ¶ 5) (emphases added).

U.S. Copyright Office records show that the asserted copyrights are extremely limited and do not include the videos, images, or galleries purportedly asserted by Plaintiff. Rynell Decl. ¶ 10, Exs. A-G.

What remains after ***all other*** materials such as text, images, and compilations were ***excluded*** from the copyrights is the translation of short, common words or phrases from Japanese to English. An excerpt of one of the only non-explicit pages from "Hey … Let's Do It" is shown below on the left in its entirety. Rynell Decl. ¶ 15. On the right is the same page with all non-copyrighted material removed so that the Court can clearly see the true nature of the asserted copyrights:

---

[3] "Audiovisual works" are "works that consist of a series of related images which are intrinsically intended to be shown … together with accompanying sounds, if any…" *See* 17 U.S.C. § 101.

| Page of "Hey … Let's Do It!" TX9-380-863 | Purportedly Copyrighted Material |
|---|---|



Courts have found that "the degree of protection afforded by the copyright is measured by ***what is actually copyrightable in the publication*** and not by the entire publication." *See, e.g., Dorsey v. Old Sur. Life Ins. Co.*, 98 F.2d 872, 873 (10th Cir. 1938) (emphasis added). Plaintiff cannot claim or assert any further rights than those ***on the right*** above, shown by way of example only. And even the limited material in the English translations is not valid or copyrightable.

### c.    Plaintiff's Translations are not Valid or Copyrightable.

In assessing a 12(b)(6) motion to dismiss copyright infringement claims, the Court in the Northern District of California stated that: "the determinative question is whether Plaintiff holds a valid copyright." *Signo Trading Intern. Ltd. v. Gordon*,

535 F. Supp. 362, 363 (N.D. Cal. 1981). The *Signo Trading* Court dismissed Plaintiff's infringement claims because plaintiff **did not** have a valid copyright **as a matter of law** in the translations and transliterations at issue because they lacked the "requisite originality." *Id*. at 365.

That authority is highly instructive here where Plaintiff has asserted copyrights that are allegedly "English language derivative works." FAC ¶¶ 30, 69. Pursuant to 17 U.S.C. § 101, a derivative work must "recast, transform[], or adapt[]" a preexisting work and "consist[] of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship." *Id*. In other words, it must change or alter the pre-existing work's content and must itself be an original work of authorship. The Supreme Court stated that "[t]he *sine qua non* of copyright is originality" and that "[t]o qualify for copyright protection, a work must be original to the author." *Feist*, 499 U.S. at 345. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id*. (citing 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990)).

In granting the motion to dismiss, the *Signo Trading* Court held that:

> It is inconceivable that anyone could copyright a single word or a commonly used short phrase, in any language. It is also inconceivable that a valid copyright could be obtained for a phonetic spelling, using standard Roman letters, of such words or phrases. Although lists of words and translations of larger works may be copyrightable, Plaintiff cannot claim credit for any of the elements which make those things copyrightable. For these reasons, Plaintiff does not hold a valid copyright on the translations or transliterations ...

*Signo Trading*, 535 F. Supp. at 365. Some selected phrases from the page shown above are: "That's her…" and "She's chubby, but she's mine." Rynell Decl. ¶¶ 15-16. There are many other words and short phrases used in the allegedly copyrighted materials such as "shlurp," "plap," "I need it," "Take it," "Open wide," "Yesss,"

"More," "Yo! Special delivery," "Now put it in your mouth," and "What's the blindfold for?" Rynell Decl., ¶¶ 15, 17. As in *Signo Trading*, Plaintiff did not contribute creativity or originality in the translation of these short words and phrases such that they would be copyrightable.

The English translations in the asserted copyrights are not valid as a matter of law and Nhentai.net asks the Court to dismiss Plaintiff's FAC with prejudice.

### d. Where Are the Allegedly Copyrighted Materials Actually Copied?

As part of its prima facie case, Plaintiff must demonstrate ***actual copying of what is copyrighted***. Despite the filing of its FAC and assertion of two additional copyrights, Plaintiff still does not put Nhentai.net on notice of Plaintiff's claims. For example, with regard to the newly asserted TXu002435667 for the allegedly unpublished work called "Sexual Healing," the link Plaintiff provided in Dkt. No. 40-3 to https://nhentai.net/g/543331/ does not actually link to material that appears to be called or relate to "Sexual Healing." Rynell Decl. ¶ 13. Plaintiff's "Amended Complaint Works" as to "Sexual Healing" also states "with infringing gallery" and "among other infringing galleries." Dkt. No. 40-3. ***Even if*** the link provided did somehow relate to the alleged "literary work," in copyright terms, a literary work by definition ***excludes*** audiovisual works, i.e., images. *See* 17 U.S.C. § 101. Plaintiff falsely claims that its copyright for "Sexual Healing" "includes the English translation and layout of English text ***with the pre-existing Japanese drawings and text***." FAC ¶ 56 (emphasis added). But the Copyright Office catalog printout shows that the pre-existing Japanese drawings and text are ***not*** part of Plaintiff's copyright. Rynell Decl. Ex. G. And the "infringing galleries" generically referred to are also not part of Plaintiff's copyright and do not in any way put Nhentai.net on notice of what is allegedly copyrighted ***or*** copied. *See, e.g.*, FAC ¶¶ 40, 57, 58, 59.

Further, as to the allegedly unpublished "literary work" called "She's Somebody's Spouse," the URL Plaintiff provided – https://nhentai.net/g/340116/ –

links to a work with a Japanese title that was uploaded ***four years and one month ago*** – literally years before Plaintiff claims the material was even ***created***. Rynell Decl. ¶ 14, Ex. F. Also, Exhibit B to the FAC (Dkt. No. 40-2) contains 91 pages of alleged links on www.nhentai.net with a general reference to a copyright.

Plaintiff's FAC wholly fails to show that what is allegedly copyrighted is actually being copied, in part by misrepresenting the scope of the copyrights and citing to materials that do not appear to relate to the copyrights. Plaintiff's failures unquestionably warrant dismissal of all claims.

### e.  Use of the Copyrighted Material Without Permission

With respect to the last requirement for a prima facie case, there ***must be*** use without permission. Plaintiff cannot in any universe establish use of copyrighted material without permission, as permission was expressly given. The history between these parties demonstrates there is no legitimate case for copyright infringement against Nhentai.net and that Plaintiff's FAC is frivolous, at best. Beginning at least as early as October of 2020, Nhentai.net was *expressly given permission*, in writing, to host Plaintiff's content as shown in an email from goldberg@jastusa.com entitled "***Permission granted to host our content: J18 Publishing.***"[4] *See* Ex. 1. David Goldberg ("Goldberg") states: "Right from the beginning, I want to stress that ***this isn't a takedown request or a DMCA***." In the same email, Goldberg states: "***We don't want to try to take down any of our galleries***-- we just want people to have a simple, safe, and easy way of getting to our

---

[4] The emails at Exhibits 1-5 are authenticated due to their distinctive characteristics under Fed. R. Evid. 901(4) which states that the requirement of authentication is established as to an item of evidence by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" Courts have found such materials to be authentic. *See, e.g.*, *Brown v. Wireless Networks, Inc.*, No. C 07-4301 EDL, 2008 WL 4937827, at *4 (N.D. Cal. Nov. 17, 2008) These emails contain multiple chains (messages sent back and forth), contain verifiable indicia including names and titles of senders giving Nhentai.net the permissions at issue, and span across a number of years.

site where they can buy physical copies of the comics they love." *Id.* (emphases added). In ***December of 2020***, Goldberg sent Nhentai.net an email providing a spreadsheet of over 3,300 links of which it was aware and gave permission to Nhentai.net to use, and for which it wanted to host banner advertisements on the Nhentai.net site. *See* Ex. 2. *Until at least three years later*, October of 2023, the communications between these parties made clear that Nhentai.net did not need to take any action to remove such materials from its site. *See* Exs. 1-5. A September 2021 email from gavin@jastusa.com stated: "I'd like to run banner ads on uploads of our manga that link back to the official store where you can buy them. ***I \*don't\* want to takedown the uploads of our titles***, just give people an easy option for purchasing them if they do enjoy. So those would be banners on specific pages." *See* Ex. 3 (emphasis added). Further undermining the allegations in the FAC, JAST USA *was contemplating paying Nhentai.net* to run ads on the Nhentai.net site. *Id.* Plaintiff has no legitimate claim for infringement and cannot show use without permission.

## C.    PLAINTIFF'S CLAIMS ARE TIME-BARRED.

Dismissal of this case is proper from the outset because Plaintiff's claims are time-barred. The timeframe of the relationship between these parties and the permission given is critical, as it shows that Plaintiff's claims are brought beyond the three-year statute of limitations. Parties should not be permitted to prosecute expired and knowingly frivolous claims to the detriment of others, especially those having no idea they could be haled into Court for their alleged actions. The Ninth Circuit, citing U.S. Supreme Court precedent, stated "[a]t their core, '[s]tatutes of limitations require plaintiffs to pursue diligent prosecution of known claims.'" *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)). The purpose of statutes of limitation are to "'protect defendants against stale or unduly delayed claims.'" *Id*. (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)).

Consistent with these principles of fairness, in a recent case in this district, the Court granted a 12(b)(6) motion to dismiss *with prejudice* based on statute of limitations. *See Dorval v. Rahimi*, No. 2:24-CV-01347-JLS-MRW, 2024 WL 3659601 (C.D. Cal. July 5, 2024). The Copyright Act states that a copyright claim must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "[A] copyright claim accrues under the discovery rule 'when a party discovers, or reasonably should have discovered, the alleged infringement.'" *Dorval,* 2024 WL 3659601, at \*2 (citing *Media Rights Tech., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019)). Congress determined that this is "the appropriate amount of time required to ensure fairness to alleged infringers . . ." *Creative Photographers, Inc. v. Brock Collection, LLC*, No. 2:20-CV-09261-RGK-E, 2021 WL 3568243, at \*3 (C.D. Cal. July 7, 2021).

In the instant case, there is literally no question that Plaintiff was aware of the alleged use by Nhentai.net of what it claims are its copyrighted works *well over three years ago*. *See* Exs. 1 - 5. For it to suggest otherwise would require falsified facts, perjured testimony, and intentional misrepresentations to this Court. Any purported claims accrued at least as early as October of 2020 when Plaintiff unquestionably knew about the alleged use and blessed it in writing.

In *Dorval*, the Court found that the discovery rule did not apply as a matter of law, stating: "[w]hile courts ordinarily do not apply the discovery rule as a matter of law at the pleading stage, courts have done so where the facts alleged in a complaint make it plain that '[e]ven a cursory investigation' would have put a reasonable plaintiff on notice of the alleged infringement." *Dorval*, 2024 WL 3659601, at \*2 (quoting *In re Napster, Inc. Copyright Litig.*, 2005 WL 289977, at \*4 (N.D. Cal. Feb. 3, 2005)). What makes the *Dorval* analysis even more applicable here is that *no investigation was necessary* to put Plaintiff on notice of the alleged use by Nhentai.net. Plaintiff already knew. And in *Dorval*, the separate accrual rule did not

save that plaintiff's claims from being time-barred and the Court ruled it inapplicable as a matter of law. *See Dorval*, 2024 WL 3659601, at \*2. With regard to when a copyright infringement claim accrues, "[i]t is widely recognized that the separate-accrual rule attends the copyright statute of limitations, under which [e]ach wrong gives rise to a discrete claim that accrue[s] at the time the wrong occurs." *Id*. (internal quotation marks omitted) (citing *Petrella*, 572 U.S. at 671). The facts of the instant case weigh even stronger in favor of dismissal than those in *Dorval*. There, the parties had an oral license agreement that was later terminated by text message. *Id*. at \*1. The *Dorval* plaintiff discovered four years later that its copyrighted material had never been removed and sent cease-and-desist letters. *Id*. The *Dorval* Court rejected the counterintuitive argument that "(1) failing to take down videos when a license expires, and (2) failing to take down those very same videos after receiving cease-and-desist letters are somehow separate 'wrongs.'" *Id*. at \*3 (citing *Petrella*, 572 U.S. at 671). The Court held that the Dorval plaintiff "simply alleged 'continuing harm' from a single 'wrong.'" *Id*. (citing *Petrella*, 572 U.S. at 671 & n.6). "The Supreme Court has cautioned that 'separately accruing harm should not be confused with harm from past violations that are continuing.'" *Bell v. Oakland Cmty. Pools Project, Inc.*, 2020 WL 4458890, at \*5 (N.D. Cal. May 4, 2020) (citing *Petrella*, 572 U.S. at 671 n.6). The *Dorval* Court also cited other cases that "reached the same conclusion when presented with similar invocations of the separate-accrual rule in cases involving content that was left posted online." *Dorval*, 2024 WL 3659601, at \*3 (citing *Bell*, 2020 WL 4458890, at \*5) (collecting decisions that "have concluded that the mere fact that a [copyrighted work] remained online does not trigger the separate-accrual rule"); *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the allegedly infringing document—published in 2010, outside the relevant three-year window—*remained* on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year

window").

Plaintiff's claims in this case are even more egregious and untenable than those in *Dorval*. *There was express, unsolicited permission granted to Nhentai.net to use the allegedly copyrighted materials.* It was not limited in any way to particular allegedly copyrighted material AND IT WAS NEVER RETRACTED. The fact that Plaintiff issued DMCA takedown notices and filed the instant lawsuit *more than three years after* granting permission to Nhentai.net does not somehow constitute a separate wrong that justifies this action being maintained. It shocks the conscience that any party or its counsel would be permitted to file such a frivolous and knowingly false lawsuit without consequence. Indeed, Plaintiff may very well have provided the express permissions in a calculated attempt to steal Nhentai.net's entire domain. Justice in this case requires the same conclusion reached in *Dorval* and the other cited authorities: a complete dismissal of Plaintiff's claims with prejudice, as amendment would be futile.

## D.   SECONDARY INFRINGEMENT CLAIMS SHOULD BE DISMISSED

In addition to the claims for direct infringement, Plaintiff has also brought secondary liability claims for vicarious, contributory, and inducing infringement. "[T]he sufficiency of [a plaintiff's] claim for secondary infringement depends on the sufficiency of [its] claim for direct infringement." *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1159 (C.D. Cal. 2018). "'Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.'" *Weeknd*, 2019 WL 6998666, at *3 (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)). Because Plaintiff has failed to plead a prima facie case of *direct infringement*, all secondary infringement claims should likewise be dismissed with prejudice, as leave to amend is futile.

## E.   PLAINTIFF IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES

Nhentai.net moves to dismiss Plaintiff's FAC for failure to state a claim for statutory damages and attorneys' fees. Section 412(2) of the Copyright Act "mandates that, in order to recover statutory damages, the copyright work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Marshall v. Babbs*, No. 218CV03822DDPAFMX, 2019 WL 1557429, at *3 (C.D. Cal. Apr. 10, 2019). Even assuming Plaintiff properly pleaded a prima facie case, Plaintiff is not entitled to statutory damages or attorneys' fees, as nothing in its FAC establishes the requirements for such entitlement. In fact, they show that any such entitlement is ***statutorily prohibited***. Dismissal of the claims for statutory damages and attorneys' fees on a motion to dismiss is proper in such instances. *See id.* at *4. The copyright statute states:

> … no award of statutory damages or of attorney's fees . . . shall be made for-- (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. The Ninth Circuit found that this statute literally "***leaves no room for discretion***." *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir. 2008) (emphasis added)

The statute and its mandated limitation in subsection 1 make practical sense, as any alleged infringer would be unaware of a claim to an ***unpublished*** work  where there is no copyright registration on file. Under the second prong, a plaintiff is not entitled to statutory damages or attorneys' fees if the alleged infringement occurs and the plaintiff did not register the work within three months after first publication. "Section 412 serves two fundamental purposes. 'First, by denying an award of

statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly.'" *Marshall*, 2019 WL 1557429, at *3 (internal citations omitted) (quoting *Derek Andrew*, 528 F.3d at 700). "Second, § 412 encourages potential infringers to check the Copyright Office's database." *Id*.

It is Plaintiff's burden to plead entitlement to statutory damages and attorneys' fees and it has failed miserably to its own detriment. Plaintiff makes no allegations regarding the timing of publication of any copyrighted works. And the Copyright Office documents for five of the seven copyrights also contains ***no publication dates*** and indicate that they were ***created*** in the past two years. Rynell Decl. Exs. C-G.

Interestingly, Exhibit B to Plaintiff's FAC shows that any alleged infringement by Nhentai.net would have occurred and/or began ***well prior to the effective date of registration***. For example, ***forty-nine of the ninety-one pages of allegedly infringing links*** in Plaintiff's Exhibit B relate to a sexually explicit picture book entitled "Submission Eternal My Lady, My Master." FAC Ex. B at 2-51. According to the Certificate of Registration, this was an unpublished work created in 2022 with a registration date of March 22, 2023. Rynell Decl. Ex. B. But the first allegedly infringing URL (https://nhentai.net/g/312283/) goes to the first page of the book "Submission Eternal My Lady, My Master" and shows it was "***Uploaded: 4 years, 9 months ago***" i.e., in 2020. *Id.; see also* Rynell Decl. ¶ 11. Four years and nine months ago, this was an ***unpublished*** work according to Plaintiff's later representations to the Copyright Office, with no registration on file. As such, the law ***mandates*** that Plaintiff is not entitled to statutory damages or attorneys' fees. *See* 17 U.S.C. § 412. Plaintiff also cannot show entitlement to statutory damages and/or attorneys' fees on the other basis in section 412, as the work was not copyrighted within three months of publication (given it was uploaded 4 years and 9 months ago).

Likewise, the other copyright asserted by Plaintiff that purports to be a book

is entitled "Hey… Let's Do It." Rynell Decl. Ex. A. According to Copyright Office filings, this work was published on July 1, 2023 and has a registration date of October 5, 2023. *Id*. Again, direct links from Plaintiff's Exhibit B show that any alleged infringement by Nhentai.net as to this copyright would have occurred and/or began literally years before the registration date. FAC Ex. B, at 51-53, Dkt. No. 40-2. The first allegedly infringing URL - https://nhentai.net/g/208694/ - goes to a page of a book, which shows it was "***Uploaded: 7 years, 4 months ago***" i.e., in 2017. *Id.;* Rynell Decl. ¶ 12. Seven years and four months ago, this was an ***unpublished*** work with no copyright registration on file. Copyright law ***mandates*** that Plaintiff is not entitled to statutory damages or attorneys' fees, assuming it could meet all other requirements. *See* 17 U.S.C. § 412. Plaintiff also cannot show entitlement to statutory damages and/or attorneys' fees on the other section 412 basis, as the work was not copyrighted within three months of publication (given it was uploaded 7 years and 4 months ago).

Congressional reasons for barring statutory damages and attorneys' fees are especially critical here given the history of the parties, the express permissions granted, and the Copyright Office filings. Dismissal is warranted as to claims for statutory damages and attorneys' fees and the related prayers for relief in its FAC, without leave to amend. *See, e.g.*, *Weeknd*, 2019 WL 6998666, at *7.

## MOTION TO STRIKE

Should this case not be dismissed on one or more of the preceding grounds, Nhentai.net moves to strike allegations in Plaintiff's FAC and requested relief pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff makes allegations regarding a website that is unrelated to Nhentai.net, purports to assert rights of others knowing it has no standing to do so, and seeks relief it would not be entitled to on its best day in Court.

"Federal Rule of Civil Procedure 12(f) provides that 'the court may order

stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Weeknd*, 2019 WL 6998666, at \*2. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id*. (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Id*. (citing *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Matter is 'immaterial' where it has 'no essential or important relationship to the claim for relief ... being pleaded.'" *Id*. (citing *Fantasy*, 984 F.2d at 1527). "'Impertinent' matter does not pertain, and is not necessary, to the issues in question." *Id*.

### A.    Plaintiff's FAC Includes an Unrelated Tongan Website.

Plaintiff purports to plead a case as to the website www.nhentai.to, stating that "Defendants also own and operate the URL nHentai.to." FAC ¶ 11. As discussed in a hearing before Magistrate Richlin, the website nhentai.to is completely unrelated to www.nhentai.net. The ".to" in nhentai.to refers to the Kingdom of Tonga, an island in Polynesia. It has nothing to do with Plaintiff's allegations against Nhentai.net and falls into each of the categories mentioned above for properly striking material from a complaint.

Nhentai.net asks the Court to strike any such allegations from this case. *See, e.g.*, *Weeknd*, 2019 WL 6998666, at \*2.

### B.    Plaintiff Purports to Plead the Rights of Others.

Plaintiff purports to plead the rights of all other individuals and/or entities whose copyrighted material allegedly appears on www.nhentai.net. Plaintiff has not even properly pleaded *its own case* and literally has no right to assert copyrights of others or claims of infringement for others. Any such matters should be stricken. At

best, Plaintiff's FAC contains material that is wholly foreign to this case and has no relationship and does not pertain to any of Plaintiff's alleged rights. Plaintiff makes claims that are not tied to or limited by its alleged copyrights—for example: "The website hosts a vast collection of hentai works, including commercially produced content, much of which, based on information and belief, is shared without proper authorization from the owners." FAC ¶ 39. Similarly, Plaintiff claims that "Nhentai.net is a website that displays pirated copyright-registered adult entertainment content without authorization or license." FAC ¶ 38. Plaintiff states: "Defendants were aware of or were willfully blind to the fact that pirated copyrighted materials comprised popular works on nHentai." FAC ¶ 79. Plaintiff does not try to limit its FAC to its own content or copyrights and has no basis to seek relief relating to all content on the entire domain. Plaintiff's FAC further states: "Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement." *Id*. ¶ 67. Plaintiff lacks standing to assert the rights of "all copyright holders" and has not even established itself as a proper copyright holder. As previously shown, Plaintiff is required to "establish[] a qualifying ownership interest both as a substantive element of the infringement claim … and as a necessary predicate for standing to bring the claim." *DRK Photo*, 870 F.3d at 986 (internal citations omitted) (citing *Feist*, 499 U.S. at 361; 17 U.S.C. § 501(b); *Urbont*, 831 F.3d at 88). Any such allegations are not properly part of the case.

## C.    Extreme Overreach in Plaintiff's Request for Relief.

Relatedly, Plaintiff seeks relief that it would never be entitled to even if it proved every allegation in its FAC. Specifically, Plaintiff requests that the Nhentai.net website be transferred to "Plaintiff's ownership and control." FAC 22, ll. 7-17. It is difficult to overstate the gross overreach of this requested relief. Plaintiff

literally asks the Court to give it control over the entire nhentai.net domain, a website that has over 500,000 pages, of which Plaintiff complains (however frivolously) about *less than one percent*. Plaintiff also asks the Court for injunctive relief blocking all U.S. users from accessing any link at www.nhentai.net. FAC 22-23. Plaintiff does not assert copyright protection over even one percent of the website and would never be entitled to this relief given the specious nature of Plaintiff's claims and the history between these parties. Plaintiff also seeks transfer of the entire domain despite its own statement that "Defendants have contractual relationships with United States companies to promote those companies' services on nHentai." FAC ¶ 15. Yet, Plaintiff asks to obtain control over a website that it alleges in its own pleading deals with other companies' rights pursuant to contracts with Nhentai.net.

These are precisely the kinds of spurious issues that should be stricken so parties do not have to expend significant time and money defending them. Plaintiff should not be permitted to pursue such claims and requested relief to Nhentai.net's prejudice.

## CONCLUSION

Nhentai.net respectfully asks the Court to dismiss all claims in Plaintiff's FAC. If Plaintiff's FAC is not dismissed in its entirety, Nhentai.net asks the Court to strike the requested matter contained therein.

**DATED**: February 10, 2025          Respectfully submitted,

By: */s/ Jennifer M. Rynell*
    John T. Wilson (*Pro Hac Vice*)
    Texas Bar No. 24008284
    Jennifer M. Rynell*
    Texas Bar No. 24033025
    eservice@wwrlegal.com
    **WILSON WHITAKER RYNELL**

Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Nhentai.net**

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Nhentai.net certifies that this brief (including the notice of motion and memorandum of points and authorities) contains 6,950 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

## CERTIFICATE OF SERVICE

On February 10, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell