John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California, | Case No. 2:24-cv-07453- CV-AJR |
| *Plaintiff* | **JOINT STATEMENT REGARDING SCHEDULING CONFERENCE** |
| vs. | |
| JOHN DOES 1-20 d/b/a NHENTAI.NET | |
| *Defendants* | Judge: Honorable Cynthia Valenzuela |

Pursuant to the February 6, 2025 Order of the Court (Dkt. No. 44), PCR Distributing, Co. ("Plaintiff" or "PCR") and operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net") hereby file this Joint Statement indicating (a) whether any party would like the Court to hold a telephonic scheduling conference hearing; and (b) if so, what issues they seek to have resolved at the hearing. Dkt. No. 44.

## <u>REQUEST FOR TELEPHONIC SCHEDULING CONFERENCE</u>

**Nhentai.net's Position**: Nhentai.net requests a telephonic scheduling conference in this matter. The matters at issue in this case that Nhentai.net wishes to address with the Court are as follows.

Nhentai.net would like to request that the Court vacate the current deadlines for statements or reports to be filed with the Court on Case Management or pursuant to Rule 26(f), pending ruling on the Motions to Dismiss and/or Strike. Because Nhentai's Motions to Dismiss and/or Strike are pending with the Court, Nhentai.net has yet to file an answer in this case or assert any defenses and/or counterclaims. Any statements or reports filed with the Court on Case Management or pursuant to Rule 26(f) before rulings on the Motions to Dismiss and/or Strike will necessarily be lacking critical information on, among other things, Nhentai.net's affirmative defenses, any counterclaims Nhentai.net may assert, damages Nhentai.net may seek, and information on significant discovery issues that have yet to be known. All of this information relates to the scope of the case and is necessary to inform scheduling and discovery planning.

Nhentai.net believes its Motion to Dismiss should prevent this case from moving forward from the outset, as a matter of law.  As such, Nhentai.net proposes that a scheduling order be entered that triggers all upcoming deadlines – including the Joint Case Management Statement, Joint Rule 26(f) Report, Rule 26(f)

disclosures, commencement of fact discovery – from the issuance of the Court's ruling on the Motions to Dismiss and/or Strike.

Further, Nhentai.net intends to seek review of Judge Richlin's Order denying Nhentai.net's Motion for Protective Order with this Court within the prescribed timeframe. This Court's review and decision regarding Judge Richlin's Order on the Motion for Protective Order impacts current deadlines and ones anticipated in the very near future. Judge Richlin stayed the Order "for 14 days to permit Defendant the opportunity to seek review of this Order from the District Judge. See Fed. R. Civ. Proc. 72. If Defendant timely seeks review from the District Judge, then this Order shall remain stayed until the District Judge rules on that request." Dkt. No. 45.

Nhentai.net also anticipates separately moving the Court for entry of a general protective order to govern any discovery that takes place in the case should it not be dismissed.

Nhentai.net respectfully requests the opportunity to discuss these issues and motions, and the timeframes associated with them, at a telephonic scheduling conference with the Court.

**Plaintiff PCR Distributing Co.'s Position**:

Plaintiff would also request a telephonic scheduling conference, as offered by the Court in Dkt. No. 44.

On the call, PCR would request that the Court address requiring Defendants to amend their pending motions to reflect their identities and order that they not be allowed to continue anonymously.  In ruling that Defendants do not meet the test for continuing anonymously, Magistrate Judge Richlin recently wrote:

> The focus of this case is a publicly available website alleged to receive
> around 79.3 million monthly visitors from the United States and around
> the world.  (Dkt. 40 at 4.) Thus, the Court easily concludes that the
> public has a strong interest in knowing the identity of the corporate

entity that operates this website and is appearing in federal court to defend this case.

(Dkt. 45.)

This Court should order that Defendants immediately amend their pending Motion to Dismiss so that they appear by their actual identities and not just as the "owners and operators" of Nhentai.net. Defendant's "maintain anonymity" and "delay-at-all-costs" strategies verify Plaintiff's early concern that these Defendants will do anything to continue anonymously infringing so that can sell advertising on their massively popular pirate website.

This case has been pending since August, 2024 – over five months, and Defendants shave not answered or even identified themselves. The Court should order them to do so and issue a scheduling order. Fed.R.Civ.P. 16(b) provides:

(1) Scheduling Order. Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

(A) after receiving the parties' report under Rule 26(f) ; or

(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

(2) Time to Issue. The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

The Court should issue a scheduling order immediately rather than allow further delay. Defendant will now be bringing its baseless second motion to dismiss for failure to state claim. It is improperly based on declarations outside of the FAC, and, in his recent Order, Judge Richlin stated that "By contrast here, Plaintiff has specifically alleged Defendant's connection to the copyright infringement at the core

of this case." (Dkt. 45 at 8.)  The FAC is plainly sufficient.  Defendant also claims it will object to the Magistrate's Ruling on the Motion for Protective Order. Thus, all roads lead to one thing in this case: Defendants will seek delay so they can continue to profit from their illicit activity and avoid being identified.  The Court should also require the parties to conduct the early meeting of counsel immediately so that there will be no doubt that discovery may commence.


**DATED**: February 13, 2025          Respectfully submitted,


By: */s/ A. Eric Bjorgum*                    By: */s/ Jennifer M. Rynell*
A. Eric Bjorgum                              John T. Wilson*
State Bar No. 198392                         Texas Bar No. 24008284
Marc A. Karish                               Jennifer M. Rynell*
State Bar No. 205440                         Texas Bar No. 24033025
**KARISH & BJORGUM, PC**                     eservice@wwrlegal.com
119 E. Union Street, Suite B                 **WILSON WHITAKER RYNELL**
Pasadena, California 91103                   Wilson Legal Group P.C.
Telephone: (213) 785-8070                    16610 Dallas Parkway, Suite 1000
Facsimile: (213) 995-5010                    Dallas, Texas 75248
E-Mail: eric.bjorgum@kb-ip.com               (T) 972-248-8080
                                             (F) 972-248-8088
**ATTORNEYS FOR PLAINTIFF**                  *Pro Hac Vice*
**PCR DISTRIBUTING CO**
                                             Glenn T. Litwak
                                             State Bar No. 91510
                                             glenn@glennlitwak.com
                                             **LAW OFFICES OF GLENN T. LITWAK**
                                             201 Santa Monica Boulevard, Suite 300
                                             Santa Monica, California 90401
                                             (T): 323-518-2826
                                             (F): 310-207-4180

                                             **ATTORNEYS FOR NHENTAI.NET**

## CERTIFICATE OF SERVICE

On February 13, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*

Jennifer M. Rynell