1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PCR DISTRIBUTING CO.

      Plaintiff(s),

          v.

JOHN DOES

      Defendant(s).

Case No.  2:24−cv−07453−CV−AJR

**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE VALENZUELA**

    **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS ACTION AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.** Counsel for Plaintiff(s) shall serve this order immediately on all parties and/or their attorney(s), including any new parties to the action. If this action has been removed from the state court, the defendant who removed the action shall serve this order on all other parties.

/ / /

/ / /

/ / /

1
2

# CONTENTS

I.    **INTRODUCTION**...................................................................... **3**
    A.  Civility and Professionalism.................................................. 3
    B.  *Pro Se* Litigants (people without an attorney).................................... 4
    C.  Consent to Magistrate Judge for Entire Civil Case........................... 5
    D.  Service of the Complaint........................................................ 5
    E.  Removed Actions.................................................................. 5
    F.  Status of Fictitiously Named Defendants.................................... 5
    G.  Counsel Calendar Conflicts.................................................... 6

II.   **DISCOVERY**.......................................................................... **6**
    A.  Discovery Matters Referred to United States Magistrate Judge........... 6
    B.  Compliance with Federal Rule of Civil Procedure 26(a).................... 6
    C.  Scheduling Conference.......................................................... 7

III.  **MOTIONS – GENERAL REQUIREMENTS**...................................... **7**
    A.  Time for Filing and Hearing Motions........................................ 7
    B.  Pre-Filing Requirement to Meet and Confer................................. 7
    C.  Length and Format of Motion Papers......................................... 8
    D.  Citations to Case Law............................................................ 8
    E.  Citations to Other Sources...................................................... 8
    F.  Oral Argument.................................................................... 9

IV.  **SPECIFIC MOTION REQUIREMENTS**........................................... **9**
    A.  Motions Pursuant to Federal Rule of Civil Procedure 12................... 9
    B.  Motions to Amend............................................................... 9
    C.  Motions for Class Certification............................................... 10
    D.  Motions for Default Judgment................................................ 10
    E.  Summary Judgment Motions................................................... 10
        1.  Statements of Uncontroverted Facts and Genuine Disputes........... 12
        2.  Supporting Evidence...................................................... 14
        3.  Objections to Evidence................................................... 14
    F.  Motions *In Limine*.............................................................. 15
    G.  *Daubert* Motions................................................................ 15
    H.  Motions for Attorneys Fees.................................................... 15
    I.  PLRA Exhaustion Motions..................................................... 16
    J.  ERISA Cases (Benefits Claims)............................................... 16

V.   **ADDITIONAL REQUIREMENTS**................................................. **17**
    A.  Electronic Filing................................................................. 17
    B.  Documents with Declarations, Exhibits, and other Attachments........ 17
    C.  Proposed Orders................................................................. 17
    D.  Mandatory Chambers Copies.................................................. 18
    E.  Filing Under Seal................................................................ 18
    F.  Appearance at Hearings........................................................ 19
    G.  *Ex Parte* Applications.......................................................... 20
    H.  Continuances..................................................................... 21
    I.  Communications with Chambers.............................................. 21
    J.  Order Setting Scheduling Conference........................................ 22
    K.  Settlement Conference / Alternative Dispute Resolution ("ADR")..... 22

## I.   INTRODUCTION

This action has been assigned to the calendar of United States District Judge Cynthia Valenzuela. Both the Court and counsel bear responsibility for the progress of this action. To "secure the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, all parties or their counsel, including *pro se* (people without an attorney) litigants,[1] are ordered to be familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California ("Local Rules"), and this Court's standing orders, online procedures, and schedules.

Unless the Court orders otherwise, the following rules shall apply.

### A.   Civility and Professionalism

As set forth in the preamble to the Central District of California's Civility and Professionalism Guidelines, "[u]ncivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, . . . civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice."

All counsel who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines, which can be found on the Court's website at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-andprofessionalism-guidelines. At a minimum, the Court expects the following from counsel: (1) being punctual and prepared for all Court appearances; (2) being civil and respectful in all oral and written communications with the Court and other parties; (3) being civil and respectful to Court personnel; (4) refraining from interrupting any person in the courtroom when that person is speaking; (5)

_____

[1] Parties appearing *pro se* (without an attorney) must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

refraining from making gestures, facial expressions, or audible comments indicating approval or disapproval of testimony or argument; and (6) being considerate of the time constraints and pressures on the Court and Court staff inherent in their efforts to administer justice.

### B.    *Pro Se* Litigants (people without an attorney)

Only individuals may represent themselves. A corporation or other entity must be represented by counsel. If counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal–i.e., a plaintiff entity's case will be dismissed or a defendant entity will default. *See* Local Rule 83-2.3.4.

The following links may be helpful to *pro se* litigants: (a) General information on how parties may represent themselves in civil cases in the Central District of California can be found at http://prose.cacd.uscourts.gov/; (b) Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court-procedures/local-rules; (c) Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

Parties proceeding *pro se* often face special challenges in federal court. The Public Service Law Corporation runs a free Federal *Pro Se* Clinic at the following federal courthouses where *pro se* litigants can get information and guidance:

(1) Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. For more information, *pro se* litigants may call (213) 385-2977, ext. 270, or visit http://prose.cacd.uscourts.gov/los-angeles.

(2) George E. Brown Federal Building, 3470 Twelfth Street, Room 125, Riverside, CA 92501. For more information, *pro se* litigants may call (951) 682-7968 or visit http://prose.cacd.uscourts.gov/riverside.

(3) Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Room 1055, Santa Ana, CA 92701. For more information, *pro se* litigants may call (714) 541-1010, ext. 222, or visit

http://prose.cacd.uscourts.gov/santa-ana.

### C. Consent to Magistrate Judge for Entire Civil Case

The parties may consent to have a Magistrate Judge preside over the entire civil case, including trial, rather than just discovery. The parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case. If the parties agree to consent to proceed before a Magistrate Judge, the parties should consult the Central District website for the list of available Magistrate Judges and should submit the appropriate consent form.

### D. Service of the Complaint

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m), including "Doe" or fictitiously named defendants, shall be dismissed from the action.

### E. Removed Actions

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). Any pending motions must be re-noticed in accordance with Local Rule 7. Counsel shall file with his or her first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this Court contains a state court Judicial Council form pleading (i.e., a pleading in which a party selects claims or defenses by checking boxes), the party that filed the form pleading must file a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11, within thirty (30) days of receipt of the Notice of Removal.

### F. Status of Fictitiously Named Defendants

Plaintiff must identify and serve any fictitiously named or Doe defendant(s) before the deadline set forth in the Court's Order Setting Scheduling Conference. Before moving to substitute a defendant for a Doe defendant, plaintiff must seek

the consent of counsel for all defendants, including counsel for a represented Doe

defendant. If denied consent, plaintiff must file a regularly noticed motion. In

diversity cases, plaintiff's motion must address whether the addition of the newly

named party destroys diversity jurisdiction. *See* 28 U.S.C. § 1447(c), (e).

### G.    Counsel Calendar Conflicts

If any counsel discovers a calendar conflict with a scheduled appearance,

counsel must inform opposing counsel and the Court's courtroom deputy (CRD)

via Chambers email at CV_Chambers@cacd.uscourts.gov as soon as possible and

not later than three (3) days before the scheduled appearance. Counsel should

attempt to agree on a new date to accommodate the calendar conflict. The Court

expects that counsel will conduct themselves professionally and will not

deliberately schedule any proceeding when counsel are unavailable. Counsel must

propose a new date by Stipulation and Proposed Order. A "Notice of

Unavailability" has no legal effect and should not be filed.

## II.  DISCOVERY

### A.    Discovery Matters Referred to United States Magistrate Judge

All discovery matters are hereby referred to the assigned Magistrate Judge,

who will hear all discovery disputes. All discovery-related documents must include

the words "DISCOVERY MATTER" in the caption to ensure proper routing.

Counsel are directed to follow the Magistrate Judge's procedures for scheduling

matters for hearing. These procedures are stated on each Magistrate Judge's

webpage. In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's

decision shall be final, and this Court will not reverse any order of the Magistrate

Judge unless it has been shown that the Magistrate Judge's order is clearly

erroneous or contrary to law. *See* Local Rule 72-2.

### B.    Compliance with Federal Rule of Civil Procedure 26(a)

Unless there is a likelihood that, upon motion by a party, the Court would

order that discovery be stayed, the parties should begin to propound discovery

1    before the Scheduling Conference. The parties must comply fully with the letter

2    and spirit of Fed. R. Civ. P. 26(a) and produce discovery promptly. At the

3    Scheduling Conference, the Court will impose deadlines governing the completion

4    of discovery.

5    **C.    Scheduling Conference**

6    Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order Setting

7    Scheduling Conference. The parties are required to strictly comply with Fed. R.

8    Civ. P. 16 and 26, as well as this Court's Orders.

9    **III.   MOTIONS – GENERAL REQUIREMENTS**

10   **A.    Time for Filing and Hearing Motions**

11   Motions shall be filed in accordance with Local Rules 6 and 7. The Court

12   hears motions in civil actions on Fridays, beginning at 1:30 p.m. It is not necessary

13   to clear a hearing date with the Courtroom Deputy Clerk before filing a motion,

14   except for motions for summary judgment, temporary restraining orders, or

15   preliminary injunctions. The parties must adhere to the briefing schedule set forth

16   in Local Rules 7-9 and 7-10, and the schedule herein for Fed. R. Civ. P. 56 motions,

17   to afford the Court adequate time to prepare for the hearing. If the motion hearing

18   date selected is not available, the Court will issue an order continuing the hearing.

19   Professional courtesy dictates, and the Court fully expects, the parties will

20   accommodate each other's schedules, including vacations and holidays, whenever

21   possible. The parties should not calendar a matter on a Friday that is a Court

22   holiday. If this occurs, the Court will re-calendar the matter for another Friday.

23   **B.    Pre-Filing Requirement to Meet and Confer**

24   Counsel must comply with Local Rule 7-3, which requires counsel to engage

25   in a pre-filing conference "to discuss thoroughly ... the substance of the

26   contemplated motion and any potential resolution." Counsel shall discuss the issues

27   to a sufficient degree that if a motion is still necessary, the briefing may be directed

28   to those substantive issues requiring resolution by the Court. Counsel shall resolve

minor procedural or other non-substantive matters during the conference. The *pro se* status of one or more parties does not negate this requirement. The Notice of Motion must include a statement of compliance with Local Rule 7-3. The Court may strike or deny a motion if counsel fail to meet and confer in good faith.

### C.    Length and Format of Motion Papers

Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed fifteen (15) pages. Only rarely and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than 14 point; Courier font must be no less than 12 point. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

### D.    Citations to Case Law

Bluebook style is required. Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided.

### E.    Citations to Other Sources

Bluebook style is required. Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number,

section, and pages referenced.

### F.    Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will take the matter under submission and notify the parties before the hearing. The parties' lead counsel are encouraged to permit junior or less experienced litigators to participate in Court proceedings, including to argue motions and to examine witnesses at trial.

## IV.   SPECIFIC MOTION REQUIREMENTS

### A.    Motions Pursuant to Federal Rule of Civil Procedure 12

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, leave to amend shall be "freely give[n]... when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Ninth Circuit requires the policy favoring amendment to be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Thus, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. In most instances, the parties should agree to any amendment that would cure the defect.

### B.    Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend

pleadings shall include "clean" and "redlined" versions of the proposed amended pleading, identifying all additions and deletions of material, as attachments to the moving papers.

### C.   Motions for Class Certification

Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set pursuant to the parties' stipulation during the Scheduling Conference or in a Scheduling Order. No request for relief from Local Rule 23-3 is necessary.

### D.   Motions for Default Judgment

Unless otherwise ordered, motions for default judgment shall be filed no later than 14 days after the later of (1) entry of default against the last remaining defendant, or (2) resolution of all claims against all defendants who have not defaulted. A motion for default judgment must include a showing of both subject matter jurisdiction and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### E.   Summary Judgment Motions

No party may file more than one motion pursuant to Fed. R. Civ. P. 56[2] regardless of whether such motion is denominated a motion for summary judgment or summary adjudication, without leave of Court. The parties shall not attempt to evade the word or page limitations for briefs by filing multiple motions. If a party believes good cause exists for more than one summary judgment motion or to increase word or page limits, the party shall seek leave by noticed motion setting forth a detailed showing of good cause. Failure to do so will result in the striking of the motion(s). Pursuant to Fed. R. Civ. P. 56(f), when appropriate, based on undisputed facts and controlling principles of law, the Court may *sua sponte* enter

_____

[2] Summary Judgment / Rule 56 Motions must comply with Local Rule 56, which was substantially revised as of June 1, 2023.

summary judgment in favor of the non-moving party.

Also, the Court will not entertain cross-motions that seek to adjudicate the same legal issues. If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the one motion for summary judgment. In actions involving multiple sets of parties represented by separate counsel (such as a case involving two sets of defendants which are each represented by their own counsel), the parties shall meet and confer regarding the briefing schedule for the one motion for summary judgment. Any requests for additional motions, pages, or words based on the existence of multiple sets of parties must be supported by a showing of good cause. All non-compliant motions will be stricken absent leave of Court.

Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. The hearing on any such motion shall be set for a date in advance of the Final Pretrial Conference. This Court requires an extended briefing schedule for motions under Rule 56, as follows:

- Any Rule 56 Motion must be filed at least thirty-five (35) days before the noticed hearing date.
- Any Opposition must be filed at least twenty-one (21) days before the noticed hearing date (fourteen (14) days after the Motion is filed).
- Any Reply must be filed at least fourteen (14) days before the noticed hearing date (seven (7) days after the opposition is filed).

This briefing schedule is the default. The parties may stipulate to a modified schedule that is reasonable for all parties and provides the Court at least two weeks between the reply deadline and the hearing date.

The parties should prepare papers in a fashion that will assist the Court in processing and analyzing the facts, including through the use of tables of contents, headings, indices, bookmarks in electronic documents, and pinpoint citations. The parties shall comply with Local Rules 56-1 through 56-2, considering the Court's

additional requirements described below.

### 1.  Statements of Uncontroverted Facts and Genuine Disputes

The Separate Statement of Uncontroverted Facts required under Local Rule 56-1 shall be prepared in a two-column table, as shown below. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. *See* Local Rule 56-2.

**Plaintiff's Claim for _____ is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1.  Part 1 and Party 2 signed a contract for the sale and purchase of property. | Declarant's Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Party 2 mailed the contract in May 2017. | Declarant's Decl. ¶ 8, Ex. 21. |

The opposing party's Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the right-hand column must state either that it is undisputed or disputed. *See* Local Rule 56-3. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by a brief citation to the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe the reason(s) the exhibit or evidence refutes the asserted fact. No legal argument should be set forth in this document. Disputes based on evidentiary objections should cite the relevant objection from the separate statement of evidentiary objections.

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|
| 1.  Party 1 and Party 2 signed a contract for the sale and purchase of property. Declarant's Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Party 2 testified that the contract was for a lease, not a purchase. Party 2 Depo (Declarant's Decl. Ex. 4) at 29:4-16. |
| 2.  Party 2 mailed the contract in May 2017. Declarant's Decl. ¶ 8, Ex. 21. | Disputed as to date. Party 2 testified she mailed the contract in June 2017. Declarant's Depo. at 3:4-10. |

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

With its Reply, the moving party shall file a Response to the Statement of Genuine Disputes of Material Fact and Additional Material Facts. *See* Local Rule 56-4. For each fact, the Response shall restate the allegedly undisputed fact and state whether the fact is disputed or undisputed by the opposing party. If the fact is undisputed, no further response is required.

If the fact is disputed, the Response shall restate the opposing party's evidence and reason for disputing the asserted fact. The moving party may provide a response to the opposing party's reason for dispute, including any reason why the evidence cited by the opposing party does not create a genuine dispute and/or any additional evidence relevant to the asserted fact. This response may either be presented in three columns, with the response appearing in the right-hand column, or in two columns, with a response provided below each fact. *See* Local Rule 56-3.

The Response may also include any response to additional material facts asserted by the non-moving party, and this response shall follow the format described above for the Statement of Genuine Disputes of Material Fact. The

1   response to these additional facts shall continue in sequentially numbered

2   paragraphs, and shall not restart the numbering.

3   All facts asserted by either party, whether disputed or undisputed, and all

4   supporting evidence cited, shall be included in the Response. <u>Do not repeat</u>

5   <u>descriptions of and citations to the evidence.</u> If you have already described and

6   cited the evidence once, simply refer to the earlier citation succinctly (*e.g.,* "*See*

7   *supra*, Fact # 1").

8   **2.   Supporting Evidence**

9   No party shall submit evidence other than the specific items of evidence or

10   testimony necessary to support or controvert a proposed statement of undisputed

11   fact. For example, entire deposition transcripts, entire sets of interrogatory

12   responses, and documents that do not specifically support or controvert material in

13   the separate statement shall not be submitted in opposition to a motion for summary

14   judgment. Evidence submitted in support of or in opposition to a motion should be

15   submitted either by way of stipulation or as exhibits to declarations sufficient to

16   authenticate the proffered evidence, and should not be attached to the memorandum

17   of points and authorities. Documentary evidence for which there is no stipulation

18   regarding foundation must be accompanied by the testimony, either by declaration

19   or properly authenticated deposition transcript, of a witness who can establish

20   authenticity.

21   **3.   Objections to Evidence**

22   If a party disputes a fact based in whole or in part on an evidentiary

23   objection, the ground for the objection should be stated succinctly in a separate

24   statement of evidentiary objections in a two-column format. The left column

25   should identify the <u>evidence objected to</u> (i.e., the evidentiary objections must be

26   directed to evidence, not purported facts), including page and line number if

27   applicable, and the right column should set forth a concise objection (*e.g.*, hearsay,

28   lack of foundation, *etc*.) with a citation to the Federal Rules of Evidence or, where

applicable, a case citation. A proposed order shall be filed and attached to the

evidentiary objections as a separate document consistent with Local Rule 52-4.1

and emailed in Word format directly to the Court's chambers email address at

CV_Chambers@cacd.uscourts.gov.

### F.    Motion *In Limine*

Motions *in limine* shall be noticed for hearing not later than four (4) weeks

before the Final Pretrial Conference date. Unless leave of Court is granted, each

party is limited to five motions *in limine*.

### G.    *Daubert* Motions

*Daubert* motions shall be noticed for hearing not later than eight (8) weeks

before the Final Pretrial Conference date.

### H.    Motion for Attorney Fees

Before filing a motion for attorney fees, counsel must meet and confer

thoroughly pursuant to Local Rule 7-3 to attempt in good faith to agree on the

reasonable amount of fees and expenses to be awarded (if the Court decides to

award fees). Motions for attorney fees shall be electronically filed and set for

hearing according to Local Rule 6-1 and this Order. Any motion or request for

attorney fees shall attach two summaries, in table form, of the hours worked by and

billing rate of each attorney with title (i.e., partner, counsel, associate, etc.).

The table shall include a summary of the hours worked by each attorney,

organized by attorney. The table shall list all the tasks on which the attorney

worked, the hours worked on each task, and the hourly rate of each attorney. If the

hourly rate charged by any individual attorney changed while the action was

ongoing, the party shall provide separate calculations for the total number of hours

the attorney spent in connection with each task at each hourly rate.

The table shall be attached to the motion and electronically filed. The

mandatory chambers copies of the table shall be prepared in Excel, have all

restrictions removed so the spreadsheets can be edited, and be emailed to opposing

counsel and the Court's chambers email address at

CV_Chambers@cacd.uscourts.gov.

An opposing party shall specify its objections to the fee requests and time

spent in the form set forth below:

| Attorney | Date | Description | Time Challenged | Reduce By | Objection | Reason for Objection |
|---|---|---|---|---|---|---|
| Attorney A | 1/21/25 | T/C with consultant | 3.0 | 3.0 | Vague | Fails to articulate who the consultant was and what the conversation concerned. |
| Attorney B | 1/10/25 | Research Notice of Related Cases | 2.5 | 2.3 | Excessive | Notice of Related Cases is a form document. Attorney should not charge for basic research. |
| Attorney C | 1/20/25 | Calendared dates | 1.3 | 1.3 | Clerical work | Attorney cannot charge for clerical work. |

## H.    PLRA Exhaustion Motions

The issue of exhaustion under the Prison Litigation Reform Act ("PLRA")

must be raised at the beginning of the litigation. *Albino v. Baca*, 747 F.3d

1162, 1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of

any material fact dispute precluding summary judgment on the exhaustion issue

must file before this Court a request for a hearing within fourteen (14) days of the

filing of the order denying summary judgment. The failure to file a timely request

may be construed as a waiver of the exhaustion issue.

## J.    ERISA Cases (Benefits Claims)

Claims to recover benefits under ERISA will be resolved by a court trial

(usually confined to briefing and possible oral argument) on the administrative

record. Absent an agreed upon statement of facts, the Court will not hear motions

for summary judgment. However, the Court will hear motions to determine the

1   standard of review and the scope of the administrative record. *See Kearney v.*

2   *Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999).

3   ## V.   ADDITIONAL REQUIREMENTS

4   ### A.   Electronic Filing

5   Pursuant to Fed. R. Civ. P. 5(d)(3), L.R. 5-4, and General Order 10-07,

6   counsel shall electronically file ("e-file") all filings. Items that do not require the

7   Court's signature shall be e-filed in .pdf format. Proposed orders shall be e-filed

8   in .pdf format as an attachment to the main documents.

9   *Pro se* litigants may submit documents for filing through the Court's

10  Electronic Document Submission System (EDSS) instead of mailing or bringing

11  documents to the Clerk's Office. Only internet access and an email address are

12  required. Documents are submitted in .pdf format through an online portal on the

13  Court's website. To access EDSS and for additional information, visit the Court's

14  website at https://apps.cacd.uscourts.gov/edss.

15  ### B.   Documents with Declarations, Exhibits, and other Attachments

16  If a filed or lodged document has declarations, exhibits, or other attachments,

17  each attachment must be filed as a separately docketed attachment to the main

18  docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith

19  Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice).

20  The Court may strike or decline to consider motions, stipulations, or other

21  documents with attachments that are not filed in accordance with this Order.

22  ### C.   Proposed Orders

23  Each party filing or opposing a motion or seeking the determination of any

24  matter shall serve and electronically lodge a proposed order setting forth the relief

25  or action sought and a brief statement of the rationale for the decision with

26  appropriate citations. In addition, a copy of the proposed order in Word format

27  shall be emailed directly to the Court's chambers email address at

28  CV_Chambers@cacd.uscourts.gov on the day the document is e-filed.

The parties <u>must</u> use the template for proposed orders available on Judge Valenzuela's Procedures and Schedules page on the Court's website. The proposed order must include the entire relief the parties seek. Failure to email a proposed order in Word format using the Court's template may result in the Court striking the motion, application, or stipulation without consideration of the request on its merits.

### D.    Mandatory Chambers Copies

The Court does not require chambers copies of any motion papers or exhibits and discourages the parties from sending chambers copies, with the following exceptions: the Court requires (1) one mandatory chambers copy of motions for summary judgment and motions for class certification, as well as any associated briefing, including oppositions and replies, and (2) one mandatory chambers copy of overlength briefs when the Court has granted a party's request for leave to file an overlength brief. Chambers copies shall be delivered to Judge Valenzuela's "Mandatory Chambers Copies" box, located on the fourth floor of the United States District Courthouse, 350 W 1st Street, Los Angeles, CA 90012. A mandatory chambers copy must comply with Local Rule 11-3 (i.e., font size, page numbering, exhibit tabbing, etc.) but need not be blue-backed. The mandatory chambers copy must be prominently labeled MANDATORY CHAMBERS COPY on the face page.

This order, however, is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Rule 5-4.2.

The Court refers the parties to the Scheduling and Trial Order for details regarding mandatory chambers copies for pretrial documents and trial exhibits.

### E.    Filing Under Seal

Local Rule 79-5 governs applications to file documents under seal. Local Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave is granted. Parties must comply with all provisions of Local Rule 79-5.

There is a strong presumption of access in civil actions. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the information to be protected. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file a complete version of the documents under seal and a redacted version for public viewing, omitting only the portions that the Court has authorized to be filed under seal.

Sealing must be justified for each individual item: blanket claims of confidentiality will result in the application to seal being denied. Counsel is strongly encouraged to consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument. An application to seal that includes meritless requests to seal or redact documents will be denied. The parties also must meet and confer before filing an application to seal.

### F.    Appearance at Hearings

The Court requires lead counsel to appear for scheduling conferences, settlement conferences, and the Final Pretrial Conference. The Court requires in-person attendance for all hearings and trials, unless otherwise instructed by the Court. The Court may permit appearances by telephone or video conference for status conferences upon a showing that a personal appearance will cause undue hardship. If you wish to appear by telephone or video conference, you must:

1.    email the Courtroom Deputy Clerk and copy opposing counsel at least three (3) Court days in advance of the scheduled appearance and provide a detailed statement of undue hardship;

2.    use a landline to call into the bridge line provided by the Courtroom

1    Deputy Clerk or use a hardline internet connection to connect to the

2    Zoom link for the Court; and

3    3.    be available and ready to call in for at least fifteen (15) minutes before

4        the time of the scheduled hearing.

5    **G.    *Ex Parte* Applications**

6    The Court considers *ex parte* applications on the papers and does not usually

7    set these matters for hearing. The parties will be notified if the Court deems a

8    hearing necessary. *Ex parte* applications are solely for extraordinary relief and

9    should be used with discretion. Sanctions may be imposed for misuse of *ex parte*

10    applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488

11    (C.D. Cal. 1995).

12    *Ex parte* applications that fail to conform to Local Rules 7-19 and 7-19.1,

13    including a statement of opposing counsel's position, will not be considered except

14    upon a specific showing of good cause. The applicant shall serve the opposing

15    party electronically, if possible. All parties registered for electronic service are sent

16    a notification of ECF filing each time a document is e-filed with a link to the

17    document for one free view. Accordingly, parties registered for electronic service

18    are considered served once an *ex parte* application has been e-filed. Parties

19    enrolled for service by facsimile or mail must be served the *ex parte* application by

20    facsimile or personal service.

21    Following service of the *ex parte* application by electronic, facsimile, or

22    personal service, the applicant shall notify the opposing party that any opposition

23    must be filed no later than twenty-four (24) hours following service. Counsel will

24    be notified by the clerk of the Court's ruling. If counsel does not intend to oppose

25    an *ex parte* application, counsel must inform the Courtroom Deputy Clerk at (213)

26    894-5686.

27    All ex parte applications must include a proposed order. See Local Rules 7-

28    19 and 7-19.1.

**H.    Continuances**

The Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will not readily be changed. Therefore, a request to continue or extend the date of any matter before this Court <u>must</u> be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support and a showing of due diligence, requests continuing dates will not be approved. Counsel requesting a continuance or extension of time must file electronically a request or, if the parties are in agreement, a stipulation which includes a <u>detailed</u> declaration of the grounds for the requested continuance or extension of time. A proposed order in Word format must be emailed directly to the Court's chambers email address at CV_Chambers@cacd.uscourts.gov on the day the document is e-filed. The proposed order must include the entire relief the parties seek.

Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Requests extending scheduling dates do not become effective unless and until this Court so orders. <u>Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date.</u> A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence.

**I.    Communications with Chambers**

Counsel <u>must not</u> attempt to contact the Court or chambers staff by email, telephone, or *ex parte* means. For appropriate matters only, counsel may contact the Courtroom Deputy Clerk via chambers email address at CV_Chambers@cacd.uscourts.gov, or by telephone at (213) 894-5686. Counsel must not contact the Courtroom Deputy Clerk regarding the status of any matter before the Court. Counsel must include on all papers his or her email address,

1  telephone number, and facsimile number to facilitate communication with the

2  Courtroom Deputy Clerk.

3  **J.      Order Setting Scheduling Conference**

4  Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an order setting a

5  scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this

6  Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

7  **K.      Settlement Conference / Alternative Dispute Resolution ("ADR")**

8  As stated in Local Rule 16-15, the parties in every action must participate in

9  a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.

10  The Court will not hold a final pretrial conference or convene a trial unless and

11  until all parties, including the principals of all corporate parties, have completed

12  ADR.

13  This Court participates in the Court-Directed ADR Program whereby the Court

14  refers the parties to the Magistrate Judge, the Court Mediation Panel, or private

15  mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed

16  ADR Program (ADR-08) has been filed in this action, counsel must furnish and

17  discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference.

18  Counsel should state their preferred ADR procedure in their Joint Rule 26(f)

19  Report. The Court will refer the action to a procedure at the initial scheduling

20  conference or in a Scheduling and Trial Order. More information about the Court's

21  ADR Program, the Mediation Panel, and mediator profiles is available on the

22  Court's website at https://www.cacd.uscourts.gov/attorneys/adr.

23

24  IT IS SO ORDERED

25

26  Dated:  February 14, 2025

_____
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

27

28