John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET,<br><br>*Defendants* | Case No. 2:24-cv-07453-CV-AJR<br><br>**NHENTAI.NET'S OBJECTIONS TO MAGISTRATE ORDER DENYING MOTION FOR PROTECTIVE ORDER** |

In accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), hereby files its written objections to the Order by Honorable Magistrate Judge Joel A. Richlin denying Nhentai.net's Motion for Protective Order ("Order"): "Defendant's Motion for a Protective Order is DENIED. (Dkt. 32.) …. IT IS SO ORDERED." Dkt. No. 45, 8. Nhentai.net specifically objects to this and the other findings in and specific portions of the Order addressed herein that Nhentai.net believes should have led to a different result on the motion, including issuance of the limited requested protective order. Nhentai.net respectfully requests that the Order be set aside as clearly erroneous and contrary to law.

***Introduction.*** By way of background, Plaintiff PCR Distributing, Co. ("Plaintiff" or "PCR") filed the instant lawsuit against Nhentai.net and other John Does for copyright infringement. This case was brought without legal basis and in direct contravention of Plaintiff's express written permission provided to Nhentai.net relating to use of materials on its website. Plaintiff and its counsel have made numerous misrepresentations to the Court, including that permission was never given to Nhentai.net. Plaintiff and its counsel cannot say they were not aware of it because ***the person filing the asserted copyrights* – DAVID GOLDBERG – *was the exact same person who gave the permission in writing to Nhentai.net***. *See e.g.*, Dkt. No. 31, 16; Dkt. Nos. 31-2, 31-4, 31-5; Dkt. No. 21, 7-9; Dkt. No. 47, 19-20; Dkt. Nos. 47-1, 47-2, 47-4, 47-5. Plaintiff even doubled down on these misrepresentations in filing its First Amended Complaint ("FAC"), despite having been confronted on numerous occasions with the evidence of the permission in writing. FAC ¶ 32, 38, 39, 50, 71, 73, 74, 84, 96, Dkt. No. 40. Indeed, it is misrepresented to the Court in the FAC at least ten times. At this point, the statements in the FAC are boldface lies and raise serious concerns as to how Plaintiff and its counsel have used and will use/misuse information in this case.

While there may be no death threats or risk of physical violence in this copyright case, the real-world harm to Nhentai.net nevertheless clearly exists. Plaintiff's very public conduct to date and the pleadings it has filed with this Court demonstrate the harm. Plaintiff gave Nhentai.net full permission to use its materials only to turn around and tell this Court otherwise in an attempt to gain control of Nhentai.net's entire domain. It is clear that Plaintiff does not have a legal right to bring this suit, much less to obtain non-public, confidential, or personal information about Nhentai.net or individuals associated with it. And the damage from disclosure of such information cannot be undone once made public. All the Court can look at to assess what Plaintiff and its counsel *will do* in the future is *what they have already done* in the past.

***Legal Standard.*** This Court "may reconsider any pretrial matter under [28 U.S.C. § 636(b)(1)(A)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

***Clear Error in the Relief Requested.*** Nhentai.net objects to the following portions of the Order relating to the relief sought as clearly erroneous and the resulting analysis contrary to law:

| | |
|---|---|
| …it appears that a corporate entity owns the website www.nhentai.net and that ***the corporate entity is seeking to proceed in this litigation without identifying itself*** and instead simply referring to itself as Nhentai.net (at least until Defendant has an opportunity to file a motion to dismiss and/or strike the FAC and the District Judge rules on the motion(s)). | Dkt. No. 45, 2 (emphasis added). |

The Magistrate's Order improperly states the relief requested by Nhentai.net at the outset. Limiting the scope of the analysis to *only* identification of the name of the entity that owns the website caused the Magistrate to commit clear error in not considering Nhentai.net's separate request for a limited protective order as to the identity and nonpublic, personal information of individuals associated with Nhentai.net. ***Such individuals are not proper parties and have not been tied to any allegation of copyright infringement in their individual capacities***, despite Plaintiff's admittedly unfounded alter ego allegations. Relatedly, and as addressed further below, the Order misstates the holding of a critical case cited by Nhentai.net where a court in this district did protect the *identities* and identifying information of potential unknown infringers. The Order's findings in this regard are clear error.

Nhentai.net respectfully asks the Court to consider this clearly sought relief in conjunction with the cited authority and issue a protective order for the identity of the entity *and* the individuals associated with Nhentai.net (and their personal non-public information), at least until the Court rules on Nhentai.net's pending motions to dismiss and/or strike. Dkt. No. 45. For clarity, Nhentai.net's proposed order requested that if the Court requires disclosures to Plaintiff's counsel prior to ruling on those motions, Nhentai.net asks the Court to protect this information by limiting it to attorneys' eyes only. Dkt. 32-1. The Order's failure to fully consider the relief requested is clear error and led to a result contrary to law.

***Clear Error in the Applicable Law.*** The Order relied heavily on law and standards not raised by Nhentai.net's motion, specifically Ninth Circuit law on motions to proceed pseudonymously. Nhentai.net has not asked this Court to proceed under a pseudonym, but rather to issue a narrow protective order for a limited period of time. As such, Nhentai.net objects to the following portions of the Order as clearly erroneous or contrary to law:

| | |
|---|---|
| As set for the below, the Court concludes that the balance of factors weigh heavily against permitting Defendant to proceed by pseudonym. | Dkt. No. 45, 3 |
| In sum, the Court concludes that the balance of factors weigh heavily against permitting Defendant to proceed by pseudonym. … This is true even for the limited period until Defendant is able to file and obtain a ruling on its forthcoming dispositive motion because Defendant has failed to provide evidence of any severe harm that will occur during this period. | Dkt. No. 45, 5-6 |

Nhentai.net's Motion for Protective Order was intentionally not styled as a motion to proceed by pseudonym in the case, as that was not the relief sought. Use of this legal standard was clear error that tainted the entire analysis in the Order.

***The BWP Media Case Supports Nhentai.net's Request.*** The Court's findings about *BWP Media USA, Inc. v. Crowdgather, Inc.*, 2014 WL 12601054 (C.D. Cal. July 28, 2014), in light of the facts of this case are clearly erroneous or contrary to law, and Nhentai.net objects to the following portions of the Order:

| | |
|---|---|
| Defendant relies on <u>BWP Media USA, Inc. v. Crowdgather, Inc.</u>, 2014 WL 12601054 (C.D. Cal. July 28, 2014), for the proposition that this Court should issue a protective order limiting the disclosure of Defendant's identity to attorney's eyes only until Defendant can obtain a ruling on its forthcoming motion to dismiss the First Amended Complaint. (Dkt. 32 at 7.) … However, the court determined that the individuals had "a privacy interest in not having their phone number and address publicly disclosed." <u>Id</u>. Thus, the court directed plaintiffs to only use the identifying information for purposes of the litigation and designated the information as attorneys' eyes only until it could be determined whether the individuals were the employees or agents of the defendant website operators. <u>Id</u>. | Dkt. No. 45, 6 |
| The Court concludes that the holding and rationale of <u>BWP Media USA, Inc.</u> are readily distinguishable because <u>BWP Media USA, Inc.</u> involved identifying information for third-party individuals, not the defendant website operators, and the court recognized a privacy interest in the individuals' phone numbers and addresses, not their names. <u>Id</u>. By contrast here, Defendant is the corporate entity that operates the website in question and is a party to the action. (Dkt. 32 at 2.) Requiring Defendant to identify itself on court fillings | Dkt. No. 45, 6-7 |

> would not require it to publicly disclose any confidential information. To the extent Plaintiff seeks confidential information through discovery in the future, Defendant could seek to have that information designated as confidential or attorneys' eyes only.

The primary authority supporting Nhentai.net's Motion for Protective Order – in addition to the wide discretion afforded this Court under Federal Rule of Civil Procedure 26 – is a case out of this district: *BWP Media USA, Inc.*, 2014 WL 12601054. The Order appears to have misstated: 1) the holding in *BWP Media* as not protecting the *identity* of the people at issue; and 2) the nature of the request made by Nhentai.net as to the identities and identifying information of individuals. These are critical, compounding errors of fact and law that warrant reconsideration and issuance of a protective order. In *BWP Media*, the plaintiff sought discovery as to "infringer identities" and their identifying information. *Id.* The defendant in *BWP Media* resisted the discovery in an attempt to protect individuals from having their identities and identifying information disclosed. *Id*.

The Order concluded that *BWP Media* is "readily distinguishable" because it "involved identifying information for third-party individuals, not the defendant website operators, and the court recognized a privacy interest in the individuals' phone numbers and addresses, not their names." However, the *BWP Media* Court ***did protect*** the names of the individuals: "The Court ORDERS that Defendant disclose to Plaintiffs on an attorneys' eyes only basis the ***identities and identifying information*** …" (emphasis added). *BWP Media USA, Inc.,* 2014 WL 12601054, at *3. *Id*. at 3. As such, the Order's finding to the contrary is manifestly incorrect. That misreading of *BWP Media* is then compounded by the Order's clearly erroneous limitation of the relief sought by Nhentai.net. The Order addressed only Nhentai.net's corporate entity status: "By contrast here, Defendant is the corporate entity that operates the website in question and is a party to the action." Dkt. No. 45, 6-7. Yes, the name of the entity that owns and operates the website is at issue in

Nhentai.net's motion. But also *separately at issue* are the names and identifying information of *individuals* – as in *BWP Media*. The Order's findings clearly disregard Nhentai.net's request for a protective order as to the nonpublic, personal information of *individuals associated with Nhentai.net*. And while the Order later states that "the time for discovery has not even commenced" (Dkt. No. 45, 3-4), Nhentai.net will soon be required to make Rule 26 disclosures of identifying information of individuals associated with it, potentially subject to no restrictions on use by Plaintiff.[1] The Order states that "to the extent Plaintiff seeks confidential information through discovery in the future, Defendant could seek to have that information designated as confidential or attorneys' eyes only." Dkt. No. 45, 6-7. That time is now and Nhentai.net has already done just that. *See, e.g.*, Dkt. No. 32. Accordingly, Nhentai.net's request for protective order of a limited scope and duration is ripe and should have been considered in the Order.

***Clear Error in the Order's Findings Relating to Harm.*** Nhentai.net objects to the following portions of the Order as clearly erroneous or contrary to law:

| | |
|---|---|
| However, the Court notes that Defendant has not submitted any evidence in support of the Motion for Protective Order, such as a declaration. | Dkt. No. 45, 3 |
| The Court concludes that Defendant's identified harms related to discovery and the allegations in the Complaint are not reasonable. With regard to Defendant's concerns related to overreaching discovery, the Court notes that the District Judge has not yet set a date for a scheduling conference and the parties have not yet held a Rule 26(f) conference, and therefore, the time for discovery has not even commenced. … Thus, Defendant's concerns related to overreaching discovery are simply not supported by the record in this case. | Dkt. No. 45, 3-4 |
| Thus, Defendant has ample means to protect itself against inappropriate allegations in the pleadings and does not need to | Dkt. No. 45, 4 |

---

[1] The parties have not yet held the 26(f) conference such that they can issue written discovery requests. Nhentai.net has also asked this Court to defer any Rule 26(f) disclosures until the motions to dismiss/strike are ruled on. Dkt. No. 48.

| | |
|---|---|
| proceed by pseudonym. See Doe v. Wynn Resorts Ltd., 2023 WL 4561527, at *5 (D. Nev. July 17, 2023) ("A party does not meet its burden by merely alleging a fear that a person will sue them."). | |
| Here, the Court concludes that Defendant has failed to present any evidence demonstrating a fear of severe harm from disclosure of its identity that is reasonable. | Dkt. No. 45, 4 |
| Defendant simply does not claim to be vulnerable and has not provided any information from which the Court could make a finding of vulnerability. (Dkts. 32, 41.) | Dkt. No. 45, 4 |
| Accordingly, the Court cannot conclude that Defendant is vulnerable to any of the alleged harm. | Dkt. No. 45, 5 |

While no declaration was submitted, the public filings and conduct of the Plaintiff and its counsel are very much evidence supporting Nhentai.net's requested protective order. Plaintiff and its counsel have shown that they will go to any lengths when it comes to Nhentai.net, including repeatedly filing demonstrably false information with this Court and asking the Court to give it control over Nhentai.net's entire domain. This is an intellectual property case, not a whistleblower action or one involving sexual harassment or assault. There are no known threats of physical violence. There is, however, clear abuse of the legal system by Plaintiff in this case. And based on Plaintiff's conduct to date and its expressed need and intention to use information it obtains in an unrestricted fashion, the potential harm to Nhentai.net is real. One cannot un-ring the bell; Nhentai.net simply asks that the sound be restrained for a short period of time. Given the limited scope and duration of the requested protective order, Nhentai.net asks the Court to err on the side of protection.

***Clear Error in Order's Findings on Prejudice to Plaintiff or the Public.*** Nhentai.net objects to portions of the Order as clearly erroneous or contrary to law.

| | |
|---|---|
| Neither party addresses the potential for prejudice to Plaintiff from Defendant being permitted to proceed by pseudonym. Accordingly, the Court cannot make any finding of prejudice based on the current record. | Dkt. No. 45, 5 |
| By contrast, permitting Defendant to proceed by pseudonym would burden the public's "general right to inspect and copy public records and documents, including | Dkt. No. 45, 5 |

| | |
|---|---|
| judicial records and documents." Kamehameha, 596 F.3d at 1042-43 (internal quotation marks omitted). Indeed, there is a presumption in favor of parties to litigation using their real names based on "the public's right to open courts" and "the right of private individuals to confront their accusers." Id. at 1042. | |
| The focus of this case is a publicly available website alleged to receive around 79.38 million monthly visitors from the United States and around the world. (Dkt. 40 at 4.) Thus, the Court easily concludes that the public has a strong interest in knowing the identity of the corporate entity that operates this website and is appearing in federal court to defend this case. See United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008) ("[I]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." | Dkt. No. 45, 5 |
| The fact that Defendant may be able to defeat Plaintiff's claims in an early dispositive motion does not justify permitting Defendant to proceed by pseudonym. See VPN. Com LLC v. Dikian, 2023 WL 6370882, at *3 (C.D. Cal. Aug. 29, 2023) … But for better or for worse, hundreds of Defendants are sued by name each day in this county—many of whom ultimately prevail at (or before) trial."). Defendant simply has not made a showing sufficient to outweigh the public's right to know the identity of the litigants before this Court. See Doe v. NFL Enterprises, LLC, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) ("[O]ur courts belong to the people, and the public and press have a right to look over our shoulders to see how their court system is being used. ***This consideration counsels in favor of requiring true names of those who seek to sue others***."). | Dkt. No. 45, 6 |

Contrary to the finding that neither party addresses the potential for prejudice to Plaintiff, Nhentai.net specifically argued that its "requested protective order is limited in time to the very early stages of these proceedings and would in no way prejudice Plaintiff, its counsel, or the public" and that "[t]he interest in public access to information and the openness of the court system are not obstructed" because Plaintiff's allegations are frivolous and not brought in good faith. Dkt. No. 32, 9.

Further, the public interests cited by the Order do not apply in the current instance. The Order cites two Ninth Circuit cases for, among other things, the

propositions that "[t]he people have a right to know who is using their Court system" and "the right of private individuals to confront their accusers." Dkt. No. 45 at 5. Here, there are no private individuals confronting accusers. The public has not been sued; Nhentai.net has. Nhentai.net also did not avail itself of the court system, but rather, it has been dragged into court on frivolous claims, at best. *Plaintiff* is using the Court system and doing so improperly. It is counterintuitive that the public would have an interest in the defense of allegations that never should have been brought in the first place. The public should have an interest in ***not*** permitting Plaintiff to misuse the court system in this manner. The Order further cites a Northern District of California case finding that there is a public interest in courts requiring the "true names of those who seek to sue others." Dkt. 45, 6. Again, Nhentai.net is not suing others. There is a sufficient and very public record on which the Court can make a finding of no prejudice to Plaintiff or the public in issuing a limited protective order.

***Clear Error in Order's Findings on Siemens Case.*** Nhentai.net objects to portions of the Order as clearly erroneous or contrary to law with respect to further cited authority: *Siemens Prod. Lifecycle Mgmt. Software, Inc. v. Does 1-100*, No. 415CV00582ALMCAN, 2016 WL 9275398 (E.D. Tex. July 7, 2016):

| | |
|---|---|
| One of the doe defendants requested a limited protective order prohibiting the public disclosure of any information related to them and requested the redaction of their identity from any amended complaint until such time that they could file and have considered any motion to dismiss. Id. at *2. … The court found good clause to protect from disclosure this one doe defendant's identifying information in any amended complaint because the case was at an early stage of proceedings and the plaintiff had not yet specifically alleged the doe defendant's connection to the allegedly infringing IP address. Id. Thus, the court directed plaintiff to redact any identifying information related to this one doe defendant from any amended complaint. Id. at *3. | Dkt. No. 45, 7 |
| The Court concludes that the holding and rationale of Siemens Prod. Lifecycle Mgmt. Software are also readily distinguishable because [it] involved a subpoena to an internet service provider seeking identifying information, not whether | Dkt. No. 45, 7-8 |

| | |
|---|---|
| a defendant could proceed in the litigation under a pseudonym. | |
| While the court ultimately granted one of the doe defendant's requests for a limited protective order, the court found good cause based on specific representations of harm from public disclosure of the doe defendant's identity and the fact that the plaintiff had not yet specifically alleged the doe defendant's connection to the allegedly infringing IP addresses. Id. The court also limited the protective order to requiring the plaintiff to redact the one doe defendant's identifying information from any amended complaint and did not address whether either doe defendant could proceed in the litigation under a pseudonym. | Dkt. No. 45, 7-8 |
| By contrast here, Plaintiff has specifically alleged Defendant's connection to the copyright infringement at the core of the case, (Dkt. 40), and Defendant has failed to present any evidence demonstrating a fear of severe harm from disclosure of its identity that is reasonable. The Court also notes that Siemens Prod. Lifecycle Mgmt. Software is a case from the Eastern District of Texas and simply does not consider the Ninth Circuit's five-factor test for a party to proceed under a pseudonym. Thus, the Court concludes that the Motion for Protective Order must be denied. | Dkt. No. 45, 8 |

Lastly, although the Order noted that the *Siemens* case is from the Eastern District of Texas, that district like this Court and many in California are very savvy and routinely handle complicated intellectual property cases. The Order also appears to have disregarded the *Siemens* case because it did not use the "Ninth Circuit's five-factor test for a party to proceed under a pseudonym." Dkt. No. 45, 7-8. Nhentai.net's Motion for Protective Order was not brought as a motion to proceed pseudonymously. The *Siemens* Court issued a limited protective order protecting a defendant's identity and identifying information at the early stages of the proceeding. The *Siemens* Court's analysis of Federal Rule of Civil Procedure 26 and its issuance of a very similar protective order is persuasive authority showing this Court's discretion to enter the requested protective order.

***Conclusion***. Nhentai.net respectfully requests that the Order be set aside as clearly erroneous and contrary to law. The limited protective order sought by Nhentai.net is fully within the Court's wide discretion to grant.

DATED: February 21, 2025          Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson (*Pro Hac Vice*)
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**Attorneys for Nhentai.net**

## CERTIFICATE OF SERVICE

On February 21, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell