**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW, P.C.
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone:   (213) 785-8070
Facsimile:    (213) 955-5010

Attorneys for Plaintiff PCR Distributing, Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., | Case No. 24-cv-07453-CV-AJR |
| vs. | |
| Plaintiff, | **PLAINTIFF'S RESPONSE AND MOTION TO STRIKE NHENTAI.NET'S OBJECTIONS TO MAGISTRATE ORDER DENYING MOTION FOR PROTECTIVE ORDER (DKT. 50)** |
| vs. | |
| JOHN DOES 1 – 10, d/b/a NHENTAI.NET and NHENTAI.TO, | |
| Defendants. | Judge: Hon. Cynthia Valenzuela |
| | Courtroom: 5D |
| | Place: U. S. Courthouse |
| | 350 Wests First Street |
| | Los Angeles, California 90012 |

# I.      Introduction

Plaintiff PCR Distributing Co. ("PCR") hereby responds to and moves to strike Defendants' "Objections to Magistrate Order Denying Motion for Protective Order" ("Objections"). (Dkt. 50.) Defendants' "Objections" are a procedural nullity, violating multiple Local Rules. Setting aside that they are substantively meritless, Defendants' Objections—which appear to be nothing more than yet another stall tactic by online pirate operators to avoid disclosing their identities for as long as possible—should be summarily rejected on procedural grounds. To the extent that the Court considers the merits, the Objections should be denied as frivolous.

# II.     Factual Background

Plaintiff PCR Distributing Co. ("PCR"), a creator and distributor of premium hentai (Japanese adult animation) art and publications, brought this case against Defendants, who, at present, claim to be the owners and operators of one or more pirate websites known as "nHentai," in an effort to put a stop to Defendants' brazen infringement of PCR's copyrights. Because PCR was unaware of the true identities of the owners and operators of the websites infringing on PCR's copyrights, PCR sued "John Does 1 – 10, d/b/a nHentai.net and nHentai.to."

In the seven months since this case was originally filed, Defendants have repeatedly appeared through counsel, but have never identified themselves, appearing only as "the operators of the nhentai.net website." (*See, e.g.,* Dkt. 21:2-2.) In fact, on January 6, 2025, Defendants filed a motion for a protective order to shield themselves from the requirement of appearing by name. (Dkt. 32.)

On February 7, 2025, Magistrate Judge Richlin denied Defendants' request, and ordered them to "discontinue the use of a pseudonym for all future filings in this action." (Dkt. 45 at 8.) Magistrate Judge Richlin stayed his order for 14 days "to permit Defendant the opportunity to seek review of this Order from the District Judge." (Dkt. 45 at 8.) Defendants filed their "Objections" on February 21, 2025.

III.  **Argument**

   A.  **To Seek Review of the Magistrate Judge's Order, Defendants Were**
       **Required to File a Regularly Noticed Motion, Not "Objections"**

   Magistrate Judge Richlin's order denying Defendants' motion for a protective order and instructing Defendants to discontinue the use of a pseudonym was an order on a non-dispositive matter. Fed. R. Civ. P. 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge . . . [, a] party may serve and file objections to the order within 14 days . . . .").

   The Local Rules specify the procedure that must be followed in this District when challenging an order from a magistrate judge on a non-dispositive matter:

   > Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense *must file a motion for review by the assigned District Judge*, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of . . . service of a written ruling.

C.D. Cal. Local Rule 72-2.1 (emphasis added). Thus, merely filing and serving "objections" is not sufficient. A party must "file a motion for review" by the District Judge. *See, e.g.*, *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Pracs. & Prods. Liab. Litig.,* No. 210CV00946CJCRNBX, 2011 WL 13130898, *1 (C.D. Cal. Dec. 2, 2011) ("A party may object to the magistrate's order under Rule 72(a) *and file a motion for reconsideration of the order* with the assigned district judge within fourteen (14) days after service of a written ruling. FED. R. CIV. P. 72(a); Local Rule 72-2.1.") (emphasis added).

   Such a motion for review challenging a non-dispositive ruling must follow the ordinary rules for motions. This includes the requirement of Local Rule 7-3 that the moving party meet and confer with opposing counsel at least seven days prior to filing the motion. *See id.* at *2 ("Toyota argues that Local Rule 7-3 does not apply to the

2

1  instant motion because it was brought under Rule 72(a) and Local Rule 72-2.1 and

2  these rules do not include a meet and confer requirement. The Court disagrees. Local

3  Rule 7-3 applies to all motions, except those in connection with a discovery motion

4  or listed as exempt under Local Rule 16-12. Toyota's motion is not properly a

5  discovery motion[1] before this Court and is not listed as exempt under Local Rule 16-

6  12.”). The motion must also include the statement required by Local rule 7-3: “This

7  motion is made following the conference of counsel pursuant to L.R. 7-3 which took

8  place on (date).”

9      So, too, like other motions, “[o]n the first page of the notice of motion and

10  every other document filed in connection with any motion, there shall be included,

11  under the title of the document, the date and time of the motion hearing . . . .” Local

12  Rule 7-4. And “[a] separate proposed order shall be lodged with any motion or

13  application requiring an order of the Court . . . .” Local Rule 7-20.

14      **B.**   **<u>Defendants Failed to Timely File a Proper Motion</u>**

15      Here, Defendants did not file a regularly noticed “motion for review,” “motion

16  for reconsideration,” or any sort of “motion” at all. Instead, they merely filed

17  “objections” to Magistrate Judge Richlin's order, in violation of Local Rule 72-2.1.

18  The caption of the “objections” does not list the date and time of a hearing, and there

19  is no “notice of motion,” in violation of Local Rule 7-4. (Dkt. 50 at 1.) The filing was

20  not accompanied by a proposed order, in violation of Local Rule 7-20. Defendants'

21  counsel never met and conferred with Plaintiff's counsel before filing it, in violation

22  of Local Rule 7-3. Their filing also fails to contain the statement regarding the meet-

23  and-confer process required by Local Rule 7.3.

24      Any of these defects alone would be a basis to overrule the “objections.”

25

26  [1] Here, too, Judge Richlin's Order was not on a discovery motion. Defendants were seeking to shield
themselves from the requirement of identifying themselves *in their pleadings*. They were not by

27  their motion merely seeking a protective order shielding of them from producing documents or
information *in discovery*.

28

1  Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure
2  to file it within the deadline, may be deemed consent to the granting or denial of the
3  motion." *See In re Toyota Motor Corp.*, 2011 WL 13130898 at *2 ("Toyota was
4  required to meet and confer under Local Rule 7-3 before filing its motion for
5  reconsideration. Toyota's failure to abide by the procedural requirements under either
6  Local Rule 72-2.1 or 7-3 is, alone, sufficient basis to deny its motion.").

7  ### C.    Defendants Cannot Now Cure Their Defective Filing

8     Even if Defendants were to attempt to rectify their error now by following the
9  meet and confer process and filing a properly noticed motion, it would be too late to
10 do so. Local Rule 72-2.1 provides that a motion for review of a magistrate's order
11 "shall be filed within fourteen (14) days of . . .  service of a written ruling." Judge
12 Richlin's Order was issued on February 7, 2025. (Dkt. 45.) Defendants' deadline to
13 file a motion was February 21, 2025. Since that date has already passed, any motion
14 Defendants might file at this point would be untimely. *See In re Toyota Motor Corp.*,
15 2011 WL 13130898 at *2 ("Toyota filed its motion for reconsideration on November
16 1, 2011 under seal. As this is outside the fourteen-day window to file such a motion
17 under Rule 72(a) and Local Rule 72-2.1, the Court need not reconsider Judge Block's
18 October 14, 2011 Order.").

19    Moreover, Judge Richlin's Order by its terms was only stayed beyond 14 days
20 from issuance *if* Defendants timely and properly sought review from this Court. *See*
21 Dkt. 45 at 8 ("[T]he Court stays its ruling for 14 days to permit Defendant the
22 opportunity to seek review of this Order from the District Judge. See Fed. R. Civ.
23 Proc. 72. *If Defendant timely seeks review from the District Judge, then* this Order
24 shall remain stayed until the District Judge rules on that request.") (emphasis added).
25 Thus, the order is *already* in effect, and Defendants must now comply. *See* Local Rule
26 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate
27 Judge's ruling remains in effect unless the ruling is stayed or modified by the

28

1  Magistrate Judge or the District Judge.").

2       To the extent that the Court has discretion to treat Defendants' Objections as a
3  motion and set a further briefing schedule thereon, PCR would urge the Court to
4  decline to do so. Allowing Defendants a briefing schedule would further facilitate
5  their efforts to kick the can down the road and reward them for their intransigence in
6  refusing to comply for the better part of a year with the basic expectation of all
7  litigants to identify themselves.

8       **D.    Defendants; Objections Should Be Overruled on the Merits**

9       To the extent that the Court considers the merits of Defendants' "Objections,"
10  it should overrule them. 28 U.S.C § 636, invoked by Defendants in their Objections
11  (Dkt. 50 at 2:12-14), provides that the Magistrate's order may be overturned only if it
12  is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[2] Even a cursory
13  review of the Defendants' Objections makes it clear that they reflect a simple
14  disagreement with Magistrate Judge Richlin's reasoning and conclusion, and there is
15  nothing that remotely approaches the stringent "clearly erroneous or contrary to law"
16  standard.

17       The gist of the Defendants' twelve-page objection to Magistrate Judge Richlin's
18  eight-page Order is that the Defendants' motion to dismiss the operative First
19  Amended Complaint (FAC) is a slam dunk, so they shouldn't have to identify
20  themselves at least until that motion is resolved. Of course, this Court cannot evaluate
21  Defendants' assertion that they will succeed in dismissing all of the claims in the FAC

22

23  [2] Defendants also erroneously cite to 28 U.S.C. § 636(b)(1)(C), which provides for a *de novo*
24  standard of review. (Dkt. 50 at 2:14-19.) Subsection (b)(1)(C) only when a magistrate files
   "proposed findings and recommendations under subparagraph (B)." Subsection (b)(1)(B) authorizes
25  a magistrate to "to conduct hearings, including evidentiary hearings, and to submit to a judge of the
   court proposed findings of fact and recommendations for the disposition, by a judge of the court, *of*
26  *any motion excepted in subparagraph (A)*" (emphasis added). Magistrate Judge Richlin's Order
   denying Defendants' motion for a protective order is clearly an "order" under (b)(1)(A), *not*
27  "proposed findings and recommendations" under (b)(1)(B), so the *de novo* standard under (b)(1)(C)
   simply has no applicability here.
28

5

PLAINTIFF'S MOTION TO STRIKE NHENTAI.NET'S OBJECTIONS TO MAGISTRATE ORDER DENYING MOTION FOR PROTECTIVE ORDER

1  (and do so without PCR being granted leave to amend) without considering all of the

2  briefing and any oral argument on the motion to dismiss. Suffice it to say, PCR is

3  equally confident Defendants' motion to dismiss will be denied. Nothing about these

4  competing claims as to impending victory indicates that Magistrate Judge Richlin was

5  "clearly erroneous" when he determined that Defendants provided no valid basis why

6  *they* should be exempted from the ordinary rule of disclosing their identities from the

7  beginning of the case.

8      Virtually the entire Objection consists of Defendants' hyperbole unsupported by

9  evidence. In objecting to Magistrate Judge Richlin's finding that "Defendant has not

10  submitted any evidence in support of the Motion for Protective Order, such as a

11  declaration" (Dkt. 45 at 3), Defendants argue that "[w]hile no declaration was

12  submitted, the public filings and conduct of the Plaintiff and its counsel are very much

13  evidence supporting NHentai.net's requested protective order." (Dkt. 50 at 7:8-10.)

14  However, the only "public filings" Defendants cite as "evidence" of this are their *own*

15  *briefs* and their own exhibits *not authenticated by any declaration. See* Dkt. 50 at

16  1:20-21 (citing Dkt. No. 31 at p. 16; Dkt. Nos. 31-2, 31-4, 31-5; Dkt. No. 21 at pp. 7-

17  9; Dkt. No. 47 at pp. 19-20; Dkt. Nos. 47-1, 47-2, 47-4, 47-5.)

18      The irony is that it appears that Defendants have repeatedly declined to

19  authenticate their "evidence" because they don't want to have to file a declaration

20  under penalty of perjury and reveal themselves. They are trying to have their cake and

21  eat it too, hiding their identities while asking the Court to consider evidence that could

22  only potentially be admissible if they disclose their identities. Defendants argue that

23  Magistrate Judge Richlin erred in relying on cases that address a party's right to

24  litigate under a pseudonym, since they are (potentially) only asking for the right to

25  litigate under a pseudonym *temporarily.* (Dkt. 50 at 3:21-25.) But the considerations

26  regarding whether proceeding anonymously is appropriate—i.e., "(1) the severity of

27  the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the

28

PLAINTIFF'S MOTION TO STRIKE NHENTAI.NET'S OBJECTIONS TO MAGISTRATE ORDER DENYING
MOTION FOR PROTECTIVE ORDER

1  anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing

2  party, and (5) the public interest*"*—are relevant regardless whether that anonymity is

3  temporary or permanent. (Dkt. 45 at 2 (quoting *Doe v. Kamehameha Sch./Bernice*

4  *Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).)

5  Defendants simply offered no valid basis to shield their identities for *any* period

6  of time. Defendants concede that "[t]his is an intellectual property case, not a

7  whistleblower action or one involving sexual harassment or assault. There are no

8  known threats of physical violence." (Dkt. 50 at 7:13-14.) But they argue that "[t]here

9  is, however, clear abuse of the legal system by Plaintiff in this case." (*Id.* at 7:15.) But

10  the only "abuse" they identify is PCR alleging supposedly meritless claims—which,

11  as discussed above, is putting the cart before the horse (to put it mildly).

12  **E. Additional Delay Allows Ongoing Harm to PCR**

13  Further delays in this litigation not only undermine the efficient administration

14  of justice but also continue to inflict tangible harm on PCR. Each day that passes

15  without resolution extends the period during which PCR is unable to enforce their

16  copyright rights, resulting in ongoing and potentially irrecoverable financial and

17  reputational damages. This case involves properly pled allegations of copyright

18  infringement, and as left unchecked, the infringing activities persist, exacerbating the

19  harm suffered by PCR. With even alleged pirate operators, swift resolution is crucial

20  to mitigate these harms. Delays further deprive PCR of the relief it needs.  This Court

21  should not condone any further stalling tactics by the Defendants that only serve to

22  prolong these injuries.

23
24
25
26
27
28

7

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule Defendants' "Objections" and instruct Defendants to immediately comply with Magistrate Judge Richlin's Order directing them to discontinue the use of pseudonyms in all future filings.

Dated:  March 6, 2025                          Respectfully submitted,


                                               By:  */s/ Eric Bjorgum*
                                               A. Eric Bjorgum
                                               BJORGUM LAW, P.C.
                                               Attorneys for Plaintiff
                                               PCR Distributing Co.

PLAINTIFF'S MOTION TO STRIKE NHENTAI.NET'S OBJECTIONS TO MAGISTRATE ORDER DENYING MOTION FOR PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Wilson
Jennifer M. Rynell
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248

Glenn T. Litwak
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401

By: _____ */s/ Eric Bjorgum* _____
A. Eric Bjorgum

PLAINTIFF'S MOTION TO STRIKE NHENTAI.NET'S OBJECTIONS TO MAGISTRATE ORDER DENYING MOTION FOR PROTECTIVE ORDER