**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW PC
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone: (213) 596-6390
Facsimile: (213) 596-6399

Attorneys for Plaintiff PCR Distributing, Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO.,<br>vs.<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1 – 10, d/b/a NHENTAI.NET and NHENTAI.TO,<br><br>Defendants. | Case No. 2:24-cv-07453-CV-AJR<br><br>**PLAINTIFF'S OBJECTIONS TO AND MOTIONS TO STRIKE EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE FIRST AMENDED COMPLAINT**<br><br>Date: March 28, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Cynthia Valenzuela<br>Courtroom: 5D<br>Place: U. S. Courthouse<br>  350 West First Street<br>  Los Angeles, California 90012 |

Plaintiff PCR Distributing Co. ("PCR") hereby files its objections to and motion to strike the evidence submitted by Defendants in support of NHentai.net's Motion to Dismiss and Strike the First Amended Complaint ("Motion"). (Dkt. 47.)

### General Objections

Defendants' Motion is accompanied by the declaration of defense counsel Jennifer M. Rynell ("Rynell Decl.") (Dkt. 47-6), which attaches nine exhibits. (*See* Dkt. 47-7 through 47-15.) However, Defendants' Motion also relies upon five documents that are attached as Exhibits 1-5 to the Motion itself, not as exhibits to any declaration. (Dkt. 47-1 through 47-5.) These "exhibits" are all email chains purportedly between representatives of PCR and Defendants. None are a proper subject of judicial notice, and so none can be considered on a motion to dismiss. Indeed, because these emails are nowhere referenced in or relied upon by the operative First Amended Complaint, they are irrelevant to a Rule 12(b)(6) motion to dismiss, and any consideration of them would be unfairly prejudicial. And even if these emails were a proper subject of consideration in theory, the exhibits are inadmissible because they lack authentication (and as such, no foundation exists for them to overcome a hearsay objection).

Much of the content of the Rynell Declaration is itself objectionable. Rynell purports to relate t the contents of various webpages or other documents. This is a clear violation of the best evidence rule, Fed. R. Evid. 1002. There is no basis for any exception to the best evidence rule's requirement of producing an original (or exact duplicate) of a writing to prove its contents. *See* Fed. R. Evid. 1004, 1006. Further, a number of the exhibits to the Rynell Declaration lack authentication, are not properly subject to judicial notice for a motion to dismiss, or are hearsay.

# Specific Objections

| Exhibits to Motion | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Ruling** |
| 1. **Exhibit 1 (Dkt. 47-1)** Purported October 29, 2020 email from David Goldberg to hey@nhentai.net | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Hearsay (FRE 802); Lacks authentication (FRE 901) | Sustained ___ <br><br> Overruled ___ |
| 2. **Exhibit 1 (Dkt. 47-2)** Purported December 23, 2020 email from David Goldberg to maou@nhentai.net | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Hearsay (FRE 802); Lacks authentication (FRE 901) | Sustained ___ <br><br> Overruled ___ |
| 3. **Exhibit 1 (Dkt. 47-3)** Purported September 15, 2021 to November 2, 2021 email between Gavin Wink and maou@nhentai.net | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Hearsay (FRE 802); Lacks authentication (FRE 901) | Sustained ___ <br><br> Overruled ___ |
| 4. **Exhibit 1 (Dkt. 47-4)** Purported August 4, 2021 email from David Goldberg to hey@nhentai.net | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Hearsay (FRE 802); Lacks authentication (FRE 901) | Sustained ___ <br><br> Overruled ___ |
| 5. **Exhibit 1 (Dkt. 47-5)** Purported April 22, 2021 email from David Goldberg to hey@nhentai.net | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Hearsay (FRE 802); Lacks authentication (FRE 901) | Sustained ___ <br><br> Overruled ___ |

| **Rynell Declaration** |||
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Ruling** |
| 1. **Paragraph 10, pp. 2:26-3:1** "As shown in Exhibits A-G, the Copyright Office Certificates of Registration and catalog printouts do not indicate that any of the alleged copyrighted material is in the form of videos or images." | Lacks foundation (FRE 602); Improper opinion (FRE 701); Improper legal conclusion (FRE 704); Best evidence rule (FRE 1002) The documents speak for themselves. They do not, in fact, state that none of the copyrighted material is in the form of images. This is an (erroneous) legal conclusion that the declarant has drawn based on the fact that the registrations are as "literary works" using the TX Form. No foundation has been laid that a "literary work" registration of a graphic novel cannot include associated images. | Sustained ___ Overruled ___ |
| 2. **Paragraph 11, p. 3:2-4** "I last visited https://nhentai.net/g/312283/ on February 6, 2025. On that date, this website indicated that the first page of the book 'Submission Eternal My Lady, My Master,' was uploaded four years and nine months ago, i.e., in mid-2020." | Irrelevant (FRE 401, 402); Lacks foundation (FRE 602); Hearsay (FRE 800); Best evidence rule (FRE 1002) The declarant improperly recites what the webpages states to prove its contents. The information purportedly recited on the website is offered for its truth, but the webpage is hearsay, not falling within any exception. And there is no foundation that any published upload date is accurate. | Sustained ___ Overruled ___ |

| | | | |
|---|---|---|---|
| 3. **Paragraph 12, p. 3:5-7** "I last visited https://nhentai.net/g/208694/ on February 6, 2025. On that date, this website indicated that the first page of the book 'Hey ... Let's Do It,' was uploaded seven years and four months ago, i.e., in the fall of 2017." | Irrelevant (FRE 401, 402); Lacks foundation (FRE 602); Hearsay (FRE 800); Best evidence rule (FRE 1002)  The declarant improperly recites what the webpages states to prove its contents, rather than offering an excerpt or screenshot from the website itself. The information purportedly recited on the website is offered for its truth, but the webpage is hearsay, not falling within any exception. And there is no foundation that any published upload date is accurate. | Sustained ___  Overruled ___ |
| 4. **Paragraph 13, p. 3:8-10** "I last visited https://nhentai.net/g/543331/ on February 4, 2025. This URL does not actually link to any material that appears to be called or relate to 'Sexual Healing.'" | Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403); Lacks foundation (FRE 602); Improper opinion (FRE 702); Hearsay (FRE 800); Best evidence rule (FRE 1002)  The declarant improperly recites what the webpages states to prove its contents, rather than offering an excerpt or screenshot from the website itself. The declaration also does not attach the work "Sexual Healing," and so no comparison can be made. The information purportedly recited on the website is offered for its truth, but the webpage is hearsay, not falling within any exception. | Sustained ___  Overruled ___ |

| | | | |
|---|---|---|---|
| 5. **Paragraph 14, p. 3:11-13** "I last visited https://nhentai.net/g/340116/ on February 4, 2025. This URL appears to link to a work that has a Japanese title that was uploaded four years and one month ago." | Irrelevant (FRE 401, 402); Lacks foundation (FRE 602); Hearsay (FRE 800); Best evidence rule (FRE 1002)  The declarant improperly recites what the webpages states to prove its contents, rather than offering an excerpt or screenshot from the website itself. The information purportedly recited on the website is offered for its truth, but the webpage is hearsay, not falling within any exception. And there is no foundation that any published upload date is accurate. | Sustained ____  Overruled ____ |
| 6. **Paragraph 18, p. 4:1-5 and Exhibit H** "Nhentai.net obtained correspondence between Plaintiff and/or JAST USA with the Copyright Office relating to the five copyrights originally asserted by Plaintiff. Attached as Exhibit H hereto is a true and correct 'Copy of Correspondence' received from the U.S. Copyright Office for Copyright TX9-380-863 – 'Hey ... Let's Do It!'" | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403); Hearsay (FRE 802); Lacks authentication (FRE 901, 902)  The exhibit consists of purported emails between David Goldberg and the U.S. Copyright Office.  The exhibit lacks foundation for authenticity. The declaration only states that "Nhentai.net obtained correspondence," but does not establish who "received" the exhibit, when, or how it was obtained. And because the exhibit bears a seal | Sustained ____  Overruled ____ |

but is not signed, it does not meet the requirements for self-authentication under FRE 902(1); nor, because it lacks a certification, does it meet the requirements for self-authentication under FRE 902(4).

Even if authentic, the mere fact that a document is filed with or created by a public agency does not make it a proper subject of judicial notice. *See, e.g., Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344, 1354 (7th Cir. 1995). The FAC references PCR's (or JAST's) copyright registrations, but nowhere references or relies on email correspondence with the Copyright Office.

Because the exhibit includes correspondence with parties outside the Copyright Office, it is not admissible over a hearsay objection under the public records exception, FRE 803(8). *See United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) ("In general, statements by third parties who are not government employees (or otherwise under a legal duty to report) may not be admitted pursuant to the public records exception . . . .").

| | | | |
|---|---|---|---|
| 7. **Paragraph 19, p. 4:6-8 and Exhibit I** "Attached as Exhibit I hereto is a true and correct 'Copy of Correspondence' received from the U.S. Copyright Office for Copyright TX9-312-666 –'Submission Eternal My Lady, My Master.'" | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Hearsay (FRE 802); Lacks authentication (FRE 90, 902) <br><br> The exhibit consists of purported emails between David Goldberg and the U.S. Copyright Office. <br><br> The exhibit lacks foundation for authenticity. The declaration only states that "Nhentai.net obtained correspondence," but does not establish who "received" the exhibit, when, or how it was obtained. And because the exhibit bears a seal but is not signed, it does not meet the requirements for self-authentication under FRE 902(1); nor, because it lacks a certification, does it meet the requirements for self-authentication under FRE 902(4). <br><br> Even if authentic, the mere fact that a document is filed with or created by a public agency does not make it a proper subject of judicial notice. *See, e.g., Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344, 1354 (7th Cir. 1995). The FAC references PCR's (or JAST's) copyright registrations, but | Sustained ___ <br><br> Overruled ___ |

| | | | |
|---|---|---|---|
| | | nowhere references or relies on email correspondence with the Copyright Office.<br><br>Because the exhibit includes correspondence with parties outside the Copyright Office, it is not admissible over a hearsay objection under the public records exception, FRE 803(8). *See United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) ("In general, statements by third parties who are not government employees (or otherwise under a legal duty to report) may not be admitted pursuant to the public records exception . . . ."). | |
| | 8. **Paragraph 20, p. 4:9-12** "Nhentai.net's counsel, including me, conducted searches in the San Diego County fictitious business entity records by the filing number Plaintiff provided in its First Amended Complaint and by all variations of the entity names involved and were unable to locate the alleged filing." | Improper subject of judicial notice (FRE 201); Irrelevant (FRE 401, 402); Unfairly prejudicial (FRE 403) Best evidence rule (FRE 1002)<br><br>The FAC does not reference or rely on defense counsel's efforts to search a database. They are not a proper subject of judicial notice that could be considered and so are irrelevant on a motion to dismiss. Moreover, this testimony is misleading, as it is offered to suggest that no such fictitious business record exists in San Diego County, when in fact such records do exist and can be readily located. *See* Pritikin Declaration. | Sustained ___<br><br>Overruled ___ |

8

PLAINTIFF'S OBJECTIONS TO AND MOTIONS TO STRIKE EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE FIRST AMENDED

Dated: March 7, 2025

Respectfully submitted,

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
BJORGUM LAW PC
Attorneys for Plaintiff
PCR Distributing Co.

# CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Wilson
Jennifer M. Rynell
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248

Glenn T. Litwak
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401

By:     */s/ Eric Bjorgum*
         A. Eric Bjorgum