John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR NHENTAI.NET**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., a company organized under the laws of California,<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN DOES 1-20 d/b/a NHENTAI.NET,<br><br>*Defendants* | Case No. 2:24-cv-07453-CV-AJR<br><br>**NHENTAI.NET'S REPLY IN SUPPORT OF MOTIONS TO DISMISS (FED. R. CIV. P. 12(b)(6)) AND STRIKE (FED. R. CIV. P. 12(f)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** Filed herewith: Rynell Declaration ("Rynell Decl."), Exhibit<br><br>Date: March 28, 2025<br>Time: 1:30 p.m.<br>Place: First Street Courthouse<br>350 W. 1st Street, Courtroom 5D<br>5th Floor<br>Los Angeles, California 90012<br>Honorable Judge Cynthia Valenzuela |

## MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

The operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Nhentai.net"), files this Reply In Support of its Motion to Dismiss and/or Strike Plaintiff PCR Distributing, Co.'s ("Plaintiff" or "PCR") First Amended Complaint. ("Motions") Dkt. No. 47. Nhentai.net also responds to Plaintiff's objections and improper motion to strike evidence, on which Plaintiff did not confer. Dkt No. 54.

If a case ever warranted dismissal for failure to state a claim of use of copyrighted materials without consent or being time barred by the statute of limitations, it is this one. These are extremely rare circumstances where a party sues for infringement ***knowing*** it gave express permission to use the alleged copyrighted material. Plaintiff has not denied the authenticity of materials showing this permission and is hoping that this Court will ignore the facts and let this case go forward based on specious procedural allegations. Despite Plaintiff's efforts to distract from the facts, it should not be permitted to proceed with a case based on a knowingly false pleading that it never should have filed in the first place.

**Ownership and Statutory Standing.** The issues with ownership of certain of the asserted copyrights are a sideshow of Plaintiff's own making and Plaintiff's efforts to justify its ownership in its FAC have only further exposed them. Plaintiff *chose* not to bring this case with JAST USA as a stated DBA, presumably for a reason, and perhaps without even knowing JAST USA was listed as the claimant on certain of the copyrights. When Nhentai.net raised the issue, Plaintiff pivoted to reliance on a fictitious business name ("FBN") filing and provided the Court with the *incorrect* filing number, which it only admits in a footnote. *See* Dkt. 53, fn. 4. What Plaintiff does not tell the Court is that the filing number it meant to reference (but did not) is actually an *expired* FBN filing. Dkt. No. 53-2, Ex. A. There are two other FBN filings by Plaintiff for only the name JAST, ***not JAST USA*** as Plaintiff's counsel suggests in his declaration. Dkt. No. 53-2 at 9, 19; Dkt. No. 53-1, ¶ 2.

However, Plaintiff does not purport to do business as only JAST in the FAC. During the meet-and-confer prior to the filing of the instant motion, when Plaintiff's counsel represented he had a copy of the FBN filing at issue, counsel for Nhentai.net asked for a copy. Rynell Decl. ¶ 5. No document was ever provided by Plaintiff's counsel. *Id*. Plaintiff fails to assert a qualifying ownership interest in the copyrights that would show it has statutory standing, despite filing two complaints in this case.

**No Presumption of Validity.** Plaintiff's FAC did not attach the registration certificates for the copyrights to the FAC or make the accompanying allegations that the works at issue were registered "before or within five years after first publication of the work," as required by the statute. 17 U.S.C. § 410(c). This is undisputed. By statute, Plaintiff is not entitled to the presumption of validity as to the asserted copyrights or as to the facts stated in the certificates.

**Plaintiff Has Not Properly Pleaded Valid Copyrights or What is Actually Copyrighted.** The copyrights asserted in this case are "English translations" of two books and five literary works. As to the literary works, although Plaintiff hypothetically claims it could have filed the works at issue as "visual works," *they did not do so*. This argument is not based on any facts before the Court in this case. Further, Plaintiff's opposition cites a secondary source for the idea that "if the textual elements in a comic strip are preponderant, registration should be made on Form TX." Dkt. No. 53, 13:3-15. This does not help Plaintiff's cause, as it is not even a facially plausible argument that the textual elements in the copyrighted works are preponderant. That is not why they were filed as text copyrights. Again, the materials at issue are sexually explicit picture books with a smattering of words. And Plaintiff's hypotheticals about how it could have filed the asserted copyrights (but did not) are irrelevant to the instant Motions.

**No Copyright In the Images.** Further evidencing no prima facie case as to valid copyrights, contrary to its assertions, Plaintiff does not appear in the FAC (or

the documents on which is based) to have actual copyrights in the images. That is why Plaintiff hedged the language in its FAC the way it did. As stated in the Motions, Plaintiff tells the Court that its "English language derivative works ***include text, images and layout choices*** that are the subject of registration with the Copyright Office." Dkt. No. 47, 6:21-23 (citing FAC ¶ 69, emphasis added). But the copyright registrations, Copyright Office catalog printouts, and the copyright claimant's *own correspondence* with the Copyright Office demonstrate that Plaintiff cannot claim any rights in the text itself, the images, or layout of the works. Indeed, these documents on which Plaintiff's FAC and claims are based show the ***express limitations of and material excluded from*** the copyright claims. Dkt. Nos. 47-7 – 47-13. For example: Copyright Registration No. TX 9-380-863 shows that the "*Limitation of the copyright claim*" and "*Material excluded*" from the copyright is the "text, artwork, Original Japanese text, original artwork." Dkt. No. 47-7. Copyright Registration No. TXu 2-409-564, shows that the "*Limitation of the copyright claim*" and "*Material excluded*" from the copyright is the "Original Japanese text, original artwork." Dkt. No. 47-9. Copyright No. TXu002391218 - the "pre-existing material" excluded from the scope of the copyright is the "Original Japanese text, artwork." Dkt. No. 47-12. Copyright No. TXu002435667 shows that the "pre-existing material" excluded from the scope of the copyright is the "Original Japanese text, original artwork." Dkt. No. 47-13.

Tellingly, Plaintiff lodges objections to ***its own correspondence with the U.S. Copyright Office***, as to authenticity and claiming unfair prejudice. Dkt. No. 54, 5-8. Plaintiff's counsel clearly had never seen the materials their client filed and the correspondence relating specifically to the scope (or lack thereof) of the asserted copyrights prior to filing this lawsuit. These documents form the basis of Plaintiff's complaint for copyright infringement even though during the meet-and-confer on the instant Motions, Plaintiff's counsel stated he had never seen them. Rynell Decl.

¶ 3. Plaintiff's objections to its own correspondence display either cognizance of its misrepresentations to the Court about copyright infringement or the extreme lack of diligence done prior to filing this frivolous lawsuit. And when Nhentai.net raised the issue of the very narrow scope of the asserted copyrights, if any, during the meet-and-confer on the Motions, counsel for Plaintiff stated that Plaintiff would go back to the artists, file new copyrights, and then sue Nhentai.net again. Rynell Decl. ¶ 4.

**The Alleged English Translations Are Not Valid Copyrights.** Plaintiff has not pleaded even a prima facie case that it has valid copyrights because the alleged English translations are not copyrightable. The asserted copyrights relate to English translations of a smattering of Japanese words in anime pornography books. Plaintiff claims that Nhentai.net "cherry-pick[ed] a smattering of short phrases or sounds that were translated, such as 'Yesss' or 'plap.'" and "ignore[d] hundreds of pages of dialogue." Dkt. No. 53, 10:25-27 and 2:11-13, respectively. This misrepresents the nature of the allegedly copyrighted materials on which the FAC is based. These are "graphic novels," as Plaintiff admits. *Id*. at 2. And much of the content depicts characters performing sex acts with short phrases or sounds that accompany the acts that may or may not have actually even been translated. Rynell Decl. ¶ 6. And again, Plaintiff does not appear to have exclusive rights in the images/artwork in the asserted copyrights. Dkt. No. 47-6 – 47-15.

Despite its efforts to distinguish the *Signo* case, Plaintiff cannot dispute that the Court in the Northern District of California – on a motion to dismiss for failure to state a claim – found that the plaintiff did not have a valid copyright in the translations at issue ***as a matter of law***. *Signo Trading Intern. Ltd. v. Gordon*, 535 F. Supp. 362, 363-365 (N.D. Cal. 1981). And as in *Signo Trading*, Plaintiff did not contribute creativity or originality in the translation of these short words and phrases such that they would be copyrightable. And if the existing record is incomplete, as Plaintiff states in its opposition (Dkt. No. 53, 11:5-9) that is because Plaintiff failed

to properly plead a prima facie case that it has exclusive rights in valid copyrights. Nhentai.net asks the Court to dismiss Plaintiff's FAC with prejudice for failure to state a claim of valid copyrights.

**No Prima Facie Case of Actual Copying.** Plaintiff does not properly plead where its allegedly copyrighted material is used by Nhentai.net as required for its prima facie case. Pursuant to Federal Rule of Civil Procedure 8, to properly state a claim for relief, Plaintiff is required to give the defendant fair notice of what the claim is and the grounds upon which it rests. Dkt. No. 47, 6:4-7. Plaintiff's FAC does not put the Court or Nhentai.net on notice of the actual scope of Plaintiff's claims. For example, Plaintiff completely fails in its attempt to show the Court that the FAC provided a proper link to the newly asserted work called "Sexual Healing." The URL in Plaintiff's FAC (Ex. C) *did not contain any reference to the phrase "Sexual Healing."* Exhibit E to the declaration of Plaintiff's new counsel, Mr. Pritikin, provides the following screenshot from the *very URL cited in the FAC* (Dkt. No. 40-3) - https://nhentai.net/g/543331/:



Dkt. No. 53-2, Ex. E. As the Court can see, nothing at the link above contains the words "Sexual Healing" or otherwise indicates a work bearing that title. Indeed,

Nhentai.net was able to locate on *another website* what appears to actually be the first page or cover of the work "Sexual Healing." Rynell Decl. at ¶ 7 , Ex. A. For comparison, below is a copy of it in redacted form (showing non-explicit portions):



The above image is a partial screenshot from another website entirely showing what appears to be the cover of the work "Sexual Healing." *Id*. Clicking the link in Plaintiff's FAC, Exhibit C to "Sexual Healing" *does not yield the result* in the partial image shown above with the title "Sexual Healing." Rynell Decl. ¶ 8. And the partial image above is also *not* what was redacted from Exhibit E to Mr. Pritikin's declaration. Dkt. No. 53-2, Ex. E. Had the image above appeared at the URL in the FAC, Plaintiff would have unquestionably shown that to the Court. There is a reason they did not. This is just one example exposing that Plaintiff has not alleged where material has been copied, as required for its prima facie case.

**Plaintiff Cannot Plead Use Without Consent in Good Faith.** There is simply no use without permission and Plaintiff could never, in good faith, plead a prima facie case as to this required element of copyright infringement. Because it cannot deny the truth of the unrestricted permission given by PCR/JAST USA, Plaintiff repeatedly claims instead that Exhibits 1-5 to the Motion to Dismiss (Dkt. No. 47-1 – 47:5) ("Permission Emails") have not been properly authenticated and lodges numerous objections to them. Dkt. No. 53, 2, 11-15; 54, 2. Make no mistake - *Plaintiff does not claim the Permission Emails are inauthentic* because it cannot. If the Permission Emails were not real and true, Plaintiff would undoubtedly have filed a declaration stating as much. There is no such declaration. Instead,

Plaintiff resorts to arguing, among other things, that the Permission Emails are unfairly prejudicial. Dkt. No. 54, 2.

Plaintiff expressly and unequivocally states in its FAC that "Plaintiff has never authorized or given consent to Defendants to use its copyrighted works on Defendants' websites." FAC ¶ 32. Plaintiff acknowledges that it has repeatedly made these representations to the Court. Dkt. No. 53, 11:10-11. Plaintiff has not tried to clarify these representations, despite the fact that it is fully aware the FAC's assertions are untrue. These are admissions to the Court that Plaintiff will not be able to controvert later. In the event the case proceeds, Nhentai.net will raise these clearly dispositive issues, seeking all available and appropriate relief.

**The Statute of Limitations Has Run.** Dismissal of Plaintiff's claims is also warranted, as the statute of limitations has expired. This is not a case that turns on whether and when Plaintiff knew about the alleged infringement. Plaintiff clearly knew and there simply is no infringement. The unequivocal statements to the contrary by Plaintiff are unconscionable and not without consequence. Plaintiff's claims accrued at least as early as October of 2020 when Plaintiff gave full permission in writing to Nhentai.net, which was not restricted to any particular copyrights and was never retracted. The purpose of statutes of limitation are to "'protect defendants against stale or unduly delayed claims.'" *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)). Here, Plaintiff's claims are most definitely unduly delayed and are worse than stale. They are so egregious as to warrant dismissal so that Nhentai.net is given the protection intended by the statutes of limitation. And as stated in the Motions, while factually distinct from the *Dorval* case, dismissal of this case with prejudice is consistent the rationale and principles of fairness in *Dorval* and the purpose of the statute of limitations. Dkt. No. 47, 14-16.

**No Statutory Damages or Attorneys' Fees.** Plaintiff is legally barred from

recovering statutory damages and attorneys' fees. It is **Plaintiff's burden** to prove its prima facie case. Otherwise, it is statutorily barred. And its own FAC and Exhibits B and C to the FAC contain links that expressly show **lack of entitlement** as described herein and in Nhentai.net's Motions and accompanying materials.

Section 412(2) of the Copyright Act "mandates that, in order to recover statutory damages, the copyright work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Marshall v. Babbs*, No. 218CV03822DDPAFMX, 2019 WL 1557429, at *3 (C.D. Cal. Apr. 10, 2019).

Plaintiff's FAC does not contain any statements that would establish a prima facie case for entitlement to statutory damages or attorneys' fees as to at least five of the seven asserted copyrights, i.e., ***all*** of the copyrights at issue in Plaintiff's original complaint in this case. This is undisputed. Plaintiff's FAC added new asserted works in an obvious (however unsuccessful) effort to defeat this lack of entitlement. Plaintiff's own pleading shows that one of the newly asserted copyrights (TXu002409564) was uploaded to the Nhentai.net website a year before it was even registered. FAC ¶ 58. This work was admittedly not registered prior to commencement of the alleged infringement and there are no facts whatsoever showing that it was registered within three months of first publication of the work. *Id*. and FAC generally. The newly asserted work called "She's Somebody's Spouse" (TXu002391218) – when you click the link ***directly from and clearly incorporated into the FAC*** ¶ 59 – shows that it was uploaded four years and two months ago, as of the date of this filing. Rynell Decl. ¶ 9. Plaintiff must be denied statutory damages and attorneys' fees pursuant to mandate of Congress in 17 U.S.C. § 412.

Despite Plaintiff's desperate objections, Nhentai.net's motion to dismiss Plaintiff's claims for statutory damages and attorneys' fees are based on information that is relevant, admissible, and forms the basis of the FAC such that they should be

considered in deciding the Motions. The URLs cited in the Motions and accompanying materials are among *the very same allegedly infringing URLs Plaintiff includes in its Exhibit B to the FAC*. How can Plaintiff now claim that they are not properly part of the initial pleadings and should not be considered with the motion to dismiss? In its attempt to cling to its pursuit of statutory damages and attorneys' fees, Plaintiff exposes its extreme double standard. Plaintiff wants to rely on URLs in its FAC without any statement or certification about what appears at that link for its affirmative case, and then simultaneously attack Nhentai.net's use of URLs actually supported by a declaration stating what appeared at that link as of a certain date. Dkt. No. 54, 3-5. This is very disingenuous. Further, Plaintiff's FAC purports to rely directly, and without declaration or screenshots, on when the newly asserted copyrights were allegedly uploaded to the Nhentai.net site. FAC ¶ 56–59.

Plaintiff has no legitimate objection to this evidence on which its FAC is clearly based and that shows unquestionably, among other things, that Plaintiff is not entitled to statutory damages and attorneys' fees by *mandate* of 17 U.S.C. § 412. The Ninth Circuit found that this statute literally "*leaves no room for discretion*." *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir. 2008) (emphasis added). Plaintiff's self-serving arguments do not rescue its ability to recover statutory damages and attorneys' fees in this case as set forth by Nhentai.net herein and in the Motions and accompanying materials. Nhentai.net asks this Court to dismiss Plaintiff's claim for statutory damages and attorneys' fees in the FAC.

**Amendment Would Be Futile.** Lastly, Plaintiff should not be permitted leave to amend its complaint *yet again* to try to overcome the FAC's significant deficiencies, as any such amendment will be futile.

**Conclusion.** Nhentai.net respectfully asks the Court to dismiss all claims in Plaintiff's FAC. If the FAC is not dismissed in its entirety, Nhentai.net asks the Court to strike the requested matter contained therein.

DATED: March 14, 2025        Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson (*Pro Hac Vice*)
Texas Bar No. 24008284
Jennifer M. Rynell\*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
\**Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Nhentai.net**

### L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Nhentai.net certifies that this brief contains 2,937 words, which complies with the word limit of L.R. 11-6.1.

                                        */s/ Jennifer M. Rynell*
                                        Jennifer M. Rynell

### CERTIFICATE OF SERVICE

On March 14, 2025, I filed the foregoing document with the clerk of court for

the U.S. District Court, Central District of California via CM/ECF. I hereby certify that I thereby have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell