UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07453-CV (AJRx) | Date | April 8, 2025 |
| Title | PCR Distributing Co. v. John Does | | |

Present: The Honorable Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                              None Present

**Proceedings:** (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE [47]

On February 10, 2025, Defendant, the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Defendant"), moved to dismiss Plaintiff PCR Distributing Co.'s ("Plaintiff") First Amended Complaint and to strike certain allegations therein. Doc. # 47 ("Motion"). On March 7, 2025, Plaintiff filed an Opposition to the Motion and filed Objections to the evidence submitted in support thereof. Doc. # 53 ("Opposition"); Doc. # 54 ("Evidentiary Objections"). On March 14, 2025, Defendant filed a Reply in support of the Motion. Doc # 55 ("Reply").

The Court finds that oral argument is not necessary to resolve the motions. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001). Having considered the briefing, and for the reasons discussed below, the Motion is denied.

## I.   BACKGROUND[1]

On August 30, 2024, Plaintiff filed a Complaint for copyright infringement, vicarious copyright infringement, contributory copyright infringement, and inducement of copyright infringement against "John Does 1-10, d/b/a Nhentai.net." Doc. # 1 ("Complaint"). On December 2, 2024, Plaintiff filed a fully executed Waiver of Service of Summons. Doc. # 28. On January 27, 2025, Plaintiff filed a First Amended Complaint against "John Does 1-10, DBA nHentai.net and nHentai.to." Doc. # 40 ("FAC").

Plaintiff, as itself and doing business as JAST USA, "owns, creates, acquires, translates, and distributes premium hentai art and publications from Asia to the U.S. market." FAC ¶ 1. Plaintiff's content at issue in this case is registered with the U.S. Copyright Office (the "Works"). *Id.* ¶ 2.

Defendant owns and operates the website nHentai.net ("nHentai"), which hosts a vast collection of hentai works. *Id.* ¶¶ 5, 39. The content on nHentai is uploaded by Defendant, and third parties cannot upload content. *Id.* ¶ 40. Users are able to download Works from the site. *Id.* ¶ 46.

Plaintiff polices websites to identify infringement of the Works, which revealed that the Works are available on nHentai. *Id.* ¶ 50. Specifically, the nHentai website displayed five of the Works on 3,604 URLs. *Id.* ¶ 51, Ex. B. After filing the original Complaint, Plaintiff identified additional acts of infringement involving one of the Works identified in the original Complaint and two additional Works. *Id.* ¶¶ 55-59.

Defendant has no license or authorization from Plaintiff to display the works. *Id.* ¶ 50. Further, Plaintiff has sent takedown notices compliant with the Digital Millennium Copyright Act (DMCA) seeking to remove its Works from nHentai, which Defendant has ignored. *Id.* ¶¶ 52, 61-63.

Based on these allegations, the FAC states causes of action for (1) copyright infringement, (2) vicarious copyright infringement, (3) contributory copyright infringement, and (4) inducement of copyright infringement. *Id.* ¶¶ 68-115.

---

[1]   On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016). Accordingly, the court accepts as true the allegations from the FAC.

Defendant's Motion seeks to dismiss all four causes of action, as well as Plaintiff's request for statutory damages and attorney fees, and strike allegations related to nhentai.to, allegations related to Defendant's infringement of third-parties' copyrights, and Plaintiff's request to transfer the entire domain.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The purpose of [Rule 12(b)(6)] is to enable defendants to challenge the legal sufficiency" of claims asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citations omitted). When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B.   Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial when it "has no essential or important relationship to the claim for relief" and is impertinent when it does not pertain and is unnecessary to the issues in question. *Fantasy, Inc. v. Fogerty*, 984

F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, (1994). "The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice." *Herd v. City of San Bernardino*, 311 F. Supp. 3d 1157, 1162 (C.D. Cal. 2018)

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice . . . ." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted). Accordingly, motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (quotation marks and citation omitted); *see Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("courts often require a showing of prejudice by the moving party before granting the requested relief") (quotation marks and citation omitted).

### III.   REQUEST FOR JUDICIAL NOTICE

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./Lincoln Say. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *rev'd on other grounds sub nom Lexecon. Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). The Court will not convert the Motion into a motion for summary judgment because the Motion does not comply with the Local Rules or this Court's Standing Order as they relate to motions for summary judgment. Further, Plaintiff did not have proper notice of a summary judgment motion in order to be able to properly respond with evidence.

A court may, however, consider "material which is properly submitted as part of the complaint" and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Iqbal and Twombly as recognized in Ahmed v. City of Santa Clara*, Case No. 20-CV-05498-LHK, 2021 U.S. Dist. LEXIS 6027, at *17 n.8 (N.D. Cal. Jan. 12, 2021).

The court may take judicial notice of facts not subject to reasonable dispute because they are either: (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Under this

standard, courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). If the content of the document is subject to varying interpretations, then there is no fact "not subject to reasonable dispute," and the fact does not qualify for judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018).

Here, most of the evidence submitted in support of the Motion will not be considered at the motion to dismiss stage. *In re American Cont'l Corp./Lincoln Say. & Loan Sec. Litig.*, 102 F.3d at 1537. Because the Court cannot review this evidence as a matter of law, the Court overrules Defendant's evidentiary objections and motion to strike the evidence as moot.

However, Defendant is correct that the Court can take judicial notice of the Certificates of Registration and printouts from the Copyright Office catalog attached to the Declaration of Jennifer M. Rynell as Exhibits A-G. Doc ## 47-7 – 47-13; *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (finding that it is proper to take judicial notice of certificates of copyright registration); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (finding that it is proper to take judicial notice of websites run by governmental agencies).

## IV.   DISCUSSION

In considering the Motion, the Court first notes that the Notice of Motion is deficient. The notice must state the date, time and place the motion will be heard. C.D. Cal. L.R. 7-4. Because the matter is fully briefed and the Court has found that oral argument is not necessary to resolve the motion, the Court will consider the Motion despite its failure to comply with the Local Rules. However, the Court admonishes Defendant that it expects the parties to comply fully with all court rules, and that failure to comply with the rules may result in the denial of a motion going forward.

### A.   Prima Facie Copyright Case

Defendant first argues that Plaintiff has failed to establish a prima facie case of copyright infringement. A copyright infringement claim has two basic elements:

(1) ownership of a valid copyright, and (2) copying of protectable, original elements of the work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc).

### i. Ownership

Defendant argues that Plaintiff has not pleaded facts showing proper ownership of the asserted copyrights. Defendant points to four of the seven asserted copyrights and states that these four copyrights are owned by JAST USA, not Plaintiff.

However, Plaintiff alleges that JAST USA is a dba of Plaintiff (FAC ¶ 1), and Plaintiff is not required to provide evidence in support of its claims at this stage. *Iqbal*, 556 U.S. at 678. Further, even if Plaintiff were not the owner of four of the asserted copyrights, this is insufficient to defeat Plaintiff's copyright claim as to the remaining copyrights.

Defendant next asserts that Plaintiff's copyrights are not valid because Plaintiff's registered copyrights are text copyrights which solely cover the English translations of the Works, and because the translations themselves are not copyrightable. However, "a copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)).[2] Here, the Court has taken judicial notice of copyright registrations for all seven of the Works, and therefore finds that Plaintiff has properly pleaded a valid copyright at this stage.

Further, "courts in this district have routinely held that "issues regarding [the] validity of Plaintiff's registered copyright should not be resolved on a motion to dismiss." *Zeleny v. Burge*, No. 2:21-CV-05103-AB (AGRx), 2022 WL 3013138, at *5 (C.D. Cal. July 1, 2022).

### ii. Use of materials without permission

The second prong of the infringement analysis contains two separate components: "copying" and "unlawful appropriation." *Skidmore*, 952 F.3d at 1064;

---

[2] To the extent Defendant argues that to be entitled to a presumption of validity, Plaintiff would be required to show that the works were registered "before or within five years after first publication of the work" (17 U.S.C. § 410(c)), the copyright registrations themselves show the date of first publication and the date of registration.

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d at 1067-69.

As to copying, Defendant first argues that Plaintiff has not made clear what exactly is being copied by Defendant. Defendant points to one out of the thousands of URLs cited in the FAC to argue that the link does not actually contain the copyrighted material alleged. However, Plaintiff only needs to plead one instance of infringement to succeed on its claim, and Defendant has not made any showing that Plaintiff's allegations are not plausible as to the remainder of the URLs.

Notably, Defendant even admits that it has published material contained in Plaintiff's copyrights. Mot. at 12-13 (arguing that Defendant was given permission to host Plaintiff's content); Mot. at 17-19 (arguing that the infringing works were on Defendant's websites before Plaintiff obtained the copyright registrations). Defendant cannot claim that it is not on notice of what it is copying where Plaintiff has included thousands of URLs and Defendant has explicitly argued that it has published Plaintiff's content.

Defendant next argues that Plaintiff's copyrights exclude all images and components other than the direct translations, (Mot. at 5-9) but where Plaintiff has alleged both a valid copyright and that Defendant has copied the Works, it is irrelevant that portions of the Works may be excluded from the copyrights. Further, Plaintiff alleges that as to at least some of the Works, Plaintiff has re-drawn visual portions of the Works, and contributes editorial and layout decisions. FAC ¶ 30. Defendant states that copyrights listed as "literary works" cannot include images, however, the text of the Copyright Act makes clear that "literary works" only exclude audiovisual works—i.e., movies and videos—*not* images. Mot. at 11; 17 U.S.C. § 101. And to the extent the copyright registrations state that Plaintiff's copyrights exclude the original artwork, Plaintiff still properly alleges that Defendant has infringed upon the aspects of the copyright Plaintiff does own. Plaintiff has thus pleaded sufficient facts to support that Defendant copied its copyrights.

As to unlawful appropriation, Defendant argues that it used the Works with express permission. Mot. at 12-13. However, this argument is made using outside evidence that cannot be considered at the motion to dismiss stage. Rather, the Court must only consider Plaintiff's plausible allegations, which state that Defendant used the Works without authorization or license.

The Court therefore finds that Plaintiff has properly established a prima facie case of copyright infringement.

   B.  <u>Claims are Time Barred</u>

Defendant next argues that Plaintiff's claims are barred by the statute of limitation. The statute of limitation for a copyright infringement claim is three years. 17 U.S.C. § 507(b).

Defendant's argument is again based on evidence outside the scope of the FAC. But courts have made clear that "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quotation marks and citation omitted).

Here, the FAC does not state when all of the allegedly infringing content first appeared on Defendant's website or when Plaintiff first discovered the infringement. *See generally*, FAC. But the dates cited in the FAC make clear that at least some of the infringing content was uploaded by Defendant in 2022 and 2024—less than three years before the present case was filed. FAC ¶¶ 57, 58.

The Court therefore cannot find that Plaintiff's claims are barred by the statute of limitations based on the face of the FAC. And accordingly, the Motion is denied as to Plaintiff's copyright infringement cause of action.

   C.  <u>Secondary Infringement Claims</u>

Defendant argues that Plaintiff's claims for vicarious, contributory, and inducing infringement must each be dismissed because the sufficiency of these claims depends on the sufficiency of the claim for direct infringement.

Because the Motion is denied as to the direct infringement claim, and because Defendant states no other grounds to dismiss these claims, the Motion is denied as to the remaining causes of action.

   D.  <u>Statutory Damages and Attorney Fees</u>

Defendant also moves to dismiss Plaintiff's requests for statutory damages and attorney fees.

The Copyright Act provides that no award for statutory damages or attorney fees shall be made for "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

Here, without considering the improper evidence submitted by Defendant, it is unclear when most of the infringement commenced. However, Plaintiff specifically alleges at least one instance where the alleged infringement commenced after the effective date of the copyright registration. FAC ¶¶ 56-57.

Thus, the Court denies the Motion as to Plaintiff's requests for statutory damages and attorney fees.

### E.   Motion to Strike

Finally, Plaintiff moves to strike (1) allegations related to the "unrelated" website, nHentai.to, (2) allegations related to Defendant's use of third parties' copyrighted material, and (3) Plaintiff's request that the nHentai.net website be transferred to Plaintiff's ownership and control. Mot. at 19-22.

Here, Defendant yet again relies on its own evidence to argue that Plaintiff's allegations should be striken. Because the face of the FAC does not show that any allegations are "redundant, immaterial, impertinent, or scandalous," and because Defendant has not shown how any of the allegations prejudice it, the Court denies the motion to strike.

## V.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss and Motion to Strike is DENIED. Defendant is ordered to file an answer within 14 days of the entry of this order.

**IT IS SO ORDERED.**