UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07453-CV (AJRx) | Date | April 8, 2025 |
| Title | *PCR Distributing Co. v. John Does* | | |

Present: The Honorable   Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PROTECTIVE ORDER [50]**

On February 21, 2025, Defendant, the owners and operators of Nhentai.net, filed Objections to Magistrate Order Denying Motion for Protective Order. Doc. # 50 ("Objections"). Plaintiff PCR Distributing Co. ("Plaintiff") filed a Response and Motion to Strike the Objections. Doc. # 52 ("Response"). Having considered the briefing, and for the reasons discussed below, the Objections are overruled.

**I.   BACKGROUND**

On August 30, 2024, Plaintiff filed a Complaint for copyright infringement, vicarious copyright infringement, contributory copyright infringement, and inducement of copyright infringement (the "Complaint") against "John Does 1-10, d/b/a Nhentai.net." Doc. # 1. On December 2, 2024, Plaintiff filed a fully executed Waiver of Service of Summons. Doc. # 28.

On January 6, 2025, the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ("Defendant"), filed a Motion for a Protective Order. Doc. ## 31-32 ("Motion for Protective Order"). On January 22, 2025, Plaintiff filed an

Opposition to Defendant's Motion for Protective Order. Doc. # 37 ("Opposition"). On January 27, 2025, Plaintiff filed a First Amended Complaint against "John Does 1-10, DBA nHentai.net and nHentai.to." Doc. # 40 ("FAC"). On January 29, 2025, Defendant filed a Reply in Support of Motion for Protective Order. Doc. #41 "Reply").

On February 7, 2025, Magistrate Judge A. Joel Richlin (the "Magistrate Judge") denied the Motion for Protective order but stayed the ruling for 14 days to permit Defendant the opportunity to seek review of his order from this Court, and provided that if review was timely sought, the order would remain stayed until this Court's decision. Doc # 45 ("Magistrate Judge Order").

## II.  LEGAL STANDARD

A district court judge may reconsider a magistrate judge's discovery order only if it the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed R. Civ. P. 72(a). A magistrate judge's resolution of pretrial matters is thus entitled to substantial deference and may not be disturbed by a district court absent a finding that the determination was "clearly erroneous or contrary to law." *See Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (quotation marks and citation omitted).

## III.  DISCUSSION

As an initial matter, Defendant's Objections are procedurally improper. Specifically, Defendant failed to file a noticed motion as required by Local Rule 72-2.1, failed to comply with the meet and confer requirement of Local Rule 7-3, failed to comply with the notice requirement of Local Rule 7-4, and failed to file a proposed order as required by Local Rule 7-20. However, because Plaintiff has had an opportunity to respond, the Court will construe the Objections as a Motion for Review of Nondispositive Ruling and will consider the Objections on the merits. However, the Court warns that future violations of the Local Rules may result in sanctions.

Defendant repeatedly states that it's Motion for a Protective Order was *not* a request to proceed under a pseudonym, yet that is exactly what Defendant is seeking in this case. In repeated filings, including the Objections themselves, Defendant has continued to refer to itself as "the operators of www.nhentai.net, i.e., the entity that owns www.nhentai.net ('Nhentai.net')," without identifying the name of that entity.

Defendant's Motion for Protective Order explicitly requested an order "relating to public disclosure of the name and identifying information of the entity that owns Nhentai.net." Motion for Protective Order at 2. The fact that Defendant styled the motion as a request for a protective order and not a motion to proceed under a pseudonym is irrelevant, as is the fact that Defendant only seeks the requested relief for a brief period until the Court rules on its pending motion to dismiss and/or strike.

Because discovery has not yet begun and because the sole issue is whether or not Defendant must reveal its identity for purposes of its public filings, the Magistrate Judge correctly treated the Motion for Protective Order as a motion to proceed under a pseudonym.[1] Therefore, the Magistrate Judge correctly applied the five-factor test laid out in *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Specifically, the Magistrate Judge considered "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest."

Defendant's arguments that the Magistrate Judge incorrectly applied the *Kamehameha* factors and other relevant case law are unconvincing. First, Defendant argues that the Magistrate Judge incorrectly interpreted *BWP Media USA, Inc. v. Crowdgather, Inc.*, No. CV 13-05318-GW (JEMx), 2014 WL 12601054 (C.D. Cal. July 28, 2014). In *BWP Media*, the court found that, in connection with a discovery request, identifying information of individual, third-party copyright infringers would be designated as "attorneys' eyes only" "*for the time being*." 2014 WL 12601054, at *3 (emphasis added). The Magistrate Judge correctly distinguished the present case, where Defendant seeks to keep private a *party's* identity. Defendant seems to want to distinguish between corporate entities and individuals, however, the important distinction is not whether the infringer is a corporate entity or an individual, but rather, whether the infringer is a party or non-party. *BWP Media* does not support hiding the identity of a party to litigation.

Second, Defendant argues that the Magistrate Judge's findings related to threatened harm were in error. The Magistrate Judge found that Defendant had not

---

[1] To the extent Defendant seeks to avoid discovery as to the identity and nonpublic, personal information of individuals *associated* with Nhentai.net, this request is not yet ripe given that discovery has not yet began in this case. The Motion for Protective Order came in response to Plaintiff's Motion for Early Discovery (Doc. # 10), which was only filed so that Plaintiff could determine the identity of the defendant(s)—not any and all individuals associated with the defendant(s). To the extent Defendant seeks to renew its request, it can file a renewed Motion for Protective Order when the issue becomes ripe, as contemplated by the Magistrate Judge.

submitted any evidence in support of its Motion for Protective Order. Defendant admits that no declaration was submitted, but argues that the public filings and conduct of the Plaintiff and its counsel constitute evidence of harm. However, pleadings are not evidence, and a party taking standard actions in litigation such as filing a complaint and requesting discovery cannot constitute evidence of threatened harm.

Third, Defendant states that the Magistrate Judge erred on findings regarding prejudice to Plaintiff or the public. Defendant makes a conclusory statement that Plaintiff will not be prejudiced by Defendant's failure to reveal its identity, but this is insufficient to overcome Plaintiff's need to know Defendant's identity in order to enforce its case. Defendant further argues that the public interest in access to information and the openness of the court is not obstructed because Plaintiff's allegations are frivolous. However, because this case has not been analyzed on the merits at this stage, the Court cannot make that determination. The fact that a defendant disagrees with the merits of a lawsuit is not grounds to hide the defendant's identity.

Finally, Defendant disagrees with the Magistrate Judge's decision to disregard the holding in *Siemens Prod. Lifecycle Mgmt. Software, Inc. v. Does 1-100*, No. 415CV00582ALMCAN, 2016 WL 9275398 (E.D. Tex. July 7, 2016). This Court agrees with the reasoning of the Magistrate Judge. Particularly, this Court is bound by Ninth Circuit case law, and therefore must consider the *Kamehameha* factors. Further, *Siemens* did not address the issue present here, where even Plaintiff is unaware of Defendant's identity.

Overall, Defendant has made no showing that it is entitled to keep its identity hidden from the parties to the action, this Court, or the public, let alone a showing that the Magistrate Judge Order was clearly erroneous or contrary to law.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Objections are overruled. Defendant is ordered to discontinue the use of a pseudonym for all future filings in this action and is ordered to file a status report within 3 business days of the entry of this order identifying the entity or entities appearing as Defendant(s) in this case.

**IT IS SO ORDERED.**