**ERIC BJORGUM** (State Bar No. 198392)
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW,
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone: (213) 596-6390
Facsimile: (213) 596-6399
**Attorneys for Plaintiff PCR Distributing, Co.**

John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
eservice@wwrlegal.com
*Pro Hac Vice
**Attorneys for Defendant X Separator LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO.,<br>vs.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOES 1 – 10, d/b/a NHENTAI.NET,<br><br>Defendants. | Case No. 24-cv-07453-CV-AJR<br><br>**JOINT RULE 26 CONFERENCE REPORT**<br><br>Date: None currently set.<br>Time: 1:30 p.m.<br>Judge: Hon. Cynthia Valenzuela<br>Courtroom: 5D<br>Place: Roybal Federal Building and<br> U. S. Courthouse<br> 350 W. First St.<br> Los Angeles, California 90012 |

1
JOINT RULE 26 CONFERENCE REPORT

# REPORT PURSUANT TO FED. R. CIV. P. 26

Pursuant to Rule 26 of the federal rules of Civil Procedure, the Local Rules and this Court's Standing Orders, the parties to the above entitled matter hereby submit the following report of the early meeting of counsel and discovery plan. Pursuant to Rule 26(f), counsel for Plaintiff PCR Distributing Co. dba JAST USA ("Plaintiff") and Defendant X Separator LLC ("Defendant") (collectively "the parties") met and conferred on May 2, 2025. The following report is made with reference to the numbering in this Court's Order Setting Scheduling Conference.

a.  Statement of the Case:

1.  Plaintiff's Statement of the Case:

Plaintiff PCR Distributing Co. dba JAST USA (collectively, "PCR") owns or controls copyright-protected content related to premium animated art and publications from Asia to the U.S. market  Operating under the dba JAST USA, PCR also specializes in localizing and publishing Japanese visual novels and dating-sim games for the English market.

This case is similar to many contemporary cases of rampant online piracy because the piracy is aimed at driving Internet traffic to Defendants who sell advertising. The piracy is astronomical, and piratesmotive is to keep site(s) operative as long as possible.  Thus, so far in this case, Defendants have filed numerous unsuccessful motions seeking anonymity and delay. Plaintiff believes that the sooner Defendants realize they will be revealed and their profits subject to disgorgement, the sooner this case will resolve.  Only after motion practice have Defendants identified the owner of nhentai.net as "X Separator, LLC," which is a Delaware limited liability company. Delaware does not require that that members of limited liability companies identify themselves.

Plaintiff notes that Defendant X Separator LLC has submitted an Answer (Dkt. 60) that repeatedly disclaims knowledge of facts that are public, self-evident, or

central to their own operations.

Plaintiff regularly registers work with the U.S. Copyright OfficePlaintiff seeks to protect its registered, copyrighted works from blatant infringement by Defendants.

Plaintiff monetizes its operations through online and websites to drive users toward purchasing games, books, and merchandise. Additionally, PCR offers high-value, one-of-a-kind art pieces at trade shows..

The conduct that gives rise to this lawsuit is egregious and willful.

Defendants are directly and knowingly involved in the trafficking of thousands of pirated works – including multiple registered works owned by Plaintiff – on over 3,000 individual web pages. These are all posted by the operators of nHentai.net – not anonymous third parties. Thus, nhentai.net is not entitled to any of the safe-harbor provisions of the Digital Millenium Copyright Act ("DMCA") (17 U.S.C. § 512). Instead, they systematically refuse to comply with proper and compliant DMCA takedown notices.

2. Defendant's Statement of the Case:

This is an extremely rare case where Plaintiff has sued Defendant for infringement ***knowing*** it gave Defendant express permission to use any allegedly copyrighted material. Plaintiff has no legitimate case for copyright infringement against Defendant and Plaintiff's claims are frivolous, at best. Defendant has answered Plaintiff's First Amended Complaint denying Plaintiff's copyright infringement allegations. Defendant has asserted numerous affirmative defenses including but not limited to unclean hands, statutes of limitation, validity of the asserted copyrights, lack of entitlement to statutory damages and attorneys' fees, and permission given to www.nhentai.net relating to the allegedly copyrighted works. Defendant anticipates that discovery will show very early in the case that it should be summarily dismissed on the merits.

b. <u>Subject Matter Jurisdiction:</u> This case involves allegations of copyright

infringement of registered, copyright-protected material and is thus subject to exclusive federal jurisdiction.

    c.    <u>Plaintiff's Identified Legal Issues</u>: This case presents legal issues under federal copyright law. Because Plaintiff publishes works from other authors, their may be some issues regarding the scope of ownership. Defendants have contested the scope of Plaintiff's ownership and standing to bring suit.

    <u>Defendant's Identified Legal Issues</u>: Defendant has answered denying Plaintiff's copyright infringement allegations and has asserted numerous affirmative defenses including but not limited to unclean hands, statutes of limitation, copyright misuse, fraud on the Copyright Office, validity of the asserted copyrights, issues of ownership, lack of entitlement to statutory damages and attorneys' fees, and permission given to www.nhentai.net relating to the allegedly copyrighted works. Defendant has not yet asserted any counterclaims, but reserves the right to do so.

    d.    <u>Parties and Evidence</u>:

    <u>Plaintiff</u>:

    i. Witnesses

Plaintiff preliminarily identifies the following witnesses:

(a) Representative of PCR Distributing Co.: A representative of PCR Distributing Co. will explain copyright ownership, business practices, marketing and damages.

    ii. A Representative of X Separator, LLC.: This witness will testify about Defendants' identity, whereabouts, business methods and revenues.

    iii. The Managing Member of X Separator, LLC: This witness will testify about the structure of X Separator, LLC.

    iv. Representatives of any other entities owned by or owning X Separator LLC: These witnesses will testify about infringement and revenue of related companies.

Case 2:24-cv-07453-CV-AJR   Document 63   Filed 06/17/25   Page 5 of 12   Page ID #:867

    v. Co-Authors of Plaintiff's Works:  These witnesses will testify about the creation of the Works and Plaintiff's standing, which Defendants have raised as an issue.

    vi.  Representative of nhentai.net: A representative of nhentai.net will explain its business practices, revenues and any defenses it may have.

    vii. Representative of Registrar:  A representative of the Registrar will be needed to explain ownership of the domain. To explain internet traffic.

    viii.  Representative of Cloudflare:  A representative of Cloudflare will be needed to testify as to Internet traffic and content delivery networks.

  Defendant: Defendant preliminarily identifies the following witnesses:

  Representatives of PCR Distributing Co dba JAST USA:  Representatives of PCR Distributing Co. dba JAST USA are expected to have discoverable information including but not limited to information regarding the ownership of the asserted copyrights and agreements and communications relating to same, copyright filings and correspondence with the United States Copyright Office, and Plaintiff's knowledge of the allegedly infringing materials.

  Representatives of Defendant X Separator LLC:  Representatives of Defendant X Separator LLC ("Defendant") are expected to have discoverable information regarding the allegedly infringing materials, Defendant's website – www.nhentai.net, Defendant's business, and Defendant's correspondence and past dealings with Plaintiff.

  Representatives of other entities related to Plaintiff:  These witnesses may have discoverable information including but not limited to information regarding ownership of each of the exclusive rights in the works listed in the asserted copyrights, corporate structure, knowledge of alleged infringement, and the works in the asserted copyrights.

  Alleged "Co-Authors of Plaintiff's Works":  These witnesses may have

4
JOINT RULE 26 CONFERENCE REPORT

discoverable information including but not limited to information regarding alleged ownership of each of the exclusive rights in the works listed in the asserted copyrights and agreements relating to the asserted copyrights.

Persons associated with each of the works listed in the asserted copyrights as shown in the deposit materials filed by Plaintiff with the United States Copyright Office.

iv.   Experts:

Plaintiff: Will have expert witnesses on the following topics: Online marketing of niche narrative visual arts (comics) and niche material; and (ii) damages. Plaintiff anticipates calling experts in digital piracy, online advertising and monetization, Internet traffic analytics, and copyright valuation. Topics include: (a) platform monetization via infringing content, (b) dilution and brand harm, (c) traffic redirection and consumer confusion.

Defendant anticipates calling responsive/rebuttal expert witnesses to any Plaintiff may designate. Defendant also anticipates an expert witness on forensic issues relating to www.nhentai.net.

e.   <u>Damages</u>:

Plaintiff: Plaintiff intends to seek lost profits from the display and every download of Plaintiff's Works, as well as disgorgement of profits to the extent allowed by the Copyright Act. Plaintiff also intends to seek attorney's fees and costs, as allowed by the Copyright Act.

Defendant: Defendant has requested its reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505. Defendant has not yet asserted any counterclaims, but reserves all rights to do so and seek damages accordingly.

f.   <u>Insurance</u>: There is no insurance coverage for this claim.

g.   <u>Motions</u>:

Plaintiff: Plaintiff intends to bring a motion for summary judgment and

may separately seek a preliminary injunction. Plaintiff will also seek an order barring any third-party content delivery network from doing business with Dependents. Plaintiff reserves the right to add claims or parties regarding trademark dilution and unfair competition because of the ongoing harm due to Defendants' substandard or modified versions presentation of Plaintiff's materials. Plaintiff intends to notice a Fed. R. Civ. P. 30(b)(6) deposition of X Separator, LLC, limited initially to corporate structure and site operation, to preserve testimony and expedite discovery.

Defendant: Defendant intends to file a motion for summary judgment on at least statutes of limitation, lack of entitlement to statutory damages and attorneys' fees, and non-infringement. Defendant may seek to amend its pleadings in this case to add a counterclaim(s) against Plaintiff.

h.  Dispositive Motions:

Plaintiffs: Plaintiff intends to file a motion for summary judgment.

Defendant: Defendant intends to file a motion for summary judgment on at least statutes of limitation, lack of entitlement to statutory damages and attorneys' fees and non-infringement.

i.  Manual for Complex Litigation: No.

j.  Status of Discovery:

Plaintiffs: Plaintiff is serving discovery imminently and will seek a limited entity deposition of the managing member of X Separator, LLC. Plaintiff will serve written discovery before the scheduling conference.

Defendant: Defendant will soon be serving written discovery on Plaintiff. Defendant intends to seek an initial limited corporate representative deposition of Plaintiff relating to ownership of the asserted copyrights and Plaintiff's knowledge of the allegedly infringing materials. Defendant anticipates taking depositions of numerous witnesses relating to the asserted copyrights.

k.  Discovery Plan:

Plaintiffs: Plaintiff anticipates discovery on the number of copies, displays, and downloads of its works. It will seek Defendants' accounting records so that damages can be ascertained. It will seek discovery on Defendants' business practices with regard to notices of infringement, so as to show willful infringement.

Defendant: Defendant anticipates discovery on each of the underlying works in the asserted copyrights, its copyright filings and correspondence with the United States Copyright Office, Plaintiff's correspondence and past dealings with Defendant and other adult entertainment websites, ownership of each of the exclusive rights in the works listed in the asserted copyrights, any payments made and/or compensation arrangements with each of the individuals identified in each of the works listed in the asserted copyrights, any and all agreements relating to each work listed in the asserted copyrights (including but not limited to license, advertising, marketing, employment, or work-for-hire agreements) the relationship between PCR Distributing, Co and any related or affiliated entities, preparation of the translations in the asserted copyrights, Plaintiff's knowledge of the allegedly infringing materials, documents evidencing the date of creation and publication of each of the works anywhere in the world and in the United States, copies of the original works in the Japanese language that are the subject of the translations at issue in the works listed in the asserted copyrights, all drafts of translations of the works listed in the asserted copyrights, certified copies of the deposit material and filings for each of the works listed in the asserted copyrights, all communications in any way relating to www.nhentai.net, and communications between the original authors/artists of the works listed in the asserted copyrights.

Other Issues: Plaintiff expects that there will be extensive discovery of Internet traffic. Plaintiff will request that evidence of such traffic be provided in native format so that it can be quickly analyzed.

1  l. Discovery Cut-off:
2     March 20, 2026
3  m. Expert Discovery:
4     Initial: March 27, 2026     Rebuttal: April 10, 2026
5     Expert Discovery Cut-off: April 24, 2026
6     Defendant (Initial):
7  n. Settlement/Alternative Dispute Resolution (ADR):

Plaintiff's Position: Pursuant to Local Rule 16-15.4, the parties have considered settlement and ADR procedures. The core issues in dispute remain substantial, particularly regarding Defendant's refusal to accept responsibility for operating the infringing site(s), denial of basic verifiable facts, and continued efforts to delay or obscure discovery. Prior settlement discussions have not been productive. Despite these concerns, and in good faith compliance with the Court's expectations, Plaintiff is willing to participate in a settlement conference under ADR Procedure No. 1 (before a Magistrate Judge). Plaintiff respectfully requests that any such conference not delay existing discovery or scheduling timelines, and reserves the right to request judicial assistance if Defendant continue to resist disclosure of facts necessary for meaningful negotiation.

Defendant's Position: Defendant has participated in informal, good faith settlement discussions with Plaintiff to date including a counteroffer made by Defendant. Since last year, Defendant has repeatedly – including on the parties' Rule 26(f) conference – proposed early mediation of this case with a Magistrate Judge.

o. Trial Estimate:

Both parties request trial by jury on all issues that can be tried to a jury.

Plaintiff estimates a four-day trial.

Defendant estimates a four-day trial.

     p.    <u>Trial Counsel</u>:

        Plaintiff's trial counsel will be Eric Bjorgum and Martin H. Pritikin. Defendant's trial counsel will be John T. Wilson and Jennifer M. Rynell.

     q.    <u>Independent Expert or Master</u>:

    The parties do not currently anticipate the need for an independent expert or master.

   (C)   Electronic Discovery:

   1. Relevant Information: At this point, the parties are not aware of the full extent of the relevant information that may be stored electronically.

   2. Form of production/preservation: The parties agree that the aforementioned discoverable electronically stored information will be produced in portable document file (PDF) format. The parties further agree that electronically stored spreadsheets shall be produced in their native format (e.g., Excel) if available rather than a portable document file (PDF) format. To the extent that any documents are preserved only in printed form, such documents may be produced in PDF format. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified. The parties will work together as the case progresses should any modification of these procedures become necessary.

(D) Privilege: The Parties expect this case will involve privileged and commercially sensitive information. They expect to enter into a stipulated protective order with two levels of protection, including an Attorneys' Eyes Only designation. The parties also discussed on the Rule 26(f) conference using the form provided on Magistrate Richlin's webpage as the model.

Respectfully submitted,

Dated: June 17, 2025

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
BJORGUM LAW, PC
Attorneys for Plaintiffs

Dated: *June 17, 2025*

By: /s/ Jennifer M. Rynell
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Wilson
Jennifer M. Rynell
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248

Glenn T. Litwak
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401

By: ___/s/ Eric Bjorgum_____
A. Eric Bjorgum