UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07453-CV (AJRx) | Date | November 24, 2025 |
| Title | PCR Distributing Co. v. John Does 1–20 | | |

Present: The Honorable   Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING DEFENDANT X SEPARATOR LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS [57]

On August 25, 2025, Defendant X Separator LLC ("Defendant") filed an "Unopposed Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaims." Doc. 67 ("Motion"). The Motion noticed a hearing date for October 3, 2025, making any opposition due by September 12, 2025. *See* C. D. Cal. L. Civ. R. 7-9. No opposition has been filed. On September 29, 2025 the Court found the Motion was suitable for decision without oral argument, took it under submission, and vacated the hearing. Doc. # 68; Fed. R. Civ. P. 78; C.D. L. Civ. R. 7-15.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit instructs that the rule be applied with "extreme liberality." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Courts consider five factors to determine whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Of these, prejudice "is the touchstone of the inquiry under rule 15(a)." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted). The party opposing the amendment bears the burden of establishing prejudice; absent such a showing, or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* In deciding a motion to amend the pleadings, "all inferences" should be drawn "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Having reviewed the Motion, the Court finds that the Rule 15(a) factors support amendment, especially given the absence of prejudice in light of Plaintiff's non-opposition. Accordingly, the Court GRANTS the Motion. Defendant shall file its First Amened Answer, Affirmative Defenses, and Counterclaims (Doc. # 67-1) as a separate docket entry in CM/ECF within **fourteen (14) days** of the issuance of this order.

**IT IS SO ORDERED.**