John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*
Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR DEFENDANT
X SEPARATOR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PCR DISTRIBUTING CO. <br><br> *Plaintiff* <br><br> vs. <br><br> JOHN DOES 1-10 d/b/a NHENTAI.NET AND NHENTAI.TO <br><br> *Defendants* <br><br> vs. <br><br> PCR DISTRIBUTING CO. and PCR DISTRIBUTING CO. d/b/a J18 Publishing and d/b/a JAST USA <br> *Counter-Defendants* | Case No. 2:24-cv-07453-CV-AJR <br><br> **DEFENDANT X SEPARATOR LLC'S FIRST AMENDED ANSWER TO AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** <br><br> Judge: Honorable Cynthia Valenzuela <br><br> DEMAND FOR JURY TRIAL |

Defendant X Separator LLC "Defendant" files this First Amended Answer to Plaintiff's Amended Complaint for Copyright Infringement and Related Claims ("Complaint"), Affirmative Defenses, and Counterclaims.

"Defendant," as used herein, refers solely to X Separator LLC. Defendant cannot and does not answer any allegations in the Complaint on behalf of DOES 1-10, i.e., unidentified defendants, named in the Complaint. Defendant cannot and does not answer any allegations in the Complaint on behalf of Nhentai.to. Accordingly, Defendant cannot admit or deny any allegations that include or relate to DOES 1-10 and Plaintiff's definition of "Defendants" as used throughout the Complaint is improper. To the extent Defendant is required to answer on behalf of DOES 1-10 or Nhentai.to, Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning other defendants including those fictitiously named. Defendant denies that "[c]ollectively, nHentai.net and nHentai.to may be referred to as 'nHentai.'" Defendant also lacks information sufficient to form a belief about any reference in the Complaint to "nHentai" or "Nhentai," as Plaintiff improperly refers to nHentai.net and nHentai.to collectively throughout as "nHentai."

## I.    ANSWER TO PLAINTIFF'S COMPLAINT

Defendant denies the allegations and characterizations in any of the headings, subheadings, or paragraphs in the Complaint unless expressly admitted in the following paragraphs.

## II.    ANSWER TO PRELIMINARY STATEMENT

1.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3.    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 3 of the Complaint that "By this lawsuit, Plaintiff seeks to protect its registered, copyrighted works …." Defendant denies any remaining allegations in paragraph 3 of the Complaint.

4.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

5.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint regarding "nHentai."  Defendant denies any remaining allegations in paragraph 5 of the Complaint.

6.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint.

7.    Defendant denies the allegations in paragraph 7 of the Complaint.

### III.    ANSWER TO JURISDICTION AND VENUE

8.    Defendant admits that this is a civil action as stated in paragraph 8 of the Complaint. Defendant admits that Plaintiff purports to "seek[] damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*" as stated in paragraph 8 of the Complaint. Defendant denies any remaining allegations in paragraph 8 of the Complaint.

9.    Defendant admits that Plaintiff purports that this Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement under 28 U.S.C. §§1331 and 1338 as stated in paragraph 9 of the Complaint. Defendant denies any remaining allegations in paragraph 9 of the Complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint that "Defendants Does 1-7, d/b/a nHentai.net ("Defendants") are unknown individuals or entities that own and operate at least one website, located at the uniform resource locator ("URL") nHentai.net." Defendant lacks knowledge or information sufficient to form

a belief about the truth of the allegations in paragraph 10 of the Complaint regarding Plaintiff's "information and belief." Defendant admits the allegation paragraph 10 of the Complaint that "the owners and/or operators of nHentai.net have a business presence in the United States." Defendant denies any remaining allegations in paragraph 10 of the Complaint.

11.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint regarding "Defendants Does 8-10" and "nHentai.to." Defendant denies that "[c]ollectively, nHentai.net and nHentai.to may be referred to as 'nHentai.'" Defendant denies any remaining allegations in paragraph 11 of the Complaint.

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 12 of the Complaint.

13.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 13 of the Complaint.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint regarding "nHentai." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint and the Exhibit A referenced in footnote 1 accompanying paragraph 14 of the Complaint. Defendant denies any remaining allegations in paragraph 14 of the Complaint.

15.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint regarding "nHentai." Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 15 of the Complaint regarding Plaintiff's "information and belief" and the "source" referenced in footnote 2 accompanying paragraph 15 of the Complaint. Defendant denies any remaining allegations in paragraph 15 of the Complaint.

16.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint.

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint regarding "nHentai." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 of the Complaint and footnote 3 accompanying paragraph 17 of the Complaint.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and in footnote 4 accompanying paragraph 18 of the Complaint.

19.    Defendant denies the allegations in paragraph 19 of the Complaint.

20.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint regarding Plaintiff's "information and belief." Defendant denies the allegations in paragraph 20 of the Complaint.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22.    Defendant admits that Plaintiff purports that "[v]enue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)" as stated in paragraph 22 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the Complaint.

## IV.    ANSWER TO PARTIES

23.    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28.     Defendant admits that in paragraph 28 of the Complaint, Plaintiff purports to attach as Exhibit B to the Complaint "[a] schedule of the copyright registrations for Plaintiff's works." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the Complaint.

29.     Defendant admits that in paragraph 29 of the Complaint, Plaintiff purports to attach as Exhibit C to the Complaint "[a] list of additional works with identifying information." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

33.     Defendant admits the statement in paragraph 33 of the Complaint that it owns and operates the URL located at nhentai.net.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant admits the statement in paragraph 35 of the Complaint that the Nhentai.net website is available in the United States.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint regarding "nHentai." Defendant admits that it operates nhentai.net with the intention of making available content in the United States and earning money from the United States market. Defendant denies any remaining allegations in paragraph 36 of the Complaint.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint regarding "nHentai." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint regarding Plaintiff's awareness, information, or belief or whether Plaintiff will amend the complaint to state the true names of the defendants when their identities are discovered. Defendant denies the allegation in paragraph 37 of the Complaint that it is liable for "all acts alleged here." Defendant denies the allegations in paragraph 37 of the Complaint that it is the cause in fact and proximate cause of all injuries suffered by Plaintiff as described. Defendant denies any remaining allegations in paragraph 37 of the Complaint.

## V.     ANSWER TO STATEMENT OF FACTS

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant admits the statement in paragraph 39 of the Complaint that nhentai.net is a platform for adult manga and doujinshi content and that the nhentai.net website hosts a collection of works. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint regarding Plaintiff's "information and belief," whether nhentai.net attracts over 79,000,000 visits per month, whether the collection of

works on nhentai.net include "commercially produced content," or regarding footnotes 5, 6, and 7 accompanying paragraph 39 of the Complaint. Defendant denies any remaining allegations in paragraph 39 of the Complaint.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint regarding "nHentai." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint regarding Plaintiff's "information and belief." Defendant denies any remaining allegations in paragraph 40 of the Complaint.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint regarding "nHentai" or regarding footnote 8 accompanying paragraph 41 of the Complaint. Defendant admits that https://nhentai.net/info/ contains the statement "No, we are not going to add a forum, ever." Defendant denies any remaining allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint regarding "nHentai" or regarding Plaintiff's "information and belief." Defendant denies any remaining allegations in paragraph 43 of the Complaint.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 44 of the Complaint.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

46.     Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 46 of the Complaint regarding Plaintiff's "information and belief" or "costs typically associated with content production." Defendant denies any remaining allegations in paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint regarding "nHentai" and "the site." Defendant denies any remaining allegations in paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 48 of the Complaint.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint regarding "nHentai," Plaintiff's "information and belief," and "those websites." Defendant denies any remaining allegations in paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint regarding Plaintiff's "information and belief," "nHentai," "Plaintiff's agents routinely polic[ing] websites to identify infringement of Plaintiff's copyrighted works," or what those "investigations revealed." Defendant denies any remaining allegations in paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint regarding "nHentai" and what "Plaintiff had identified" on the "nHentai website." Defendant denies any remaining allegations in paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 52 of the Complaint regarding "nHentai" or "Nhentai" or what "[a]dditional notice were sent to Google." Defendant denies any remaining allegations in paragraph 52 of the Complaint.

53.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 53 of the Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Complaint.

55.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Complaint.

56.    Defendant admits the allegation in paragraph 56 of the Complaint that U.S. Copyright Registration No. TXu002435667 is entitled "Elven Bride ReBridal and 8 Other Unpublished Works" and that one of the works in U.S. Copyright Registration No. TXu002435667 was "Sexual Healing." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56 of the Complaint.

57.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint regarding "nHentai." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint.

58.    Defendant admits the allegation in paragraph 58 of the Complaint that The Junior Spellcaster and the Succubus Curse is listed in U.S. Reg. No. TXu002409564, with a registration date of October 13, 2023. Defendant denies any remaining allegations in paragraph 58 of the Complaint.

59.    Defendant admits the allegation in paragraph 59 of the Complaint that She's Somebody's Spouse is listed in TXu002391218. Defendant denies any remaining allegations in paragraph 59 of the Complaint.

60.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint.

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Complaint regarding "nHentai" or "Defendants' website." Defendant denies any remaining allegations in paragraph 61 of the Complaint.

62.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Complaint regarding Plaintiff's "information and belief." Defendant denies the allegations in paragraph 63 of the Complaint.

64.    Defendant denies the allegations in paragraph 64 of the Complaint.

65.    Defendant denies the allegations in paragraph 65 of the Complaint.

66.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 66 of the Complaint.

67.    Defendant denies the allegations in paragraph 67 of the Complaint.

## VI.    ANSWER TO FIRST CAUSE OF ACTION

68.    Defendant incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant denies the allegations in paragraph 68 of the Complaint.

69.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Complaint.

70.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations in paragraph 71 of the Complaint.

72.    Defendant denies the allegations in paragraph 72 of the Complaint.

73.    Defendant denies the allegations in paragraph 73 of the Complaint.

74.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 74 of the Complaint.

75.    Defendant denies the allegations in paragraph 75 of the Complaint.

76.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 76 of the Complaint.

77.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Complaint regarding Plaintiff's "information and belief" or "nHentai." Defendant denies any remaining allegations in paragraph 77 of the Complaint.

78.    Defendant denies the allegations in paragraph 78 of the Complaint.

79.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of the Complaint regarding Plaintiff's "information and belief" or "nHentai." Defendant denies any remaining allegations in paragraph 79 of the Complaint.

80.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 80 of the Complaint.

81.    Defendant denies the allegations in paragraph 81 of the Complaint.

82.    Defendant denies the allegations in paragraph 82 of the Complaint.

## VII.   ANSWER TO SECOND CAUSE OF ACTION

83.     Defendant incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant denies the allegations in paragraph 83 of the Complaint.

84.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 of the Complaint regarding "[u]nknown individuals" or "Defendants' websites." Defendant denies any remaining allegations in paragraph 84 of the Complaint.

85.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 of the Complaint regarding Plaintiff's "information and belief." Defendant denies any remaining allegations in paragraph 85 of the Complaint.

86.     Defendant denies the allegations in paragraph 86 of the Complaint.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     Defendant denies the allegations in paragraph 89 of the Complaint.

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of the Complaint regarding Plaintiff's "information and belief" or "nHentai." Defendant denies any remaining allegations in paragraph 90 of the Complaint.

91.     Defendant denies the allegations in paragraph 91 of the Complaint.

92.     Defendant denies the allegations in paragraph 92 of the Complaint.

93.     Defendant denies the allegations in paragraph 93 of the Complaint.

94.     Defendant denies the allegations in paragraph 94 of the Complaint.

## VIII.  ANSWER TO THIRD CAUSE OF ACTION

95.    Defendant incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant denies the allegations in paragraph 95 of the Complaint.

96.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 of the Complaint regarding "[u]nknown individuals" or "Defendants' websites." Defendant denies any remaining allegations in paragraph 96 of the Complaint.

97.    Defendant denies the allegations in paragraph 97 of the Complaint.

98.    Defendant denies the allegations in paragraph 98 of the Complaint.

99.    Defendant denies the allegations in paragraph 99 of the Complaint.

100.    Defendant denies the allegations in paragraph 100 of the Complaint.

101.    Defendant denies the allegations in paragraph 101 of the Complaint.

102.    Defendant denies the allegations in paragraph 102 of the Complaint.

## IX.    ANSWER TO FOURTH CAUSE OF ACTION

103.    Defendant incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant denies the allegations in paragraph 103 of the Complaint.

104.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 104 of the Complaint.

105.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 105 of the Complaint.

106.    Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 107 of the Complaint.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Complaint regarding "nHentai." Defendant denies any remaining allegations in paragraph 108 of the Complaint.

109. Defendant denies the allegations in paragraph 109 of the Complaint.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

111. Defendant denies the allegations in paragraph 111 of the Complaint.

112. Defendant denies the allegations in paragraph 112 of the Complaint.

113. Defendant denies the allegations in paragraph 113 of the Complaint.

114. Defendant denies the allegations in paragraph 114 of the Complaint.

115. Defendant denies the allegations in paragraph 115 of the Complaint.

## X.   ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief in the Complaint or to any relief whatsoever from Defendant.

116. Defendant denies that Plaintiff is entitled to any relief requested in Section A of its Prayer for Relief in the Complaint.

117. Defendant denies that Plaintiff is entitled to any relief requested in Section B of its Prayer for Relief in the Complaint.

118. Defendant denies that Plaintiff is entitled to any relief requested in Section C of its Prayer for Relief in the Complaint.

119. Defendant denies that Plaintiff is entitled to any relief requested in Section D of its Prayer for Relief in the Complaint.

120. Defendant denies that Plaintiff is entitled to any relief requested in

Section E of its Prayer for Relief in the Complaint.

121.   Defendant denies that Plaintiff is entitled to any relief requested in Section F of its Prayer for Relief in the Complaint.

122.   Defendant denies that Plaintiff is entitled to any relief requested in Section G of its Prayer for Relief in the Complaint.

123.   Defendant denies that Plaintiff is entitled to any relief requested in Section H of its Prayer for Relief in the Complaint.

124.   Defendant denies that Plaintiff is entitled to any relief requested in Section I of its Prayer for Relief in the Complaint.

125.   Defendant denies that Plaintiff is entitled to any relief requested in Section J of its Prayer for Relief in the Complaint.

## XI.   ANSWER TO DEMAND FOR JURY TRIAL

To the extent a response is required, Defendant admits that Plaintiff has demanded a trial by jury on all issues triable by jury.

## XII.   DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses:

1.   **Unclean Hands.** Plaintiff's claims are barred due to its commission of "wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citing 3 Melville B. Nimmer, *Copyright,* § 13.09[B] at 13–148–49 (1991)). Plaintiff has made misrepresentations to the Court and has manipulated the judicial process through the purported enforcement of the asserted copyrights.

2.   **Failure to State a Claim.** Plaintiff's claims are barred due to its failure to state a claim, including but not limited to Plaintiff's failure to state a claim for ownership of a valid copyright as to each of the asserted copyrights and use of the allegedly copyrighted material without permission.

3.   **Consent.** Plaintiff's claims are barred in whole or in part on the grounds that Defendant's use, if any, of allegedly infringing materials was based on express

consent/permission by Plaintiff.

4. **Statute of Limitations.** Plaintiff's claims for copyright infringement are therefore barred in whole or in part by Section 507(b) of the Copyright Act precluding claims commenced more than three years after the claim accrued.

5. **Estoppel.** Plaintiff's claims are barred due to Plaintiff's express, unrestricted permission to Defendant to use Plaintiff's allegedly copyrighted content. Plaintiff clearly intended that Defendant act on that permission. Defendant had no reason to believe that Plaintiff would later assert copyright infringement by Defendant as to any of its alleged content. Defendant detrimentally relied on Plaintiff's representations. Plaintiff's prior statements and actions are inconsistent with the legal positions it is now taking, purporting to place Defendant at a disadvantage.

6. **Waiver:** Plaintiff's claims are barred by its clear intention to relinquish any right, advantage or benefit relating to the allegedly copyrighted works.

7. **Acquiescence.** Plaintiff's claims are barred because Plaintiff has acquiesced to the use, if any, by Defendant of the allegedly copyrighted materials.

8. **Copyright Misuse.** Plaintiff's claims are barred in whole or in part on the grounds that Plaintiff has used its alleged copyrights in a manner that is contrary to public policy and purports to extend the alleged copyright beyond their intended reach.

9. **Fraud on the Copyright Office.** Plaintiff's claims are barred as Plaintiff made express representations to the U.S. Copyright Office in obtaining certain of the asserted copyrights in which Plaintiff agreed to a narrow and more limited scope than what was included in Plaintiff's original applications.

10. **Innocent Infringement/No Willful Infringement.** Plaintiff's claims are barred because the permission granted to Defendant for use of Plaintiff's now allegedly copyrighted content rendered Defendant unaware and with no reason to

believe its acts, if any, constituted infringement of any copyrights.

11.   **Express or Implied License.** Plaintiff's claims are barred because Plaintiff granted Defendant an express and/or implied license in Plaintiff's allegedly copyrighted materials through Plaintiff's unrestricted permission/consent given to Defendant.

12.   **No Infringement.** Plaintiff's claims are barred in whole or in part on the grounds that Defendant's use, if any, of allegedly copyrighted materials was based on express consent/permission by Plaintiff and does not constitute infringement.

13.   **Non-Copyrightable Subject Matter.** Plaintiff's claims are barred in whole or in part as alleged copyrights in the English translations of preexisting works are not valid, as the translations do not have the requisite originality and consist of unprotectable content.

14.   **Scènes à Faire.** Plaintiff's claims are barred as the asserted copyrights purport to claim protection of situations and incidents that flow necessarily or naturally from a basic or generic plot line, common scenes and themes, standard or stock expressions, and clichéd language that are not protected or protectable elements.

15.   **Independent Creation.** Plaintiff's claims are barred as the allegedly copyrighted works existed before the date of creation of Plaintiff's asserted copyrights, were independently created, and not copied.

16.   **No Entitlement to Statutory Damages or Attorneys' Fees.** Pursuant to 17 U.S.C. § 412, Plaintiff is statutorily and mandatorily barred from claiming statutory damages or attorneys' fees under the Copyright Act, as any alleged acts of infringement occurred before first registration of the Plaintiff's allegedly copyrighted materials.

17.   **Failure to Mitigate Damages.** Plaintiff is not entitled to an award of

damages, as it took no action to avoid or reduce any of the damages it now claims for purported copyright infringement.

18.    **Adequate Remedies at Law.** Plaintiff's claims for injunctive relief are barred, as it has adequate remedies at law to protect its interests in the allegedly infringing materials, if any such protection exists.

## XIII.    DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIMS

1.    X Separator LLC ("Defendant/Counter-Plaintiff"), by its undersigned counsel, for its counterclaims against PCR Distributing Co. and PCR Distributing Co., d/b/a JAST USA and d/b/a J18 Publishing ("Plaintiff/Counter-Defendant") alleges as follows ("Counterclaims").

## XIV.  JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction over Defendant/Counter-Plaintiff's counterclaims under 28 U.S.C. § 1367(a) because they are so related to Plaintiff/Counter-Defendant's claims that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff/Counter-Defendant is subject to personal jurisdiction in this district with respect to this action as Plaintiff/Counter-Defendant filed suit in the instant case and in this district, despite residing in the Southern District of California.

3.    Venue is proper in this district as Plaintiff/Counter-Defendant filed suit relating to the matters at issue in these Counterclaims in this district filed by Plaintiff/Counter-Defendant, despite its principal place of business in the Southern District of California.

## XV.   PARTIES

4.    Defendant/Counter-Plaintiff realleges and reincorporates the allegations in paragraphs 1-3 of the Counterclaims as though fully set forth herein.

5.    X Separator LLC is a limited liability company organized and existing under the laws of the State of Delaware.

6.     PCR Distributing Co. is a California corporation with its principal place of business at 8524 Commerce Ave., Suite B, San Diego, CA 92121. Upon information and belief and based on Plaintiff/Counter-Defendant's statements to the Court and representations of its counsel, PCR Distributing Co. does business as and/or operates under the fictitious business name of JAST USA and J18 Publishing. These entities are collectively referred to herein as Plaintiff/Counter-Defendant.

## XVI.  FACTS

7.     Defendant/Counter-Plaintiff realleges and reincorporates the allegations in paragraphs 1-6 of the Counterclaims as though fully set forth herein.

8.     In October of 2020, David Goldberg ("Goldberg"), on behalf of Plaintiff/Counter-Defendant, sent email correspondence to Defendant/Counter-Plaintiff *expressly giving permission*, in writing, for www.nhentai.net to host Plaintiff/Counter-Defendant's alleged content. Goldberg sent this email correspondence from his email address of goldberg@jastusa.com. The email correspondence was entitled "Permission granted to host our content: J18 Publishing."

9.     In that email, Goldberg states: "Right from the beginning, I want to stress ***that this isn't a takedown request or a DMCA***" (emphasis added).

10.     In the same email, Goldberg states: "***We don't want to try to take down any of our galleries***-- we just want people to have a simple, safe, and easy way of getting to our site where they can buy physical copies of the comics they love" (emphasis added).

11.     Goldberg goes on to state in his October 2020 email: "We know the only reason that any market at all for anime or manga exists in the West is because of piracy, so ***we're not interested in trying to fight any sites about this stuff***" (emphasis added).

12.     Goldberg further states that using Plaintiff/Counter-Defendant's

purported content would be a way to "support doujinshi creators *through us*…." by putting banner advertisements on properties to which *we have the rights*" or "to which *we own or manage the rights*" (emphases added).

13.    A few months later - in December of 2020 - Goldberg sent Defendant/Counter-Plaintiff an email providing a spreadsheet of over 3,300 links on www.nhentai.net of which it was aware and gave permission to Defendant/Counter-Plaintiff to use, and for which Plaintiff/Counter-Defendant wanted to host the aforementioned banner advertisements on www.nhentai.net.

14.    In August of 2021, Goldberg on behalf of Plaintiff/Counter-Defendant again contacted Defendant/Counter-Plaintiff regarding "putting banners *on nhentai galleries of content to which we own the rights*... " (emphasis added).

15.    Plaintiff/Counter-Defendant represented that it wanted to work with Defendant/Counter-Plaintiff to "put together a working system to show people where they can support the artists they care about… "

16.    In November of 2021, Plaintiff/Counter-Defendant – through its employee Gavin Wink using his email address of gavin@jastusa.com – contacted Defendant/Counter-Plaintiff to follow up on the prior correspondence stating: "I'd like to run banner ads on uploads of *our manga* that link back to the official store where you can buy them. *I \*don't\* want to takedown the uploads of our titles*, just give people an easy option for purchasing them if they do enjoy" (emphases added).

17.    Plaintiff/Counter-Defendant even asked Defendant-Counter-Plaintiff how much it would cost to run advertisements on www.nhentai.net.

18.    In April of 2022, Goldberg on behalf of Plaintiff/Counter-Defendant contacted Defendant/Counter-Plaintiff to "work together" regarding galleries on www.nhentai.net for which Plaintiff/Counter-Defendant offered the "official version of the release[s]" or the "official English releases… "

19.    Plaintiff/Counter-Defendant – through Goldberg – expressly

represented to Defendant/Counter-Plaintiff that its intention by proposing to work together was "to keep the doujinshi scene outside Japan alive and well."

20.    Plaintiff/Counter-Defendant's words and intentions could not have been clearer, or as it turns out, more false and misleading.

21.    Plaintiff/Counter-Defendant represented that its "galleries" and materials for which it "ha[s] the rights" or to which it "own[s] or manage[s] the rights" appear on www.nhentai.net and that it did not want them removed.

22.    Plaintiff/Counter-Defendant intended that Defendant/Counter-Plaintiff not remove any materials from its website in reliance on the unsolicited, unrestricted permission granted and the representations expressly made by the "managing editor at the manga publisher J18."

23.    Plaintiff/Counter-Defendant represented it had content and rights in materials on www.nhentai.net.

24.    Plaintiff/Counter-Defendant represented it owned or managed the rights in materials on www.nhentai.net.

25.    Plaintiff/Counter-Defendant represented that materials on www.nhentai.net contained what its employee referred to as "our manga" and "our titles."

26.    Plaintiff/Counter-Defendant gave permission to Defendant/Counter-Plaintiff to host Plaintiff/Counter-Defendant's content on www.nhentai.net.

27.    In giving such permission, Plaintiff/Counter-Defendant represented that it had the ***right to give*** permission to Defendant/Counter-Plaintiff to host Plaintiff/Counter-Defendant's purported content on www.nhentai.net.

28.    Plaintiff/Counter-Defendant expressly represented that it is "not ***interested*** in trying to fight any sites" about anime and manga, but rather that it wanted to "work together" with www.nhentai.net.

29.    Plaintiff/Counter-Defendant knew at the time it was making the

aforementioned representations that Defendant/Counter-Plaintiff had no way to verify whether Plaintiff/Counter-Defendant actually had the rights it represented it had.

30.     From at least October 29, 2020 through April 21, 2022 – the timeframe in which the above-referenced emails were sent – Plaintiff/Counter-Defendant knew it had not filed or registered any U.S. copyrights.

31.     Plaintiff/Counter-Defendant knew in 2020 that it had not filed or registered any U.S. copyrights.

32.     Plaintiff/Counter-Defendant knew in 2021 that it had not filed or registered any U.S. copyrights.

33.     Plaintiff/Counter-Defendant knew in 2022 that it had not filed or registered any U.S. copyrights.

34.     Until at least March 19, 2023, Plaintiff/Counter-Defendant knew it had not filed or registered any U.S. copyrights.

35.     Plaintiff/Counter-Defendant knew it filed its first U.S. copyright on March 20, 2023.

36.     Plaintiff/Counter-Defendant knew that its managing editor, David Goldberg, had given permission to Defendant/Counter-Plaintiff to use its content and repeatedly doubled down on that permission over a span of three years.

37.     Plaintiff/Counter-Defendant also knew that, in March of 2023, Goldberg began filing copyrights on Plaintiff/Counter-Defendant's behalf with the United States Copyright Office.

38.     ***Then having never retracted the unsolicited, unrestricted permissions given*** – on June 10, 2024, Plaintiff/Counter-Defendant proceeded to request a 17 U.S.C. §512(h) subpoena ("512(h) Subpoena") from a Court in the Central District of California seeking to identify the company behind www.nhentai.net ***so that it could sue Defendant/Counter-Plaintiff for alleged copyright infringement***.

39.     The declaration of Plaintiff/Counter-Defendant's CEO, Dave Adams, filed in support of the 512(h) Subpoena - "under penalty of perjury" - represented: "I have personal knowledge of the copyrights owned by PCR and the ongoing infringements of those copyrights that occur on the internet. I also have personal knowledge of the countless instances that PCR's copyrighted works have been posted without PCR's authorization to nHentai.net."

40.     The declaration of Dave Adams went on to state that the June 2024 alleged copyright infringement notification "identified the copyrighted material being infringed, set forth a listing of the URL containing the infringing material, [and] confirmed that such use of PCR's copyrighted works was not authorized by PCR."

41.     Likewise, Plaintiff/Counter-Defendant's June 2024 alleged copyright infringement notification - sent by its agent Jason Tucker - stated "under penalty of perjury" that the use of materials was "not authorized by [Plaintiff/Counter-Defendant] and therefore infringes on its rights …"

## XVII. FIRST COUNTERCLAIM – FRAUD/INTENTIONAL MISREPRESENTATION

42.     Defendant/Counter-Plaintiff realleges and reincorporates the allegations in paragraphs 1-41 of the Counterclaims as though fully set forth herein.

43.     Plaintiff/Counter-Defendant made representations to Defendant/Counter-Plaintiff that certain facts were true, as set forth in herein.

44.     Plaintiff/Counter-Defendant knew that the representations were false when Plaintiff/Counter-Defendant made them, and/or they made the representations recklessly and without regard for their truth with an intent that Defendant/Counter-Plaintiff would rely on them.

45.     From at least October of 2020 through at least July of 2024, Defendant/Counter-Plaintiff justifiably relied on Plaintiff/Counter-Defendant's

repeated representations.

46.     As a result of Plaintiff/Counter-Defendant's intentional misrepresentations and Defendant/Counter-Plaintiff's justifiable reliance thereon, Defendant-Counter-Plaintiff has been damaged in an amount to be proven at trial, which currently exceeds $500,000.00.

47.     In doing the acts alleged, Plaintiff/Counter-Defendant acted willfully, fraudulently, maliciously, oppressively and with intent to injure Defendant/Counter-Plaintiff, and with intentional and/or reckless disregard for the rights and interests of Defendant/Counter-Plaintiff, as a result of which Defendant/Counter-Plaintiff are entitled to punitive and exemplary damages against Plaintiff/Counter-Defendant and each of them in such amount as the proof at trial may indicate is appropriate.

## XVIII.   SECOND COUNTERCLAIM – NEGLIGENT MISREPRESENTATION

48.     Defendant/Counter-Plaintiff realleges and reincorporates the allegations in paragraphs 1-47 of the Counterclaims as though fully set forth herein.

49.     Plaintiff/Counter-Defendant represented to Defendant/Counter-Plaintiff that certain past or existing material facts were true, as set forth in herein.

50.     Plaintiff/Counter-Defendant's representations were false.

51.     When Plaintiff/Counter-Defendant misrepresented these facts to Defendant/Counter-Plaintiff, even if Plaintiff/Counter-Defendant may have honestly believed their representations to be true, Plaintiff/Counter-Defendant did so having no adequate or reasonable grounds for believing their own representations to be true.

52.     Plaintiff/Counter-Defendant intended that Defendant/Counter-Plaintiff rely on these representations.

53.     Defendant/Counter-Plaintiff reasonably relied on Plaintiff/Counter-Defendant's representations.

54.     As a direct and proximate result of Plaintiff/Counter-Defendant's

negligent misrepresentations, Defendant-Counter-Plaintiff has been damaged in an amount to be proven at trial, which currently exceeds $500,000.00.

## XIX. DEFENDANT'S PRAYER FOR RELIEF

Defendant/Counter-Plaintiff respectfully requests that the Court:

    A. Enter judgment in Defendant/Counter-Plaintiff's favor on each of Plaintiff/Counter-Defendant's claims, dismissing Plaintiff/Counter-Defendant's claims with prejudice;

    B. Award Defendant/Counter-Plaintiff its reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505;

    C. On Defendant/Counter-Plaintiff's First Counterclaim, awarding damages in favor of Defendant/Counter-Plaintiff in an amount to be determined at trial, plus interest, Defendant/Counter-Plaintiff attorneys' fees and costs, and an award of punitive and exemplary damages against Plaintiff/Counter-Defendant;

    D. On Defendant/Counter-Plaintiff's Second Counterclaim, awarding damages in favor of Defendant/Counter-Plaintiff in an amount to be determined at trial, plus interest, Defendant/Counter-Plaintiff attorneys' fees and costs against Plaintiff/Counter-Defendant;

    E. Grant Defendant/Counter-Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant/Counter-Plaintiff demands a trial by jury on all issues triable by a jury.

**DATED**: November 26, 2025          Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson (*Pro Hac Vice*)
Texas Bar No. 24008284

Jennifer M. Rynell\*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
\*_Pro Hac Vice_

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**ATTORNEYS FOR DEFENDANT X SEPARATOR LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed the foregoing document - **DEFENDANT X SEPARATOR LLC'S FIRST AMENDED ANSWER TO AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** - with the Clerk of the Court for the U.S. District Court, Central District of California using the CM/ECF system which sent notification of such filing to the following:

Eric Bjorgum (State Bar No. 198392)
Eric.bjorgum@bjorgumlaw.com
Martin H. Pritikin (State Bar No. 210845)
marty@procel-law.com
BJORGUM LAW, PC
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone:  (213) 596-6390
Facsimile:   (213) 596-6399
Attorney for Plaintiff PCR Distributing, Co.

/s/ Jennifer M. Rynell
Jennifer M. Rynell