ERIC BJORGUM (State Bar No. 198392)
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW, PC
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone:  (213) 596-6390
Facsimile:   (213) 596-6399
**Attorneys for Plaintiff PCR Distributing, Co.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., <br> vs. <br> Plaintiff, <br> vs. <br> JOHN DOES 1 – 10, d/b/a NHENTAI.NET AND NHENTAI.TO <br> Defendants, <br> vs. <br> PCR DISTRIBUTING CO. and PCR DISTRIBUTING CO. d/b/a J18 Publishing and d/b/a JAST USA <br> Counter-Defendants. | Case No. 24-cv-07453-CV-AJR <br><br> **COUNTER-DEFENDANT'S ANSWER TO X SEPARATOR LLC'S COUNTERCLAIMS** <br><br> Judge: Honorable Cynthia Valenzuela <br><br> DEMAND FOR JURY TRIAL |

PCR Distributing Co. and PCR Distributing Co., d/b/a JAST USA and d/b/a J18 Publishing ("Plaintiff/Counter-Defendant") hereby answers the Counterclaims of X Separator LLC ("Defendant/Counter-Plaintiff") through their respective counsel as follows:

## I. DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIMS

1. Admitted that Counter-Plaintiff filed this paper.

## II. JURISDICTION AND VENUE

2. Counter-Defendant admits that Plaintiff purports that this Court has subject matter jurisdiction over the Counterclaims. Counter-Defendant admits that it is subject to personal jurisdiction in this district with respect to this case. Counter-Defendant denies any remaining allegations in paragraph 2 of the Counterclaims.

3. Counter-Defendant admits that venue is proper in this case. Counter-Defendant denies any remaining allegations in paragraph 3 of the Counterclaims.

## III. PARTIES

4. Counter-Defendant realleges and reincorporates the allegations in paragraphs 1-3 of the Counterclaims as though fully set forth herein.

5. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Counterclaims.

6. Counter-Defendant admits the allegation in paragraph 6 of the Counterclaims that PCR Distributing Co. is a California corporation that also operates under the names of JAST USA and J18 Publishing and are collectively referred to herein as Counter-Defendant.

## IV. FACTS

7. Counter-Defendant admits that an individual named David Goldberg sent email correspondence from an email address owned by Counter-Defendant.

8. Counter-Defendant admits that in the email referenced in Paragraph 7, above, an individual identified as David Goldberg purportedly wrote the words

"Right from the beginning, I want to stress that this isn't a takedown request or a DMCA." [sic].

9. Counter-Defendant admits that in the email referenced in Paragraph 8, above, an individual identified as David Goldberg purportedly wrote the words "Right from the beginning, I want to stress that this isn't a takedown request or a DMCA." [sic]. Counter-Defendant denies any remaining allegations in paragraph 3 of the Complaint.

10. Counter-Defendant denies any remaining allegations in paragraph 3 of the Complaint.Counterdefendant admits that ihn a 2Octogber 2020 email, and induvial states an individual an individual name David Goldger ("Goldberg") sent email correpsoncdence to an email address owned by Counterdefendant.

11. Counterdefendant admits that ihn a 2Octogber 2020 email, and induvial states an individual an individual name David Goldger ("Goldberg") sent email using the phrases "support doujinshi creators through us…." And "by putting banner advertisements on properties to which we have the rights" or "to which we own or manage the rights." .  Defendant denies any remaining allegations in paragraph 58 of the Complaint.

12. Counter-Defendant denies the allegations in paragraph 13of the Complaint.

13. Counterdefendant admits that in the email referenced in Paragraph 8, above, an individual identified as David Goldberg purportedly wrote the words ""putting banners *on nhentai galleries of content to which we own the rights*..."Right from the beginning, I want to stress that this isn't a takedown request or a DMCA." [sic].

14. Counterdefendant admits that an individual identified as David Goldberg purportedly wrote the words ""putting banners *on nhentai galleries of content to which we own the rights*...

15. Counterdefendant admits that at some point in time, an individual named Gavin Wink wrote an email containing the quoted language. Counterdefendant otherwise denies the allegations in paragraph 16.

16. Counter-Defendant denies the allegations in paragraph 17 of the Complaint.

17. Counterdefendant admits that at some point in time, an individual named Gavin Wink wrote an email containing the quoted language. Counterdefendant otherwise denies the allegations in paragraph 16.

18. Counter-Defendant denies the allegations in paragraph 20 of the Complaint.

19. Counterdefendant admits that an individual identified as David Goldberg purportedly wrote the words quoted in paragraph 21 of the Counterclaims.

20. Counter-Defendant denies the allegations in paragraph 23 of the Counterclaims.

21. Counter-Defendant admits that it has certain rights but denies the remaining allegations in paragraph 23 of the Complaint.

22. Counter-Defendant admits that it has certain rights but denies the remaining allegations in paragraph 24 of the Complaint.

23. Counter-Defendant admits that it has certain rights but denies the remaining allegations in paragraph 25 of the Complaint.

24. Counter-Defendant denies the allegations in paragraph 26 of the Complaint.

25. Counter-Defendant denies the allegations in paragraph 27 of the Counterclaims.

26. Counter-Defendant denies the allegations in paragraph 28 of the Counterclaims.

27. Counter-Defendant denies the allegations in paragraph 23 of the Counterclaims.

28. Counter-Defendant denies the allegations in paragraph 30 of the Counterclaims.

29. Counter-Defendant denies the allegations in paragraph 23 of the Counterclaims.

30. Counter-Defendant denies the allegations in paragraph 32 of the Counterclaims.

31. Counter-Defendant denies the allegations in paragraph 33 of the Counterclaims.

32. Counter-Defendant denies the allegations in paragraph 34 of the Counterclaims.

33. Counter-Defendant denies the allegations in paragraph 35 of the Counterclaims.

34. Counter-Defendant denies the allegations in paragraph 36 of the Counterclaims.

35. Counter-Defendant denies the allegations in paragraph 35 of the Counterclaims.

36. Counter-Defendant denies the allegations in paragraph 35 of the Counterclaims.

37. Counter-Defendant admits that the Copyright applications were filed and otherwise denies the allegations in paragraph 37.

38. Counter-Defendant admits that the DMCA notice states what it states and otherwise denies the allegations in paragraph 38.

39. Counter-Defendant admits that the DMCA notice states what it states and otherwise denies the allegations in paragraph 39.

40. Counter-Defendant admits that the Declaration of David Adams states what it states and otherwise denies the allegations in paragraph 40.

41. Counter-Defendant admits that the Declaration of David Adams states what it states and otherwise denies the allegations in paragraph 41.

## V. FIRST COUNTERCLAIM – FRAUD/INTENTIONAL MISREPRESENTATION

42. Counter-Defendant incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein.

43. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Counterclaims.

44. Counter-Defendant denies the allegations in paragraph 44 of the Counterclaims.

45. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Counterclaims.

46. Counter-Defendant denies the allegations in paragraph 46 of the Counterclaims.

47. Counter-Defendant denies the allegations in paragraph 47 of the Counterclaims.

## XIII. SECOND COUNTERCLAIM – NEGLIGENT MISREPRESENTATION

48. Counter-Defendant realleges and reincorporates the allegations in paragraphs 1-47 of the Counterclaims as though fully set forth herein.

49. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Counterclaims.

50. Counter-Defendant denies the allegations in paragraph 50 of the Counterclaims.

51. Counter-Defendant denies the allegations in paragraph 44 of the Counterclaims.

52. Counter-Defendant denies the allegations in paragraph 44 of the Counterclaims.

53. Counter-Defendant denies the allegations in paragraph 44 of the Counterclaims.

54. 54. Counter-Defendant denies the allegations in paragraph 44 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Counter-Plaintiff's claims fail to state a claim for upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2. Counter-Plaintiff delayed an unreasonably long time in bringing its claims, so that it is barred by laches.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Counter-Plaintiff's inaction induced Counter-Defendants to change their position so that Counter-Plaintiff is estopped from bringing its claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4. Counter-Plaintiff's inaction has resulted in a waiver of any rights

supporting its claims.

## FIFTH AFFIRMATIVE DEFENSE
### (No Justifiable Reliance)

5. Plaintiff cannot establish reasonable or justifiable reliance on an alleged oral authorization to copy or exploit a copyrighted comic book. Reliance was unreasonable as a matter of law because copyright licenses and transfers require written evidence under 17 U.S.C. § 204(a), and Plaintiff knew or should have known oral permission was invalid or insufficient.

## SIXTH AFFIRMATIVE DEFENSE
### (Copyright Act Writing Requirement / Statute of Frauds)

6. The alleged oral promise to allow copying is barred by the Copyright Act's writing requirement, 17 U.S.C. § 204(a), rendering any reliance on an unwritten transfer or exclusive license unreasonable and unjustified.

## SEVENTH AFFIRMATIVE DEFENSE
### (Integration / No Contractual License)

7. There is no written agreement granting copying rights. To the extent interactions existed, they were preliminary negotiations and never ripened into any binding license.

## EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff's Prior Knowledge / Access to Facts)

8. Plaintiff knew or should have known that exclusive copyright permissions require written authorization and therefore could not justifiably rely on informal verbal statements between 2020 and 2024.

### Waiver and Ratification

9. Plaintiff continued to act with knowledge of the absence of written permission and accepted the risk, thereby waiving the right to assert fraud and ratifying the circumstances surrounding the alleged representations.

### Estoppel

10. Plaintiff's own conduct, actions, and representations induced Defendant to believe Plaintiff understood the legal requirement for written transfers, and Plaintiff is estopped from asserting reliance inconsistent with that conduct.

### Unclean Hands

11. Plaintiff knowingly attempted to obtain or exploit copyrighted material without obtaining a written license, and such inequitable conduct bars or reduces recovery.\

12. Statute of Limitations – Code Civ. Proc. § 338(d)

13. To the extent Plaintiff discovered or reasonably should have discovered the absence of written authorization before July 2021, all or part of the claim is barred.

## PRAYER FOR RELIEF

Counter-Defendant denies that Counter-Plaintiff is entitled to any of the relief requested in the Prayer for Relief in the Complaint or to any relief whatsoever from Defendant.

A. Counter-Defendant denies that Counter-Plaintiff is entitled to any relief requested in Section A of its Prayer for Relief in the Countercomplaint.

B. Counter-Defendant denies that Counter-Plaintiff is entitled to any relief requested in Section B of its Prayer for Relief in the Countercomplaint.

C. Counter-Defendant denies that Counter-Plaintiff is entitled to any relief requested in Section C of its Prayer for Relief in the Countercomplaint.

D. Counter-Defendant denies that Counter-Plaintiff is entitled to any relief requested in Section D of its Prayer for Relief in the Countercomplaint.

E. Counter-Defendant denies that Counter-Plaintiff is entitled to any relief requested in Section E of its Prayer for Relief in the Countercomplaint.

## JURY DEMAND

Plaintiff/Counter-Defendant demands trial by jury, on all issues so triable, under Fed. R. Civ. P. 38.

Respectfully submitted,

Dated:  December 17, 2025

By: */s/ Eric Bjorgum*
A. Eric Bjorgum
BJORGUM LAW, PC
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Wilson
Jennifer M. Rynell
eservice@wwrlegal.com
WILSON WHITAKER RYNELL
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248

Glenn T. Litwak
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401

By: */s/ Eric Bjorgum*
A. Eric Bjorgum