**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW,
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone:   (213) 596-6390
Facsimile:   (213) 596-6399

**Attorneys for Plaintiff PCR Distributing, Co.**

John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
eservice@wwrlegal.com
*Pro Hac Vice
**Attorneys for Defendant X Separator LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PCR DISTRIBUTING CO., <br><br> vs. <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOES 1 – 10, d/b/a NHENTAI.NET, <br><br> Defendants. | Case No. 24-cv-07453-CV-AJR <br><br> **JOINT STATUS REPORT RE MARCH 19, 2026 FOLLOW-UP TO INFORMAL DISCOVERY CONFERENCE.** <br><br> Date:  March 19, 2026 <br> Time: 3:00 p.m. <br> Judge: Hon. A. Joel Richlin <br> Courtroom: 780 <br> Place: Roybal Federal Building |

1

JOINT STATUS REPORT

## JOINT STATUS REPORT

Pursuant to the Court's Order of March 11, 2026 (Dkt. No. 73) (the "Order"), the parties submit the following joint status report on the current state of the discovery dispute in preparation for March 19, 2026 follow-up to the Informal Discovery Conference.

**Plaintiff's Position:** Per the Order, Plaintiff met and conferred with his client about the works it intends to pursue.  At present, his client is still checking with some of the individual authors, but he intends to pursue at least the works that were licensed by publishing houses and should have a nearly-definitive list by Monday, March 23, 2026 (per below).  It is expected that Plaintiff's counsel will accept discovery on nearly every individual author.

Of the individual authors, Plaintiff will assert the works of at least Shiwasu No Okina ("Okina").  For Okina, the individual contracts will be produced with personal contact information redacted.  In exchange, Plaintiff's counsel will accept service of discovery documents for Okina.

At present, it appears there are 57 current potential infringements, with 22 being from individual authors and one by Okina as an individual author. It should be noted that Defendant does not agree that all of these potential infringements are currently subject to this action.  However, by Monday, March 23, 2026, Plaintiff's counsel will produce a spreadsheet identifying the titles that are from publishing houses and those that are per agreement with individual authors, and the identity of works, if any, for which Plaintiff's counsel will not accept service of discovery documents.

Plaintiff will also re-produce documents redacted only as to the financial terms (except those to the individuals still being contacted, in accordance with the Order.  To be clear, these re-produced documents will be limited to the publishing house contracts and the Okina contract(s).  Original bates numbers will be preserved

for consistency.

**Defendant X Separator LLC's Position**:

The issues that remained at the close of last week's informal discovery conference have not been resolved and have become even more troublesome and complicated.

The Court directed Plaintiff to: 1) identify which copyrighted works it ultimately wants to pursue in the case; and 2) produce the relevant artist agreements for those works.

Based on the conference of counsel for the parties today, it appears that Plaintiff does not know which works and artists it intends to pursue in this case going forward. Plaintiff promises to provide a "nearly-definitive list" by Monday, March 23, 2026. However, it does not appear that Plaintiff's anticipated list will, for example, eliminate any works currently at issue that are not covered by a corresponding artist agreement such that these would no longer be part of the case. Plaintiff seems to indicate that the list will somehow purport to ***broaden*** the scope of the case by including works that are ***not*** part of the copyrights at issue currently, i.e. what Plaintiff calls "potential infringements." Defendant believes that this promised list only creates more issues and less certainty.  Nearly 20 months into this case, Plaintiff's asserted works/copyrights should not be a moving target. Defendant needs certainty on what copyrighted works Plaintiff is asserting and what agreements Plaintiff alleges give them the right to make such claims. This is the most basic information and discovery in a copyright infringement case.

Further to Defendant's request for all relevant agreements and not a "representative sampling," Plaintiff does not indicate it will confirm that all agreements have been produced. Indeed, some of the agreements produced to date appear to refer to other documents that have ***not*** been produced such as "separate memorand[a]" and "original agreements." Defendant asks the Court to require Plaintiff to produce and confirm production of all relevant agreements and related

2

documents.

Also, during today's conference of counsel, Plaintiff's counsel made at least two references to "if" Plaintiff "just go[es] with statutory damages." This is contrary to what is reflected in the Court's minutes from the prior discovery conference, which was Plaintiff's statement of waiver of actual damages: "The Court further advised that Plaintiff will need to produce those agreements unredacted, except for the royalty terms (given that Plaintiff has waived its right to recover actual damages)." Dkt. No. 73. Defendant continues to need the Court's guidance in this regard.

Respectfully submitted,

Dated:  March 18, 2026          By  /s/
                                A. Eric Bjorgum
                                BJORGUM LAW, PC
                                Attorneys for Plaintiffs

Dated: March 18, 2026

                                By: /s/
                                Jennifer M. Rynell
                                eservice@wwrlegal.com
                                WILSON WHITAKER RYNELL
                                Attorneys for Defendant X Separator LLC

3

JOINT STATUS REPORT