John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR DEFENDANT**
**X SEPARATOR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PCR DISTRIBUTING CO., a company organized under the laws of California,

*Plaintiff,*

vs.

JOHN DOES 1-20 d/b/a NHENTAI.NET,

*Defendants,*

vs.

PCR DISTRIBUTING CO. and PCR DISTRIBUTING CO. d/b/a J18 Publishing and d/b/a JAST USA

*Counter-Defendants.*

Case No. 2:24-cv-07453-CVD-AJR

**X SEPARATOR LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER, AND TO STAY DEADLINE ON EMERGENCY BASIS; MEMORANDUM OF POINTS AND AUTHORITIES -** Filed concurrently herewith: Proposed Orders

Hon. Magistrate Richlin
Date: November 19, 2026 – 10:00 am
ZOOM

TO ALL PARTIES AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that X Separator LLC ("Defendant") whose information is the subject of Plaintiff PCR Distributing, Co.'s ("Plaintiff" or "PCR") subpoena to Bank of America, N.A. ("Bank of America") will and does hereby move to Quash the Subpoena, for Protective Order, and to Stay Deadline on Emergency Basis. The Subpoena that Plaintiff's counsel issued to Bank of America ("Subpoena") is wholly improper and should be quashed. The Subpoena seeks extensive financial discovery from Bank of America relating to six "Account Holders" - Defendant X Separator, an entity related to X Separator that is not currently a party to the case, three individuals who are not parties to this case, and one catchall category for persons doing business relating to "nHentai." The Subpoena unquestionably and improperly seeks post-judgment discovery where there has been no judgment. Plaintiff has provided no legal authority or legitimate justification supporting the validity of the Subpoena its counsel issued. There are no claims currently in the case for which such financial discovery should be permitted, as discovery must be tied to a specific element of a live claim. Accordingly, relevance and proportionality dictate that the subpoenaed information is not discoverable. Plaintiff also uses the Subpoena in an attempt to obtain detailed financial information related to *individuals who are not parties to this suit*. The Subpoena is also not procedurally complaint with Rule 45(a)(4), as Plaintiff did not serve Defendant with notice and a copy of the subpoena before serving Bank of America. Defendant X Separator respectfully asks the Court to quash the Subpoena, issue a protective order prohibiting discovery of such materials, and, in the interim, to stay the compliance deadline in the Subpoena.

This Motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities; Exhibit 1; all documents on file in this action; and such further or additional evidence or arguments as may be presented on this Motion. This Motion is made following conferences of counsel pursuant to

Local Rule 7-3. Counsel for Defendant contacted counsel for PCR Distributing, Co. by phone on November 9, 2026 to meet and confer on the Subpoena and by email on November 11, 2026, further disclosing the substance of this motion. Counsel for Defendant and Counsel for Plaintiff also participated in a second telephonic meet and confer on November 13, 2026 regarding the bases for the motions herein and no agreement was reached.

Dated: November 17, 2026 *By:/s/ Jennifer M. Rynell*

John T. Wilson*
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**Attorneys for Defendant X Separator LLC**

# <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. INTRODUCTION

The Subpoena that Plaintiff's counsel issued to Bank of America is wholly improper and should be quashed because it far exceeds the bounds of proper discovery, seeking the most confidential of information from Defendant and individuals who are not parties to this case. Specifically, the Subpoena seeks extensive financial discovery from Bank of America, literally requesting six years or more of bank account statements - ***with full account numbers*** **-** containing detailed transaction histories of deposits, credits, withdrawals, debits, transfers, copies of checks (front and back), and all correspondence between the bank and account holders, among other things.

Plaintiff's Subpoena seeks this highly confidential and sensitive information from six "Account Holders" - Defendant X Separator, Acheron Interactive LLC (an entity related to X Separator that is not currently a party to the case), three individuals, and one vague catchall category for persons doing business relating to "nHentai." Notably, and in a display of bad faith and blatant misuse of the subpoena power of the Court, out of the six "Account Holders," ***only one*** is a party to this lawsuit – Defendant X Separator.

The Subpoena unquestionably seeks post-judgment discovery where there has been no judgment. Discovery ***must*** be tied to a specific element of a live claim. Because there are no claims in the case for which such financial discovery should be permitted, relevance and proportionality dictate that the subpoenaed information is not discoverable. Plaintiff also uses the Subpoena in an attempt to obtain detailed personal financial information of *individuals who are not parties to this suit*. Plaintiff has no legitimate justification for such discovery at this time and has failed to provide legal authority supporting the validity of the Subpoena that its counsel issued. District courts uniformly reject *pre-judgment* discovery of a defendant's

financial condition *and* even more so in the absence of any claim for punitive damages. Relevance and proportionality under Rule 26(b)(1) dictate that the Subpoena must be quashed and a protective order entered.

Lastly, Rule 45(a)(4) requires that Plaintiff serve Defendant (a party) with notice and a copy of the Subpoena before serving Bank of America. Plaintiff did not do so in compliance with the rules and its Subpoena should also be quashed on this basis. For these reasons and the additional bases described herein, Defendant respectfully asks the Court to: 1) quash the Subpoena from PCR to Bank of America impermissibly seeking Defendant's (and other non-parties') information; 2) enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) prohibiting Plaintiff from seeking or obtaining discovery of Defendant's and other non-parties' financial information; and 3) stay the November 23, 2026, compliance deadline of the Subpoena pending resolution of this Motion.

## II. FACTUAL BACKGROUND

This is a copyright infringement case, in which Plaintiff's live pleadings allege that Defendant X Separator has infringed seven of Plaintiff's copyrights. On or about November 4, 2026, Plaintiff's counsel issued a Subpoena to Produce Documents directed to Bank of America for the financial information of X Separator LLC, Neal Akash Palavali, Nikita Nikishin, Michael Kim, Acheron Interactive LLC, and "any person or entity doing business as, or using the name, 'nHentai,' 'nhentai.net,' or 'nhentai.to.'" Attached as **Exhibit 1** and incorporated by reference is a true and correct copy of the Subpoena. The Subpoena commands production of the requested documents by November 23, 2026, at 10:00 a.m. Despite Defendant's requests in the meet and confer process that Plaintiff withdraw its improper Subpoena, Plaintiff has refused and thus, sensitive information, including highly confidential information of ***non-parties***, is at risk of being disclosed when such materials have no relevance to this case and are not discoverable. Further, as required

by Rule 26(c)(1), Defendant certifies that it has in good faith conferred with Plaintiff in an effort to resolve the dispute without court action.

## III. ARGUMENTS AND AUTHORITIES

The Subpoena issued by Plaintiff is improper and should be quashed as: 1) it seeks post-judgment discovery of Defendant's and non-parties' financial information that is neither relevant to any claim or defense nor proportional under Rule 26(b)(1); and 2) it is overly broad and seeks sensitive, private information of Defendant and without legal justification.

Federal Rule of Civil Procedure 45(d)(3)(A) provides that the court for the district where compliance is required must quash or modify a subpoena that, among other things, requires disclosure of privileged or other protected matter…or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 45 also permits quashing a subpoena to protect confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B). In addition, Rule 26(b)(1) requires that discovery must be relevant to a claim or defense and proportional to the needs of the case. Rule 26(c) authorizes a protective order to protect a party or any person from "annoyance, embarrassment, oppression, or undue burden or expense."

### *A. Pre-Judgment Discovery of a Defendant's Financial Condition Is Not Permitted.*

The Subpoena seeks extensive financial records of both the Defendant in this case, X Separator LLC, and multiple non-parties. Critically, no judgment has been entered in this action and the operative claims do not include any cause of action for which Defendant's (and most certainly not a nonparty's) financial condition, ability to satisfy a judgment, or detailed banking activity is relevant or proportional.

Under Rule 26(b)(1), discovery is limited to nonprivileged materials that are relevant to any party's claim or defense and proportional to the needs of the case. Relevance is assessed in light of "any party's claim or defense and proportional to

the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *See Cooper v. Cnty. of San Luis Obispo*, 350 F.R.D. 625, 630 (C.D. Cal. 2025).

District courts have long recognized a bar to pre-judgment discovery into a defendant's financial condition or ability to satisfy a judgment. The Eastern District of California specifically explained that "district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment ...on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence." *Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011). The *Sierrapine* court further stated that "[o]rdinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Id.* (quoting *Ranney-Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977)).

This District has applied the same principle. In *Lallemand v. County of Los Angeles*, the court upheld the magistrate's determination that discovery of the individual defendants' financial conditions was "both overbroad, and unnecessary," noting that "[d]iscovery of the financial conditions of these parties is relevant to the issue of punitive damages only if a basis for such liability is found by the fact-finder." *Lallemand v. County of Los Angeles*, No. LA CV17-00781 JAK (SSX), 2018 WL 6136816, at *14 (C.D. Cal. June 12, 2018) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981)).

In the present case, no judgment has been entered against X Separator LLC or

any other person or entity. The case remains in the liability phase for which Plaintiff has waived actual damages and elected to pursue only statutory damages under 17 U.S.C. § 504(c). Moreover, as discussed below, punitive damages are unavailable under the Copyright Act. Consequently, there is no claim or defense to which Defendant's financial condition, ability to satisfy a future judgment, or detailed banking activity is even remotely relevant.

Attachment A to the Subpoena confirms the absence of any proper purpose for the subpoenaed information. It defines "Account Holders" to include not only Defendant but also Neal Akash Palavali (an individual), Nikita Nikishin (an individual), Michael Kim (an individual described as a principal or representative of Acheron Interactive LLC), Acheron Interactive LLC, and "any person or entity doing business as, or using the name, 'nHentai,' 'nhentai.net,' or 'nhentai.to.'" With the exception of Defendant X Separator, none of these individuals or entities is a party to this action. The Subpoena then demands, for each such account and for a multi-year period beginning January 1, 2021, documents sufficient to identify every account including full account numbers; all account-opening and ownership records regardless of date; detailed bank statements showing essentially all banking activity for the past six years, and correspondence between the bank and any Account Holder.

None of the material sought by the Subpoena bears on the elements of copyright infringement, on willfulness for purposes of statutory-damage enhancement, or on any affirmative defense or counterclaim currently pending. Further, the catch-all language sweeping in any person or entity associated with "nHentai" further inappropriately expands the request beyond any party or any issue joined in the pleadings. Such request is not only overreaching, but entirely improper and the Subpoena issued in bad faith.

An analysis of the proportionality factors of Rule 26(b)(1) supports

Defendant's request that the Subpoena be quashed. The information sought in the Subpoena is not important to resolving the liability or damages issues that remain. Plaintiff has other, more direct means of obtaining evidence relevant to those issues. Further, the burden of compiling years of detailed transactional records, check images, and transfer details from a non-party bank is substantial and the privacy interests of non-parties in their banking records are significant. Compelling the production of bank records at this stage, before any judgment and in the absence of any claim for which financial condition is relevant, would impose an undue burden within the meaning of Rule 45(d)(3)(A)(iv) and would warrant a protective order under Rule 26(c) as further discussed below. Therefore, the Subpoena should be quashed in its entirety.

### ***B. Punitive Damages Are Not Available Under the Copyright Act.***

Although certain financial records may be relevant where punitive damages are available, that exception does not apply here. "Punitive damages are not available under the Copyright Act." *Reinicke v. Creative Empire, LLC*, No. 12CV1405-GPC KSC, 2013 WL 275900, at *5 (S.D. Cal. Jan. 24, 2013) (citing 17 U.S.C. § 504). "Numerous district court cases in the Ninth Circuit has [sic] followed this holding." *Id*. (citing *Krisel v. Contempo Homes, Inc.*, 2006 WL 5668181, at *3 (C.D. Cal. 2006); *Smith & Hawken, Ltd. v. Gardendance, Inc.*, 2004 WL 2496163, at *10 (N.D. Cal. 2004); *Saregama India Ltd. v. Young*, 2003 WL 25769784, at *1 (C.D. Cal. 2003)).

The Central District of California has reached the same conclusion. In *Falkner v. General Motors LLC*, the court granted summary judgment precluding punitive damages for copyright infringement and rejected the sole contrary authority out of New York as "an outlier case given the case law as a whole." *Falkner v. Gen. Motors LLC,* 393 F. Supp. 3d 927, 939 (C.D. Cal. 2018) (citing *TVT Records v. Island Def Jam Music Group*, 262 F. Supp. 2d 185, 187 (S.D.N.Y. 2003)).

Because the Copyright Act does not authorize punitive damages, pre-judgment discovery of a defendant's financial condition is unavailable to Plaintiff and the detailed banking records sought by the Subpoena remain irrelevant, improper discovery under Rule 26(b)(1). The Court should quash the Subpoena.

### *C. A Protective Order and Stay Are Warranted.*

Even if the Subpoena is not quashed, a protective order under Rule 26(c) should issue to prevent disclosure of Defendant's and the non-party Account Holders' highly confidential financial information. Rule 26(c) authorizes the Court, for good cause, to issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding inquiry into certain matters, specifying terms for disclosure, or limiting the scope of discovery. Fed. R. Civ. P. 26(c). Bank records in particular implicate significant privacy interests as they reveal not only financial assets and liabilities, but also a whole host of sensitive data points that have absolutely nothing to do with this case and are not a proper subject of discovery or use of this Court's subpoena power.

There is good cause for a protective order to be granted. The Subpoena demands years of detailed records of banking activity encompassing the entirety of any accounts for a multi-year period. Further, the records the Subpoena seeks are not limited in any way or tied to a live claim in this copyright infringement case. Permitting production pursuant to the Subpoena would place highly confidential information into the hands of litigants, thereby prejudicing the account holders with no corresponding benefit to the resolution of matters actually at issue in the case. There is good cause for a protective order as to the information sought in the Subpoena.

A stay of the November 23, 2026 compliance deadline in the Subpoena is necessary to preserve the status quo while these issues are resolved. Absent a stay, Bank of America faces the prospect of having to produce the requested records or

risk non-compliance before the Court has an opportunity to rule on the motion to quash or for protective order. Once production occurs, the confidentiality interests of Defendant and the non-parties cannot be fully restored. A temporary stay pending resolution of this Motion will prevent that harm, impose no prejudice on Plaintiff whose claims do not depend on the financial records at issue anyway, and will allow the Court time to address these issues. The Court should enter a protective order prohibiting disclosure of the records sought by the Subpoena and stay the compliance deadline until further order of the Court.

Lastly, the Subpoena was not issued in compliance with the procedures set forth in Rule 45(a)(4). Under this rule, Plaintiff was required serve Defendant (a party) with notice and a copy of the Subpoena before serving Bank of America. Plaintiff did not do so and, as such, its Subpoena is procedurally deficient and should be quashed on this additional basis.

## IV. CONCLUSION

Defendant respectfully asks the Court to quash the Subpoena and protect Defendant's and non-parties' private, sensitive information from disclosure. In light of the significant considerations addressed herein, Defendant also asks the Court on an emergency basis to stay the compliance deadline in the Subpoena.

**DATED**: November 17, 2026 Respectfully submitted,

*By:/s/ Jennifer M. Rynell*
John T. Wilson*
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080

(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**Attorneys for Defendant X Separator LLC**

## L.R. 7-3 CERTIFICATE OF CONFERENCE OF COUNSEL PRIOR TO FILING OF MOTION

I hereby certify that this Motion is made following the conferences of counsel pursuant to Local Rule 7-3. The conferences of counsel took place by phone on November 9, 2026 and by email on November 11, 2026, further disclosing the substance of this motion. Counsel for Defendant and Counsel for Plaintiff also participated in a second telephonic conference of counsel on November 13, 2026 regarding the bases for the motions herein and no agreement was reached.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant certifies that this brief (including the notice of motion and memorandum of points and authorities) contains 2,890 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2026, I electronically filed the foregoing document - **DEFENDANT X SEPARATOR LLC'S NOTICE OF MOTION AND MOTION TO QUASH, FOR PROTECTIVE ORDER, AND STAY DEADLINE** - with the Clerk of the Court for the U.S. District Court, Central District of California using the CM/ECF system which sent notification of such filing to the following counsel of record for PCR Distributing Co.:

Eric Bjorgum (State Bar No. 198392)
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW, PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 955-5010

Marc Karish (State Bar No. 205440)
mkarish@orbitip.com
Orbit IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone: 310-887-1333
Fax: 310-887-1334

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell