John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180
**ATTORNEYS FOR DEFENDANT X SEPARATOR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

PCR DISTRIBUTING CO.

*Plaintiff*

vs.

JOHN DOES 1-10 d/b/a NHENTAI.NET AND NHENTAI.TO

*Defendants*

vs.

PCR DISTRIBUTING CO. and PCR DISTRIBUTING CO. d/b/a J18 Publishing and d/b/a JAST USA

*Counter-Defendants*

Case No. 2:24-cv-07453-CVD-AJR

**DEFENDANT X SEPARATOR LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Filed concurrently herewith: Declaration of Jennifer M. Rynell and Exhibits; Proposed Order

Hon. Cynthia Valenzuela
Date: December 11, 2026 - 1:30 pm
Courtroom: 10B
350 W. First Street
Los Angeles, CA 90012

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

X Separator LLC ("Defendant" or "Defendant X Separator") files this Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") and respectfully asks the Court to deny Plaintiff's request for leave to amend its pleadings. Plaintiff seeks to take this case from a single corporate defendant and add at least three individual defendants *and* an additional corporate defendant. And after years of litigating seven (7) copyrights, Plaintiff now seeks to drop twenty-seven (27) more copyrights into the case. Plaintiff seeks to double its number of causes of action by adding trademark-related claims that would only serve to be futile and that were also delayed by nearly a year with no explanation.

Defendant asks this Court to not permit this case to multiply fivefold, which would substantially complicate the case and cause undue prejudice to Defendant by among other things, adding five times the infringement comparisons/analyses, expert work, significant additional discovery, massive litigation expenses, and further unreasonable delay of these proceedings. Plaintiff's undue delay is a critical reason that its Motion should be denied. Specifically, Plaintiff has known for nearly a year and a half the facts that it is just now raising in support of its amendment. There is simply no justification for Plaintiff's delay and certainly not one sufficient to overcome the undue prejudice its delay has caused. Ninth Circuit authority also supports denial of leave to amend in very analogous circumstances.

At this stage of the litigation, the die has been cast. Plaintiff should not be permitted to roll it again by radically expanding the parties and the claims. Defendant asks the Court to deny the Motion and enter a scheduling order giving this case a path to resolution.

## II. FACTUAL BACKGROUND

This case was filed by Plaintiff on August 30, 2024. On January 27, 2025,

Plaintiff amended its pleading after Defendant filed a motion to dismiss under 12(b)(6) raising significant issues of standing, failure to state a claim as to every element of copyright infringement, and statutes of limitation, among numerous other bases. Dkt. No. 31. That First Amended Complaint has remained the operative pleading since January of 2025. Dkt. No. 40. Discovery has been open and ongoing since May 3, 2025, the day following the parties' Rule 26(f) Conference. There is currently no scheduling order in the case and no discovery cutoff or trial setting.

## III. ARGUMENTS AND AUTHORITIES

The following factors from the U.S. Supreme Court case *Foman v. Davis* are the relevant considerations for determining whether a party should be granted leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Though Plaintiff boldly claims that every *Foman* factor favors leave to amend, as shown herein, Plaintiff has created a false narrative attempting to radically and improperly alter this case that has been pending for over two years. Plaintiff either avoids or misrepresents facts to distract from what should be a clear finding of its undue, unreasonable, and unexplained delay; prejudice to Defendant if the amendment is permitted, and the futility of the proposed federal and state law trademark-related claims. Plaintiff also makes significant misstatements and misrepresentations to the Court. These untruths impact the analysis at hand and show that the *Foman* factors and Ninth Circuit authority weigh heavily in favor of *denial* of leave to amend.

### *A. Controlling Authority in Analogous Circumstances Warrants Denial of Leave.*

Ninth Circuit authority supports denial of Plaintiff's leave to amend. In *Loehr*,

the Ninth Circuit upheld the district court's denial of leave to amend where the plaintiff "wished to add seven pendent state law claims, three new federal claims, two additional defendants, and new allegations …" *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319–20 (9th Cir. 1984). Those facts are analogous to this case and likewise support denial of leave to amend. As in *Loehr*, Plaintiff here seeks to add three new state law claims, three new federal claims, four new defendants, and allegations of infringement of twenty-seven (27) new copyrights. Dkt. 77-2. The *Loehr* court found that such pleadings "would have substantially complicated and delayed the case for new discovery, responsive pleadings, and considerations of state law." *Id.* On the futility *Foman* factor, the district court in *Loehr* held that "much if not all of Loehr's amendment would prove futile." *Id.* The Ninth Circuit held that based on the circumstances described above, the district court did not abuse its discretion in denying leave to amend. *Id.* at 1319–20.

In another case, the Ninth Circuit found the lower court was justified in denying leave to amend, stating that the delay of nearly two years in that case "while not alone enough to support denial, is nevertheless relevant." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citing *Loehr*, 743 F.2d at 1319–20.)) As with Plaintiff's proposed amendment in this case, the *Morongo* Court found that "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Id.* The Ninth Circuit held that "[i]n light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend." *Id.*

In *In re Circuit Breaker Litigation* from this district, the Court found that "delay in *combination* with other factors is sufficient reason for denial [of leave to amend]." 175 F.R.D. 547 (C.D. Cal. 1997) (emphasis in original). The court went

on to state that "[w]hen deciding whether a party unduly delayed in [seeking leave to amend], a court should first evaluate the time that has passed between the original pleading and the proposed amendment." *Id.* at 551 (citing *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794 (9th Cir.1991)).

***B. Plaintiff Unquestionably Engaged in Undue Delay in Seeking Leave.***

Plaintiff originally filed this case in August of 2024, two years and three months before it now seeks leave to amend to add a significant number of new parties and copyrights. Plaintiff's delay is unreasonable and any purported justification is part of a false, irrelevant narrative manufactured by Plaintiff. Combined with the significant, undue prejudice from the proposed amendment, the facts and law overwhelmingly support denying Plaintiff leave to amend.

**1. One Year, Four-Month Delay - New Individual Defendants**

Plaintiff's undue delay necessitates that this Court deny Plaintiff's belated motion for leave to amend. Plaintiff waited ***more than a year and four months*** to seek leave to amend to add the members of X Separator as individual defendants and another related entity. Plaintiff can point to no information learned in discovery that would justify its delay. Plaintiff does not even try to defend this timeline. Instead, in an attempt to shift the focus from its own inaction, Plaintiff claims that "Defendants were able to avoid providing the identities of their principals for nearly two years." This is demonstrably false and the truth shows the egregious nature of Plaintiff's delay. On June 27, 2025, Defendant X Separator served Supplemental Initial Disclosures identifying the members of X Separator as Neal Palavali and Nikita Nikishin. *See* Declaration of Jennifer M. Rynell ("Rynell Decl.") ¶ 3, Exhibit A. **Plaintiff has known the names of these individuals it now seeks to add to its amended complaint for *a year and four months – 511 days*.** Plaintiff does not once reference these disclosures in its Motion and accompanying Bjorgum Declaration, choosing instead only to provide the Court a *later* supplemental disclosure by

Defendant also containing these names. This complete omission by Plaintiff cannot be accidental. Plaintiff's Motion and counsel's declaration instead misrepresents to the Court that "It was not until August, 2025, in Supplemental Initial Disclosures, that they identified the principals of X Separator." Motion at 5. That does not help Plaintiff's case – the delay is still undue and unquestionable.

**2. One Year, Three-Month Delay - New Entity Defendant**

The same is true as to the entity Plaintiff now seeks to add as a new defendant - Acheron Interactive LLC. Plaintiff claims it learned of "a new party, Acheron" on August 4, 2025. Motion at 5. This is also false, as Plaintiff's counsel was notified of this party and the circumstances surrounding Acheron's relationship to Defendant X Separator ***on July 15, 2025***. *See* Rynell Decl., ¶ 4, Exhibit B. Plaintiff then goes on with additional falsehoods and irrelevant statements about where Mr. Palavali and Mr. Nikishin live. There is no reason that not knowing their personal addresses would somehow justify any kind of delay. Plaintiff neglects to inform the Court that Plaintiff knew Mr. Nikishin lived in Michigan in January of this year. That fact was expressly disclosed to counsel for Plaintiff in conjunction with scheduling depositions in this case. *See* Rynell Decl., ¶5, Exhibit C. And Mr. Nikishin was, in fact, deposed in Plaintiff's counsel's office more than three months ago. *See* Rynell Decl., ¶ 7. Mr. Palavali was also offered for deposition in this district at Defendant X Separator's local counsel's office in Santa Monica in January of this year. *See* Rynell Decl., ¶ 6, Exhibit D.

Plaintiff cannot successfully justify its delay in waiting one year and four months to move for leave to add members of Defendant X Separator into this case in their individual capacity – knowing full well their identities. Further, Plaintiff's failure to move to add the Acheron entity for one year and three months after learning of it constitutes undue delay. Lastly, Plaintiff filed its Motion in November of 2026 and tells the Court that the meet-and-confer of counsel regarding its Motion took

place in May of this year. Motion at 2. There is no explanation or justification for why Plaintiff waited almost *six months* to file its Motion, during which time written discovery and a deposition occurred. Plaintiff also never fully conferred or provided any authority in support of its position, as Defendant requested. The facts here overwhelmingly show undue delay and warrant denial of Plaintiff's Motion.

***C. Defendant would be Unduly Prejudiced if the Amendment is Allowed.***

As in the *Loehr* case, the facts and circumstances here dictate that Plaintiff should be denied leave to amend because its proposed pleading would "substantially complicate[] and delay[] the case for new discovery, responsive pleadings, and considerations of state law." *Loehr*, 743 F.2d at 1319–20.

Plaintiff tries to radically change this case by adding 27 new copyrights, which would increase the number of copyrights in this case fivefold. The 27 copyrights raised for the first time in Plaintiff's proposed second amended complaint again demonstrate Plaintiff's delay and lack of diligence in seeking to amend. The vast majority of the 27 new copyrights were created during the pendency of this case and registered from six months to nearly two years ago - from January of 2025 through June of this year. This is just the kind of substantial complication and delay controlling authority has found to support denying leave to amend.

If Plaintiff is given leave to amend, the prejudice to Defendant is palpable. Defendant would be required to, among other things: 1) investigate authorship, ownership, registration, access, and alleged copying of 27 new copyrights; 2) conduct infringement comparisons as to 27 new copyrights; 3) issue and respond to significant additional written discovery; 4) participate in numerous additional depositions (especially if Plaintiff is allowed to add new defendants into the case); 5) analyze materials deposited and correspondence exchanged with the Copyright Office on the proper scope of the 27 new copyrights; and 6) incur exponential litigation expenses. The extremely high level of complication that would be added

to this case and resulting undue delay is undoubtedly prejudicial to Defendant.

With regard to discovery of the Copyright Office records alone, Plaintiff would incur enormous expense to obtain them for 27 new copyrights. Defendant previously ordered records for the current 7 copyrights, as Plaintiff surprisingly represented it did not have them and had not seen them. *See* Rynell Decl., ¶ 8. Even as to those 7 copyrights, Defendant identified significant misrepresentations made by Plaintiff and its principals to the Copyright Office regarding the scope of the copyrights and the Copyright Office's subsequent limitation of same. If Plaintiff were permitted to add 27 new copyrights, Defendant would have to repeat this process, investigate the scope of each, and review the related correspondence. This would not only impose significant expense on Defendant this late in the litigation but would require an exorbitant amount of time to wade through the materials.

Plaintiff focuses heavily on the lack of a scheduling order and the fact that discovery has not closed. However, a ploy to significantly amend pleadings altering the case can cause prejudice even if discovery has not closed. *See, e.g., AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). In that case, the Ninth Circuit found that, notwithstanding eight months of discovery remaining, requiring defendant to "scramble" and attempt to investigate additional claims of liability "would have unfairly imposed potentially high, additional litigation costs on [defendant] that could have easily been avoided ..." *Id.* The *AmerisourceBergen* court also found that the movant's attempt to "advance different legal theories and require proof of different facts" would unfairly prejudice and unfairly delay. *Id.* at 953-954. Likewise, in this case, Plaintiff learned the facts and theories at issue in its proposed amendment *so* long ago – its delay ranging from 11 months to one year, four months prior to the filing of the instant motion for leave to amend. Further, "the longer the delay in seeking to amend[], the less of a showing of prejudice is needed for denial of the motion." *In re Circuit Breaker Litig.*, 175

F.R.D. 547, 551 (C.D. Cal. 1997) (citations omitted). Here, Defendant has made a showing of significant, unjustified delay ***and*** undue prejudice. Denial its Motion is warranted and necessary under Ninth Circuit precedent.

### ***D. Plaintiff's Trademark Claims are Futile and Legally Insufficient.***

Another powerful ground for denying Plaintiff leave to amend under the *Foman* factors is futility of the proposed amendment. *Foman*, 371 U.S. at 182. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir. 1986)). It is well established law that an amendment is futile if it would not survive a motion to dismiss. The Ninth Circuit in *Steckman v. Hart Brewing*, *Inc*. stated: "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted). Plaintiff seeks to add six new causes of action in its proposed Second Amended Complaint, including "federal trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition under the Lanham Act, together with related claims under California statutory and common law." Dkt. No. 77, 2. These claims are based on a trademark that registered ***nearly 11 months ago*** on January 6, 2026.

In addition to Plaintiff's unexplained, lengthy delay, its proposed amendment to add these trademark-related claims would be futile. In *Lions Gate Entm't. Inc. v. TD Ameritrade Servs. Co., Inc.*, the Central District court held that plaintiff's trademark infringement and unfair competition claims were preempted by the Copyright Act and dismissed them *with prejudice* because any amendment would be futile. 170 F. Supp. 3d 1249 (C.D. Cal. 2016). The court's reasoning was that the only difference between the copyright and trademark claims was that the latter added

an allegation of consumer confusion about association, but the same rights were asserted in both—the right to be the exclusive licensor and user of the copyrighted work. *Id.* at 1268. Because the alleged wrongful conduct was the unauthorized use of copyrighted content, and the trademark-related claims were therefore more accurately copyright claims, the court found no set of facts that could cure the deficiency. *Id.* at 1266, 1268. This reasoning applies with equal force where, as here, Plaintiff relies on exactly the same facts and the same alleged wrongful acts to support both its copyright and proposed trademark theories.

Any incidental presence of PCR's trademark within alleged copyrighted works and any potentially resulting consumer confusion would not involve confusion about the ***source/origin of a <u>good or service</u>*** within the context of the Lanham Act. *See, e.g.*, *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249-1250 (9th Cir. 2017). Instead, the potential confusion would be over the ***source/origin of the <u>content</u>***, and that is not actionable under the Lanham Act. *Id*. The *Slep-Tone* court went on to state that: "When the claim is more accurately conceived of as attacking unauthorized copying, *Dastar* requires us to avoid recognizing a 'species of mutant copyright law' by making such claims cognizable under the Lanham Act." *Id.* at 1250 (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003)). Given the futility of permitting Plaintiff to add trademark-related claims that fail to state a claim under the Lanham Act and related state law, Plaintiff should be denied leave to amend its pleading to add these meritless, unsustainable claims.

## IV. CONCLUSION

Defendant respectfully requests that the Court deny Plaintiff's Motion. Instead of overhauling this long-pending case with new and different parties and allegations that would result in severe prejudice and further delay, Defendant asks the Court to permit the case to move forward to a close of discovery and trial.

**DATED**: November 20, 2026 Respectfully submitted,

By: _/s/ Jennifer M. Rynell_
John T. Wilson*
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwrlegal.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
**Pro Hac Vice*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 323-518-2826
(F): 310-207-4180

**ATTORNEYS FOR DEFENDANT X SEPARATOR LLC**

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant certifies that this brief contains 3,001 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, I electronically filed the foregoing document - **DEFENDANT X SEPARATOR LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** - with the Clerk of the Court for the U.S. District Court, Central District of California using the CM/ECF system which sent notification of such filing to the following counsel of record for PCR Distributing Co.:

Eric Bjorgum (State Bar No. 198392)
Eric.bjorgum@bjorgumlaw.com
BJORGUM LAW, PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 955-5010

Marc Karish (State Bar No. 205440)
mkarish@orbitip.com
Orbit IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone: 310-887-1333
Fax: 310-887-1334

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell